Case 1:20-cv-05593-RA   Document 33   Filed 08/26/20   Page 1 of 2



Proskauer Rose LLP  Eleven Times Square  New York, NY 10036-8299

August 26, 2020

Kathleen M. McKenna
Member of the Firm
d +1.212.969.3130
f 212.969.2900
kmckenna@proskauer.com
www.proskauer.com

**VIA ECF**

The Honorable Ronnie Abrams
United States District Judge
Southern District of New York
40 Foley Square, Room 2203
New York, NY 10007

Re:   **Jennifer Eckhart and Cathy Areu v. Fox News Network, LLC, Ed Henry, Sean Hannity, Tucker Carlson, and Howard Kurtz, Civil Case No. 1:20-cv-05593 (RA)**

Dear Judge Abrams:

We represent Fox News Networks, LLC, Tucker Carlson, Sean Hannity and Howard Kurtz (the "Fox News Defendants") in the above-captioned matter.  We write to object to the request by Plaintiff Cathy Areu for an extension of time to respond to the Fox News Defendants' Rule 11 Notice, which we served upon Areu and her counsel of record, Wigdor LLP ("Wigdor"), on August 7, 2020.

The request for an extension should be denied because Areu and Wigdor have engaged in serious misconduct by making patently false allegations of sexual misconduct against Carlson, Hannity, and Kurtz. The allegations violate Rule 11 because they are contradicted by e-mails and text messages within Areu's own possession, which demonstrate that she knew her claims to be false and that Wigdor either knew the same or should have known through the most basic investigation. These false allegations have inflicted serious reputational harm on the Defendants, and this harm has been exacerbated by the sensationalized press release that Wigdor issued, which caused the false allegations to be widely reported in the news media.  In the face of this clear misconduct, Rule 11 gives Defendants a right to demand a withdrawal of the false allegations within 21 days, and to seek sanctions if they are not withdrawn.

Areu's request for an extension provides no basis for granting the extension, which would inflict continuing harm on Defendants by keeping them under a cloud of false accusation for nearly twice as long as Rule 11 contemplates.  The extension request notes that Wigdor has decided not to represent Areu following the Rule 11 letter and Areu seeks to retain new counsel.  But Wigdor remains counsel of record, and he and Areu have now had 19 days to consider whether to withdraw their manifestly false allegations. This does not present any complex legal issue.

Nothing about the appearance of the Vagnini firm as new counsel for Areu justifies giving an extra 14 days before a sanctions motion can be filed against Areu or Wigdor. Rule 11 makes clear that a violation is complete at the time the frivolous pleading is "present[ed] to the court." Fed. R. Civ. P. 11(b). And the rule authorizes sanctions as long as the offending *pleading* has not been "withdrawn or appropriately corrected," regardless of whether the *attorney* has sought to

Beijing | Boca Raton | Boston | Chicago | Hong Kong | London | Los Angeles | New Orleans | New York | Newark | Paris | São Paulo | Washington, DC

118807896v3

**Proskauer»**

The Honorable Ronnie Abrams
August 26, 2020
Page 2

withdraw in an attempt to escape the consequences of the violation. Fed. R. Civ. P. 11(c)(2). "Since the conduct subject to sanctions typically is appraised as of the time of the filing, courts properly have held that an attorney cannot immunize himself from the imposition of sanctions under Rule 11 simply by withdrawing from the case." 5A Wright & Miller, Fed. Prac. & Proc. Civ. § 1337.1 (4th ed.); *see also In re Itel Sec. Litig.*, 791 F.2d 672, 675 (9th Cir. 1986) (a "lawyer may [not] escape sanctions for misconduct simply by withdrawing from a case before opposing counsel applies for sanctions"). If the rule were otherwise, unscrupulous attorneys could use the court system as a smear machine, using knowingly false allegations to malign their opponents and then retreating from the case at the last minute to avoid accountability. This would undermine the rule's purpose of authorizing sanctions in order to "deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c).

If the Vagnini firm needs more time to assess whether to continue pressing Areu's false claims, the proper course is to dismiss her claims without prejudice and consider filing a new complaint. That would give Areu and her new counsel not only two weeks, but over a year to consider re-filing before the statute of limitations expires. Areu would not be prejudiced in the slightest. But by granting a two-week extension of the Rule 11 safe-harbor period, Defendants would be significantly prejudiced because they would be subject to continuing reputational harm while being deprived of the time-sensitive remedy that Rule 11 affords them.

In short, if Areu's false claims are not withdrawn by Friday, August 28, then she and Wigdor must face the consequences that Rule 11 prescribes.

Respectfully submitted,


By:   */s/ Kathleen M. McKenna*
      Kathleen M. McKenna, Esq.
      Lloyd B. Chinn
      Keisha-Ann Gray
      Danielle J. Moss
      Eleven Times Square
      New York, New York 10036-8299
      (212) 969-3000
      kmckenna@proskauer.com
      *Attorneys for Fox Defendants*

Cc:   All counsel of record (via ECF)