# WIGDOR LLP

ATTORNEYS AND COUNSELORS AT LAW

85 FIFTH AVENUE
NEW YORK, NY 10003
TEL 212.257.6800
FAX 212.257.6845
WWW.WIGDORLAW.COM

**Michael J. Willemin**
mwillemin@wigdorlaw.com

August 26, 2020

**VIA ECF**

The Honorable Ronnie Abrams
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

      Re:     <u>Eckhart, et al. v. Fox News Network LLC, et al.; No. 20-CV-5593 (RA)</u>

Dear Judge Abrams:

We represent Plaintiffs in this matter and write in advance of the parties' August 28, 2020 initial conference to address threats made by Defendants Fox News LLC ("Fox News" or the "Company"), Tucker Carlson, Sean Hannity and Howard Kurtz (the "Fox Defendants') to file a Rule 11 motion for sanctions against Wigdor LLP.  Specifically, we respectfully request that the Fox Defendants be prohibited from filing a motion for sanctions against our firm in relation to the allegations in the original Complaint.[1]

## I.     <u>THE RULE 11 MOTION</u>

As noted in the parties' August 21, 2020 filings, at Dkt. No. 20, on August 11, 2020, the Fox Defendants served a motion for sanctions under Rule 11 that relates only to the claims brought by Ms. Areu in the original Complaint (the "Rule 11 Motion").  On August 22, 2020, we were notified by email by James A. Vagnini, Esq., of the law firm Valli, Kane & Vagnini ("VKV") that VKV had been retained by Ms. Areu to take over the litigation of this matter.  The email further stated, "As confirmed by your filings last night, Ms. Areu advised us that Defendants intend to file a Rule 11 motion and you are preparing an amended complaint in response.  She has asked that any and all work relating to her claims be handled by us going forward, including the amendment of the complaint. Please forward us all correspondence relating to Defendants' intended Rule 11 motion."  A substitution of counsel request was filed yesterday, at Dkt. No. 26, and remains pending.

---

[1]     This letter does not respond to the letter just recently filed by counsel for the Fox Defendants at Dkt. No. 33. We are prepared to discuss that letter, which is filled with venomous personal and *ad hominem* attacks, at the upcoming initial conference.



To be clear, the Rule 11 Motion is frivolous.  In light of the allegations and facts in this case, dismissal is not warranted, much less sanctions.  The Rule 11 Motion asserts that sanctions are warranted because: (i) Ms. Areu's claims are not sufficiently related to Ms. Eckhart's such that the Court can exercise supplemental jurisdiction over her claims; (ii) Ms. Areu is lying about being harassed because she sent friendly messages to her harassers; and (iii) Ms. Areu is not subject to the protection of the anti-discrimination laws because she was not an "employee" or "applicant for employment."  None of these arguments have any merit.

As to the first issue, Ms. Areu's claims are based in large part on sexual harassment to which she was subjected by Defendant Ed Henry.  Ms. Eckhart's claims are similarly based on sexual harassment (as well as sexual assault and rape) to which she was subjected by Mr. Henry.  In addition, the Complaint plainly alleges a pattern and practice of sexual harassment at Fox News and the Company's unwillingness to remedy such conduct, both of which contributed to the harm suffered by both Plaintiffs.  Thus, Ms. Areu unquestionably has a non-frivolous basis for asserting supplemental jurisdiction.  Moreover, as alleged in the original Complaint, Ms. Areu has filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and, once she receives a Notice of Right to Sue, will be able to file federal claims under Title VII.  As such, the Fox Defendants know that even if they could prevail on a motion to dismiss related to supplemental jurisdiction, Ms. Areu will ultimately be able to assert federal subject matter jurisdiction and their attempt to avoid federal jurisdiction is, at best, a waste of the time and resources of the Court.

As to the second issue, the Fox Defendants' assertion that Ms. Areu cannot possibly be telling the truth about harassment because she sent friendly messages to *some* of her alleged harassers is itself frivolous, as the recent allegations against Harvey Weinstein make abundantly clear.  *See*, *e.g.*, *Guzman v. News Corp.*, No. 09 Civ. 09323 (LGS), 2013 WL 5807058, at *14 (S.D.N.Y. Oct. 28, 2013) ("Civility toward a harasser does not excuse harassment or signify subjective acceptance, particularly in an employment setting").  In any event, Defendants' mere denial of some of the allegations cannot possibly form the basis for a motion for sanctions.  Indeed, it would not even form the basis for a motion for summary judgment.  *See Tobia v. The United Grp. of Cos., Inc.*, No. 15 Civ. 1208 (BKS)(DEP), 2016 WL 5417824, at *27 (N.D.N.Y. Sept. 22, 2016) (holding that a Fed. R. Civ. P. 11 motion cannot act as a vehicle for a defendant's request that a court resolve contested factual disputes that could only "be fully evaluated on a motion for summary judgment").

As to the third issue, we respectfully submit that the issue of whether Ms. Areu was an employee of Fox News is an issue of fact to be decided on summary judgment or by a jury.  But, whether Ms. Areu is an employee is largely irrelevant because she was absolutely an "applicant."  Fox News' Rule 11 Motion suggests that Ms. Areu cannot have been an applicant because she did not apply for a position.  Fox News should know this argument is fruitless because it lost a motion to dismiss on this very same issue in another case.  *See Hughes v. Twenty-First Century Fox, Inc.*, 304 F. Supp. 3d 429, 446 (S.D.N.Y. 2018) ("Moreover, at oral argument, Fox seemed to



acknowledge that it had no formal application process for full-time contributor positions. Fox's counsel suggested that absent a formal process, the law could not provide a failure-to-hire claim. (Hr'g Tr. dated February 23, 2018, ECF No. 57 ('Tr.'), at 10:19–20.) This Court disagrees. It is undisputed that Fox extends contributor contracts to certain candidates. Despite the opaque process of determining who becomes a contributor, the 'only way that Fox can winnow people and consider people . . . is to put them on [a program].' (Tr. at 9:14–18.). And if Fox routinely puts an individual on a program – signaling to that individual that he or she is qualified enough to appear with regularity – it cannot then seek an end-run to a failure-to-hire claim simply because no formal application process exists.").

Finally, we would be remiss in not noting that in recent years Proskauer Rose LLP ("Proskauer") has filed numerous retaliatory actions/counterclaims/sanctions motions against clients represented by our firm. Moreover, Proskauer generally, and its partners Kathleen McKenna and Lloyd Chinn (both of whom have appeared in this action) specifically, have a history of filing retaliatory litigation, including preemptive retaliatory actions, retaliatory counterclaims and retaliatory Rule 11 motions. *See*, *e.g.*, *Bertram v. Proskauer Rose LLP*, No. 17-00901(ABJ) (D.D.C., 2017) (Partner Connie Bertram alleged that she was subjected to gender discrimination and that she was retaliated against by Proskauer after making complaints and retaining counsel, whose defense team was led by Ms. McKenna. The retaliation included threats of termination.); *Campbell v. Chadbourne & Parke LLP*, No. 16 Civ. 6832 (JPO), 2017 WL 2589389, at *1 (S.D.N.Y. June 14, 2017) (Proskauer client represented by Ms. McKenna asserted a counterclaim for a purported breach of fiduciary duty against a gender discrimination Claimant); *Baskett v. Autonomous Research LLP, et al.*, 1:17 Civ. 9237 (VSB) (S.D.N.Y.) (Proskauer client represented by Mr. Chinn filed motion for sanctions against a gender discrimination and SOX whistleblower employee plaintiff for utilizing company documents in opposition to a pre-discovery motion for summary judgment (the documents demonstrated that the motion and some of the representations underlying it were meritless) because it claimed, erroneously, that she was not authorized to access those particular company documents. Both motions by the defendant employer were denied.); *Keller v. Loews Corp.*, 69 A.D.3d 451, 451 (1st Dep't 2010) (Proskauer client asserted a counterclaim for a purported breach of fiduciary duty against a religious disability discrimination Claimant); *Tapestry, Inc. v. Gibb*, Index No. 653042/2018 (N.Y. Sup. Ct.) (Within three weeks after a multi-year employee of Stuart Weitzman filed a sexual harassment lawsuit, the company, represented by Proskauer, responded by firing him without notice and filing suit against him – for a purported breach of contract – through which it sought to claw back *all* of the compensation it had paid to him as an employee.); *McLaughlin v. Macquarie Capital (USA) Inc.*, Index. No. 17 Civ. 9023 (RA) (S.D.N.Y.) (Proskauer client responded to a discrimination lawsuit by filing a declaratory judgment action against the Claimant in AAA (seeking a determination that it had not discriminated against the Claimant); *Brown Jordan Int'l, Inc. v. Carmicle*, No. 14-CV-60629, 2015 WL 11660246, at *4 (S.D. Fla. June 3, 2015) (Proskauer client commenced litigation against a former employee for purportedly making unauthorized disclosures of confidential information); *U.S. ex rel. Cieszynsky v. Lifewatch Servs., Inc.*, No. 13-CV-4052 (SIS), 2016 WL 2771798, at *1 (N.D. Ill. May 13, 2016) (Proskauer client filed a counterclaim against a whistleblower Claimant



for purportedly misappropriating its confidential information by disclosing it to the government in connection with his whistleblowing activities.); *Miller v. Blattner*, 676 F. Supp. 2d 485, 489 (E.D. La. 2009) ("Proskauer client asserted counterclaims against a Claimant who alleged he was not paid a portion of his bonus."); *Robert Reiser & Co. v. Scriven*, 130 F. Supp. 3d 488, 491 (D. Mass. 2015) (Proskauer client filed a preemptive action against an employee who asserted claims for retaliation and violations of wage and hour laws.); *National Academy of Recording Arts & Sciences, Inc. v. Deborah Dugan*; AAA No. 01-20-0000-3932 (Proskauer client filed a statement of claim with the American Arbitration Association against its former president and CEO less than two weeks after she filed her Charge of Discrimination with EEOC regarding, *inter alia*, sexual harassment, her complaints of the Recording Academy's lack of diversity and her efforts to promote and advance diversity initiatives, unequal and discriminatory pay that was substantially less than her male predecessors, corruption in the Recording Academy's award nomination process and retaliation to which she was subjected for engaging in protected activity.); *Yu v. Point72 Asset Management, Inc.*; AAA No. 01-20-0003-8282 (Proskauer client filed a counterclaim against an alleged victim of race discrimination and retaliation.).

## II.   **<u>WIGDOR LLP</u>**

Proskauer and its attorneys should, frankly, be chastised for engaging in such outrageous conduct as serving a Rule 11 motion that they know quite well has no chance of being granted.  It is unprofessional and discourteous to use a frivolous threat of sanctions to attempt to intimidate and retaliate against Ms. Areu and her counsel.  Such conduct should have no place in the practice of law.

Notwithstanding the foregoing, we were in the process of preparing an Amended Complaint in response to the Rule 11 Motion – and to add an additional claim of retaliation in connection with the service of the Rule 11 Motion.  We would have filed the Amended Complaint this week, before the close of the 21-day safe harbor period, mooting the Rule 11 Motion entirely.  This would have effectively replaced the original, purportedly offending Complaint.  If the Fox Defendants took issue with the allegations in the Amended Complaint, the proper course of action would have been for them to serve a new Rule 11 motion (and file it following the 21-day safe harbor period in the event that any sanctionable allegations were not cured) addressing the allegations in the Amended Complaint.

Now, however, even if the Court denies the request to substitute counsel, and we remain Ms. Areu's attorneys, we have been directed not to perform any work for her.  As such, our "hands are tied" in that we cannot "withdraw[ ] or appropriately correct[ ]" the original Complaint.  Of course, neither a party nor an attorney can be sanctioned without being given the opportunity to "withdraw[ ] or appropriately correct[ ]" the pleading at issue.  <u>See</u> FRCP 11(c)(2); <u>see also</u> <u>Lawrence v. Richman Grp. of CT LLC</u>, 620 F.3d 153, 156 (2d Cir. 2010) ("This section provides filers with a 'safe harbor' from sanctions, in that a Rule 11(c)(2) motion not only must specify the conduct for which sanctions are sought but must not be presented to the court **<em>until the alleged</em>**



***violator is afforded twenty-one days to withdraw or correct the offending document.***") (emphasis added); Jackson v. Rohm & Haas Co., No. Civ.A. 05-4988, 2006 WL 680933, at \*4 (E.D. Pa. Mar. 9, 2006), aff'd, 366 F. App'x 342 (3d Cir. 2010) ("***Once the safe harbor period has expired***, the violation is complete, and sanctions are appropriate.") (emphasis added).

Despite the foregoing, the Fox Defendants, through counsel, are continuing to threaten – in hyperbolic fashion – to move for sanctions against our firm in relation to the original Complaint. An August 25, 2020 email from the Fox Defendants' counsel reads, in part, "the Fox News Defendants oppose the withdrawal of Wigdor LLP as counsel to Areu to the extent that the withdrawal seeks to exculpate it from sanctions for conduct that occurred while it is counsel." To be clear, to the extent that our firm no longer represents Ms. Areu, it is not because we voluntarily withdrew from that representation to avoid liability under Rule 11, as the Fox Defendants imply both in their email and letter from earlier today. Rather, Ms. Areu has exercised her right to be represented by counsel of her choosing and we have – as required – respected her decision.

Given Ms. Areu's directive, as noted, we literally cannot act to "withdraw[ ] or appropriately correct[ ]" the original Complaint, and we submit, cannot be subject to sanctions having not been afforded that opportunity. As the Advisory Committee Notes to the 1993 Amendments of Rule 11 make clear, the purpose of the safe harbor provision is "for litigants to be provided notice of the alleged violation and ***an opportunity to respond before sanctions are imposed***." Fed. R. Civ. P. 11 advisor committee's note (emphasis added). Here, Ms. Areu's decision to proceed with substitute counsel necessarily means that our firm will not have the "opportunity" that is required by the Federal Rules. Put another way, we submit that any Rule 11 filing with respect to Ms. Areu's allegations in the original Complaint would have to be denied because the spirit, if not the letter, of FRCP 11 would be violated if our firm was sanctioned without ever having being afforded the due process built into Rule 11.

Finally, we expect based on our conversations with VKV that Ms. Areu will be amending the allegations made in the original Complaint.[2] Putting that issue aside, we submit that any Rule 11 motion made following the filing of an Amended Complaint should and must be directed at the Amended Complaint, and not to the original Complaint (which will, following the Amendment, have been effectively withdrawn).

---

[2]     This is somewhat complicated procedurally because Ms. Eckhart does not intend to amend the Complaint until (if at all) after receipt of Defendants' pleadings (although this issue may be alleviated by Your Honor's Individual Rule of Practice 4.C). This begs the question of whether Ms. Eckhart's claims should be severed from Ms. Areu's and the cases proceed as related cases rather than litigated together. We are of the view that the cases should proceed separately as related cases given the post-filing events of the Rule 11 Motion and Ms. Areu's decision to retain new counsel. We raised this issue yesterday with VKV, but have not yet heard back. We will, of course, follow the Court's direction with respect to Your Honor's preferences on this matter.



**III.**   <u>**CONCLUSION**</u>

For the foregoing reasons, we respectfully request that the Fox Defendants be prohibited from filing a motion for sanctions against our firm in relation to the allegations in the original Complaint.

We thank Your Honor for the Court's time and consideration of this matter.

Respectfully submitted,

Michael J. Willemin