K8s1eckc

1   UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
2   ------------------------------x
    JENNIFER ECKHART and CATHY AREU,
3
                    Plaintiffs,
4
                v.                          20 Civ. 5593 (RA)
5
    FOX NEWS NETWORK, LLC, ED HENRY,
6   et al.,
                                            Status Conference
7                   Defendants.             (Via Teleconference)
    ------------------------------x
8                                           August 28, 2020
                                            10:00 a.m.
9
    Before:
10
                        HON. RONNIE ABRAMS,
11                                          District Judge

12                          APPEARANCES

13  WIGDOR LLP
         Attorneys for Plaintiff Jennifer Eckhart
14  BY:  MICHAEL J. WILLEMIN, ESQ.

15  VALLI KANE & VAGNINI, LLP
         Attorneys for Plaintiff Cathy Areu
16  BY:  JAMES VAGNINI, ESQ.
         SARA W. KANE, ESQ.
17       MATTHEW L. BERMAN, ESQ.
         ROBERT VALLI, ESQ.
18
    PROSKAUER ROSE LLP
19       Attorneys for Defendants Fox, Hannity, Carlson, Kurtz
    BY:  KATHLEEN M. McKENNA, ESQ.
20       LLOYD B. CHINN, ESQ.

21  MORVILLO, ABRAMOWITZ, GRAND, IASON, & ANELLO P.C.
         Attorneys for Defendant Ed Henry
22  BY:  CATHERINE FOTI, ESQ.
         ELKAN ABRAMOWITZ, ESQ.
23       DOUGLAS CHALKE, ESQ.

24  SALE & WEINTRAUB, P.A.
         Attorneys for Defendant Ed Henry
25  BY:  JAYNE WEINTRAUB, ESQ.


                    SOUTHERN DISTRICT REPORTERS, P.C.

K8s1eckc

1          (Case called)

2          THE COURT:  If counsel for plaintiff could please

3    state their appearances.

4          MR. WILLEMIN:  This is Michael Willemin from Wigdor

5    LLP.  I'm joined by my colleague Renan Varghese, who will be

6    muted, and we represent plaintiff Jennifer Eckhart.

7          THE COURT:  All right.  Good morning to you.

8          MR. WILLEMIN:  Good morning, your Honor.

9          MR. VAGNINI:  Good morning, your Honor.  This is James

10   Vagnini and I'm with Matthew Berman, on behalf of Catherine

11   Areu, as well as my partners Sara Kane and Robert Valli, who

12   will be muted.

13         THE COURT:  All right.  Good morning to you as well.

14         MR. VAGNINI:  Good morning.

15         THE COURT:  I have of course granted that motion to

16   substitute counsel.

17         And yes, for defendants, please?

18         MS. McKENNA:  Yes, your Honor.  This is Kathleen

19   McKenna from Proskauer Rose.  I am joined by my partner Lloyd

20   Chinn.  We represent Fox News Network, LLC, Tucker Carlson,

21   Sean Hannity, and Howard Kurtz.

22         THE COURT:  All right.  Good morning to you.

23         COUNSEL:  Good morning, your Honor.

24         MS. FOTI:  Your Honor, this is Catherine Foti from the

25   law firm of Morvillo, Abramowitz, Grand, Iason, & Anello,

SOUTHERN DISTRICT REPORTERS, P.C.

(212) 805-0300

K8s1eckc

1    representing Ed Henry.  My partner Elkan Abramowitz is also

2    appearing, as well as an associate Douglas Chalke; and my

3    co-counsel Jayne Weintraub is also on.

4              THE COURT:  All right.  Good morning to all of you as

5    well.

6              COUNSEL:  Good morning.

7              THE COURT:  All right.  So first of all, I just want

8    to remind everyone that this is a public line.  It's available

9    to the press and the public.  No recordings are permitted.

10             I've reviewed your letters and the proposed case

11   management plan, and of course the complaint.  But since we're

12   meeting for the first time, if any of you would like to tell me

13   anything else about the case or like to be heard, I'm happy to

14   hear you out.  If not, we'll talk about scheduling.

15             MR. WILLEMIN:  This is Michael Willemin on behalf of

16   Ms. Eckhart.

17             I don't know if your Honor has any specific questions.

18   We certainly don't feel the need to recite what's laid out in

19   the complaint, so nothing further from us unless you have any

20   questions you'd like answered.

21             THE COURT:  I don't.  I don't.  Thank you.

22             MR. VAGNINI:  Same here, your Honor.  James Vagnini on

23   behalf of plaintiff Areu.

24             THE COURT:  Okay.  And from the defendants'

25   perspective?

K8s1eckc

1          MS. McKENNA:  Your Honor, this is Kathleen McKenna for

2     the Fox News Network defendants.

3          I'm a little surprised and puzzled, I guess, by the

4     silence from plaintiffs' counsel, since we had received inquiry

5     from plaintiffs last night with respect to our consenting to

6     their request to sever Ms. Areu from Ms. Eckhart.  If there

7     isn't going to be an application to sever, then we needn't

8     concern ourselves because I think, as your Honor knows, on

9     Wednesday evening, after the Fox defendants had opposed the

10    request for an extension of the 21 days for Rule 11 withdrawal,

11    the Wigdor firm had filed a five-page, single-spaced, publicly

12    filed letter opposing the defendants' Rule 11 motion that we

13    have not yet permitted to file, and that opposition did not

14    accurately represent the defendants' motion, and asking whether

15    or not there would be a severance.  Obviously the defendants

16    don't think there should be a severance, but we don't think

17    these two plaintiffs should be joined together, as we indicated

18    to the Wigdor firm when we sent our Rule 11 motion.  Ms. Areu's

19    factual allegations are false; they were known to her to be

20    false when she filed it; they were knowable to be false by the

21    Wigdor firm.  They nevertheless filed the complaint and

22    publicly reported on it.  There is no legal basis for it to be

23    filed because Ms. Areu doesn't have a single federal claim.

24    That plus the backdrop of how the matter came to be filed

25    convinces the defendants that the Wigdor firm had stitched

K8s1eckc

1    these two clients together for an improper purpose, and it was

2    for that reason that we filed the robust Rule 11 motion on

3    August 7th.

4           We now find ourselves in a posture where this is sort

5    of like a hit-and-run accident, your Honor, and we need sort of

6    your help here.  We don't think the two plaintiffs should be

7    joined together because it's the position of the Fox defendants

8    that Ms. Areu doesn't have a factual or legal basis to be

9    before you at all.  Of course if it were severed, there would

10   be no -- as of today, there would be no basis for a federal

11   jurisdiction and the case would have to be dismissed today.

12   But whether or not the matter is continued or severed, it is

13   the position of the Fox defendants that plaintiff and her

14   counsel, the Wigdor firm, abused Rule 11, and the defendants

15   are going to maintain their right to seek sanctions under

16   Rule 11 against Ms. Areu and Wigdor for its actions when the

17   Wigdor firm was of counsel.  Defendants very strongly feel,

18   your Honor, that they have the right to hold plaintiff and her

19   counsel accountable for the very public damage that's been done

20   to the company and its public personalities under the cloak of

21   judicial privilege.

22          And as we also foreshadowed in the preliminary

23   scheduling letter to you, it is the intention of the

24   defendants, separate and apart from the Rule 11 filing, to file

25   a motion to dismiss both as it relates to Ms. Eckhart and to

K8s1eckc

1   Ms. Areu.  I wanted to disclose to your Honor the recency of

2   the communications with plaintiffs on the status of this.

3            THE COURT:  Thank you for that.

4            You won't be surprised to hear I'm obviously not going

5   to decide a motion for sanctions without full briefing on the

6   issue, but I do want to hear plaintiffs out on the notion of

7   severance, that piece.

8            MR. VAGNINI:  Yes, your Honor.  This is James Vagnini.

9   I can address that.

10           So we have discussed that as an issue.  First and

11  foremost, we will be responding by the deadline you have given

12  us to respond with an amended complaint, which will address all

13  of the issues that defendants have raised, including

14  jurisdiction issues.  We do believe there's a Title VII claim

15  for Ms. Areu.  Pending -- the EEOC request for the right to sue

16  letter is pending.  We have filed numerous actions in a similar

17  fashion and for purposes of --

18           THE COURT:  Can I stop you there, actually.

19           MR. VAGNINI:  Sure.

20           THE COURT:  I did want to hear about the timing with

21  respect to the EEOC.  Do you have a sense of the status of

22  those claims and any sense of timing?  And that question

23  applies to both plaintiffs.

24           MR. VAGNINI:  Sure.  For plaintiff Areu, we have been

25  in touch with the EEOC.  They're processing our request for the

K8s1eckc

1    right to sue letter, and in our experience for decades now,

2    once EEOC is aware there's litigation pending, it's an

3    automatic process to issue the right to sue so there's not a

4    duplication of efforts and work.  So we do hopefully expect to

5    have -- I would like to have it by the time we amend the

6    complaint, your Honor, but it may be shortly after that.

7         MS. FOTI:  Your Honor, if I can interrupt.  I'm very

8    sorry.  For some reason I was kicked off about a minute ago so

9    I'm sorry, I just missed what happened after -- I heard

10   Ms. McKenna, what she said, but I didn't hear what was said

11   after that.

12        THE COURT:  Okay.  If you could actually just repeat

13   what was said.

14        I was asking about timing with respect to the EEOC

15   claims, but if, counsel, you can repeat what you said.

16        MR. VAGNINI:  Sure.

17        We would like and expect to hopefully have the right

18   to sue letter by the time our amendment is filed.  If not, I

19   would anticipate a few weeks after that.  Generally when EEOC

20   is aware that there's pending litigation, they expedite, you

21   know, the issuance of the right to sue letter so as not to

22   duplicate efforts, knowing that a plaintiff is already pursuing

23   claims in court.

24        Separate and apart from that, your Honor, I want to

25   note that there is also diversity jurisdiction on behalf of

K8s1eckc

```
 1    Ms. Areu, at least.  She's a resident of Florida, not New York.
 2    So in the event there were a separation, we would believe we
 3    would meet the diversity requirements for federal jurisdiction
 4    as well, but that's something Mr. Willemin and I have
 5    discussed.  We do think it might be best at some point to
 6    have -- we were essentially waiting until the amended complaint
 7    and then discussed this issue of separating the cases out while
 8    at the same time, you know, not wasting defendants' time or
 9    your time, your Honor, in elaborating and having to join
10    discovery schedules, keeping to the same deadline, so there
11    will be some overlap, but as the defendants have noted, there
12    are claims that Ms. Areu has that have nothing to do with
13    plaintiff Eckhart's and vice versa.  So that is something we do
14    intend to raise with you at some point.  I thought it would be
15    clearer once we amended the complaint, but we're happy to
16    address that now as well.
17            THE COURT:  Okay.  So you'd rather talk about the
18    issue of severance after the filing of the amended complaint,
19    but you're prepared to talk about it now?  I just want to make
20    sure I'm on the same page.
21            MR. WILLEMIN:  Your Honor, this is Michael Willemin
22    from Wigdor.
23            I don't know that that's what Mr. Vagnini intended,
24    but I will say that from Ms. Eckhart's perspective, it's our
25    view that, given that counsel has now been substituted, that
```

K8s1eckc

1   the cases should be severed, if your Honor is amenable to that,

2   prior to the filing of the amended complaint, because the

3   amended complaint is going to necessarily -- if we don't sever,

4   then it's necessarily going to be a two-plaintiff complaint,

5   and I don't intend to have Ms. Eckhart amend her claims until

6   we receive whatever -- if at all -- until we receive whatever

7   responsive pleadings we get.

8            THE COURT:  The EEOC notice of right to sue?

9            MR. WILLEMIN:  Well, right to sue --

10           THE COURT:  Sorry.  Go ahead.

11           MR. WILLEMIN:  No.  The right to sue, actually -- I

12   mean, if there's a motion to dismiss with respect to

13   Ms. Eckhart's claims, we just want to make sure we've preserved

14   our ability to amend as of right, so I'd rather not have a

15   second filing with a two-plaintiff case if we're going to sever

16   it anyway and complicate that.  I'd rather just sever it now.

17           And Ms. Eckhart has federal jurisdiction.  I'm not

18   going to respond to the stuff that Ms. McKenna said because I

19   don't think it's fruitful, but I do think it's important to

20   note, as Mr. Vagnini said, that Ms. Areu has diversity

21   jurisdiction in this case.  So the idea that we lack -- that we

22   combined these cases for some improper purpose is just based on

23   a total -- I mean, it's just wrong, but it's also based on the

24   false assumption that Ms. Areu couldn't have brought her own

25   federal case.  She could have brought her own federal case.  I

K8s1eckc

thought the cases were appropriate to be brought together given

the significant overlap in claims with relation to Mr. Hannity.

So in any event, that's just the only thing that I'll

respond to, because the rest I didn't think merited response.

THE COURT:  So Mr. Vagnini, let me go back to you.  Do

you have any objection to severing the two cases?  I'll let you

know that even if I were to sever the cases, I would keep them

both as related cases and, to the extent that they move to

discovery, would have them on parallel tracks.

MR. VAGNINI:  Then we have no objection to that, your

Honor.

THE COURT:  All right.  And can I hear from defense

counsel with respect to the motion to sever.

Ms. McKenna, I think you said you consented to that,

but I want to confirm that.

MS. McKENNA:  Oh, and I did not, your Honor.

THE COURT:  Okay.  I'm sorry that I misheard you.

MS. McKENNA:  That's okay.  I'm sure it was my fault.

The problem with severing, your Honor, is that it

suggests that we think that these claims were properly brought

in the first place.  Areu does not belong in federal court.

One, she does not have currently a Title VII action; and

irrespective of Mr. Vagnini's representations that a charge has

been filed -- I accept the representation that the charge has

been filed, although we have not received it -- we do not

K8s1eckc

1    believe that the EEOC now could issue a right to sue.  And the

2    courts have dismissed federal claims under Title VII when the

3    administrative remedies under the act were not exhausted, as

4    they would not be if a right to sue letter is going to be

5    issued in the imminent future.

6          Second, with respect to Mr. Vagnini's representation

7    that there's diversity jurisdiction, that surprises us, because

8    the complaint says that Ms. Areu is a New York resident.  If

9    there's been a change in her residency, we can address whether

10   or not there's complete diversity here, but that's not what the

11   complaint says.

12         With respect to Ms. Eckhart, I am not surprised that

13   the Wigdor firm would be happy to see a severance because the

14   more they can distance themselves from the false things that

15   were said, factually and legally in the complaint, the better

16   for them under Rule 11.

17         Rule 11, we know, your Honor, is a very serious motion

18   to make -- very serious -- and we have been scrupulous about

19   not revealing to the Court, not presenting to the Court under

20   Rule 11, because we are not allowed to, the basis for our

21   Rule 11 motion until the expiration of the 21 days.

22   Notwithstanding that, on two occasions -- in the initial

23   scheduling order to your Honor and in the letter filed

24   Wednesday evening -- the Wigdor firm has purported to argue

25   this motion incompletely and inaccurately.  We want to preserve

K8s1eckc

1    our right, your Honor, to file our Rule 11, because as I am

2    hearing Mr. Willemin, he has no intention of amending his

3    complaint and wants to pass the hot potato to Mr. Vagnini.  If

4    Mr. Vagnini wishes to accept the hot potato, Ms. Areu, that is

5    okay, but we want to be very clear that both counsel are going

6    to be on the hook for what gets said in the current complaint

7    and the first amended complaint, and so long as the defendants

8    are not seen as waiving their right to move under Rule 11

9    against Ms. Areu and against her counsel, we leave it to your

10   Honor to manage the docket.

11            THE COURT:  All right.  I'm happy, Ms. Foti, or

12   Mr. Abramowitz, if you want to be heard on the severance issue

13   and how that may affect a Rule 11 motion.  I'm happy to hear

14   you out on that.

15            MS. FOTI:  Your Honor, yes.  It's Catherine Foti.

16            First of all, Mr. Henry denies the allegations, all

17   allegations from both plaintiffs.

18            We don't take a position on whether or not it should

19   be severed.  We leave that up to your Honor's discretion.  But

20   our concern is that Mr. Henry has been -- his reputation has

21   been seriously damaged.  He, you know, needs to get his life

22   back on track.  And we believe discovery will show that these

23   allegations are false, so we are anxious to go forward with

24   discovery.  And to the extent there's a limitation because of

25   the need to amend Ms. Areu, you know, we would object to any

K8s1eckc

change in the case management plan other than what we've agreed

to, which was pushing out discovery demands until

September 11th.  We would reject any further delays, or object

to any further delays in getting discovery on track.  So we

leave it to your Honor to manage that, but that is our

position.

            THE COURT:  But Mr. Henry also plans to file a motion

to dismiss with respect to both plaintiffs, correct?

            MS. FOTI:  That is correct, your Honor.  We have

various motions to dismiss -- failure to state claims, statute

of limitations.  That said, we understand the delay in terms

of, you know, filing motions to dismiss, especially in, you

know, a case like this, and Mr. Henry is being prejudiced, and

there is in fact certainly an understanding that under Rule 26,

discovery should go forward unless there is a basis for a stay

established, and the plaintiffs agree that discovery should go

forward notwithstanding the motion to dismiss, so we think

discovery should go forward.

            THE COURT:  I understand.  I mean, my understanding is

that the Fox News defendants believe that there should be a

stay pending resolution of the motions to dismiss.  Is that

correct, Ms. McKenna?

            MS. McKENNA:  Yes, your Honor, very strongly.

            THE COURT:  Okay.  Let me just go back to plaintiffs'

counsel.

K8s1eckc

1          If I were to sever the two cases, what's your position
2    with respect to how that would affect the Rule 11 motion, if at
3    all?

4          MR. WILLEMIN:  Your Honor, this is Michael Willemin
5    from Wigdor.

6          I don't think that the severance impacts the Rule 11
7    motion.  I mean, we laid out our position in the letter that we
8    sent in on Wednesday evening.  I will note that all -- to what
9    Ms. McKenna said is true.  A Rule 11 motion is a very serious
10   motion, and this one was done with such flippancy, it's
11   unbelievable.  The motion is groundless.  It's not been
12   misrepresented in the letter we sent to the Court, as your
13   Honor will see when the motion is actually filed.  Ultimately,
14   I don't believe that the motion can be made against the Wigdor
15   firm for the reasons that we laid out.  My hands literally are
16   tied now.  This is not a situation where I got a Rule 11
17   motion, dumped the client and said, I don't want to deal with
18   this anymore; this is a situation where we got a Rule 11
19   motion, I felt very strongly it was frivolous, I was in the
20   process of filing an amended complaint to add a claim of
21   retaliation against Fox for sending the Rule 11 motion, and
22   then my client retained other counsel.

23         The Rule 11 process requires that any individual or
24   firm that's the subject of a Rule 11 motion have the safe
25   harbor period.  In this case, I don't have the safe harbor

K8s1eckc

period.  Our firm doesn't have the safe harbor period.  So we

don't think, whether the cases are severed or not, that the

motion can be filed against us.  If Ms. McKenna really

believes -- which I don't think she does, but if she really

believes that we intentionally filed frivolous litigation

knowing that it was false, she can take that up with the

disciplinary committee.  But she can't, in my view, take that

up under Rule 11 because the procedural requirements and due

process won't be met.  So in our view, it can't be made against

us regardless of whether it's severed.

However, I would concede that if your Honor is of the

view that it can be made against us or somehow can be granted

against us, notwithstanding what I've just laid out, I don't

think that severance -- I'm not trying to sever the case to

save myself.  I think severance makes sense in the case, and I

don't think that just because I sever it, I'm off the hook for

what was on the original complaint, which was completely

properly pled.  So I don't think severance impacts the Rule 11

motion, but I think it can't be made against us for other

reasons.

THE COURT:  All right.  So I'm going to go back to

you, Ms. McKenna.  Given what Mr. Willemin just said and what

I'm hearing him to say, that whether or not the case is severed

shouldn't play into the decision with respect to the Rule 11

motion, do you have any objection to severance?

K8s1eckc

1          MS. McKENNA:  We have an objection to severance only,

2     your Honor, if it means that the Areu case continues before

3     you, because if it's severed today, there's no federal

4     jurisdiction and her claims should be dismissed.

5          And further, your Honor, it is the position -- I don't

6     want to mislead the Court.  It is the position of the Fox

7     defendants, notwithstanding what Mr. Willemin said, that they

8     cannot engage in the hit-and-run tactics they engaged in here.

9     They cannot publicly file bold statements, then say, uh, I'm

10    not the counsel anymore, I'm not responsible.

11         THE COURT:  Okay.

12         MS. McKENNA:  So the Fox defendants will be seeking

13    relief before your Honor.  If your Honor is going to sever them

14    today, then it seems to me Ms. Areu has to be dismissed,

15    because we have no basis for federal jurisdiction.

16         THE COURT:  All right.  So I'm not going to sever them

17    today.  It seems like there are issues that need to be sorted

18    out.  I have already granted Ms. Areu until September 11th to

19    amend her complaint, and particularly in light of the fact that

20    her counsel has asserted that there's also diversity

21    jurisdiction, I want to wait and see what that amended

22    complaint looks like.

23         MS. McKENNA:  Understood, your Honor.

24         THE COURT:  So I think that that's the best course of

25    action.  We'll get the amended complaint.  I'm not going to

K8s1eckc

1    sever the cases today.  And when you get it, I'm happy to have

2    another conference or I'm happy for you all to respond to the

3    complaint at that time.  I mean, I also think, frankly, it

4    makes sense to get the amended complaints and see where we are

5    with respect to severance before I decide on a stay.  So I

6    think we need to do things one step at a time, and I think that

7    that's what makes most sense.

8              Does anyone else want to be heard on that?

9              So we're going to wait until September 11th; we're

10   going to get the amended complaint.  Do you want to have a

11   conference after that, or should I have a conference after I

12   get the responsive pleadings?

13             MR. WILLEMIN:  Your Honor, this is Michael Willemin

14   from Wigdor.

15             I have no problem with that plan, and I think we

16   should have -- my view, we should have a conference after the

17   responsive pleadings come in, although I'm open to either way.

18   My only two questions about the plan are:  (A) is there going

19   to be essentially an effective stay at this point, meaning

20   we're not going to turn over initial disclosures or be

21   permitted to serve discovery requests; and (B) -- well, I guess

22   the other issue is that if there's an amended complaint.

23             THE COURT:  So the answer to that is yes, until we

24   meet again to address these issues, because I have before me

25   pending a request to stay discovery.  So the answer to the

K8s1eckc

first question is yes.  And your second question?

            MR. WILLEMIN:  Yes.  The second question is, if the
amended complaint gets -- I understand your Honor's rules,
generally speaking, require or provide for a certain time
period after receipt of a motion to dismiss to indicate to the
other side whether an amendment is going to be made, and if
this complaint gets amended as a two-plaintiff complaint, given
that Ms. Eckhart wouldn't want to amend it at this time, I just
want to make sure that we're not going to be waiving our right
to have that amendment following the receipt of a motion to
dismiss if there are any additional allegations we need to add
to address any arguments made in the motion to dismiss.

            THE COURT:  That's correct; you will not be waiving
that right.

            MR. WILLEMIN:  Thank you.

            MS. FOTI:  Your Honor, Catherine Foti.

            THE COURT:  Yes.

            MS. FOTI:  Could I just request, respectfully, an
amendment to the temporary stay.  Again, Mr. Henry is
undergoing tremendous difficulties in terms of, you know, the
assault on his reputation here.  The gentleman needs to get his
life back, needs to get his reputation back, needs to get a
job.  I certainly understand what you're saying about the, you
know, stay pending, request for a stay, but my question is
whether or not we could at least go forward with requests for

K8s1eckc

documents and requests for interrogatories without requiring an

actual production of documents or even response; at least get

those things out, exchanged, so that, you know, when the

amendment comes in, we can hit the ground running, really.  I'm

just telling you, this is a real burden on Mr. Henry, not

even -- in terms of process here, he's ready to respond to both

plaintiffs, and he's ready to engage in discovery on this with

both plaintiffs.

THE COURT:  Right.  But he's also filing a motion to

dismiss.  I fully appreciate his desire to move this case along

as soon as possible, and I'll commit to you that I'll try and

move this case along as quickly as I can as well, but I really

don't think that makes sense.  I think it makes more sense to

get the amended complaints and see where we are.  As I said,

what I am flexible about is when we meet again.  If we meet

again after I get the responsive pleadings, which probably

makes more sense because one of the factors that plays into a

request for a stay is, you know, the strength of the

dispositive motions, so I think, frankly, I'll be in a better

position to assess that after I receive the motions.  So I

think what should happen is, we'll get the amended complaint on

September 11th, we'll get the responsive pleadings, and I'll

have a conference promptly after that.  If anyone wants to

submit anything in writing with respect to the requests for the

stay, you're welcome to do so.  It's not necessary.  I feel

K8s1eckc

1   like I have an understanding, based on the information I've

2   received so far, as to your positions as to why a stay is or is

3   not necessary and appropriate in this case.  But that's what I

4   think the best way to proceed is.  So I'm going to deny that

5   request.

6            MS. FOTI:  All right.  Thank you, your Honor.

7            THE COURT:  Are there any other applications?

8            Yes, please.

9            I'm sorry.  Who would like to be heard?

10           MS. FOTI:  I was just saying thank you, your Honor,

11   for hearing me out before.  That's all.

12           THE COURT:  All right.

13           MR. VAGNINI:  Your Honor, this is James Vagnini.

14           THE COURT:  Yes.

15           MR. VAGNINI:  I agree completely with that plan.  It

16   makes sense, particularly since we'll be amending and -- we

17   will be amending.

18           I also just want to clarify as to some references -- a

19   lot of things have been said that are inflammatory.  I'm not in

20   the business of lawyer bashing in any way, shape, or form, and

21   the reference to Wigdor passing my client over as a "hot

22   potato," to the extent it indicates that there's something

23   wrong, that's the furthest thing from the truth.  Ms. Areu has

24   a right to obtain counsel in this situation, and I absolutely

25   understand why it should be no reflection on what the Wigdor

K8s1eckc

1    firm filed, has done, and I just take note that those types of

2    comments on the line like this is to me inappropriate.

3              THE COURT:  All right.  Thank you.

4              Anything else?

5              Mr. Willemin, is there anything else you wanted to say

6    today?

7              MR. WILLEMIN:  No, your Honor.

8              THE COURT:  Okay.  So just to be clear, I'm not

9    entering the case management plan today.  I'm going to get an

10   amended complaint by September 11th, and I will hold a

11   conference promptly after receiving the responsive pleadings to

12   that amended complaint, and then I will promptly decide the

13   issue with respect to severance, to the extent that request is

14   still being made, and with respect to the request to stay

15   discovery pending the motions to dismiss that are anticipated.

16   And then we'll move on from there.  I understand that we have

17   the Rule 11 motion as well.  But that's where we are.

18             Thank you all for participating today by telephone,

19   and stay safe, everyone.

20             ALL COUNSEL:  Thank you, your Honor.

21                             o0o

22

23

24

25