## *Valli Kane &Vagnini*

### *Attorneys at Law*

| | |
|---|---|
| 600 Old Country Road | Tel: 516-203-7180 |
| St. 519 | Fax: 516-706-0248 |
| Garden City, New York 11530 | www.vkvlawyers.com |

September 23, 2020

**VIA ECF**
Hon. Ronnie Abrams, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

> Re:   **Jennifer Eckhart and Cathy Areu v. Fox News Network, LLC, et al.**
> **Civil Action No. 20-cv-05593-RA**

Dear Judge Abrams:

We represent Plaintiff Cathy Areu in this matter and write in response to Defendants' correspondence (the "Letter") submitted to the Court today (ECF Dkt. No. 45). We consent to Defendants' request for an extension of time to Answer or file a motion to dismiss the complaint pursuant to Rule 12 of the Federal Rules of Civil Procedure ("FRCP") if, in fact, that was Defendants' intention; however, we do not consent to any extension of Defendants' time to file any anticipated motion seeking sanctions pursuant to FRCP Rule 11. Our consent is offered despite the fact that, as a threshold matter, Defendants' Letter incorrectly represents to the court that Plaintiff Areu has been provided with extensive time to amend the complaint, ignoring the fact that she retained substitute counsel that was new to the case and had to obtain information pertinent to the representation from her former counsel.

Defendants' Letter states that they requested clarification of our position by this morning and received no response. Defendants' letter is erroneous to the extent that it claims we did not provide any response. The undersigned provided a substantive response to Defendants' counsel, Ms. McKenna, more than twenty minutes before she filed Defendants' letter on ECF. We, along with plaintiff Eckhart's counsel, requested that Ms. McKenna file a letter correcting the erroneous statement, but she declined to do so.

Our response to Ms. McKenna provided, in sum and substance, that as a matter of professional courtesy we were amenable to her request for an extension of time to answer or move to dismiss the amended complaint, but that it would be incorrect for her to imply, in any submission

1

Hon. Ronnie Abrams, U.S.D.J.
September 23, 2020

to the Court, that we in any way support or condone Defendants' filing of a Rule 11 motion or that we consent to any extension of time (beyond that which Defendants would ordinarily have) for Defendants to make such a motion.

Additionally, we informed Defendants' counsel of our position that:

(1) Defendants' anticipated motion was not ripe;

(2) Plaintiff Areu has cured all alleged deficiencies identified in Defendants' initial Safe Harbor notice by filing the amended complaint in this action (ECF Dkt. No. 38);

(3) Defendants are required to provide us with a new (or renewed) Safe Harbor notice to the extent they contend that the amended complaint runs afoul of Rule 11;

(4) If warranted, we would take appropriate actions to respond to any such Safe Harbor notice;

(5) Defendants should either disclose the purported deficiencies in the amended complaint or withdraw their prior letter to the Court (ECF Dkt No. 43), and

(6) That failure to disclosure the purported "deficiencies" prior to the upcoming Court hearing would be "trial by surprise" and prejudicial to plaintiffs; and

(7) Plaintiffs reserve the right to move for a Rule 11 motion against Defendants for their continued threats of improper utilization of Rule 11 which they appear to be using to defame and harm our client rather than for its true purpose.

In accordance with the foregoing, we requested that Defendants' counsel let us know their availability to meet and confer with us concerning these topics. As of the time of this writing, we have received no response.

We note that the third and fourth paragraphs of Defendants' most recent filing contain inflammatory and inaccurate statements against Plaintiffs and their counsel, again, seemingly for the sole purpose of publicly harming Plaintiffs, as they serve no other purpose. It is Plaintiff Areu's position that a Rule 11 sanctions motion would be potentially warranted against Defendants and we will appropriately address this directly with Defendants in connection with their own safe harbor letter.

Accordingly, we request that the third and fourth paragraphs of the Letter be redacted or otherwise stricken from the record, or that we be provided with the opportunity to file a motion to seal the letter or these paragraphs thereof, without prejudice to either party filing a motion or cross-motion pursuant to FRCP Rule 11.

Respectfully submitted,

**VALLI KANE & VAGNINI LLP**

*/s/ James Vagnini*

Hon. Ronnie Abrams, U.S.D.J.
September 23, 2020

James A. Vagnini, Esq.
Sara Wyn Kane, Esq.
Matthew L. Berman, Esq.
Monica Hinken, Esq.
*Attorneys for Plaintiff Cathy Areu*
600 Old Country Road, Suite 519
Garden City, New York 11530
516-203-7180

**WIGDOR LLP**
Michael J. Willemin, Esq.
*Attorneys for Plaintiff Jennifer Eckhart*
865 FIFTH AVENUE
NEW YORK, NY 10003
212.257.6800

cc:     All counsel of record (via ECF).