# Valli Kane & Vagnini

### Employee Rights Attorneys

600 Old Country Road
Suite 519
Garden City, NY 11530

Tel: (516) 203-7180
Fax: (516) 706-0248
www.vkvlawyers.com

September 28, 2020

**VIA ECF**
Hon. Ronnie Abrams, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

> **Re:** **Jennifer Eckhart and Cathy Areu v. Fox News Network, LLC, et al.**
> **Civil Action No. 20-cv-05593-RA**

Dear Judge Abrams:

We represent Plaintiff Cathy Areu in this matter and write in advance of the parties' October 5, 2020 telephonic conference. Pursuant to Your Honor's order dated September 18, 2020, Plaintiff Areu was granted until September 28, 2020 to submit a letter briefly outlining Plaintiff's position on the issue of severance.

## I.      Introduction

As discussed during the parties' August 28, 2020 initial conference and noted in Plaintiff Eckhart's August 26, 2020 letter to Your Honor (Doc. 34), the undersigned and Plaintiff Eckhart's counsel are in agreement that the claims of Plaintiff Eckhart and Plaintiff Areu should be severed. It is evident from the filing of the Original and Amended Complaints (Docs. 1 and 38) that both Plaintiffs allege a pattern and practice of sexual harassment at Fox News that caused them harm. However, the post-filing Rule 11 Motion pertaining solely to Plaintiff Areu's claims (which if raised again in response to the Amended Complaint will only further unnecessarily delay Plaintiff Eckhart's action from proceeding); Plaintiff Areu's decision to retain new counsel and file an Amended Complaint exclusively on her own behalf that included additional causes of action; Plaintiff Areu's claims involving at least four (4) individual Defendants as well as additional third parties that do not relate to Plaintiff Eckhart's claims at all; and Plaintiff's Areu's notice that she intends to bring additional class claims with respect to disparate employment practices she alleges against Defendant Fox News Network LLC -- for which Plaintiff Eckhart would not be an appropriate class representative -- demonstrate that there are sufficient reasons for plaintiffs' claims to be severed and treated as related cases.

<br>

In addition, as detailed below, Plaintiff Areu can demonstrate that the claims in this matter warrant severance under the five factors courts in this district consider in making such determinations.

## II. Plaintiffs' Claims are Readily Severable

Under Rule 21 of the Federal Rules of Civil Procedure, the Court, on motion or on its own, may at any time "sever any claim against a party," while Rule 42 of the Federal Rules of Civil Procedure provides that a trial court may order a separate trial of any claim "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy." Fed.R.Civ.P. 42(a). The distinction between these two rules is that "[s]eparate trials usually will result in one judgment, but severed claims become entirely independent actions to be tried, and judgment entered thereon, independently." 9 Charles A. Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 2387 (3d ed.). The decision to employ either of these rules, which are considered under the same standard, is "committed to the sound discretion of the trial court." *Erausquin v. Notz, Stucki Mgm't (Bermuda) Ltd.*, 806 F. Supp. 2d 712, 720 (S.D.N.Y. 2011) *citing State of New York v. Hendrickson Bros., Inc.*, 840 F.2d 1065, 1082 (2d Cir. 1988).

In exercising this discretion, Courts in this district consider the following factors: "(1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present some common questions of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for the separate claims." *Laser Kitten, LLC v. Marc Jacobs Int'l, LLC*, No. 17 Civ. 8613, 2019 WL 1147599, at *1 (S.D.N.Y. Mar. 13, 2019) (quoting *Erausquin v. Notz, Stucki Mgmt. (Bermuda) Ltd.*, 806 F. Supp. 2d 712, 720 (S.D.N.Y. 2011)).

Further, "[s]everance requires the presence of only one of these conditions." *Cestone v. Gen. Cigar Holdings, Inc.*, 2002 WL 424654, at *2 (S.D.N.Y. Mar. 18, 2002). As such, severance is warranted when fewer than all conditions are met. *See, e.g.*, *Alessi v. Monroe County*, 2008 WL 398509, at *2 (W.D.N.Y. Feb. 12, 2008).

### A. Plaintiff Areu's Claims Do Not Arise Out of the Same Transaction or Occurrence

While "[t]here is no rigid rule as to what constitutes the same series of transactions or occurrences," courts "repeatedly have interpreted the phrase 'same transaction' to encompass 'all logically related claims.'" *Agnesini v. Doctor's Associates, Inc.*, 275 F.R.D. 456, 458-459 (S.D.N.Y. 2011) (citing *Blesedell v. Mobil Oil Co.*, 708 F.Supp. 1408, 1421 (S.D.N.Y.1989)). Here, Plaintiffs concede that they both brought claims that demonstrate a pattern and practice of sexual harassment at Fox News. However, Plaintiffs did not exclusively bring claims against Fox News; they also brought claims against individuals. As the Amended Complaint details, Plaintiff Areu raises individual sexual harassment allegations against Defendants Carlson, Hannity, Henry and Kurtz. While Plaintiff Eckhart also maintains allegations against Defendant Henry, she does

not raise allegations against the other individual Defendants named. Further, Plaintiff Eckhart's allegations against Defendant Henry include both sexual harassment and sexual assault, while Plaintiff Areu's do not. As a result, Plaintiff Eckhart maintains a separate cause of action against Defendant Henry, the only common individual Defendant at issue.

### B. Plaintiff Areu's Claims Do Not Present Common Questions of Fact

There is no dispute that several (but not all) of the claims alleged in the Amended Complaint involve common issues of law; however, the claims are based on different facts. Courts have severed claims under similar circumstances where the statutory bases of some of the claims are the same, but the facts underlying those claims are different. *See Alessi* at *2 (W.D.N.Y. Feb. 12, 2008) (severing claims that asserted violations of the First Amendment and New York Human Rights law where each plaintiff had separate dealings with the defendant and their claims arose out of separate incidents).

In this matter, each Plaintiff asserts claims that are not raised by the other and which have no relationship to the other Plaintiff's claims. As just one example, Plaintiff Areu's claims related to failure to hire raise distinct issues of both fact and law that require a completely separate and unrelated analysis to any claim raised by Plaintiff Eckhart. Therefore, while the Plaintiffs have some overlapping issues of law, they do not share the same overlapping issues of fact. *See Lluberes v. City of Troy*, 2014 WL 1123413, at * 23 (N.D.N.Y. Mar. 21, 2014) (severance appropriate where the respective sets of claims "do not arise from a common nucleus of operative facts").

Further, as detailed in Plaintiff Areu's September 11, 2020 letter to Your Honor (Doc. 39), during the course of amending the complaint, our investigation led Counsel to discover that Plaintiff Areu may be a member of a Rule 23 class of similarly situated female, unpaid Contributors engaged by the Fox Defendants who were denied paid employment on the basis of their gender, and Plaintiff Areu may seek to serve as a class representative on behalf of the class. Given that Plaintiff Eckhart, as a paid employee of Fox News, would not be a member (or representative) of any putative class brought by Plaintiff Areu, there would be significant legal concepts at issue that would not be common to the Plaintiffs.

### C. Severance of Plaintiffs' Claims Would Facilitate Judicial Economy and May Foster a Possible Settlement

Severance of Plaintiffs' claims would facilitate judicial economy. It would permit both Plaintiffs to have a jury trial without the confusion of claims that do not pertain to them and that rely on completely different facts and legal theories. Additionally, given the particular claims at issue in this matter, the involvement of both Plaintiffs may impede potential settlement discussions. Defendants' (other than Defendant Ed Henry) Rule 11 safe harbor notice to Plaintiff Areu's former counsel made it evident that they view the Plaintiffs' claims very differently given that the Rule 11 notice pertained only to Plaintiff Areu's claims. Accordingly, it is likely that severing the claims could facilitate settlement discussions moving forward.

### D. Severance Does Not Prejudice Defendants

Failing to sever the Plaintiffs' claims could cause undue prejudice to Plaintiff Areu given that she would face a jury trial in which the legal and factual issues pertaining exclusively to Plaintiff Eckhart could confuse a jury, particularly because Plaintiff Eckhart asserts sexual assault allegations that could cause a jury to deemphasize sexual harassment allegations. Moreover, the significant number of claims that will require the presentation of individualized evidence could potentially lead to additional jury confusion with respect to Plaintiff Eckhart.

Indeed, avoiding confusion of the factual and legal issues is equally important for the Defendants. As a result, "[s]evering the two plaintiffs' claims from one another would not prejudice any party, and indeed, would reduce the potential for prejudice that could arise from confusion of the factual issues and legal claims made by the plaintiffs." *Alessi v. Monroe County*, 07-CV-6163T, 2008 WL 398509, at *2 (W.D.N.Y. Feb. 12, 2008)

### E. Plaintiff's Areu Claims Involve Different Witnesses and Documentary Proof

While there may be some overlap between witnesses and the required documentary proof, Plaintiff Areu's claims involve several parties that are not related at all to Plaintiff Eckhart, including Defendants Carlson, Hannity and Kurtz. Likewise, several of Plaintiff Eckhart's allegations pertaining to Ed Henry involve questions of fact and law that do not pertain to Plaintiff Areu. As a result, several of the claims against the Defendants involve distinct questions of fact and law, which will be proven using different witnesses and documentary proof. Finally, to the extent possible, Plaintiffs have agreed to work together to ensure that the discovery process proceeds as expeditiously as possible.

### III. Conclusion

We thank Your Honor for the opportunity to provide Plaintiff Areu's position on severing this matter prior to the October 5, 2020 telephonic conference. Should Your Honor require any additional information, please do not hesitate to contact us.

Respectfully submitted,

VALLI KANE & VAGNINI LLP

*/s/ James Vagnini*
JAMES A. VAGNINI
*Attorneys for Plaintiff Cathy Areu*
600 Old Country Road, Suite 519
Garden City, New York 11530
516-203-7180

cc:   All counsel of record (via ECF).