UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
JENNIFER ECKHART and CATHY AREU,

       Plaintiffs,    Civil Case No. 1:20-cv-05593

 against

FOX NEWS NETWORK, LLC, ED HENRY,
SEAN HANNITY, TUCKER CARLSON and
HOWARD KURTZ, in their individual and
professional capacities,

       Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

### DECLARATION OF KATHLEEN M. MCKENNA IN SUPPORT OF DEFENDANTS' RULE 11 MOTION FOR SANCTIONS

  I, Kathleen McKenna, affirm the following to be true under penalty of perjury pursuant to 28 U.S.C. § 1746 and Local Civil Rule 1.9:

1. I am a member of the firm of Proskauer LLP. I represent Fox News Network, LLC ("Fox News"), Sean Hannity, Tucker Carlson, and Howard Kurtz (collectively, "the Fox Defendants") in the above-captioned matter. I am fully familiar with the facts and circumstances set forth herein and make this Declaration in Support of the Fox Defendants' Rule 11 Motion for Sanctions.

2. On Sunday, June 28, 2020 the Wigdor Firm demanded $10 million from Fox News as a settlement payment to Plaintiff Jennifer Eckhart to avoid a lawsuit in connection with her claims against Fox News for alleged misconduct by Ed Henry.

- 1 -

3. At approximately 9:00 a.m. on July 1, 2020, Fox News announced it had terminated Ed Henry. At approximately 10:30 a.m., I received a call from Douglas Wigdor and Michael Willemin of the Wigdor Firm advising that their client Ms. Eckhart was prepared to start commenting to the press if Fox News did not respond to her demand. At approximately 12:30 p.m, I advised Mr. Willemin that Fox News would not be responding to Ms. Eckhart's demand. At 7:20 p.m, Mr. Willemin advised that the amount of the settlement offer was "non-negotiable" and would expire the following day, July 2, 2020, at noon.

4. On July 2, 2020, I advised Mr. Willemin that Fox News could not respond to Ms. Eckhart's demand until its investigation of her claims was completed. At approximately 9 p.m. that evening, Mr. Willemin proffered mediation with a mediator of the Wigdor Firm's choosing to avoid a lawsuit by Eckhart.

5. On the afternoon of Friday, July 3, 2020, I advised Mr. Willemin that I had not heard back from my client regarding his mediation offer and was unlikely to hear further until after the holiday weekend.

6. At approximately 7:45 p.m. on the evening of Monday, July 6, 2020, Mr. Willemin invited me to advise him not later than 10 a.m. the next morning if I would come to his office at 12 p.m. to review information regarding Ms. Eckhart. Among the conditions set by Mr. Willemin for the meeting is that my client would be available to me for settlement discussion. I sent an associate in my stead to review the information regarding Ms. Eckhart. What Mr. Willemin made available for review was a draft complaint asserting claims by Ms. Eckhart.

7. After considering the information in the draft complaint, Fox News did not respond to the Wigdor Firm's demands on behalf of Ms. Eckhart.

8. On July 9, 2020, at 8:45 p.m., the Wigdor Firm sent a demand letter to me on behalf of Cathy Areu in connection with her claims against Fox News, Tucker Carlson, Sean Hannity, and Howard Kurtz setting a deadline of July 13 for "good faith settlement negotiations." That letter alleged that after Areu appeared on Tucker Carlson's show on the night of the Company Christmas party, he told Areu that he would be alone at a hotel without his wife and children, and then stopped booking her as a guest when she rebuffed what she understood to be a sexual advance. Areu also claimed that Sean Hannity asked men on the set of his show to take her out on a date for $100 and stopped booking her when she wouldn't "play along." Areu additionally claimed that Howard Kurtz asked her to meet him at his hotel for sexual purposes and stopped booking her when she refused. Finally, the letter alleged that Fox News contributor Gianno Caldwell tried to pressure Areu into going on a lunch date him in exchange for an introduction to a high-profile public personality.

9. On July 13, I spoke to Mr. Willemin. I advised him that Areu's refusal to meet with the Davis & Gilbert investigators unless her statement was immune from future reference was nonsensical and unacceptable. I further advised him that Ms. Areu was not an employee of Fox News, that my client had not yet had an opportunity to investigate Ms. Areu's claims and thus, it declined to enter into negotiations regarding her claims.

10. Six days later, on July 19 at approximately 6:32 p.m., Mr. Wigdor asked in an email, with the subject line referencing "Eckhart and Areu," that I confirm by not later than 11a.m. the next morning whether Fox News was interested in mediation with the mediator of the Wigdor Firm's choosing in order to avoid a lawsuit by Eckhart and Areu.

11. At approximately 11:30 a.m. on July 20, I advised Mr. Wigdor that my client declined to participate in mediation. At approximately, 12:41 p.m., Mr. Wigdor emailed asking that I confirm that Fox News had no interest in mediation. Approximately two minutes later, I confirmed that my client had no interest in mediation.

12. Within hours of my reply email to Mr. Wigdor, the complaint was filed in this matter.

13. On August 7, 2020, I, on behalf of the Defendants, sent a letter to the Wigdor Firm putting it and Areu on notice that if they did not withdraw her frivolous claims and allegations within the 21-day period, the Defendants intend to seek sanctions against them under Fed. R. Civ. Pro. 11. To the letter, I attached a draft Rule 11 motion and the supporting memorandum.

14. Attached hereto as Exhibit A is a true and correct copy of the Rule 11 letter that I sent to the Wigdor Firm on August 7, 2020.

15. Attached hereto as Exhibit B is a true and correct copy of the draft Rule 11 motion that I sent to the Wigdor Firm along with the Rule 11 letter on August 7, 2020.

16. Attached hereto as Exhibit C is a true and correct copy of the draft supporting memorandum that I sent to the Wigdor Firm along with the Rule 11 letter and the draft Rule 11 motion on August 7, 2020.

17. On August 22, at 11:59 a.m., I received an e-mail from James Vagnini informing me that he and his firm would be substituting in to replace the Wigdor Firm as counsel for Ms. Areu in this matter.

18. Attached hereto as Exhibit D is a true and correct copy of the reporter's transcript of the telephonic hearing conducted in this matter before the Honorable Ronnie Abrams on August 28, 2020.

Dated:  September 29, 2020

By:   *Kathleen McKenna*
   ――――――――――――
   Kathleen M. McKenna