
Proskauer Rose LLP   Eleven Times Square   New York, NY 10036-8299

October 2, 2020

Kathleen M. McKenna
Member of the Firm
d +1.212.969.3130
f 212.969.2900
kmckenna@proskauer.com
www.proskauer.com

**VIA ECF**

The Honorable Ronnie Abrams
United States District Judge
Southern District of New York
40 Foley Square, Room 2203
New York, NY 10007

Re: **Jennifer Eckhart and Cathy Areu v. Fox News Network, LLC, Ed Henry, Sean Hannity, Tucker Carlson, and Howard Kurtz, Civil Case No. 1:20-cv-05593 (RA)**

Dear Judge Abrams:

On behalf of Fox News Network, LLC, Tucker Carlson, Sean Hannity and Howard Kurtz (the "Fox News Defendants"), we write to respond to the letter from Plaintiff Areu regarding severance. (Dkt. No. 49.)  The Fox News Defendants do not oppose severance provided it does not prejudice our arguments regarding the lack of subject matter jurisdiction over Plaintiff Areu's claims or our ability to continue to pursue sanctions against Wigdor LLP.

As explained in our recently filed Rule 11 sanctions motion, Plaintiff Areu and Plaintiff Eckhart's claims never should have been filed together, and were joined solely for an improper purpose based on a frivolous invocation of supplemental jurisdiction. While we are glad to see that Plaintiff Areu now acknowledges that her prior joinder and invocation of supplemental jurisdiction were baseless, her letter reinforces the need for sanctions.

Plaintiffs filed their initial Complaint on July 20, 2020. (Dkt. No. 1.)  On August 7, given the unsupported and frivolous claims in the Complaint, the Fox News Defendants served a Rule 11 sanctions motion and draft memo on Plaintiff Areu.  She subsequently retained new counsel, James Vagnini, and on August 27, the Plaintiffs jointly emailed the undersigned indicating that they believed the case should be severed.  At the Status Conference the following day, the Fox News Defendants opposed severance for two primary reasons: first, Plaintiff Areu had no basis to independently assert federal jurisdiction, and therefore her claims should be dismissed, not merely severed.[1]  Second, Wigdor LLP should not be allowed to use severance to evade liability for its sanctionable conduct.  (*See* August 28, 2020 Status Conference Transcript at 10:18–12:10; 16:1–10.)

---

[1] In the Amended Complaint, Plaintiff Areu now alleges she is a resident of Florida and therefore may bring her claims based on diversity jurisdiction.  (Dkt. No. 38 at ¶ 11.)  The claim is false, as is addressed in the Fox News Defendants' Memorandum of Law.

# Proskauer»

The Hon. Ronnie Abrams
October 2, 2020
Page 2

After the conference, Plaintiffs had until September 11 to amend their Complaint. (Dkt. No. 35.) Notably, this deadline provided Plaintiff Areu with the opportunity to withdraw her complaint and remove her claims from Plaintiff Eckhart's filing. Instead, the Plaintiff filed a significantly expanded joint Amended Complaint. (Dkt. No. 38.) Regardless of the fact that the Plaintiffs themselves could have separated their claims on their own, Plaintiff Areu now returns to the Court to ask for severance.[2] (Dkt. No. 49.)

Strikingly, Plaintiff Areu's letter repeatedly acknowledges that her claims could not have been brought with Plaintiff Eckhart's in the first instance. Indeed, the letter's headings state that "Plaintiff Areu's Claims Do Not Arise Out of the Same Transaction or Occurrence" and that her claims "Do Not Present Common Questions of Fact," both prerequisites to joinder of parties under Fed. R. Civ. P. 20. The letter goes on to acknowledge that Plaintiff Areu's claims, such as a failure to hire (*see* Dkt. No. 1 at ¶¶ 46, 187, 192), require a "completely separate and unrelated analysis" to Plaintiff Eckhart, and that Eckhart's allegations related to Ed Henry "do not pertain to Plaintiff Areu."

Plaintiff Areu's letter therefore makes clear that her and Eckhart's claims never should have been filed together in the first place. They were based on a frivolous invocation of supplemental jurisdiction whose only purpose was to yoke Plaintiff Areu's deficient state-law claims to Plaintiff Eckhart's (also deficient) federal sex-trafficking claim. Her improper addition of a Title VII claim before the expiration of the required 180-day period only strengthens this view.[3]

These actions, forcing the Fox News Defendants to continue to address a now-admitted frivolous joinder and assertion of jurisdiction, further support the Fox News Defendants' motion for sanctions. (Dkt. Nos. 52; 53.)

Regarding Plaintiff Areu's request for severance, it now appears that the Plaintiffs do not believe that issues of jurisdiction need to be resolved prior to severance. Further, the Wigdor Firm acknowledged at the Status Conference that severance would not divest the Court of the right to sanction them for their sanctionable behavior in bringing Plaintiff Areu's claims and bringing her claims together with Plaintiff Eckhart's claim. (*See* August 28, 2020 Status Conference Transcript at 15:11–20). Therefore, although the Plaintiffs had ample opportunities to address these issues on their own, the Fox News Defendants do not object to severance so long as it does

---

[2] Further, Rule 41 of the Federal Rules of Civil Procedure permits plaintiffs "without a court order" to file a "notice of dismissal," which dismisses the case "without prejudice," prior to a defendant serving an answer or a motion for summary judgment. Fed. R. Civ. P. 41(a)(1). At that point, Plaintiffs could have refiled their complaint(s) separately. Instead, Plaintiff Areu is moving to sever her complaint, wasting both the Court's and the Fox News Defendants' resources.

[3] The claim, filed *before* she received a right to sue letter (*see* Dkt. No. 38 at ¶ 14), runs roughshod over the statutory role of the EEOC in discrimination suits and would in effect eradicate the Commission from its mandatory role in resolving Title VII claims. Indeed, multiple courts have held that such conduct, filing a Title VII claim based on an early-issued Right to Sue letter, constitutes a jurisdictional deficiency that prevents the claim from proceeding in federal court as noted in the Fox News Defendants' Rule 11 briefing.

**Proskauer»**

The Hon. Ronnie Abrams
October 2, 2020
Page 3

not prejudice our jurisdictional arguments as to Plaintiff Areu or our ability to continue pursuing sanctions against Wigdor LLP.

Respectfully submitted,

/s/ *Kathleen M. McKenna*

Kathleen M. McKenna, Esq.
*Attorneys for Fox Defendants*

cc: All counsel of record (via ECF)