# WIGDOR LLP
ATTORNEYS AND COUNSELORS AT LAW

85 FIFTH AVENUE
NEW YORK, NY 10003
TEL 212.257.6800
FAX 212.257.6845
WWW.WIGDORLAW.COM

**Michael J. Willemin**
mwillemin@wigdorlaw.com

October 5, 2020

**VIA ECF**

The Honorable Ronnie Abrams
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

   Re: <u>Eckhart, et al. v. Fox News Network LLC, et al.; No. 20-CV-5593 (RA)</u>

Dear Judge Abrams,

We represent Plaintiff Jennifer Eckhart in connection with her claims against Defendants Fox News Network, LLC ("Fox News") and Ed Henry. We write jointly with counsel for Plaintiff Cathy Areu: (i) in response to the letter filed by Kathleen McKenna, Esq. on behalf of Fox News on October 2, 2020; and (ii) to respectfully request that the Court order counsel for Fox News to: (a) meet and confer with Plaintiffs' counsel on issues such as scheduling and page enlargement requests; and (b) demonstrate candor in its communications with the Court.

**I.**  **Ms. McKenna's October 2, 2020 Letter**

To begin, the purpose of Ms. McKenna's October 2, 2020 letter to the Court was ostensibly to inform the Court that Fox News no longer objected to severing Ms. Areu's case from Ms. Eckhart's. Instead of simply saying that, Ms. McKenna's letter contains two pages of disingenuous and unrelated attacks on Plaintiffs' counsel, which is in keeping with Ms. McKenna's and Proskauer Rose LLP's pattern of retaliatory litigation outlined in Wigdor's August 26, 2020 letter, Dkt. No. 34.

First, Ms. McKenna accuses Plaintiffs of wasting the Court's time because, on September 11, 2020, we filed an Amended Complaint on behalf of both Plaintiffs rather than severing the claims unilaterally (*via* dismissal of Ms. Areu's claims) and filing two separate complaints. However, doing that would have been directly at odds with the Court's directives. Indeed, during the parties' August 28, 2020 status conference, Wigdor LLP expressly stated our desire to have the case severed prior to the filing of the Amended Complaint. See Dkt. No. 40 at 9:14-16 (Mr. Willemin: "I'd rather not have a second filing with a two-Plaintiff case if we're going to sever it anyway and complicate that. I'd rather just sever it now."). It was Ms. McKenna who objected to severance. <u>Id.</u> at 10:12-12:10. Ultimately, the Court determined that it would revisit the issue of severance



after the filing of the Amended Complaint.  Id. at 16:16-17:12.  It was expressly contemplated that the Amended Complaint would be filed as a two-plaintiff complaint.  Id. at 18:2-14.  It is confounding that Ms. McKenna would attack Plaintiffs' counsel for proceeding as directed.

Second, Ms. McKenna repeatedly states in her letter that Ms. Areu and her counsel have admitted that her case was improperly joined to Ms. Eckhart's in the first instance.  While Fox News might believe that Ms. Areu's case should have been filed separately (this issue will be addressed in response to Fox News' Rule 11 motion), it is inconceivable that Ms. McKenna believes that "Plaintiff Areu now acknowledges that her prior joinder and invocation of supplemental jurisdiction were baseless."  Dkt. No. 72, p. 1.  The letter Ms. McKenna points to in support of that claim, Dkt. No. 42, does not in any way concede or acknowledge that the Plaintiffs' claims were improperly joined.  Rather, the letter points primarily to events that have occurred since the filing of the Complaint that support joinder, including, *inter alia*, (i) the Rule 11 motion, which is applicable only to Ms. Areu; (ii) Ms. Areu's retention of new counsel; and (iii) Ms. Areu's current, post-Complaint filing, intention to file a class action on behalf of a proposed class that would not include Ms. Eckhart.  See Dkt. No. 42, p.1.  Moreover, the fact that two claims can be severed does not, of course, mean that they were improperly joined in the first instance.

## II.     Ms. McKenna's Failures to Meet and Confer and Misrepresentations to the Court

On September 11, 2020, counsel for Plaintiff Cathy Areu wrote to the Court regarding the Amended Complaint filed on that day.  Ms. Areu's letter noted that Your Honor had previously stated that the Court would hold a status conference after the filing of the Amended Complaint, and read, in part, "As Your Honor indicated you will hold an additional status conference after the filing of Ms. Areu's amended complaint, we would be happy to discuss this issue [regarding potential class claims] at that time."  Dkt. No. 39.  Five days later, Ms. McKenna wrote to the Court, *inter alia*, "[i]n short, the Amended Complaint has failed to cure the issues raised in the Fox News Defendants' Rule 11 motion.  [Ms.] Areu is also wrong to claim that severance is warranted on the ground that she now seeks to be a Rule 23 class representative.  Given the above, the Fox News Defendants join Plaintiff's counsel's request for a further status conference to discuss a briefing schedule."  Dkt. No. 43.

Ms. McKenna's request for a further status conference to discuss a briefing schedule was perplexing for a few reasons.  First, Ms. McKenna never even conferred with us to determine whether we could agree upon a briefing schedule.  Surely, we could have come to an agreement on that without the need for Court intervention.  Second, it is highly unusual to request that the Court hold a conference to discuss a briefing schedule, particularly before having conferred with opposing counsel.  Third, Ms. Areu's counsel had not actually requested a further status conference to discuss a briefing schedule, as misrepresented by Ms. McKenna.  Fourth, *after the Court set the status conference,* rather than wait to discuss a briefing schedule – something Fox



News had requested – Fox News just went ahead and filed its Rule 11 motion on September 29, 2020, Dkt. No. 52.

To add to our confusion, Fox News filed a motion that was five pages longer than the length permitted by Your Honor's Individual Rules in blatant violation of Your Honor's Individual Rule 4.A ("Unless *prior* permission has been granted, memoranda of law in support of and in opposition to motions are limited to 25 pages.") (emphasis added).  Moreover, as with respect to the briefing schedule, Fox News never conferred with us to determine whether we consented to the additional pages (we would have) before filing its motion and request for an enlargement.

Separately, in the middle of all of this, on September 23, 2020, Ms. McKenna wrote to the Court seeking an extension of Fox News' deadline to respond to the Amended Complaint.  Dkt. No. 45.  In Ms. McKenna's letter she falsely represented that it was unclear whether we had consented to the extension – we had.  Ms. McKenna's letter also falsely stated that we had never responded to an email she had sent earlier that morning.  Counsel for both Plaintiffs had in fact responded at 3:25 p.m.  Ms. McKenna filed her letter 14 minutes later, in which she falsely stated that we had not responded.  We immediately asked Ms. McKenna to correct her letter, but she refused to do so and attempted to justify the misrepresentations by stating that she had sent the letter to her administrator for filing before she received our email.  Whether this is true or not, Ms. McKenna has an obligation to be truthful in her representations to the Court and to correct representations that are not accurate, yet she refused to correct this blatant misstatement.

### III.     Conclusion

We obviously cannot stop Ms. McKenna and Fox News from filing frivolous Rule 11 motions or engaging in retaliatory litigation tactics, and we will respond to the Rule 11 motion in due course.  However, we do expect a certain level of professionalism that includes meeting and conferring on things such as briefing schedules and page enlargements.  We also expect candor with the Court and the absence of disingenuous arguments and statements that have to be corrected in letters such as this one.

Accordingly, we respectfully request that the Court issue an Order directing counsel for Fox News to: (a) meet and confer with Plaintiffs' counsel on issues such as scheduling and page enlargement requests; and (b) demonstrate candor in its communications with the Court.

Respectfully submitted,

/s/ Michael J. Willemin          /s/ Sara Wyn Kane
Michael J. Willemin              Sara Wyn Kane
Wigdor LLP                       Valli Kane & Vagnini LLP