# WIGDOR LLP
ATTORNEYS AND COUNSELORS AT LAW

85 FIFTH AVENUE
NEW YORK, NY 10003
TEL 212.257.6800
FAX 212.257.6845
WWW.WIGDORLAW.COM

**Michael J. Willemin**
mwillemin@wigdorlaw.com

October 20, 2020

**VIA ECF**

The Honorable Ronnie Abrams
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

      Re:    Eckhart, et al. v. Fox News Network LLC, et al.; No. 20-CV-5593 (RA)

Dear Judge Abrams,

We represent Plaintiff Jennifer Eckhart in connection with her claims against Defendants Fox News Network, LLC ("Fox News") and Ed Henry. Pursuant to Your Honor's Individual Rules of Practice 5(iii), we write to request that documents filed last night by Defendant Henry in purported connection with his motion to dismiss be filed under seal.

Specifically, late yesterday afternoon, Defendant Henry's counsel, Catherine M. Foti, submitted a declaration in connection with Defendant Henry's motion to dismiss that purport to show several pictures of Ms. Eckhart in a nude and/or semi-nude state. See Dkt. 85, Exs. G-U. In light of the fact that such extrinsic evidence is absolutely irrelevant in the context of a motion to dismiss, see Brown v. Austin, No. 05 Civ. 9443 (PKC), 2007 WL 2907313, at *1 (S.D.N.Y. Oct. 4, 2007) ("The [c]ourt declines to convert the motion to dismiss into a motion for summary judgment under Rule 56, Fed. R. Civ. P., and accordingly, does not consider the extrinsic evidence submitted by the moving defendants"), it is obvious that Defendant Henry chose to publicly file such personal and intimate images of Ms. Eckhart to humiliate and retaliate against her for her decision to speak out against his sexual abuse.

That Defendant Henry would double down on his abusive conduct by engaging in this kind of blatant victim shaming is simply abhorrent. That his counsel would not even reach out to Plaintiff to give her the opportunity to make a motion to file the documents under seal prior to making nude images of her (even if lightly redacted) publicly available to the world to see, thereby causing irrevocable damage to Ms. Eckhart's personal and professional reputation, is unacceptable. In order to at least partially remedy Defendant Henry's vile conduct, last night, we made an emergency application to the ECF Help Desk to temporarily seal these exhibits pending a formal application to Your Honor, which was granted early this morning.



The Honorable Ronnie Abrams<br>October 20, 2020<br>Page 2

While we expect that Defendant Henry will attempt to draw a false equivalency between the text messages that Plaintiff included in her Amended Complaint in an effort to justify his behavior, there is obviously no comparison between words sent by a party and disseminating nude images of someone to the general public.  Indeed, in New York, public dissemination of nude images in this manner is actually unlawful.  See N.Y. Penal Law § 245.15.  Notably, we are not seeking to redact or seal any of the non-image related exhibits that Defendant Henry filed with his motion to dismiss (notwithstanding the fact that this material is also irrelevant at the motion to dismiss stage).

These pictures also represent the type of confidential and sensitive information that are normally sealed in the course of litigations.  In re N.Y. Times Co., 828 F.2d 110, 116 (2d Cir. 1987).  Courts have identified particular examples of "higher values."  See e.g., Giuffre v. Maxwell, No. 15 Civ. 7433 (RWS), 2017 WL 1787934, at *2 (S.D.N.Y. May 2, 2017) (finding privacy interests warranted closure regarding discovery materials that concerned the sexual assault of a minor.); Pal v. New York Univ., No. 06 Civ. 5892 (PAC)(FM), 2010 WL 2158283, at * 1 (S.D.N.Y. May 27, 2010) (finding the confidentiality of sensitive patient information warranted granting plaintiff's request to seal).

We have conferred with counsel for Defendant Henry, and they, incredibly, do not consent to the sealing of these exhibits.  Apparently, Mr. Henry and/or his attorney are hoping that these images will soon again be available on the public docket and continue to haunt and cause harm to Ms. Eckhart.

We thank Your Honor for the Court's time and attention to this matter.

Respectfully submitted,

Michael J. Willemin