KA7PECKC

```
 1    UNITED STATES DISTRICT COURT
      SOUTHERN DISTRICT OF NEW YORK
 2    ------------------------------x
      JENNIFER ECKHART, ET AL.,
 3
                     Plaintiffs,
 4
                 v.                        20 CV 5593 (RA)
 5                                         Telephone Conference
      FOX NEWS NETWORK, LLC, ET AL.,
 6
                     Defendants.
 7    ------------------------------x
                                           New York, N.Y.
 8                                         October 7, 2020
                                           3:02 p.m.
 9
      Before:
10                        HON. RONNIE ABRAMS,

11                                         District Judge

12                    APPEARANCES VIA TELEPHONE

13    WIGDOR LLP
           Attorneys for Plaintiff Eckhart
14    BY:  MICHAEL J. WILLEMIN
           RENAN F. VARGHESE
15
      VALLI KANE & VAGNINI, LLP
16         Attorneys for Plaintiff Areu
      BY:  ROBERT J. VALLI, JR.
17         JAMES VAGNINI
           MATTHEW L. BERMAN
18         SARA W. KANE

19    PROSKAUER ROSE LLP
           Attorneys for Fox News Defendants
20    BY:  KATHLEEN M. McKENNA
           KEISHA-ANN G. GRAY
21         LLOYD B. CHINN

22    MORVILLO, ABRAMOWITZ, GRAND, IASON & ANELLO P.C.
           Attorneys for Defendants Henry, Hannity
23    BY:  CATHERINE FOTI
           ELKAN ABRAMOWITZ
24         JAYNE WEINTRAUB
           DOUGLAS CHALKE
25
```

KA7PECKC

1              (The Court and all parties appearing telephonically)

2              THE COURT:  This is Judge Abrams on the line.  Who do

3    we have?

4              MR. VAGNINI:  Good afternoon, Judge.  This is James

5    Vagnini for the Plaintiff Areu.

6              THE COURT:  All right.  Good afternoon.

7              Why don't we start over.  So we're here for Eckhart

8    and Areu v. Fox News Network, et al.  So why don't I hear the

9    appearances of the attorneys, please.  So again, for plaintiff?

10             MR. WILLEMIN:  This is Michael Willemin, Wigdor LLP,

11   for plaintiff Jennifer Eckhart.  I believed I'm joined by my

12   colleague, Renan Varghese from Wigdor LLP as well, and there

13   shouldn't be anyone else from our firm on for Ms. Eckhart.

14             THE COURT:  Good afternoon.  And for Ms. Areu, please,

15   again.

16             MR. VALLI:  Good afternoon, your Honor.  It's Robert

17   Valli, V-a-l-l-i, Valli Kane and Vagnini, and with me will be

18   James Vagnini, Matthew Berman and, I believe, Sara Kane will be

19   on but I'm not sure if she will be speaking.

20             THE COURT:  All right.  Thank you.  Good afternoon.

21             And for the defendants, please.

22             MS. McKENNA:  For the Fox News defendants, your Honor,

23   good afternoon, this is Kathleen McKenna from Proskauer Rose,

24   and I'm joined by my partners Lloyd Chinn and Keisha-Ann Gray.

25             THE COURT:  Good afternoon.

1      MR. ABRAMOWITZ:  And for Edward Henry, this is Elkan

2    Abramowitz.  I'll be joined by Catherine Foti and Douglas

3    Chalke.  Ms. Foti will be doing the speaking.

4      THE COURT:  Thank you.

5      MS. WEINTRAUB:  And Jayne Weintraub on behalf of Ed

6    Henry, as well and Ms. Foti will be speaking for Mr. Henry.

7      THE COURT:  All right.  So thank you, all for

8    appearing by telephone today.  I just want to remind everyone

9    that this is a public proceeding; so members of the public and

10   the press are able to access the proceedings through the public

11   call-in number.  All participants are, however, reminded that

12   any recording or rebroadcasting any portion of this proceeding

13   is prohibited.

14      So we're here today primarily to talk about the issue

15   of severance; although, I want to talk a little bit about

16   scheduling.  So I've reviewed the letters that you've submitted

17   to the Court this week and last.  It's my understanding that

18   defendants no longer oppose the motion to sever the two

19   plaintiffs' cases, as long as it doesn't affect the rule 11

20   motion or the timing of the Eckhart case.  Is that correct?

21      (Indiscernible crosstalk)

22      MS. FOTI:  This is Catherine Foti.  That is correct on

23   behalf of Mr. Henry.

24      MS. McKENNA:  And Ms. McKenna on behalf of the Fox

25   defendants.  It's correct with respect to our position on the

KA7PECKC

1    rule 11.  The scheduling concern, I think, was Mr. Henry's and

2    not the Fox defendants.

3            THE COURT:  That's correct.  All right.

4            Okay.  I just want to confirm, as well, that both of

5    the plaintiffs consent and are seeking this severance?

6            MR. WILLEMIN:  This is Michael Willemin, on behalf of

7    plaintiff Eckhart, and we do consent and are seeking a

8    severance.  Obviously, notwithstanding our position that the

9    cases were brought properly together, but that is correct, your

10   Honor.

11           THE COURT:  Okay.

12           MR. VALLI:  And the same for plaintiff Areu, your

13   Honor.

14           THE COURT:  If I sever the cases, how does it affect

15   subject matter jurisdiction?  I am going to remind everyone to

16   state their name before they speak, please.

17           MR. VALLI:  This is James Valli for plaintiff Areu.

18   Your Honor, we have subsequently received and have provided the

19   Court with plaintiff Areu's right-to-sue letter under Title

20   VII.

21           THE COURT:  One more question.  Is there any dispute

22   that the law permits defendants to seek sanctions against

23   Wigdor, even if Wigdor is no longer Ms. Areu's counsel?  So I'm

24   going to turn to that question.  Yes, go ahead.

25           MR. WILLEMIN:  Yes, this is Mr. Willemin, on behalf of

1    Ms. Eckhart and on behalf, in this case, of Wigdor.

2              We don't believe -- So the fact that these cases are

3    severed and the fact that we are -- well, the fact that these

4    cases are severed does not impact the defendants' ability to

5    seek sanctions.  As laid out in correspondence to the Court

6    prior to our last conference, the fact that Ms. Areu disengaged

7    us as counsel prior to the expiration of the 21-day safe harbor

8    period does prohibit, in our view, a rule 11 motion from being

9    even considered, much less granted, against Wigdor.

10             That will, obviously, be in opposition to the motion,

11   but there will not be any argument made that the severing of

12   the cases serves as some sort of basis to deny a rule 11

13   motion.

14             THE COURT:  All right.  Understood.  Okay.

15             Does anyone else want to be heard further on the

16   severance motion?  I don't think that's necessary, frankly,

17   because I think we're all in agreement, but --

18             MS. McKENNA:  Your Honor, Kathleen McKenna.  This

19   doesn't affect the severance motion, but with respect to your

20   question of how it affects subject matter jurisdiction, while

21   Mr. Vagnini is correct that they provided the right-to-sue

22   letter to the Court, and I just want to be candid that in our

23   forthcoming motion to dismiss, we think that that right-to-sue

24   letter was unlawfully issued by the EEOC, and we will be

25   putting that issue before the Court in our right-to-sue, it's

KA7PECKC

1    also addressed in our rule 11.

2            THE COURT:  All right.  Okay.  Thank you for noting

3    that for the record.  And I will, of course, address that once

4    the motions are fully briefed.

5            Federal Rule of Civil Procedure 21 permits a court to

6    sever any claim against a party, and rule 42(b) allows the

7    court to order a separate trial of one or more severed issues,

8    claims, crossclaims, counterclaims or third-party claims.  The

9    decision whether to grant a severance motion is committed to

10   the sound discretion of the trial court.

11           Because no party objects to severance and because, in

12   the Court's view, severance is warranted in light of the

13   distinct factual bases of each of plaintiffs' claims, I'm going

14   to grant the motion to sever.

15           So why don't we talk about next steps.  So what's

16   going to happen next?  Are each of the plaintiffs going to file

17   their own complaint?

18           MR. WILLEMIN:  Your Honor, this is Michael Willemin

19   for plaintiff Eckhart.  My only concern from the start, in

20   terms of severance and et cetera, was just to make sure that we

21   preserved our right to amend our complaint following the motion

22   to dismiss.  And so to the extent -- I'm happy to file a

23   separate complaint, assuming that we will not be sort of

24   waiving our right to do that and then, you know, amend once we

25   receive a motion to dismiss, if warranted or necessary.

KA7PECKC

1          Procedurally, I think that that makes the most sense.

2     I just want to be cognizant of the fact that a filing of a new

3     complaint and a single plaintiff complaint wouldn't waive our

4     right to amend following receipt of a motion to dismiss.

5          THE COURT:  Do defense counsel wish to be heard on

6     that?

7          MS. McKENNA:  Your Honor, it's for good housekeeping

8     purposes and good, sort of, procedural hygiene, it makes sense

9     to file two separate complaints.  We leave that to your Honor,

10    as long as the newly filed complaints do not contain changes to

11    the complaint.  That seems to be a housekeeping matter, and we

12    should do what your Honor thinks makes the most sense.

13         We are prepared to move with respect to the claims

14    raised by Ms. Eckhart and Ms. Areu on the current timetable,

15    which is the 19th.  But if there are going to be newly filed

16    complaints, obviously, we should talk about scheduling, and we

17    should be clear about whether there are material changes

18    because then they wouldn't have the right to amend.  I

19    understand Mr. Willemin to be saying he would just file a clean

20    one that is the same as the one that's on file.

21         THE COURT:  That's my understanding.  Is that correct?

22         MR. WILLEMIN:  This is Michael Willemin.  That's

23    correct.  I mean, I would suppose, as long as there's no

24    objection, that the easiest way to do it would be to just file

25    Ms. Eckhart's complaint with only her name in the caption but

KA7PECKC

1   have it be substantively identical to Ms. Areu's complaint,

2   except for eliminating any causes of action that are specific

3   to Ms. Areu or any factual allegations that, you know, are

4   specific to her, I suppose, and obviously, removing the word

5   "plaintiff" in front of her name.

6       But I think that that is -- and then have Ms. Areu do

7   the same thing, then receive motions to dismiss and then decide

8   from that point whether or not we want to make any amendments

9   to address issues raised in any motions to dismiss.

10       MS. FOTI:  This is Cathy Foti, for Mr. Henry.  So we

11   agree that if Mr. Willemin follows the procedure he just laid

12   out, that we do not have an objection to allowing him to

13   exercise his right to amend after the filing of our motion to

14   dismiss.  Again, our main concern is that we don't extend the

15   date for the filing of the motion to dismiss.

16       Technically, I don't know if filing this new complaint

17   would be considered an amendment.  If we can all agree that the

18   motion to dismiss would continue to be filed on October 19th,

19   we would not have an objection.

20       THE COURT:  I think we can all agree on that.  Is

21   there any objection to that, that we keep the same date for the

22   motion to dismiss as October 19th because nothing of substance

23   is going to change in these complaints?

24       MR. VAGNINI:  Your Honor, this is Mr. Vagnini for

25   plaintiff Areu.  If you're asking broadly, I did want to raise

KA7PECKC

| | |
|---|---|
| 1 | with your Honor today the issue of the class additions to the |
| 2 | complaint that we did not do in our original amendment just |
| 3 | simply because it was already a very complex matter; so we |
| 4 | didn't want to add into it at that point. |
| 5 | But there is a concern, and at plaintiff Areu's |
| 6 | request and upon our further investigation, it does appear |
| 7 | warranted that we would prefer to proceed under rule 23 and |
| 8 | amend the complaint accordingly.  It wouldn't change anything |
| 9 | factually in terms of Ms. Areu's claims, but obviously, would |
| 10 | add a significant amount of class allegations and structure to |
| 11 | the complaint that is not in it presently. |
| 12 | MS. McKENNA:  Your Honor, Kathleen McKenna.  May I be |
| 13 | heard for the Fox defendants? |
| 14 | THE COURT:  Yes. |
| 15 | MS. McKENNA:  Your Honor, we would object to the |
| 16 | further amendment of the complaint to add class claims.  This |
| 17 | issue was raised with you some time ago.  If there were such |
| 18 | class claims to be made, they should have been raised before, |
| 19 | and they should not have the right to amend. |
| 20 | As of right, I think plaintiffs should have to |
| 21 | articulate for the Court the purported basis of these class |
| 22 | claims, and we should have an opportunity to be heard on that. |
| 23 | In any event, if your Honor is going to permit that to add |
| 24 | additional legal claims to the complaint, then candidly we're |
| 25 | not going to be able to file by the 19th, and it's not |

KA7PECKC

1  reasonable, I don't think, to ask us to do so.

2          MS. FOTI:  Your Honor, this is Cathy Foti.  I agree

3  with Ms. McKenna's position.  My main concern is that we are

4  able to go forward in our motion to dismiss Ms. Eckhart's

5  claims.

6          To the extent, obviously, that Ms. Areu files

7  additional class claims, we also would not be able to respond

8  to those by the 19th.  But we do not want that to change the

9  current schedule for Ms. Eckhart.

10         THE COURT:  Okay.  So listen, the schedule, there's no

11 reason that the schedule needs to be changed in any way with

12 respect to Ms. Eckhart, correct?

13         MR. WILLEMIN:  This is Michael Willemin for

14 Ms. Eckhart, and I would agree with that, your Honor.

15         THE COURT:  All right.  So why don't you file that

16 complaint just as to Ms. Eckhart.  It will otherwise

17 substantively be the same.  We'll get the motion to dismiss on

18 October 19th, and then do you want to talk about opposition and

19 reply and timing for that?

20         MR. WILLEMIN:  I am fine talking about that.  I mean,

21 I think if we get it on the 19th, we would request three weeks

22 from the 19th to either -- I mean, your Honor's individual

23 rules process if want to amend; so three weeks for the

24 opposition, and then we can do, if needed, your Honor's rules

25 amended process if we decide we need to go that route, but

SOUTHERN DISTRICT REPORTERS, P.C.

(212) 805-0300

1    that's what we will be requesting.

2            THE COURT:  All right.  Is there any objection to

3    that?

4            MS. McKENNA:  Your Honor, I don't understand why --

5    this is Ms. McKenna.  I'm sorry, I'm making Rose crazy.

6            I don't understand why three weeks to either decide

7    they're going to amend or oppose is not a sufficient time

8    frame, particularly given the desire to move this with some

9    rapidity.

10           MR. WILLEMIN:  I think there -- this is Michael

11   Willemin.  I think there might have been a misunderstanding.  I

12   was not suggesting that it would take me three weeks to decide

13   whether to amend.  I believe your Honor's individual rules have

14   a process that parties go through when a motion to dismiss is

15   filed and, obviously, in the ordinary course, we would have, in

16   any event, 21 days as of right to amend following the receipt

17   of the motion to dismiss.

18           But I'm not suggesting that I need to take that long

19   to decide whether we amend or not.  All I'm saying is if we

20   choose not to amend, that 21-day period we would ask for that

21   date to be set as the opposition date.

22           THE COURT:  Yes.  I think that's fine.  I mean, that's

23   the amount of time that you have under the rules.  Give me one

24   second.  Let me get out my own rules so I can just quote it for

25   you here.

KA7PECKC

1          MS. McKENNA:  Yes, your Honor.  I'm looking at your

2     rule 4(c) on page 3 of the individual rules.  I want to make

3     sure I understood Mr. Willemin to be saying that the 14-day

4     period of notification is within the 21-day period to provide

5     his opposition that was being suggested.

6          THE COURT:  Yes.  That is correct.  Right,

7     Mr. Willemin?

8          MS. McKENNA:  Okay.

9          MR. WILLEMIN:  Correct.  Yes, we will notify, pursuant

10    to your Honor's rules, of any desire to amend the complaint or

11    the objections thereof within 14 days of receiving that

12    complaint.  So that would be served by the 2nd of November.

13         And then to the extent that we decide to amend, we

14    will then, I think as your Honor rules indicate, it doesn't

15    change the time permitted under the rules.  So it will be like

16    the 9th of November, and then if we decide not to amend, we

17    will oppose the motion to dismiss by the 9th of November.

18         THE COURT:  All right.  So we have a schedule with

19    respect to Ms. Eckhart's case, at least with respect to the

20    motion to dismiss.

21         Why don't we talk about Ms. Areu.  It does seem like,

22    if you want to make such a substantive amendment, that I want

23    to hear Ms. Areu out on that and give the defendants the

24    opportunity to respond.  Do you all want to meet and confer

25    about that and talk about the scheduling that you would propose

KA7PECKC

1    with respect to that and Ms. Areu's case, more generally, and

2    then separately with respect to the rule 11 motion?  Does that

3    make sense?

4              MR. VALLI:  This is Robert Valli, your Honor.  I have

5    no objection to that, but I want everyone to note that the

6    reason we did not raise class claims is because we had all

7    decided not to sever the cases.  So we didn't bring class

8    claims with the Eckhart plaintiff because that would have been

9    improper.  So to now say, hey, now you can't do it, seems a tad

10   unfair.

11             In terms of timing, I will certainly reach out to

12   defense counsel to discuss the rule 11 timing, the timing of

13   any amended complaint by plaintiff Areu, and any timing with

14   respect to a motion to dismiss.

15             MS. McKENNA:  Your Honor?  Kathleen McKenna.

16             THE COURT:  Yes, go ahead.

17             MS. McKENNA:  We, of course, will confer with counsel

18   for Ms. Areu as it relates to her desire to amend her complaint

19   to include class claims.

20             I'm not going to belabor the record except to say that

21   nothing that was discussed in the last conference or any orders

22   that were issued thereafter should have or would have precluded

23   Ms. Areu from asserting whatever these class claims are, but I

24   will be happy to meet and confer with her counsel about that.

25             I do not understand the need to meet and confer with

KA7PECKC

1     respect to the rule 11.  We have filed it.  Ms. Areu's

2     opposition is due on the 13th, and our reply is due on

3     October 20.

4                    THE COURT:  Okay.

5                    MS. McKENNA:  And we're on that timetable.

6                    THE COURT:  Got it.  All right.

7                    MR. WILLEMIN:  Your Honor, this is Michael Willemin.

8                    THE COURT:  Yes.

9                    MR. WILLEMIN:  I apologize to interrupt, but I think

10    as we noted in our letter of Monday, Ms. McKenna actually

11    sought this conference in part to discuss briefing schedule on

12    the rule 11 motion.  So I did have an opportunity to confer

13    with counsel for Ms. Areu, and I believe we're in agreement,

14    although they can state if I'm incorrect, that we'd like to

15    request the opposition deadline be moved to the 23rd of

16    October.  And, obviously, we would be in agreement on any

17    reciprocal extension, if asked for, on a reply.  But I do think

18    that's something that we can discuss on this call.

19                    THE COURT:  Look, if we're just talking about a couple

20    of days here and there, I don't have an objection to that.  So

21    why don't we have the opposition to the rule 11 motion due

22    October 23rd and then the reply October 30th.

23                    Does anyone feel like they're not getting enough time?

24    I understand defendants want to move this along, but is there

25    any objection to that schedule?

KA7PECKC

1      MS. FOTI:  Your Honor, this is Cathy Foti.  This is

2  just rule 11, right?

3      THE COURT:  This is just rule 11.

4      MS. McKENNA:  So nothing else?

5      THE COURT:  Right.  So we have a schedule on the rule

6  11 motion.  We have a schedule to complete the briefing on the

7  motion to dismiss Ms. Eckhart's claim or an amendment, and then

8  you're going to meet and confer with respect to Ms. Areu.

9      I do want to receive the letters on amendment, or if

10 you want it to be a formal motion on amendment, as soon as

11 possible so that we can get a schedule in place promptly.

12     So I'm going to ask you to meet and confer.  Go ahead.

13     MS. FOTI:  Again, Cathy Foti.  Can I just be clear on

14 the motion to dismiss schedule in terms of the -- so we know

15 when the opposition would be due, which is I guess the 16th.

16 In terms of reply -- sorry, the 9th the opposition is due; is

17 that correct?

18     THE COURT:  I don't have a calendar in front of me.

19 Go ahead.

20     MR. WILLEMIN:  This is Michael Willemin.  That is

21 correct.

22     MS. FOTI:  9th.  So in terms of a reply, to the extent

23 that we can agree it would be due on the 23rd?

24     MR. WILLEMIN:  This is Michael Willemin again.  I have

25 no objection to that.

SOUTHERN DISTRICT REPORTERS, P.C.

(212) 805-0300

KA7PECKC

1          THE COURT:  Okay.  So the reply on that is

2    October 23rd.

3              (Indiscernible crosstalk)

4          Okay.  All right.  So we have two out of our three

5    schedules in place.  What I would like is I would like a letter

6    no later than Friday proposing, I hope jointly, a schedule on

7    Ms. Areu's case, you know, whether it's a motion for leave to

8    amend, a motion to dismiss.  But I'd like, ideally, if you can

9    reach agreement on that, that would be great.

10         If not, just tell me your positions in a letter, in a

11   joint letter, and I'll make a decision quickly on that so we

12   get a schedule in place as soon as possible.

13         MS. McKENNA:  Your Honor, this is Kathleen McKenna.

14   Can I ask some indulgence?  Can we make Friday, Monday?

15   Because I am committed, your Honor, all day tomorrow and all

16   day Friday --

17         THE COURT:  That's fine.  That's fine.  We'll make the

18   date Monday.  All right?

19         MR. VALLI:  Your Honor, can we actually make -- I'm

20   sorry.  This is Robert Valli.  I apologize.  That's actually a

21   holiday, and I am --

22         THE COURT:  You're right.

23         MR. VALLI:  -- taking off that Monday.  Can we make it

24   Tuesday?

25         THE COURT:  Yes.

KA7PECKC

1          MS. McKENNA:  I'm sorry.

2          THE COURT:  No, no, you are right absolutely right.

3     Monday is a court holiday; so we will indeed make it Tuesday.

4          MR. VALLI:  And everyone should know that it's my

5     birthday, and so on my birthday, I get whatever I want.

6          MS. McKENNA:  I'll sing to you, Robert.

7          THE COURT:  We'll all be very nice to you, and if we

8     meet, we'll each have cupcakes.

9          Okay.  Is there anything else we need to talk about

10    today?

11         MR. WILLEMIN:  This is Michael Willemin.  Nothing else

12    for the plaintiff Eckhart.

13         MR. VALLI:  This is Robert Valli.  Nothing for

14    plaintiff Areu, your Honor.

15         MS. McKENNA:  Kathleen McKenna.  Nothing further for

16    the Fox defendants.

17         MS. FOTI:  Cathy Foti.  Nothing for Mr. Henry.

18         THE COURT:  Okay.  All right.  Thank you, all, and

19    stay safe, everybody.  Thanks, Rose.  Bye.

20         (Adjourned)

21

22

23

24

25