# MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

ELKAN ABRAMOWITZ
RICHARD F. ALBERT
ROBERT J. ANELLO*
BENJAMIN S. FISCHER
CATHERINE M. FOTI
CHRISTOPHER B. HARWOOD
LAWRENCE IASON
BRIAN A. JACOBS
TELEMACHUS P. KASULIS
JODI MISHER PEIKIN
ROBERT M. RADICK*
JONATHAN S. SACK**
EDWARD M. SPIRO
JEREMY H. TEMKIN
RICHARD D. WEINBERG

565 FIFTH AVENUE
NEW YORK, NEW YORK 10017
(212) 856-9600
FAX: (212) 856-9494

www.maglaw.com

WRITER'S CONTACT INFORMATION

cfoti@maglaw.com
(212) 880-9530

SENIOR COUNSEL
PAUL R. GRAND

COUNSEL
JASMINE JUTEAU
CURTIS B. LEITNER
JACOB W. MERMELSTEIN
BRENT M. TUNIS

ROBERT G. MORVILLO
1938-2011
MICHAEL C. SILBERBERG
1940-2002
JOHN J. TIGUE, JR.
1939-2009

*ALSO ADMITTED IN WASHINGTON, D.C.
**ALSO ADMITTED IN CONNECTICUT

October 21, 2020

**BY ECF**
The Honorable Ronnie Abrams
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

   Re: Jennifer Eckhart v. Fox News Network, LLC, et al., Civil Case No. 1:20-cv-05593

Dear Judge Abrams:

  We write on behalf of Defendant Edward Henry in response to the October 20, 2020 letter motion filed by Plaintiff Jennifer Eckhart, requesting that this Court seal certain documents filed by Mr. Henry in connection with his motion to dismiss Plaintiff's Second Amended Complaint and for a more definite statement.  *See* Dkt 91.  Mr. Henry opposes Plaintiff's request to seal these documents from the public.

  As an initial matter, Plaintiff's application should be denied for improper use of the Court's "Emergency Sealing" process and for her offensive and meritless argument that under New York law the "public dissemination of nude images in this manner is actually unlawful," citing to New York Penal Law 245.15. (*See* Plaintiff letter at 2.)  In actuality, the Emergency Sealing Request is intended for instances when a party mistakenly files its own confidential information, not to hide from public view documents that the party finds embarrassing.  *See* SDNY Electronic Case Filing Rules & Instructions § 21.7 (April 1, 2020).  Plaintiff, therefore, had no right to seek emergency sealing through the ECF office.  Moreover, Plaintiff has no need to seek relief on an emergency basis.  In her letter, Plaintiff falsely contends that Mr. Henry did

MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

The Honorable Ronnie Abrams
October 21, 2020

not inform Plaintiff about the photographs prior to filing. To the contrary, as far back as July, Mr. Henry's counsel informed Plaintiff's counsel that Mr. Henry was in possession of the photographs which we believed proved the fallacy of Plaintiff's claims. Plaintiff obviously knew the nature of the photographs she had sent Mr. Henry and could have sought relief from their becoming public prior to the filing. She chose not to do so. Her decision instead to utilize the Emergency Sealing mechanism is a blatant misuse of the court system and requires that the temporary stay be lifted immediately.

Moreover, the claim that Mr. Henry or this firm has violated the law by including the photographs in his motion to dismiss is completely baseless, defamatory[1] and sanctionable.[2] First, New York Penal Law § 245.15 (3)(b) specifically excludes from its coverage "publication of an intimate image made during lawful and common practices of . . . *legal proceedings*," which these filings manifestly are. *See* N.Y. Penal Law § 245.15(3)(b) (emphasis supplied). Second, the law on its face only prohibits the publication of the "unclothed or exposed intimate part" of a person. *See* Penal Law § 245.15 (1)(a)(i). The majority of the photographs filed with the Court were clothed, and those that were unclothed were obscured, and thus no images fit the description of prohibited uses. The penal statute reference, therefore, is inapplicable and solely an attempt by Plaintiff to mislead the Court. *See* N.Y. Penal Law § 245.15(2).

Plaintiff's argument for sealing the photographs she sent Mr. Henry is likewise meritless. Plaintiff attempts to argue that "higher values" merit a sealing order, but "sealing of [] documents may be justified only with specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim." *Brown v. Maxwell*, 929 F.3d 41, 47 (2d Cir. 2019). Because such judicial documents are presumptively public, the Court must make "specific, rigorous findings before sealing the documents or otherwise denying public access." *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139-41 (2d Cir. 2016) (quoting *Newsday LLC v. Cty. of Nassau*, 730 F.3d 156, 167 n.15 (2d Cir. 2013)).

In this case, Plaintiffs have not met that burden. Tellingly, Plaintiff cites no case where a court has sealed documents under circumstances similar to this case. As case law makes clear, any sealing order must be "narrowly tailored" to achieve any aim of higher values. *See Brown*, 929 F.3d at 47. Mr. Henry, however, *already obscured* all nudity contained in the photographs

---

[1] *See Jewell v. NYP Holdings, Inc.*, 23 F. Supp. 2d 348, 399 (S.D.N.Y. 1998) (falsely accusing someone of an indictable offense is defamation *per se*).
[2] *See In re Morisseau*, 763 F. Supp. 2d 648, 658 (S.D.N.Y. 2011) (sanctioning attorney for violating multiple Disciplinary Rules in part because attorney wrongly accused the defendants' lead counsel of filing a false affidavit).

MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

The Honorable Ronnie Abrams
October 21, 2020

he filed and thus has already met the threshold that any narrowly tailored sealing order would have. Indeed, Mr. Henry obscured the photographs specifically to avoid embarrassing Plaintiff to the extent possible, while still defending himself against Plaintiff's false allegations. Because no individual photograph was actually filed improperly, Plaintiff moved to have *all* photos of her removed from public view, even those photos that contain no nudity to be redacted because Plaintiff is clothed. Plaintiff fails to explain why the Court should seal photographs where the nudity has been redacted and those that never contained any nudity whatsoever. Instead, Plaintiff essentially argues that the photographs should be sealed because she finds them embarrassing, a position that is not legally cognizable.

In addition, Plaintiff argues that the Court should seal the photographs because they are extrinsic evidence which the Court is not entitled to consider on a motion to dismiss. As Mr. Henry clarifies in his motion, although normally courts are not entitled to consider extrinsic evidence in determining a motion to dismiss, they must consider such evidence if the documents are incorporated into the complaint by reference. *See, e.g., Tellabs, Inc. v. Makor Issues & Rights*, Ltd., 551 U.S. 308, 322 (2007) (when ruling on rule 12(b)(6) motions to dismiss, "courts must consider . . . documents incorporated into the complaint by reference . . . ."); *DeLuca v. AccessIT Grp., Inc.,* 695 F.Supp.2d 54, 60 (S.D.N.Y. 2010) (same). Here, Plaintiff alleges that compromising photographs exist but insists they were taken against her will to blackmail her. *See* Second Amended Complaint at ¶ 60. She has incorporated by reference those photographs, and Mr. Henry is entitled to submit copies of, and rely on, them in support of his argument that Plaintiff's allegations are demonstrably false (the photographs show that she, herself, took the photographs).

Finally, Plaintiff appears to recognize the hypocrisy of her argument when she tries to preempt Mr. Henry's objection to her application to seal by arguing that drawing any comparison between his decision to include the photographs to her decision to include numerous pictures of selective portions of salacious text messages sent between her and Mr. Henry would be an "attempt to draw a false equivalency." (*See* Plaintiff letter at 2.) Notwithstanding Plaintiff's evaluation of the comparison, the fact remains that she identified the precise problem with her argument. She is not entitled to make serious, career ending, public allegations against Mr. Henry, cutting and pasting into her complaint whatever portions of their communications she believes shows him in a negative light, but then expect that Mr. Henry should not be permitted to publicly defend himself by showing the public the true picture of their interactions.

MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P. C.

The Honorable Ronnie Abrams
October 21, 2020

 Plaintiff's letter motion to have the documents sealed should therefore be denied and the temporary sealing order should be lifted.

 Thank you for your consideration.

Respectfully submitted,

/s/ *Catherine M. Foti*

cc: All counsel of record (via ECF)