```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| JENNIFER ECKHART, | |
| Plaintiff, | |
| v. | 20-CV-5593 (RA) |
| FOX NEWS NETWORK, LLC, *et al.*, | ORDER |
| Defendants. | |

USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 10-21-20

RONNIE ABRAMS, United States District Judge:

On October 19, 2019, Defendant Ed Henry filed a motion to dismiss this action. Dkt. 83. In connection with this motion, Henry filed 21 exhibits. *See* Dkt. 85 Exhibits 1–21. Fifteen of these exhibits include nude or partially-nude photographs of Plaintiff Jennifer Eckhart. Plaintiff seeks to have these exhibits filed under seal. Dkt. 91 (requesting the sealing of documents 85-7 through 85-21). For the reasons that follow, the Court grants the motion to seal at this time.

Sealing requests are subject to the test set forth in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). That test requires the Court to first determine whether the documents at issue are "judicial documents" by examining whether they are "relevant to the performance of the judicial function and useful in the judicial process." *United States v. Erie Cnty*., 763 F.3d 235, 239 (2d Cir. 2014). If the documents are judicial documents, then a common law presumption of access attaches, and the Court must then consider the weight of that presumption against any "competing considerations." *Lugosch*, 435 F.3d at 119–120. In light of the fact that these exhibits were submitted in connection with Defendant Henry's motion to dismiss, they would generally be considered judicial documents entitled to a presumption of public access. *See City of Almaty, Kazakhstan v. Ablyazov*, No.

15-CV-5345, 2019 WL 4747654, at *5 (S.D.N.Y. Sept. 30, 2019) ("Documents submitted in support or opposition to a motion to dismiss are judicial documents.").

The Court nevertheless grants the motion to seal the fifteen photographs. Not only do these exhibits contain highly sensitive images that Plaintiff has an understandable interest in keeping private, *cf. United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995) ("In determining the weight to be accorded an assertion of a right of privacy, courts should first consider the degree to which the subject matter is traditionally considered private rather than public."), but they also constitute extrinsic evidence which this Court is not permitted to consider—and thus should not have been filed—in conjunction with this motion to dismiss. *See Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 231 (2d Cir. 2016), *see also Kopec v. Coughlin*, 922 F.2d 152, 155–56 (2d Cir. 1991). Hence, they are not at this time "relevant to the performance of the judicial function and useful in the judicial process." *Erie Cnty.*, 763 F.3d at 239. Taken together, these considerations outweigh any presumption of access, and the Court finds that—at this juncture—sealing is appropriate under *Lugosch*.

Accordingly, it is hereby ORDERED that Plaintiff's motion to seal Exhibits 7–21 of docket entry 85 is GRANTED, albeit without prejudice to an application to unseal the exhibits at an appropriate time. The Court will file these exhibits under seal, visible to only the parties (Jennifer Eckhart, Fox News Network, LLC, Ed Henry, Sean Hannity, Tucker Carlson, and Howard Kurtz); counsel for the parties; and court staff.

The Clerk of Court is respectfully directed to terminate the motion pending at Dkt. 91.

SO ORDERED.

Dated:   October 21, 2020
         New York, New York

_____
RONNIE ABRAMS
United States District Judge