UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
JENNIFER ECKHART, :
 :
                Plaintiff, : Case No. 1:20-cv-05593 (RA)
 :
      v. :
 : **DECLARATION OF**
FOX NEWS NETWORK, LLC and ED HENRY, in : **MICHAEL J. WILLEMIN**
his individual and professional capacities, :
 :
                Defendants. :
------------------------------------------------------------ X

I, **Michael J. Willemin**, pursuant to 28 U.S.C. §1746, declare and state as follows:

      1.     I am a Partner at the law firm Wigdor LLP, counsel for Plaintiff Jennifer Eckhart and former counsel for Cathy Areu. I have personal knowledge of the facts set forth herein and submit this declaration in opposition of Defendants Fox News Network, LLC ("Fox") and Ed Henry's (together "Defendants") Rule 11 motion for sanctions.

      2.     Prior to filing a lawsuit against Defendants, I reached out to counsel for Fox, Kathleen McKenna of Proskauer Rose LLP ("Proskauer"), to determine whether Fox was interested in resolving Ms. Eckhart's potential claims. In connection with these resolution discussions, I made an initial demand of $7,500,000 on behalf of Ms. Eckhart. As part of the resolution, Plaintiff requested that an additional amount of $2,500,000 to be donated on behalf of Defendants to a support group or charity for survivors of sexual assault. Contrary to what Defendants now claim, Ms. Eckhart never demanded $10,000,000 from Fox.

      3.     Additionally, after Wigdor LLP was retained by Cathy Areu, we reached out to Defendants, again through counsel, to determine whether Defendants were interested in pre-litigation resolution, including mediation. However, at no time did Ms.

Areu or Ms. Eckhart make any demands to resolve their claims, nor did Ms. Eckhart make any additional demands after Wigdor LLP initially represented Ms. Areu.

4. When Wigdor LLP filed the original Complaint in this action, we joined Ms. Eckhart's and Ms. Areu's claims in a single action based on our belief, as supported by the law, that the Court could have exercised supplemental jurisdiction over both of their claims given the substantial overlap between the facts and legal theories, including the fact that both Ms. Eckhart and Ms. Areu were victims of Defendant Henry's sexual misconduct.

5. When Fox sent us their motion for sanctions to trigger the 21-day safe harbor period under Rule 11, Fox's draft memorandum of law in support of their Rule 11 motion for sanctions cited numerous documents and evidence. When we requested that a copy of those documents and evidence be provided to Wigdor LLP to allow us to further assess the merits of their arguments, Fox's counsel refused to do so.

6. After receiving the safe harbor letter from Fox, we began working on an amended complaint to cure some of the issues raised by Fox's Rule 11 motion. However, on August 22, 2020, Wigdor LLP received notification by email from James A. Vagnini, Esq. of the law firm Valli, Kane & Vagnini LLP that their firm had been retained by Ms. Areu to take over the ongoing litigation in this action. Moreover, Mr. Vagnini in his correspondence requested that Wigdor LLP cease all work on Ms. Areu's behalf, including amending the Complaint in this Action, and requested all relevant materials related to Ms. Areu's claims.

7. Attached hereto as **Exhibit A** is a true and accurate copy of the transcript of the August 28, 2020 status conference before the Honorable Ronnie Abrams.

8. Attached hereto as **Exhibit B** is a true and accurate copy of the October 14, 2020 Second Amended Complaint filed by Plaintiff Jennifer Eckhart, Dkt. No. 78.

9. Attached hereto as **Exhibit C** is a true and accurate copy of the October 14, 2020 Second Amended Complaint filed by Cathy Areu, Dkt. No. 77.

10. Attached hereto as **Exhibit D** is a true and accurate copy of the notice regarding the safe harbor letter sent on August 7, 2020 by Proskauer on behalf of Fox.

11. Attached hereto as **Exhibit E** is a true and accurate copy of Fox's draft memorandum of law in support of their Rule 11 motion for sanctions, sent on August 7, 2020 by Proskauer on behalf of Fox.

12. Attached hereto as **Exhibit F** is a true and accurate copy of the August 22, 2020 email from James Vagnini, Esq., redacted only to remove subsequent correspondence within Wigdor LLP.

13. Attached hereto as **Exhibit G** is a true and accurate copy of the July 20, 2020 Complaint, Dkt. No. 1.

14. I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated: October 23, 2020
   New York, New York

By: _____
    Michael J. Willemin