**WIGDOR LLP**
ATTORNEYS AND COUNSELORS AT LAW

85 FIFTH AVENUE
NEW YORK, NY 10003
TEL 212.257.6800
FAX 212.257.6845
WWW.WIGDORLAW.COM

**Michael J. Willemin**
mwillemin@wigdorlaw.com

October 30, 2020

**VIA ECF**

The Honorable Ronnie Abrams
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

    Re:    <u>Eckhart, et al. v. Fox News Network, LLC, et al.; Civ. Case No. 1:20-cv-5593 (RA)</u>

Dear Judge Abrams:

We represent Plaintiff Jennifer Eckhart in this action and write in response to the letter submitted by Defendant Ed Henry's counsel, Catherine M. Foti, Esq., dated October 30, 2020. We further respectfully request that an award be issued against Defendant Henry and in favor of Wigdor LLP for the costs and fees incurred in drafting and litigating this issue. The latter request is based on: (i) we gave Ms. Foti an opportunity to withdraw her letter, and she refused to do so; and (ii) Ms. Foti's own statements to the Court establish, without question, that her request is frivolous.

Ms. Foti seeks to compel Plaintiff to file a motion for leave to amend, arguing that she has waived her right to do so as of right. This argument is squarely refuted by Your Honor's Individual Rules, as well as Your Honor's prior express acknowledgment that Plaintiff has not waived her right to amend as of right. More to the point with respect to the request for costs and fees, at the recent October 7, 2020 teleconference, Ms. Foti acknowledged and agreed that Ms. Eckhart has the right to file an additional amended complaint.

First, Defendants filed two motions to dismiss on October 19, 2020. Dkt. Nos. 83, 89. Your Honor's Individual Rule 4.C lays out the procedure to be followed when motions to dismiss are filed:

> When a motion to dismiss is filed, the non-moving party must, within fourteen (14) days of receipt of the motion, **notify** the Court and its adversary in writing **whether** (i) **it intends to file an amended pleading and when it shall do so**, or (ii) it will rely on the pleading being attacked. This Rule does not alter the time to file a response provided by the Federal and Local Rules. **If the plaintiff amends its pleading**, the defendant must, within fourteen



    days of service of the amended complaint: (1) file an answer; (2) file a new motion to dismiss; or (3) submit a letter to the Court and the plaintiff stating that it relies on the previously filed motion to dismiss.

(emphasis added).  We submit that the plain language of your rules suggests that a plaintiff is entitled to amend a complaint in response to a motion to dismiss.  The rules do not state or imply that a plaintiff is obligated to seek the consent of defense counsel or leave of the Court.

Second, Ms. Foti contends that Ms. Eckhart's amended complaint "as of right" was filed on September 11, 2020.  That is false.  The September 11, 2020 Amended Complaint was filed to give Plaintiff Cathy Areu an opportunity to respond to the Fox Defendants' Rule 11 Motion.  During the parties' August 28, 2020 teleconference, Your Honor expressly acknowledged that the September 11, 2020 filing, which contained no substantive edits with respect to Ms. Eckhart's claims, would not result in a waive of Ms. Eckhart's right to amend as of right:

> MR. WILLEMIN:  if this complaint gets amended as a two-plaintiff complaint, given that Ms. Eckhart wouldn't want to amend it at this time, **I just want to make sure that we're not going to be waiving our right to have that amendment following the receipt of a motion to dismiss** if there are any additional allegations we need to add to address any arguments made in the motion to dismiss.
>
> THE COURT:  **That's correct; you will not be waiving that right.**

Transcript of August 28, 2020 teleconference at 18:6-14 (emphasis added).

Third, during the parties' October 7, 2020 teleconference, Ms. Foti stated unequivocally that Ms. Eckhart still had the right to file an amended complaint after her single plaintiff case was filed to effectuate severance:

> MS. FOTI:  This is Cathy Foti, for Mr. Henry.  So we agree that if Mr. Willemin follows the procedure he just laid out, that **we do not have an objection to allowing him to exercise his <u>right</u> to amend after the filing of our motion to dismiss.**  Again, our main



The Honorable Ronnie Abrams<br>October 30, 2020<br>Page 3

> concern is that we don't extend the date for
> the filing of the motion to dismiss.

Transcript of August 28, 2020 teleconference at 8:10-15 (emphasis added). With this statement, Ms. Foti: (i) acknowledged Ms. Eckhart's right to file an amended complaint in response to any motion to dismiss; and (ii) expressly waived any objection to her doing so. In light of this statement, it is unbelievable that Ms. Foti filed her October 30, 2020 request for an order compelling Plaintiff to file a motion for leave to amend. Equally unbelievable is that Ms. Foti now claims that we should have contacted her to obtain her position on amendment even though she represented to the Court that she did not object to allowing us to amend as of right.

As such, earlier this afternoon we emailed Ms. Foti and requested that she withdraw the letter she filed earlier today. Although she specifically stated that she reviewed both the August 28, 2020 and October 7, 2020, Ms. Foti outrageously refused to withdraw the letter.

We are beginning to lose count of the number of litigation abuses engaged in by defense counsel in this case. We should not have to be sending in letters seeking to seal incredibly sensitive documents over Ms. Foti's objection that never should have been filed in the first place and were only filed to harass and retaliate against Ms. Eckhart. We should not have to be responding to frivolous Rule 11 motions filed for similar improper purposes. And, we certainly should not have to be responding to letters such as the one filed by Ms. Foti earlier today, particularly given: (i) her own prior statements; (ii) the Court's prior rulings; (iii) the Your Honor's Individual Rules; and (iv) the fact that we gave her an opportunity to withdraw the letter. For the foregoing reasons, we respectfully request an award of costs and fees incurred in opposing Ms. Foti's application.

We thank Your Honor for the Court's time and consideration of this matter.

Respectfully submitted,

Michael J. Willemin