# MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

ELKAN ABRAMOWITZ
RICHARD F. ALBERT
ROBERT J. ANELLO*
BENJAMIN S. FISCHER
CATHERINE M. FOTI
CHRISTOPHER B. HARWOOD
LAWRENCE IASON
BRIAN A. JACOBS
TELEMACHUS P. KASULIS
JODI MISHER PEIKIN
ROBERT M. RADICK*
JONATHAN S. SACK**
EDWARD M. SPIRO
JEREMY H. TEMKIN
RICHARD D. WEINBERG

565 FIFTH AVENUE
NEW YORK, NEW YORK 10017
(212) 856-9600
FAX: (212) 856-9494

www.maglaw.com

WRITER'S CONTACT INFORMATION

cfoti@maglaw.com
(212) 880-9530

SENIOR COUNSEL
PAUL R. GRAND

COUNSEL
JASMINE JUTEAU
CURTIS B. LEITNER
JACOB W. MERMELSTEIN
BRENT M. TUNIS

ROBERT G. MORVILLO
1938-2011
MICHAEL C. SILBERBERG
1940-2002
JOHN J. TIGUE, JR.
1939-2009

*ALSO ADMITTED IN WASHINGTON, D.C.
**ALSO ADMITTED IN CONNECTICUT

October 30, 2020

**BY ECF**
The Honorable Ronnie Abrams
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re: <u>Jennifer Eckhart v. Fox News Network, LLC, et al., Civil Case No. 1:20-cv-05593</u>

Dear Judge Abrams,

I write on behalf of Defendant Ed Henry in reply to Plaintiff Eckhart's letter, Dkt. No. 109. In that letter, Mr. Willemin argues that somehow the legitimate steps Mr. Henry takes to defend himself should not be permitted, but Mr. Willemin should be permitted to manipulate the court process without consequence.

First, Mr. Willemin argues that he preserved his right to amend during the August 28, 2020 conference. What Mr. Willemin conveniently fails to recall is that the August 28 conference dealt with the need for Cathy Areu to file an amended complaint to address issues raised by Defendant Fox's Rule 11 motion. Mr. Willemin specifically stated that he did not want that amendment to be considered as of right because he did not need to amend at that time on Ms. Eckhart's behalf. It was because of this representation that the Court indicated that such an amendment would not waive Plaintiff Eckhart's rights. On September 11, however, Mr. Willemin filed an Amended Complaint that contained substantive changes, from both Plaintiffs, including Plaintiff Eckhart who asserted two new causes of action against Ed Henry. That amendment was contrary to Mr. Willemin's representation to the Court and counsel during the August 28 conference as to his intent not to file a substantive amendment on behalf of Ms. Eckhart. Mr. Willemin cannot now rely on statements elicited from defense counsel based on his now clearly contradictory representations during that August 28 conference.

MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

The Honorable Ronnie Abrams
October 21, 2020

      Ms. Eckhart took a similar approach to the Second Amended Complaint. Again, Mr. Willemin made representations on the record during the October 7, 2020 conference that the second amendment would not be substantive, but only an amendment to sever Ms. Eckhart's complaint from that of Ms. Areu. However, that amendment also added claims under Title VII. Given the fact that those additions were previewed, I noted in my letter this morning that I had consented to not have this Second Amendment held against Plaintiff Eckhart. Still, Mr. Willemin's willingness to ignore his own previous representations to the Court should not be rewarded. Having now been entitled to two substantive amendments, Ms. Eckhart should not be entitled to a third without some oversight.

      In addition, as set forth in my letter of this morning, I do not understand your Honor's individual rules of practice to be contrary to Federal Rule 15. Your Honor's rules ask for notice as to an intent to amend 14 days after receiving a motion to dismiss. Presumably, in most cases, the first amendment comes after the filing of a motion to dismiss, which I believe is the process contemplated by your Honor's rules. However, when a case proceeds in an unusual manner, such as the current case, the process by which the amendment itself is permitted should nevertheless comply with Rule 15. In this case, where Plaintiff, contrary to her representations, already has amended as of right, leave of court or consent from the defendants should be required.

      Finally, today Mr. Willemin asked me to withdraw my letter. I set forth in an email to him my reasoning above as to why my letter was appropriate but suggested that he confer with me about Plaintiff's intended amendment. I told Mr. Willemin that if Mr. Henry agreed the amendment was appropriate, we would then withdraw our letter. Mr. Willemin did not respond to my suggestion but rather filed his letter taking this opportunity to attack all defense counsel about issues that are completely irrelevant to whether Plaintiff should be entitled to amend as of right. Plaintiff's attorney appears to believe that Ed Henry is not entitled to defend against Ms. Eckhart's meritless allegations and that somehow simply because she makes the allegations, we should sit back and concede defeat. However, Ms. Eckhart's allegations are not true, and Mr. Henry is entitled to seek all appropriate relief from this Court as he tries to defend himself against these scurrilous claims. Plaintiff already took undue advantage of the court process by attempting to join Ms. Eckhart's claims with those of Ms. Areu, when the two should never have been filed together. This Court should not allow her to take even greater advantage by filing amendment after amendment.

      Plaintiff now has been able to delay Mr. Henry's ability to move to dismiss this case for months and again is seeking to do so by filing yet another substantive amendment. The Court should, at the very least, review the proposed amendment to determine if it would be futile and if allowing Plaintiff to amend would unduly prejudice Mr. Henry.

MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

The Honorable Ronnie Abrams
October 21, 2020

 Thank you for your consideration.

                Respectfully submitted,

                /s/ *Catherine M. Foti*

cc: All counsel of record (via ECF)