MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

ELKAN ABRAMOWITZ
RICHARD F. ALBERT
ROBERT J. ANELLO*
BENJAMIN S. FISCHER
CATHERINE M. FOTI
CHRISTOPHER B. HARWOOD
LAWRENCE IASON
BRIAN A. JACOBS
TELEMACHUS P. KASULIS
JODI MISHER PEIKIN
ROBERT M. RADICK*
JONATHAN S. SACK**
EDWARD M. SPIRO
JEREMY H. TEMKIN
RICHARD D. WEINBERG

565 FIFTH AVENUE
NEW YORK, NEW YORK 10017
(212) 856-9600
FAX: (212) 856-9494

www.maglaw.com

WRITER'S CONTACT INFORMATION

cfoti@maglaw.com
(212) 880-9530

SENIOR COUNSEL
PAUL R. GRAND

COUNSEL
JASMINE JUTEAU
CURTIS B. LEITNER
JACOB W. MERMELSTEIN
BRENT M. TUNIS

ROBERT G. MORVILLO
1938-2011
MICHAEL C. SILBERBERG
1940-2002
JOHN J. TIGUE, JR.
1939-2009

*ALSO ADMITTED IN WASHINGTON, D.C.
**ALSO ADMITTED IN CONNECTICUT

November 16, 2020

The application for an extension of time to file a motion to dismiss is granted. Defendant Henry shall file his motion to dismiss no later than December 7, 2020. Plaintiff shall file her opposition no later than January 6, 2021, and Henry shall file his reply no later than January 22, 2021. The application to file a separate motion to strike is denied.

SO ORDERED.

Ronnie Abrams, U.S.D.J.
November 18, 2020

**BY ECF**
The Honorable Ronnie Abrams
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re: Jennifer Eckhart v. Fox News Network, LLC, et al., Civil Case No. 1:20-cv-05593

Dear Judge Abrams,

I am writing on behalf of Defendant Ed Henry regarding Plaintiff Jennifer Eckhart's Third Amended Complaint (the "TAC"). In response to the TAC, Mr. Henry intends to move to strike portions of the TAC based on its scandalous allegations that are immaterial to the prosecution of Plaintiff's claims. *See* Fed. R. Civ. P. 12(f)(2). Mr. Henry still intends to move to dismiss Plaintiff's claims in her TAC. We write to ask that the Court hold the filing of Mr. Henry's motion to dismiss in abeyance until such a time that the Court rules on his motion to strike and to seek an extension of time to file Mr. Henry's responsive motions. For reasons set forth below, Mr. Henry believes he may not be able to effectively respond to the TAC as is, given the TAC's excessive surplusage and improper anonymity. We have conferred with Plaintiff's counsel and they do not consent to the filing of successive motions, maintaining that the motion to dismiss and motion to strike should be filed together. Although Mr. Henry agrees that in the normal course the two motions should be filed together, this case is not the normal course.

On November 9, 2020, the Plaintiff filed a TAC that was filled with wholly irrelevant and unsupported allegations as well as outrageous accusations about counsel in this matter which are immaterial to Plaintiff's claims. Specifically, the TAC contains allegations about four "Jane Does."[1] Although the TAC contains no explanation as to why these particular individuals are identified by pseudonyms only, Michael Willemin informed me that one of the reasons is because Plaintiff was concerned about our attempts to contact these supposed witnesses if we were to know their names. However, I believe the reason for the use of pseudonyms for these individuals is more troubling, involving a failure by Plaintiff to vet unsubstantiated claims in the TAC attributed to these Jane Does. Indeed, yesterday, the individual identified as Jane Doe 1 publicly disclaimed the allegations attributed to her, telling the Daily Beast that the allegations attributed to her in the TAC were false.[2] Specifically, Jane Doe 1 actually denies the claim in the TAC that Mr. Henry "coerced [her] into having inappropriate sex," and further states that Mr. Henry "did not force [her] into any activity." Doe 1 also claims that other allegations in the complaint are false, including those concerning the location of the encounter Mr. Henry allegedly had with Jane Doe 3. According to Doe 1, who appears to be the source for the allegations about Doe 3, the alleged interactions with Doe 3 did not occur in a hotel room as alleged in the TAC. Rather any interactions with Doe 3 were in a public space. However, even though Doe 1, who apparently did not give permission for Plaintiff to use her information in the

---

[1] Courts have routinely held that it is inappropriate for plaintiffs to include anonymous allegations against a defendant. Indeed there, is a "customary and constitutionally embedded presumption" against litigation by pseudonym, because, among other reasons, the defendant needs to be able to challenge false accusations by a publicly-identifiable accuser. *See P.D. & Assocs. v. Richardson*, 104 N.Y.S.3d 876, 881 (Sup. Ct., West. Cty. 2019). Mr. Henry also will be seeking the identities of the names of the individuals identified as Jane Doe in the TAC in order to permit him to properly respond to these allegations. I informed Plaintiff of our intention to seek these identities and offered to agree to maintain those names as confidential between attorneys until the parties can enter into a formal protective order. Mr. Willemin responded that he would agree with my proposal as long as we agreed not to contact the individuals identified as Jane Doe prior to discovery. Given the fact that at least one Jane Doe is asserting that the claims attributed to her are not true, I informed Mr. Willemin that I could not agree to his limitation.

[2] *See* Diana Falzone, *The Sexual Assault Lawsuit Against Ed Henry Just Took a Wild Turn*, THE DAILY BEAST (Nov. 15, 2020), https://www.thedailybeast.com/the-sexual-assault-lawsuit-against-ex-fox-news-anchor-ed-henry-just-took-a-wild-turn.

Case 1:20-cv-05593-RA-GWG Document 114 Filed 11/18/20 Page 3 of 3



TAC, reached out to Mr. Willemin to tell him the allegations were false and ask him to withdraw the false statement, he apparently has refused to do so.[3]

In addition to these false allegations, the TAC is replete with improper references to women whose relationships (or lack of relationships) with Mr. Henry have no relation whatsoever to Fox or any employment relationship and, therefore, have no reason to be included in the TAC. Moreover, Plaintiff outrageously suggests that I, as attorney for Mr. Henry, was involved in a conspiracy with Fox News to harass and retaliate against Plaintiff because I previously represented another former Fox employee. *See* TAC ¶¶ 208-09. Plaintiff then quotes from a document filed in connection with that previous representation, which has nothing whatsoever to do with this case, shamefully dragging that wrongly accused individual's name into this outrageous litigation. Scurrilous allegations like these have no place in legal filings and, as we plan to request, should be stricken by this Court.

Since Mr. Henry cannot properly respond to a complaint that is filled with as much immaterial surplusage as the TAC, the Court should allow Mr. Henry to file a motion to strike prior to Mr. Henry moving to dismiss. Once the immaterial and scandalous allegations are stricken, Mr. Henry would be able to file an appropriate motion to dismiss.

Whether or not the Court were to grant this first request, Mr. Henry, with the consent of Plaintiff, respectfully requests that the Court extend the time for Mr. Henry to respond to the TAC until December 7. Under this request, the deadline to file Plaintiff's Opposition would become January 6, 2021, and Mr. Henry's reply would be due on January 22, 2020. Fox News is not seeking an extension and intends to file its motion to dismiss on the current due date of November 23, 2020.

Thank you for your consideration.

Respectfully submitted,

/s/ *Catherine M. Foti*

cc: All counsel of record (via ECF)

---

[3] I also emailed Mr. Willemin yesterday asking him to withdraw the TAC given the demonstrably false allegations. He did not respond to my request.