Proskauer Rose LLP   Eleven Times Square   New York, NY 10036-8299

February 25, 2021

Kathleen M. McKenna
Member of the Firm
d +1.212.969.3130
f 212.969.2900
kmckenna@proskauer.com
www.proskauer.com

**BY ECF**

The Honorable Gabriel W. Gorenstein
United States Magistrate Judge
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007

Re: *Jennifer Eckhart v. Fox News Network, LLC, and Ed Henry*, Civil Case No. 1:20-cv-05593

Dear Judge Gorenstein:

On behalf of Defendant Fox News Network, LLC ("Fox News"), we respectfully request that the Court continue to stay discovery until Defendants' motions to dismiss are resolved. (*See* ECF Dkts. 117, 123.) The Court entered a stay of discovery in August of last year, and nothing has changed since then that would warrant embarking on discovery now. To the contrary, the grounds for a stay have only grown stronger: The motions to dismiss have now been fully briefed for over a month, and the Court is poised to rule on them at any time. Fox News has provided more than "substantial grounds" to dismiss all of Plaintiff's claims. And even if some claims could survive, the scope of discovery could be drastically narrowed. Discovery has already been stayed for six months, and waiting a few more months for the motions to be resolved will not cause any party serious prejudice. There is no reason to waste the resources of both the parties and the Court by plunging into discovery fights that may soon become moot.

Plaintiff filed this lawsuit in July 2020. During a status conference on August 28th, the Court entered an "effective stay" of discovery, meaning that the parties were "not going to turn over initial disclosures or be permitted to serve discovery requests" in light of Defendants' forthcoming motions to dismiss. Tr. of Aug. 28 Conference, at 17:19-23. Counsel for one of the Defendants, Ed Henry, specifically asked to "at least go forward with requests for documents and requests for interrogatories without requiring an actual production of documents or even responses." *Id*. at 18:25 – 19:2. But the Court rejected that request, saying, "I really don't think that makes sense." *Id*. at 19:12-13. Instead, the Court stated that it would reconsider whether to continue the stay "after . . . the responsive pleadings," at which point it would be in a 'better position to assess" the "strength of the dispositive motions." *Id*. at 19:16-20.

Now that the motions to dismiss have been briefed, it is even clearer that a stay is appropriate. The motions show that Plaintiffs' claims suffer from a range of fatal defects, including that most of them are clearly time-barred. That confirms the wisdom of the Court's decision to grant a stay six months ago. There is no reason to change course now.



Judge Gorenstein
February 25, 2021
Page 2

Courts have considerable discretion to stay discovery for good cause, and it is well-settled that "a pending motion to dismiss may constitute 'good cause.'" *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013). In exercising their discretion, courts consider (1) the strength of the motion to dismiss, (2) how broad and burdensome discovery would be, and (3) whether any serious prejudice would result from a stay. *Id*. Here it is not a close question.

### I. Fox News's Motion to Dismiss Identifies Substantial Grounds for Dismissal.

As to the first factor, a party need not show that a motion to dismiss will actually succeed, but only that it sets forth "substantial arguments for dismissal." *O'Sullivan v. Deutsche Bank AG*, No. 17-CV-8709 (LTS) (GWG), 2018 WL 1989585, at *4 (S.D.N.Y. Apr. 26, 2018) (quoting *Hong Leong*, 297 F.R.D. 69, 72). In the present case, this factor speaks for itself. As suggested by the Court's Order (ECF Dkt. 141), Fox News hereby incorporates by reference its motion to dismiss, which identifies six different grounds that require Plaintiff's claims to be dismissed as a matter of law. (*See* Dkts. 118, 137.) By way of brief summary:

*First*, Plaintiff failed to state a federal "sex trafficking" claim against Fox News because, among other reasons, she does not allege any facts showing that the company knew or "should have known" that Henry would coerce anyone into a commercial sex act.

*Second*, Plaintiff does not seriously dispute that her harassment claims are time-barred under state law. She seeks to maintain them solely by relying on a Hail Mary theory under the "continuing violation" doctrine, but the Second Circuit has squarely rejected her argument on that front.

*Third*, even if Plaintiff's harassment claims were timely, she failed to allege any facts showing that Henry's alleged conduct can be imputed to Fox News, which she admits did not even know about Henry's relationship with her.

*Fourth*, Plaintiff's Title VII claim is barred because she failed to exhaust the statutory pre-filing requirements. She did not wait the required time after filing an EEOC charge, and the EEOC did not conduct any investigation as required to issue a valid right-to-sue letter.

*Fifth*, Plaintiff failed to plausibly allege that she suffered retaliation for engaging in protected activity, because she never even hinted to the company that she may have experienced unlawful sexual harassment until *after* she was fired.

*Sixth*, Plaintiff's claim for the unlawful publication of intimate images fails because she did not allege any facts showing that Fox News had anything to do with filing the images, and in any event, state law does not purport to prohibit filings in federal court.



Judge Gorenstein
February 25, 2021
Page 3

Significantly, Plaintiff's sole basis for federal jurisdiction in this case stems from her claims under the Trafficking Victims Protection Act and Title VII—both of which, as detailed in Fox News's motion to dismiss, must be dismissed as a matter of law. Thus, even if her state claims were somehow viable, the serious question of federal jurisdiction is yet another reason for a stay. *See Hong Leong Fin. Ltd.*, 297 F.R.D. at 74 (granting stay where the defendants' motion to dismiss raised a substantial argument that the court lacked subject matter jurisdiction). *See also Miller v. Brightstar Asia, Ltd.*, No. 20CV4849GBDJLC, 2020 WL 7483945, at *3, *5 (S.D.N.Y. Dec. 21, 2020) (declining to conclude that defendants made a strong showing on all arguments in motion to dismiss but granting stay of discovery where defendant "made a strong showing that this Court may lack subject-matter jurisdiction").

For all these reasons, Fox News has presented more than "substantial" grounds showing that Plaintiff's claims fail as a matter of law. Indeed, courts have frequently granted stays in similar employment cases with a pending motion to dismiss. *See Richards v. N. Shore Long Island Jewish Health Sys.*, No. CV 10-4544 (LDW)(ETB), 2011 WL 4407518, at *2 (E.D.N.Y. Sept. 21, 2011) (granting stay where defendants' motion to dismiss showed that plaintiff's Title VII claim was time-barred); *Josie-Delerme v. Am. Gen. Fin. Corp.*, No. 2008-CV-3166, 2009 WL 497609, at *2 (E.D.N.Y. Feb. 26, 2009) (granting stay where defendants have "substantial arguments" that would dispose of all discrimination claims); *Chesney v. Valley Stream Union Free Sch. Dist. No. 24*, 236 F.R.D. 113, 115–16 (E.D.N.Y. 2006) (granting stay where defendants' motion to dismiss showed that plaintiff failed to exhaust Title VII statutory pre-filing requirements); *Rivera v. Heyman*, No. 96-CV-4489 (PKL), 1997 WL 86394, at *2 (S.D.N.Y. Feb. 27, 1997) (granting stay where defendants' motion to dismiss showed that plaintiff's actions did not constitute protected activity under Title VII).

## II.    Absent a Stay, There Will Be Broad and Potentially Unnecessary Discovery.

The second factor calls for a stay pending a motion to dismiss when discovery "is likely to be broad and significant." *Spinelli v. National Football League*, No. 13-CV-7398 (RWS), 2015 WL 7302266, at *2 (S.D.N.Y. Nov. 17, 2015). Here that factor is easily satisfied, as Plaintiff's complaint spans 276 paragraphs, raises allegations dating back to 2013, and alleges the involvement of multiple former and current employees. (ECF Dkt. 113.) Moreover, Plaintiff's claims involve a series of internal, company-wide investigations that will implicate extensive and detailed privilege issues. *See Ellington Credit Fund, Ltd. v. Select Portfolio Services, Inc.*, No. 08-CV-2437 (RJS), 2008 WL 11510668, at *3 (S.D.N.Y. June 12, 2008) (granting stay where the scope of discovery was broad and many of the documents sought would raise privilege issues).

Although Plaintiff has proposed to limit discovery to document requests (*see* ECF Dkt. 138), the breadth of written discovery would still impose a significant burden based on Plaintiff's sprawling allegations. Indeed, this Court already recognized as much in August of last year, when it refused to allow discovery requests to move forward even if the parties would not be required to make "an actual production of documents or even responses." Tr. of August 28,



Judge Gorenstein
February 25, 2021
Page 4

2020, at 18:25 – 19:12-13. Just the burden of *formulating* such sweeping discovery requests would be substantial, never mind the burden of actually *responding* to them, which is what Plaintiff requests now. The burden is obvious, because document discovery would "span information generated over the course of many years" by many people, and the process of collecting, reviewing, and producing relevant documents is certain to be very time-consuming and costly. *O'Sullivan*, 2018 WL 1989585, at *8 (Gorenstein, J.) (granting stay where the scope and burden of even limited discovery would be significant); *Ellington Credit Fund, Ltd.*, 2008 WL 11510668, at *3 (granting stay where even if discovery was narrowed, "the process of locating, compiling, organizing, and reviewing the relevant documents could take several months"); *Richards*, 2011 WL 4407518, at *2 (granting stay where discovery requests sought documents "from as far back" as eight years prior). A stay of discovery pending the motions to dismiss is thus appropriate to avoid unnecessary and burdensome discovery if the motions are granted in whole or in part.

### III.     A Short Stay of Discovery Will Not Prejudice Plaintiff.

This Court already decided that the benefits of staying discovery outweighed any resulting prejudice when it granted a stay six months ago. *See* Tr. of Aug. 28 Conference, at 19:10-13. Now the risk of prejudice is even lower, because the motions to dismiss have been fully briefed and the court is ready to decide them in the near future, so a further stay will likely involve *less* delay than it did before. Any further modest delay is more than outweighed by the risk of forcing the parties to undergo needlessly burdensome discovery on issues that may soon become moot once the motions to dismiss are resolved.

Plaintiff has not articulated any serious prejudice that would result from waiting just a few more months for discovery to begin. Nor could she, because it is well established that "'[a] stay pending determination of a dispositive motion that potentially eliminates the entire action will neither substantially nor unduly delay the action, should it continue.'" *Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002) (citing *Rivera*, 1997 WL 86394, at *1); *see also Spinelli*, 2015 WL 7302266, at *2 ("a delay in discovery, without more, does not amount to unfair prejudice"); *O'Sullivan*, 2018 WL 1989585, at *9 (Gorenstein, J.) ("the passage of a reasonable amount of time, without any other form of attendant prejudice, cannot itself constitute prejudice sufficient to defeat a motion to stay discovery"); *Ellington*, 2008 WL 11510668, at *2 (granting stay where "the proposed length of the stay is limited to the time required for the Court to decide the motions").

Pursuant to the Court's Individual Rule of Practice 2(B), the Parties conferred and agreed that Plaintiff and Defendant Ed Henry's oppositions shall be due on Friday, March 5, 2021, and Fox News' Reply shall be due Friday, March 12, 2021.

For the foregoing reasons, Fox News respectfully requests that the Court continue to stay all discovery pending disposition of the motions to dismiss.



Judge Gorenstein
February 25, 2021
Page 5

        Respectfully submitted,


        */s/ Kathleen M. McKenna*
        Kathleen M. McKenna, Esq.
        Lloyd B. Chinn, Esq.
        Keisha-Ann G. Gray, Esq.
        Danielle J. Moss, Esq.
        Yonatan L. Grossman-Boder, Esq.
        PROSKAUER ROSE LLP
        Eleven Times Square
        New York, New York 10036-8299
        (212) 969-3000
        kmckenna@proskauer.com

        *Attorneys for Defendant*
        *Fox News Network, LLC*


cc:    Anthony J. Dick, Esq.
        J. Benjamin Aguiñaga, Esq.
        Ariel N. Volpe, Esq.
        All counsel of record (via ECF)