**WIGDOR LLP**

ATTORNEYS AND COUNSELORS AT LAW

85 FIFTH AVENUE
NEW YORK, NY 10003
TEL 212.257.6800
FAX 212.257.6845
WWW.WIGDORLAW.COM

**Michael J. Willemin**
mwillemin@wigdorlaw.com

March 5, 2021

**VIA ECF**

The Honorable Gabriel W. Gorenstein
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

   Re: Eckhart v. Fox News Network, LLC, *et al.*; Civ. Case No. 1:20-cv-5593
     (RA)(GWG)

Dear Magistrate Judge Gorenstein:

We represent Plaintiff Jennifer Eckhart in the above-referenced matter, and we write in opposition to Defendant Fox News Network, LLC's ("Fox") February 25, 2021 letter ("Letter"). See Dkt. No. 142. Specifically, we write to respectfully request that the Court lift the temporary stay of discovery that was entered during the August 28, 2020 conference before Judge Abrams in this case.

It is black-letter law that discovery is not automatically stayed pending a motion to dismiss. Mirra v. Jordan, No. 15 Civ. 4100 (AT)(KNF), 2016 WL 889559, at *2 (S.D.N.Y. Mar. 1, 2016) ("The pendency of a dispositive motion is not, in itself, an automatic ground for a stay.") (internal quotation marks and citation omitted). Rather, pursuant to the Federal Rules of Civil Procedure, a district court has the *discretion* to stay discovery. However, the burden remains with the party seeking the stay to satisfy a showing of "good cause" warranting that discovery not move forward. See Fed. R. Civ. P. 26(c). In the context of a stay related to a potential motion to dismiss, district courts look to three factors to determine whether the "good cause" required by Fed. R. Civ. P. 26(c) exists: "(1) [the] breadth of discovery sought, (2) any prejudice that would result, and (3) the strength of the motion." Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd., 297 F.R.D. 69, 72 (S.D.N.Y. 2013) (internal quotations omitted). Here, Fox has not satisfied any of the three factors, warranting a lifting of the stay of discovery.

**I. Commencement of Document Discovery Would Not Be Broad or Overly Burdensome**

Fox cannot claim that it "will be unduly burdened by having to respond to plaintiff's requests for interrogatories and production of documents," as they are required to do in order to obtain a stay.

**WIGDOR LLP**
ATTORNEYS AND COUNSELORS AT LAW

The Honorable Gabriel W. Gorenstein
March 5, 2021
Page 2

See State Farm Mut. Auto. Ins. Co. v. Accurate Med., P.C., No. 07 Civ. 0051 (ENV)(MDG), 2007 WL 2908205, at *4 (E.D.N.Y. Oct. 4, 2007). The burden of beginning document discovery while Fox's motion to dismiss is pending would not be great, and Defendants cannot point to anything aside from their pure speculation to the contrary. Indeed, Fox's own admissions belie their arguments seeking a stay of discovery in this case. Fox claims that the mere "burden of *formulating*" document requests would be "substantial" given that document discovery would implicate spanning several years. Dkt. No. 72. at p. 5. However, Fox undermines its own arguments by simultaneously admitting that it has *already* conducted "a series of internal, company-wide investigations" into Plaintiff's claims. Id. at p. 3. Thus, it is highly probable that many of the responsive documents and information already have been gathered and reviewed by Fox in the course of these investigations, minimizing any burden it now claims.

Nor does Fox's claims that the disclosure of documents concerning these potential investigative documents implicates claims of privilege warrant a different result. If the mere possibility of discovery disputes were sufficient to warrant a stay of discovery, then a stay would be automatically imposed by the Federal Rules, as this supposed "burden" is attendant to every case. As discussed above, no such automatic stay is mandated. Fox cannot satisfy the good cause standard required under the law for a stay of discovery by resorting to such pure speculation about what could potentially happen in discovery in this case.

The cases to which Fox cites are readily distinguishable. In O'Sullivan v. Deutsche Bank AG, No. 17 Civ. 8709 (LTS)(GWG), 2018 WL 1989585 (S.D.N.Y. Apr. 26, 2018), this Court granted a stay of discovery where the plaintiffs' claims "go back decades in time" and involve "seventeen defendants and thousands of financial transactions." Id. at *8. In Ellington Credit Fund, Ltd. v. Select Portfolio Servs., Inc., No. 08 Civ. 2437 (RJS), 2008 WL 11510668 (S.D.N.Y. June 12, 2008), the court granted the stay because the defendants said that it would take "several months" to gather the documents responsive to the plaintiff's discovery requests. Id. at *3. In Richards v. N. Shore Long Island Jewish Health Sys., No. 10 Civ. 4544 (LDW)(ETB), 2011 WL 4407518 (E.D.N.Y. Sept. 21, 2011), the plaintiff sought "information relating 'to the period between 1990 to [2011].'" Id. at *3. In contrast, Ms. Eckhart's claims involve only two defendants (only one of which is seeking a stay of discovery here) and a relatively limited time period. Moreover, in light of Fox's admission that it has already conducted several investigations into Ms. Eckhart's claims, it should be a straightforward matter for Fox to compile responsive documents and produce them to Plaintiff.

II.     **A Stay of Discovery Would Prejudice Plaintiff and Hinder Resolution of The Case**

While the primary prejudice that Plaintiff will suffer from a stay is delay, for the foregoing reasons, Defendants will suffer no prejudice at all from being required to discharge their discovery obligations now as opposed to many months from now. Moreover, the delay in this case will prejudice Ms. Eckhart far more than plaintiffs in other cases. After bravely coming forward to attempt to hold her rapist and one of the most powerful media conglomerates in the world

**WIGDOR LLP**

ATTORNEYS AND COUNSELORS AT LAW

The Honorable Gabriel W. Gorenstein
March 5, 2021
Page 3

accountable, Ms. Eckhart has repeatedly had her personal and professional reputation reviled by Defendants in this case, including when Henry attempted to "victim shame" her by publishing what he purported were nude photographs that Ms. Eckhart sent him of herself (to be clear, she did not do anything of the sort).  As a result of this and other conduct, Ms. Eckhart has been forced to avoid any activity that would put her back in the public eye and make her a target for further abuse and ridicule (a death knell for any aspiring television journalist such as Ms. Eckhart).  The only way that Ms. Eckhart will be able to regain her dignity and her standing in the public is to have a full and fair opportunity to prove her claims at a trial in this matter.  Anything that delays this process will fundamentally prejudice her.  See In re Chase Manhattan Corp. Sec. Litig., No. 90 Civ. 6092 (LMM), 1991 WL 79432, at *1 (S.D.N.Y. May 7, 1991) (finding that "commenc[ing] of the discovery process [pending a motion to dismiss], while no doubt imposing some burden on defendants, will advance the ultimate disposition of this action.").  Of course, Fed. R. Civ. P. 1 provides that the Federal Rules, which of course are applicable to Defendants' motion, be construed to ensure the "just, *speedy*, and inexpensive determination of every action and proceeding." Id. (emphasis added).

### III.    Fox's Motion to Dismiss Is Unlikely to Succeed

Fox has failed to make any showing (never mind a "strong" showing) that Plaintiff's claims are unmeritorious.  A defendant's assumption that it will be successful on a motion to dismiss is insufficient to show that a plaintiff's claims are unmeritorious.  See In re Chase Manhattan Corp. Sec. Litig., 1991 WL 79432, at *1 (denying defendant's motion to stay discovery pending a motion to dismiss where defendant assumed the motion to dismiss would be successful and "the [c]ourt [was] not prepared to find [] that dismissal was 'inevitable.'").  Here, as explained in Plaintiff's opposition to Fox's motion to dismiss (Dkt. No. 128), which is hereby incorporated by reference, the 61-page, 276-paragraph Third Amended Complaint contains sufficient allegations to satisfy the liberal pleading standards.

Moreover, in deciding whether to issue a stay, courts consider whether a proposed motion to dismiss is likely to dispose of an action *in its entirety*, rather than only in part.  See Cty. of Nassau, 188 F.R.D. at 188 (finding that there was good cause to stay discovery pending a motion to dismiss in because, *inter alia*, "the motion, if successful, is dispositive of the entire action.").  For the reasons set forth in Plaintiff's opposition to Fox's motion to dismiss, Fox's motion is unlikely to be successful in any respect, and much less likely to result in the dismissal of the entire action.  Moreover, given the interconnectedness of the proof that is required to establish each of Plaintiff's claims, the "burden" consideration clearly mitigates against a stay because if even one claim survives discovery will be largely the same as if the entire case survives.



We thank Your Honor for the Court's consideration and attention to this matter.

Respectfully submitted,

Michael J. Willemin