# MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

ELKAN ABRAMOWITZ
RICHARD F. ALBERT
ROBERT J. ANELLO*
KATHLEEN E. CASSIDY
BENJAMIN S. FISCHER
CATHERINE M. FOTI
CHRISTOPHER B. HARWOOD
LAWRENCE IASON
BRIAN A. JACOBS
TELEMACHUS P. KASULIS
KAREN R. KING
ROBERT M. RADICK*
JONATHAN S. SACK**
EDWARD M. SPIRO
JEREMY H. TEMKIN
RICHARD D. WEINBERG

565 FIFTH AVENUE
NEW YORK, NEW YORK 10017
(212) 856-9600
FAX: (212) 856-9494

www.maglaw.com

WRITER'S CONTACT INFORMATION

(212) 880-9530
cfoti@maglaw.com

SENIOR COUNSEL
PAUL R. GRAND

COUNSEL
JASMINE JUTEAU
CURTIS B. LEITNER
JACOB W. MERMELSTEIN
BRENT M. TUNIS

ROBERT G. MORVILLO
1938-2011
MICHAEL C. SILBERBERG
1940-2002
JOHN J. TIGUE, JR.
1939-2009

*ALSO ADMITTED IN WASHINGTON, D.C.
**ALSO ADMITTED IN CONNECTICUT

March 5, 2021

**BY ECF**

The Honorable Gabriel W. Gorenstein
United States Magistrate Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007

Re: Jennifer Eckhart v. Fox News Network, LLC, et al., Civil Case No. 1:20-cv-05593

Dear Judge Gorenstein:

I am writing on behalf of Defendant Edward Henry in response to Defendant Fox News Network, LLC's ("Fox News") February 25 letter (Dkt. No. 142).  As stated in Plaintiff Jennifer Eckhart's January 28 letter to this Court (Dkt. No. 138), Mr. Henry agrees that a complete stay of all discovery in this case is not appropriate and requests that the parties commence some discovery, limited to the exchange of documents, pending a decision on the motions to dismiss. The pleadings filed by Eckhart in this case against Mr. Henry are premised on false allegations and have greatly damaged Mr. Henry's hard-earned reputation.  The case has been ongoing since July 1, 2020, and since that time Mr. Henry has had to endure public derision and an inability to obtain any form of employment.  Every day that passes makes it more difficult for Mr. Henry to get back into the workforce in his chosen profession.  Although Mr. Henry believes he has very strong motions to dismiss, a defendant faces an extremely difficult burden in achieving the dismissal of an entire complaint on a motion to dismiss when the plaintiff's allegations, no matter how fallacious, must be accepted as true.  To the extent any portion of the complaint survives Mr. Henry's motion, he is confident that he will be able to defeat those remaining allegations as a result of factual development during discovery.  Mr. Henry needs this case to move to resolution as soon as possible so he can clear his name.  Any additional delay in

MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

discovery will result in continuing, unnecessary damage to Mr. Henry. On the other hand, Fox News will suffer little to no prejudice if document discovery were to go forward.

As Fox News outlined in its letter, courts considering whether to stay all discovery pending the outcome of a motion to dismiss balance three factors: (1) the strength of the motion to dismiss, (2) the breath and burdensomeness of the discovery, and (3) whether a party will be prejudiced as a result of the stay. *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013). While Mr. Henry agrees with Fox News that the motions to dismiss are strong, the second and third factors both militate in favor of lifting the stay of discovery. Regarding the breadth of discovery, the documents that are likely to be demanded from the parties with respect to the prosecution or defense of any of plaintiff's claims largely overlap and would be subject to discovery if any claim survives. Moreover, even if Fox News's motion is granted and the entire complaint dismissed against it, it still would be subject to document production via subpoena if any of Eckhart's claims against Mr. Henry survive. Finally, the cost required to engaged in just document discovery is limited while Mr. Henry is prejudiced each day that discovery remains stayed as he is unable to move Eckhart's denigratory allegations to a favorable conclusion. As such, this Court should allow the parties to pursue document discovery while the dispositive motions remain pending.

### I. Document Discovery Would Not Create an Undue Burden

A party seeking to stay discovery pending the outcome of motions to dismiss "bears the burden of showing good cause" to support the request for a stay. *Mirra v. Jordan*, 2016 WL 889559, at *2 (S.D.N.Y. Mar. 1, 2016). However, "[i]t . . . is black letter law that the mere filing of a motion to dismiss the complaint does not constitute 'good cause' for the issuance of a discovery stay." *Barrett v. Forest Labs., Inc.*, at *4 (S.D.N.Y. July 8, 2015) (Abrams, J.); *see Mirra*, 2016 WL 889559, at *2 ("The pendency of a dispositive motion is not, in itself, an automatic ground for a stay"). Moreover, demonstrating "good cause" requires more than a party asserting that discovery would be costly and extensive since "[n]ormal discovery in a limited matter does not alone rise to the level of good cause." *Guiffre v. Maxwell*, 2016 WL 254932, at *2 (S.D.N.Y. Jan. 20, 2016); *see Kirschner v. J.P. Morgan Chase Bank, N.A.*, 2020 WL 230183, at *3 (S.D.N.Y. Jan. 15, 2020) (denying request to stay discovery pending the outcome of a motion to dismiss where the party seeking the stay failed to specify why discovery would be unduly burdensome); *Mirra*, 2016 WL 889559, at *2 (a party's argument that discovery would require producing "extensive documents related to a wide variety of issues," was insufficient to stay discovery).

In this case, Fox News has fallen short of its burden of demonstrating that permitting limited discovery, requiring only the exchange of documents, would create such an undue burden that good cause exists to stay all discovery. Indeed, Fox News fails to specify any area of

MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

document discovery that would cease to be necessary if any claim remains either against Fox News or against Mr. Henry.  Fox News also does not adequately describe the nature of the undue burden that discovery would cause sufficient to overcome the standard set by caselaw in this district.  Moreover, contrary to the typical case, *see, e.g.*, *Mirra*, 2016 WL 889559, at *2, because the parties in this litigation have not yet exchanged document requests, there are no individual document requests that could be evaluated as too burdensome or overbroad.  Thus, Mr. Henry respectfully suggests that the better course would be to allow the parties to make document requests and permit Fox News to articulate whether any particular request does in fact present it with an undue burden.  *See Guiffre*, 2016 WL 254932, at *2.

   **II. Staying Discovery Would Prejudice Mr. Henry**

Though most cases examining the issue of undue prejudice resulting from lifting a discovery stay focus on prejudice to the plaintiff, courts may also consider prejudice to a defendant.  *See Ema Fin., LLC v. Vystar Corp.*, 336 F.R.D. 75, 84 (S.D.N.Y. 2020).  "Undue prejudice," in the context of whether to grant a discovery stay, does not require a party to suffer something as extreme as irreparable harm.  *See Koncelik v. Savient Pharm., Inc.*, 2009 WL 2448029, at *1 (S.D.N.Y. Aug. 10, 2009).  Rather, it is sufficient that, as a result of the stay, a party may experience some "improper or unfair treatment."  *See id.*; *see also Vacold LLC v. Cerami*, 2001 WL 167704, at *6 (S.D.N.Y. Feb. 16, 2001).

Here, Mr. Henry has suffered extreme reputational damage as a result of the false and scurrilous allegations that Plaintiff asserts in her pleadings.  This reputational damage is compounded each day that document discovery does not proceed because without such discovery, Mr. Henry is unable to move the case to resolution to clear his name.  It is for this very reason that Mr. Henry has consistently attempted to begin discovery in this action.  For example, in the August 28 court conference, counsel for Mr. Henry opposed the temporary stay, stating that "Mr. Henry is undergoing tremendous difficulties in terms of . . . the assault on his reputation here. The gentleman needs to get his life back, needs to get his reputation back, needs to get a job."  Tr. of Aug. 28 Conference, at 18:19-23.  Mr. Henry's difficulties remain.  While Fox News's letter requesting the stay argues that Plaintiff would not suffer undue prejudice resulting from a stay, it says nothing of the continued harm that Mr. Henry is likely to suffer and, indeed, is continuing to suffer. As such, Mr. Henry would suffer improper and unfair treatment if the Court were to grant the request to stay discovery pending the outcome of the motions to dismiss.  *See Koncelik*, 2009 WL 2448029, at *1; *Vacold LLC*, 2001 WL 167704, at *6.

   Finally, in determining whether to stay an action, courts also consider whether co-defendants have joined in the request for a stay.  *Ellington Credit Fund, Ltd. v. Select Portfolio Servs., Inc.*, 2008 WL 11510668, at *2 (S.D.N.Y. June 12, 2008); *Chesney v. Valley Stream Union Free Sch. Dist. No. 24*, 236 F.R.D. 113, 115 (E.D.N.Y. 2006).   In this case, Mr. Henry, a

MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

co-defendant, opposes a complete stay of discovery.  *See Ellington Credit Fund*, 2008 WL 11510668, at *2.  A limited order permitting document discovery would serve the interests of not only the plaintiff but also Mr. Henry and would not unduly prejudice Fox News.  All these factors merit lifting the stay of discovery in this case.  *See Barrett*, 2015 WL 4111827, at *4 (denying request for a stay based on the "particular circumstances" of the case).

For the foregoing reasons, Mr. Henry objects to Fox News's request that the temporary stay of discovery continue pending a determination of the motions to dismiss and joins with the Plaintiff is seeking a partial dissolution of the stay permitting the parties in this action to engage in document discovery.

Thank you for your consideration.

Respectfully submitted,

/s/ *Catherine M. Foti*

cc: All counsel of record (via ECF)