

Proskauer Rose LLP   Eleven Times Square   New York, NY 10036-8299

March 12, 2021

Kathleen M. McKenna
Member of the Firm
d +1.212.969.3130
f 212.969.2900
kmckenna@proskauer.com
www.proskauer.com

**BY ECF**

The Honorable Gabriel W. Gorenstein
United States Magistrate Judge
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007

Re: *Jennifer Eckhart v. Fox News Network, LLC, and Ed Henry*, Civil Case No. 1:20-cv-05593

Dear Judge Gorenstein:

      Defendant Fox News Network, LLC ("Fox News") submits this reply in support of its letter of February 25 (ECF No. 142) requesting that the Court continue to stay discovery pending its motion to dismiss. Plaintiff and Defendant Henry's opposition letters fail to justify their request to dive into discovery on claims against the company that are clearly time-barred and otherwise fatally defective as a matter of law. Their primary argument is that they both want to move quickly to vindicate their reputations by resolving the truth of Eckhart's rape allegations, but by all accounts Fox News cannot possibly have any documents or other information relevant to that issue. Even under Eckhart's account of the facts, the company did not know that she and Henry had any relationship until after her allegations became public, long after the incidents allegedly occurred. The claims against Fox News are thus entirely ancillary. Dragging the company into premature discovery would provide no benefit to anyone because it would do nothing to hasten the factual vindication that both Eckhart and Henry seek. It would only impose a gratuitous burden on both the company and the Court. That could easily be avoided by waiting a short while longer to see whether the claims against the company will be dismissed.

      **I.    There Are More Than "Substantial Grounds" for Dismissal.**

      Eckhart and Henry do not seriously dispute that Fox News has asserted "substantial arguments for dismissal." Indeed, Henry agrees that the company's motion to dismiss is "strong." ECF 144, at 2. And Eckhart rests almost exclusively on her brief in opposition, which does not even address the "substantial arguments" standard at all. Instead she asks the Court whether dismissal is "inevitable," but that is not the law. *See O'Sullivan v. Deutsche Bank AG*, No. 17-CV-8709 (LTS) (GWG), 2018 WL 1989585, at *4 (S.D.N.Y. Apr. 26, 2018). The Court should thus take it as undisputed that Fox News has advanced substantial arguments for dismissal with respect to all of Eckhart's claims, as even a cursory review of the briefing on the motion to dismiss confirms.

Proskauer»

The Honorable Gabriel W. Gorenstein
March 12, 2021
Page 2

      Not only has Fox News advanced substantial arguments, but it has shown an overwhelming likelihood of dismissal that weighs heavily in favor of a stay. Eckhart's harassment allegations are the very heart of her complaint against the company, but they are clearly time-barred. Tellingly, she completely ignores the Second Circuit case cited in Fox News's reply brief, which rejects her continuing-violation theory and shows that all of her harassment claims—city, state and federal—are untimely. *See* ECF 137, at 10-11 (citing *Purcell v. N.Y. Inst. of Tech. - Coll. of Osteopathic Med.*, 931 F.3d 59, 65 (2d Cir. 2019)). Nor does she try to explain how her federal "sex trafficking" claim against the company could survive, when no court has ever allowed such a claim in the absence of any allegation that the company had any conceivable reason to know about the alleged perpetrator using force, fraud, or coercion to compel anyone into a commercial sex act. *See* ECF 137, at 3-8. She is equally silent about her retaliation claim, which cannot survive because she admits that she said nothing to the company about any alleged sexual harassment until after she was fired. That leaves only her state-law claim for "publication of intimate images" based on Henry's federal court filing. But she also ignores that claim, because she cannot explain how Fox News could be held accountable for *Henry's* separate filing. Much less can she point to any authority for the remarkable proposition that state law could somehow penalize the filing of potentially relevant material in federal court.

      Instead of addressing these unanswerable points, Eckhart tries to change the subject by invoking inapposite case law. She relies primarily on *In re Chase Manhattan Corp. Securities Litigation*, No. 90-CV-6092 (LMM), 1991 WL 79432, at *1 (S.D.N.Y. May 7, 1991). But in that case, the court was unwilling to assume that a motion to dismiss would succeed because the plaintiffs had not yet submitted their opposition papers. *Id.* at *1. Here, by contrast, Fox News's motion to dismiss is fully briefed, and the opposition and reply briefs only underscore that there is a high likelihood of dismissal. *See* ECF 128, 137.

      Eckhart's only other argument on the merits is that Fox News's motion is not "likely to result in the dismissal of the *entire action*." ECF 143, at 3 (emphasis added). But that is both wrong and irrelevant. As explained more fully in the briefing, Fox News does indeed make a strong case for the dismissal of *all* of Eckhart's claims. That is especially true because Eckhart's state-law claims concededly have no independent basis for federal jurisdiction if her federal claims fail. Thus, even if Fox News prevails on only a subset of her claims (the federal ones), that would still lead to the dismissal of the entire action on jurisdictional grounds. *See, e.g., Miller v. Brightstar Asia Ltd.*, No. 20-CV-4849 (GBD) (JLC), 2020 WL 7483945, at *3, *5 (S.D.N.Y. Dec. 21, 2020) (stay appropriate where defendant "made a strong showing that this Court may lack subject-matter jurisdiction," even if some claims could have merit).

      In any event, the law is clear that a stay is warranted where "disposition of the dismissal motion *may significantly narrow*, if not eliminate, the issues remaining in the case" and "could well dispose of many of the issues." *Rivera v. Heyman*, No. 96-CV-4489 (PKL), 1997 WL 86394 (S.D.N.Y. Feb. 27, 1997) (emphasis added). That is the only rule that makes sense, as needless discovery on *some* claims does not become less wasteful simply because *other* claims may survive (which, here, they should not).

**II. Staying Discovery Would Avoid a Heavy and Potentially Needless Burden.**

Eckhart and Henry try but fail to minimize the obvious burden that premature discovery would impose on Fox News based on Eckhart's 276-paragraph complaint, which contains allegations stretching back to 2013—and potentially relevant facts going back even earlier.

*First*, Eckhart insists that it is "pure speculation" that discovery would be burdensome here. ECF 143, at 2. Henry likewise contends that Fox News has not "adequately described the nature of the undue burden." ECF 144, at 3. But there is no great mystery on this point. It is extremely expensive and time-consuming to respond to discovery requests based on a sprawling complaint like the one here, where the plaintiff makes vague and wild allegations about what a large company "knew or should have known" about the behavior of one of its employees who interacted with hundreds of co-workers and executives during the course of his employment, which began in 2011. *See* ECF 118, at 17. For Henry to pretend that discovery on these far-flung allegations would be a "limited matter" ignores reality. ECF 144, at 2. Indeed, litigating the inevitable dispute about the scope of reasonable discovery would itself be a significant burden. Unlike Henry and Eckhart, the Southern District's precedent reflects a realistic understanding of how costly and burdensome discovery can be. *See Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc.*, No. 09-CV-5874 (RPP), 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1, 2009) (granting stay of discovery "[b]ased on the allegations in the Complaint" the "breadth of discovery…will cover a six-year period"). At the very least, discovery here could easily involve hundreds of hours of lawyer time spent collecting, searching, and reviewing documents, not to mention addressing the thorny issues of work-product and attorney-client privilege, which require the exercise of sophisticated legal judgment. In this type of case, with sweeping and ill-defined allegations stretching back so many years, the burden of discovery is more than onerous enough to support a stay as long as the motion to dismiss has a serious chance of being granted, which could avoid a waste of significant time and money.

*Second*, Eckhart argues that because Fox News already conducted an investigation into her allegations against Henry, "it is highly probable that" the company has already done most of the work that discovery would require. ECF 143, at 2. Again, this is simply false, and it rests on a disingenuous portrayal of discovery; especially where, as here, there was an investigation conducted by an outside investigator. While Fox News did charge the outside investigator with examining Henry's alleged wrongdoing against Eckhart, the claims in Eckhart's complaint sweep far more broadly than that. What's more, because the investigation was conducted by a law firm, documents may be subject to attorney-client or work-product privileges—analyses that require time and deliberation. And even with respect to documents already collected by the investigator, the burden of review and production in litigation is far greater, as this Court has recognized. *See O'Sullivan*, 2018 WL 1989585, at *8 (Gorenstein, J.) ("documents already produced in connection with earlier investigations . . . would still impose a significant burden on defendants" because they still need to be reviewed prior to production); *Ellington Credit Fund, Ltd. v. Select Portfolio Services, Inc.*, No. 08-CV-2437 (RJS), 2008 WL 11510668, at *3

Proskauer»

The Honorable Gabriel W. Gorenstein
March 12, 2021
Page 4

(S.D.N.Y. June 12, 2008) (granting stay where the scope of discovery was broad and the documents sought would raise privilege issues).

    *Third*, Henry is badly mistaken to say that all of Eckhart's claims "largely overlap," such that the scope of discovery against Fox News will likely be the same even if some claims are dismissed. ECF 144, at 2. In fact, the meritless claim of federal sex-trafficking and the time-barred harassment claims against the company involve the farthest-flung and oldest allegations about what the company knew, and what it "should have known." *See, e.g.,* ECF 118, at 17. If those claims are dismissed, as the company believes they must be, then the subject matter and temporal scope of discovery against the company will be dramatically curtailed. After all, Eckhart's claims against *Henry* do not require any broad-based inquiry into what *the company* knew, when it supposedly knew it, or what it should have known. Nor do Eckhart's claims of "retaliation" and "publication of intimate images" require any such searching inquiry stretching back a decade, because they are based exclusively on more recent events that allegedly occurred in 2020.

    *Fourth,* and relatedly, Henry is also flat-out wrong to say that even if Fox News is fully dismissed as a defendant, it will still be subject to the same level of discovery as a third-party witness. *See* ECF 144, at 2. In fact, that scenario would involve a dramatically lower discovery burden on the company, because *none* of the unique factual issues potentially relevant to the company's liability would then be in play. That includes not only the question of what the company "knew or should have known," but also whether the company in any way intended to "retaliate" against Eckhart before or after she was fired, and whether it had anything to do with Henry's alleged filing of "intimate images" of Eckhart in federal court. Virtually all of the discovery would then focus on what Henry did, not on what the company did—and indeed, it is telling that Henry does not even try to specify what discovery against the company would be justified in that situation.

    *Fifth*, both Henry and Eckhart say (at page 2) that allowing a stay here would make stays virtually "automatic" while any motion to dismiss is pending. Not true. The test is whether the three *Hong Leong* factors are satisfied. Here they are, because the motion to dismiss has a strong chance of success, discovery would be burdensome in light of the nature of the claims and the time period covered, and no prejudice would result from holding off on discovery against the company for a short while longer. Those factors will certainly not be present in every case, and thus granting a stay here will not make it "automatic" in other cases.

    *Sixth*, contrary to what Eckhart says (ECF Dkt. 143 at 2), the cases cited by Fox News did involve stays of discovery based on highly similar burdens as presented here. *See, e.g., Richards v. North Shore Long Island Jewish Health Systems*, No. 10-CV-4544 (LDW) (ETB), 2011 WL 4407518, at *2 (E.D.N.Y. Sept. 21, 2011) (document requests spanned *eight year* period, while interrogatories spanned eleven years); *Sullivan v. Deutsche Bank AG*, No. 17-CV-8709 (LTS) (GWG), 2018 WL 1989585 (S.D.N.Y. Apr. 26, 2018) (Gorenstein, J.) (complaint involved allegations spanning twelve year period, and the court relied on case where discovery covered *six*

**Proskauer**

The Honorable Gabriel W. Gorenstein
March 12, 2021
Page 5

*year period*) (citing *Integrated Sys. & Power, Inc.*, 2009 WL 2777076, at *1); *Ellington Credit Fund, Ltd. v. Select Portfolio Services, Inc.*, No. 08-CV-2437 (RJS), 2008 WL 11510668, at *3 (S.D.N.Y. June 12, 2008) (granting stay where "process of locating, compiling, organizing, and reviewing the relevant documents could take several months").

*Finally*, the cases that Eckhart and Henry cite are readily distinguishable. In *Guiffre v. Maxwell*, No. 15-CV-7433 (RWS), 2016 WL 254932, at *2 (S.D.N.Y. Jan. 20, 2016) there was only a single claim against a single defendant, and discovery was focused on events in which the defendant was alleged to be "personally and intimately involved." None of that is true here. Likewise, in *Mirra v. Jordan*, No. 15-CV-4100 (AT) (KNF), 2016 WL 889559, at *2 (S.D.N.Y. Mar. 1, 2016), *Kirschner v. J.P. Morgan Chase Bank, N.A.*, No. 17-CV-6334 (PGG) (SLC), 2020 WL 230183, at *3 (S.D.N.Y. Jan. 15, 2020) and *State Farm Mut. Auto. Ins. Co. v. Accurate Med., P.C.*, No. CV2007-0051(ENV) (MDG, 2007 WL 2908205, at *4 (E.D.N.Y. Oct. 4, 2007), the defendants failed to explain the burdens that discovery would impose under the specific circumstances of each case. Here, by contrast, Fox News has identified the burdens that will inevitably result from document discovery given the sprawling allegations as to time and persons referenced in Eckhart's complaint, and the information that she alleges are relevant (including potentially privileged investigation materials).

In short, there can be no doubt that a stay of discovery pending Fox News's motion to dismiss would serve the purpose of avoiding heavily burdensome discovery that is likely to prove wholly unnecessary.

### III. No Party Will be Prejudiced by a Short Stay of Discovery.

Eckhart and Henry cannot dispute the basic principle that "the passage of a reasonable amount of time, without any other form of attendant prejudice, cannot itself constitute prejudice sufficient to defeat a motion to stay discovery. Otherwise, stays of discovery would never be granted given that some delay is inherent in any stay." *O'Sullivan*, 2018 WL 1989585, at *9 (Gorenstein, J.). Nor do they dispute that this Court already determined that at least six months of delay were justified to avoid needless discovery burdens, since Judge Abrams granted a stay in August. Nor can they identify any new prejudice that has arisen that would justify changing course now, and plunging into discovery when the motions to dismiss are much closer to being resolved.

*First*, both Eckhart and Henry assert an interest in having their reputations cleared so that they can move on with their lives. ECF 143, at 3-4; ECF 144, at 3-4. But they ignore the fact that Judge Abrams already considered and rejected this interest when she decided to issue a temporary stay of discovery in August. At the August hearing, Henry's counsel stated that he was "undergoing tremendous difficulties in terms of, you know, the assault on his reputation here," and that he "needs to get his life back, needs to get his reputation back, needs to get a job." Aug. 28 Tr., at 18:19-23. But Judge Abrams found that insufficient, explaining that while "I fully appreciate his desire to move this case along as soon as possible," "I really don't think [discovery] makes sense" in light of the motions to dismiss. *Id*. at 19:10-13. She then said that

**Proskauer**

The Honorable Gabriel W. Gorenstein
March 12, 2021
Page 6

she would revisit the issue "after I get the responsive pleadings," which would allow the Court to assess "the strength of the dispositive motions." *Id.* at 19:16-19. The only conclusion from this is that if the motions to dismiss are strong, then the stay should continue. That has now proven to be the case.

*Second*, both Eckhart and Henry ignore this Court's teaching in *O'Sullivan* that a plaintiff's assertion of prejudice from a discovery stay carries far less weight when the motion to dismiss is likely to succeed. *Id.* at *9. After all, if the claims against Fox News fail as a matter of law, then discovery based on those claims will never be justified, so merely delaying the start of discovery cannot make any party worse off. It can only impose gratuitous burdens.

*Third*, both Eckhart and Henry fail to explain how obtaining discovery *against Fox News* would serve their urgent reputational interest in resolving whether Henry raped Eckhart. By all accounts, the alleged sexual encounters between Eckhart and Henry occurred without any knowledge on the part of Fox News. Eckhart admits that the company did not even know the two had a relationship, much less that it knew anything about the details of the encounters where Henry allegedly assaulted her. Accordingly, to the extent the two of them have an interest in proceeding with immediate document discovery to shed light on the nature of those encounters, document discovery against the company could not advance that interest in the slightest.

*Finally*, it bears noting that the cases Henry cites in support of his argument that he will suffer undue prejudice are misplaced. Significantly, both *Vacold LLC v. Cerami*, No. No. 00-CV-4024 (AGS), 2001 WL 167704 (S.D.N.Y. Feb. 16, 2001) and *Koncelik v. Savient Pharmaceuticals, Inc.*, No. 08-CV-10262 (GEL), 2009 WL 2448029 (S.D.N.Y. Aug. 10, 2009) are securities fraud actions in which all discovery was automatically stayed pursuant to the Private Securities Litigation Reform Act. When a party requests that the stay be lifted in such cases, courts apply a unique standard that asks whether the "defendants might be shielded from liability in the absence of the requested discovery." *See Vacold LLC*, 2001 WL 167704, at *6. Moreover, neither case cited by Henry stands for the proposition that reputational damage constitutes sufficient prejudice to lift a stay of discovery.

For the foregoing reasons, Fox News respectfully requests that the Court continue to stay all discovery pending the motions to dismiss. We thank the Court for its attention to this matter.

> Respectfully submitted,
>
> */s/ Kathleen M. McKenna*
> Kathleen M. McKenna, Esq.
> Lloyd B. Chinn, Esq.
> Keisha-Ann G. Gray, Esq.
> Danielle J. Moss, Esq.
> Yonatan L. Grossman-Boder, Esq.
> PROSKAUER ROSE LLP

**Proskauer»**

The Honorable Gabriel W. Gorenstein
March 12, 2021
Page 7

                                                    Eleven Times Square
                                                    New York, New York 10036-8299
                                                    (212) 969-3000
                                                    kmckenna@proskauer.com

                                                    *Attorneys for Defendant Fox News Network, LLC*

cc:    Anthony J. Dick, Esq.
        J. Benjamin Aguiñaga, Esq.
        Ariel N. Volpe, Esq.
        All counsel of record (via ECF)