UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
JENNIFER ECKHART,                              :
                                                             :     Civil Case No. 1:20-cv-05593 (RA)(GWG)
                         Plaintiff,                     :
                                                             :
            v.                                             :     **[PROPOSED] CASE MANAGEMENT**
                                                             :     **PLAN AND SCHEDULING ORDER**
FOX NEWS NETWORK, LLC and ED      :
HENRY, in his individual and professional  :
capacities,                                              :
                                                             :
                         Defendants.              :
---------------------------------------------------------X

1. **Appearances**

    a. Plaintiff Jennifer Eckhart is represented by Wigdor LLP, 85 Fifth Avenue, New York, New York 10003 ((212) 257-6800):

        i. Douglas H. Wigdor (dwigdor@wigdorlaw.com),

        ii. Michael J. Willemin (mwillemin@wigdorlaw.com)

        iii. Renan F. Varghese (rvarghese@wigdorlaw.com)

    b. Defendant Fox News Network, LLC:

        Kathleen M. McKenna, Esq. (KMcKenna@proskauer.com)
        Lloyd B. Chinn, Esq. (LChinn@proskauer.com)
        Keisha-Ann G. Gray, Esq. (KGray@proskauer.com)
        Danielle J. Moss, Esq. (DMoss@proskauer.com)
        Yonatan L. Grossman-Boder (YGrossman-Boder@proskauer.com)
        PROSKAUER ROSE LLP
        Eleven Times Square
        New York, New York 10036-8299
        Tel. (212) 969-3000
        Fax. (212) 969-2900

    c.    Defendant Ed Henry:

        i.    Elkan Abramowitz (eabramowitz@maglaw.com)

        ii.    Catherine M. Foti (cfoti@maglaw.com)

        iii.    Jayne Weintraub (jweintraub@saleweintraub.com)

        iv.    Jon A. Sale (jsale@saleweintraub.com)

**2.**    **Concise Statement of Issues**

    a.    The existing claims are:

        i.    sex trafficking in violation of the Trafficking Victims Prevention Act ("TVPA") against Defendant Henry;

        ii.    gender discrimination in violation of the New York State Human Rights Law ("NYSHRL") against Defendant Fox News Network, LLC ("Fox News");

        iii.    gender discrimination in violation of the New York City Human Rights Law ("NYCHRL") against Defendants Fox News and Henry;

        iv.    retaliation in violation of Title VII, the NYSHRL and the NYCHRL against Defendants Fox News and Henry;

        v.    unlawful dissemination of an intimate image in violation of New York Civil Rights Law § 52-b against Defendant Henry; and

        vi.    gender motivated violence in violation of the New York City Gender Motivated Violence Act against Defendant Henry.

    b.    The parties provide the following non-exhaustive list of issues to be decided[1]:

        i.    Whether a pre-existing consensual sexual relationship negates a claim that a sex act was commercial for purposes of the TVPA;

---

[1] Defendant Henry objects to any claim by the Plaintiff that the Court's decision on the motions to dismiss serves as a final determination on evidentiary issues. Mr. Henry preserves his right to introduce relevant evidence and object to relevance and/or admission of any evidence offered by Plaintiff or Fox News.

2

      1. Plaintiff takes the position that the Court has already held that a pre-existing consensual sexual relationship does not negate a claim that a sex act was commercial for purposes of the TVPA;

ii. whether Defendant Henry "enticed" Plaintiff as that term is defined by the TVPA;

iii. whether Defendant Henry engaged in a "commercial sex act" with Plaintiff as that term is defined by the TVPA;

iv. whether Defendant Henry knew that "force" or "fraud" would be used in connection with a "commercial sex act" as those terms are defined by the TVPA;

v. whether Defendant Henry subjected Plaintiff to sexual harassment, sexual assault and/or rape, and, if so, whether the continuing violations doctrine applies to his conduct or whether any such allegations are barred by the Statute of Limitations;

vi. whether allegations concerning other women raised in the Third Amended Complaint, including Janes Does 1-4, Brooke Hammerling, and Roxie Marroquin, are properly considered with respect to Plaintiff's allegations against Defendant Henry including whether the admission of such evidence is prohibited by Federal Rule of Evidence 404(b);

      1. Plaintiff takes the position that the Court has already held that the allegations concerning other women raised in the Third Amended Complaint, including Janes Does 1-4, Brooke Hammerling, and Roxie Marroquin, are properly considered with respect to Plaintiff's allegations against Defendant Henry;

vii. whether Defendant Fox news can be held liable for Defendant Henry's conduct towards Plaintiff under the NYSHRL and/or the NYCHRL because it knew or should have known of his unlawful discriminatory conduct;

viii. whether Plaintiff engaged in "protected activity" as that term is defined by Title VII, the NYSHRL and the NYCHRL, and, if so: (a) whether Fox News terminated her employment because she engaged in "protected

3

activity;" and (b) whether Defendant Henry filed nude or partially nude photographs of Plaintiff on the public docket and whether he did so because she engaged in "protected activity;"

    ix. whether filing redacted documents in connection with a motion to dismiss, supporting a claim of a consensual sexual relationship, is a reasonable litigation practice pursuant to CRL § 52-b;

        1. Plaintiff takes the position that the Court has already held that the filing redacted documents in connection with a motion to dismiss, supporting a claim of a consensual sexual relationship, is not a reasonable litigation practice pursuant to CRL § 52-b;

    x. whether filing redacted documents in connection with a motion to dismiss, supporting a claim of a consensual sexual relationship, is protected activity that cannot support a claim of retaliation;

        1. Plaintiff takes the position that the Court has already held that filing redacted documents in connection with a motion to dismiss, supporting a claim of a consensual sexual relationship, is not protected activity that cannot support a claim of retaliation;

    xi. whether Defendant Henry filed nude or partially nude photographs of Plaintiff on the public docket and whether he did so in order to harass, annoy or alarm Plaintiff; and

    xii. whether Defendant Henry's conduct towards Plaintiff: (a) constitutes a misdemeanor or felony; (b) presented a serious risk of physical injury; (c) was perpetrated because of Plaintiff's gender; (d) at least in part because of animus against Plaintiff's gender; and (e) resulted in injury.

**3. <u>Discovery Schedule</u>**

    a. Initial document requests and initial interrogatories will be served on or before October 15, 2021.

    b. Amendments:

        i. Plaintiff does not intend on filing any further amendments or joining any additional parties. Moreover, the parties previously proposed a deadline

4

of October 27, 2020 to amend or join (Dkt. No. 21). As such, unless permitted pursuant to Rule 16 (*i.e.*, a demonstration of good cause to extend the deadline in a scheduling order), the parties agree that no further amendments or joinders are permitted.

c. Witnesses to be deposed (commencing after written discovery and concluding no later than April 29, 2022):

    i. By Plaintiff:

1. Ed Henry;
2. Denise Collins;
3. Brad Hirst;
4. Liz Claman;
5. Jane Does 1-4;
6. Brooke Hammerling;
7. Roxie Marroquin;
8. Cathy Areu;
9. Any other woman allegedly sexually harassed or assaulted by Defendant Henry;
10. Suzanne Scott;
11. William Shine;
12. The investigators from Paul, Weiss, Rifkind, Wharton & Garrison LLP who investigated sexual harassment at Fox News in or around 2016;
13. The author of the complaint referred to in Paragraph 113 of the Third Amended Complaint;
14. Any Fox News employee subjected to sexual harassment or assault at Fox News;
15. The individuals referred to in the articles cited at Paragraphs 114-116 of the Third Amended Complaint;
16. The individuals who made the decision to terminate Plaintiff;
17. The individuals who made the decision to terminated Defendant Henry; and
18. Gregg A. Gilman.

      ii. By Fox News:

          1. Plaintiff Jennifer Eckhart – the Parties have agreed that Plaintiff's deposition will proceed first.
          2. Defendant Ed Henry.

      iii. By Ed Henry:

          1. Jennifer Eckhart;
          2. Jane Does 1-4;
          3. Brooke Hammerling;
          4. Roxie Marroquin;
          5. Cathy Areu;
          6. Any other woman whom Plaintiff alleges was sexually harassed or assaulted by Defendant Henry;
          7. The author of the complaint referred to in Paragraph 113 of the Third Amended Complaint; and
          8. The individuals referred to in the articles cited at Paragraphs 114-116 of the Third Amended Complaint.

d. Non-expert discovery will be completed by April 29, 2021.

e. Plaintiff anticipates expert testimony on the following topics: (i) Plaintiff's economic damages; (ii) Plaintiff's emotional damages; (iii) the behavior of victims of sexual assault and/or rape; (iv) the impact that the public disclosure of intimate photos has on a survivor of sexual assault and/or rape and, in particular, on Plaintiff; and (v) the propriety of filing redacted photographs of Plaintiff in connection with a motion to dismiss. Experts may be presented on multiple sides of the topics presented. Defendant Henry reserves his right to designate experts based on the course of discovery. Fox News reserves its right to designate experts based on the course of discovery. Expert disclosures will be made by May 31, 2022 and depositions will be taken by June 30, 2022.

f. Dispositive motions will be filed 45 days after close of all discovery. The parties shall follow the rules of the assigned District Judge with respect to any pre-motion conference, filing or other requirements for dispositive motions.

**4.     Limitations on Discovery**

    a.    The parties intend to submit a proposed confidentiality and protective order to the Court no later than November 12, 2021.

**5.     Brief Description of Discovery Issues**

Plaintiff and Defendant Henry have already served and responded to initial document requests. The parties have met and conferred and are continuing to meet and confer on various issues concerning the scope of discovery, particularly the scope of discovery with respect to Defendant Henry's conduct towards women other than Plaintiff. Plaintiff and Defendant Henry have agreed to share their initial document requests with Fox News.

Plaintiff and Fox News have not yet exchanged requests, but anticipate that there will be issues concerning the scope of discovery, particularly the scope of discovery with respect to other victims of sexual harassment and retaliation at Fox News, as well as Fox News' corporate culture.

Fox News asserts that it is not consenting to any, or all, of Plaintiff's listed depositions in Section 3(c)(i), nor is it consenting to greater than ten depositions, and reserves the right to object to listed depositions, including under the apex deposition doctrine. Fox News additionally reserves its right to identify additional deponents based on the course of discovery.

Defendant Henry asserts that he is not consenting to any, or all, of Plaintiff's listed depositions in Section 3(c)(i) and reserves all rights to object to any deposition sought by Plaintiff or Fox News. Defendant Henry additionally reserves his right to notice additional depositions to the extent the deponents' relevance becomes apparent during the course of discovery.

**6.     Anticipated Length of Trial and Whether, and By Whom, a Jury is Requested**

The parties anticipate that trial will last 5 days, and Plaintiff requests a trial by jury

**7.     Possible Resolution**

The parties believe that it would be most helpful to engage in settlement discussions after the close of discovery and prior to the filing of dispositive motions. The parties currently have no plans to hire a private mediator.

**8.     Paragraph as Dictated By the Court**

All discovery (including requests for admission and any applications to the Court with respect to the conduct of discovery) must be initiated in time to be concluded by the deadline for all discovery. Any application for an extension of the time limitations herein must be made as soon as the cause for the extension becomes known to the party making the application and in accordance with this Court's Individual Practices. Any application not in compliance with this paragraph will be denied. To the extent a party expects to produce electronically stored information, the parties shall promptly discuss the protocols for the search and review of such material

**So Ordered:**

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge