# Exhibit 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JENNIFER ECKHART,

          Plaintiff,

v.

FOX NEWS NETWORK, LLC, and ED HENRY, in his individual and professional capacities,

          Defendants.

Case No. 20-CV-5593 (RA)

### DECLARATION OF CATHERINE M. FOTI IN SUPPORT OF DEFENDANT ED HENRY'S MOTION FOR RECONISDERATION

CATHERINE M. FOTI, declares, pursuant to 28 U.S.C. § 1746 and Local Civil Rule 1.9, under penalty of perjury, the following to be true and correct:

1. I am a principal of the firm Morvillo Abramowitz Grand Iason & Anello P.C., counsel for Defendant Edward "Ed" Henry in the above-captioned action. I submit this Declaration, along with the accompanying Memorandum of Law, pursuant to Local Civil Rule 6.3, in support of Mr. Henry's Motion for Reconsideration of the Court's Order, dated September 9, 2021 ("Eckhart Opinion"), denying portions of Mr. Henry's Motion to Dismiss.

2. Mr. Henry's Motion for Reconsideration raises two grounds for review: (1) the Court's denial of Mr. Henry's motion to dismiss the claims for retaliation and revenge porn, and (2) its denial of Mr. Henry's motion to dismiss the New York State and City Human Rights claims as untimely. This Declaration is being submitted in support of the first ground for reconsideration of the motion to dismiss the retaliation claim and the claim for "revenge porn" against Mr. Henry. In addition to this Declaration, Mr. Henry is attaching the accompanying Declaration of Professor Bruce A. Green, the Louis Stein Chair at Fordham University School of

Law and Director of the Louis Stein Center for Law and Ethics, dated September 21, 2021 in support of that portion of Mr. Henry's Motion for Reconsideration.

## Factual Background

3.     In or around the end of June 2020, Fox News informed Mr. Henry that Jennifer Eckhart was accusing him of sexually harassing and assaulting her. Mr. Henry admitted having a relationship with Ms. Eckhart but emphatically denied ever harassing or assaulting Ms. Eckhart. As Mr. Henry stated then and now, the relationship with Ms. Eckhart was completely consensual. Shortly after she complained to Fox about the alleged assault, Ms. Eckhart threatened to file suit. At that time, I informed Mr. Willemin, counsel for Ms. Eckhart, that my client denied the allegations and that he had received explicit communications and photographs via text from Ms. Eckhart, some of which Mr. Henry still had, which supported Mr. Henry's assertions that the parties' relationship was consensual and undermined Ms. Eckhart's allegations of sexual harassment and rape.

4.     On July 20, 2020, Ms. Eckhart filed her first complaint (the "Complaint") publicly alleging that Mr. Henry had raped her. *See* Dkt. 1. The Complaint did not provide dates for the large majority of its allegations, and specifically did not provide a date for the alleged rape. *See id*. However, it appeared from the allegations and limited dates provided in the Complaint, that many of the communications were alleged to have come from Mr. Henry in early 2017. *See id*. Ms. Eckhart sent the explicit photographs to Mr. Henry in early 2017. The Complaint included a number of allegations related to communications that Mr. Henry had allegedly sent to Ms. Eckhart but failed to include the entirety of those communications, citing to only select communications and then only select portions of those communications. *See id.* at ¶¶ 9-11, 86-91. In particular, the Complaint made references to the parties' communications

2

surrounding the alleged rape and included what we believed was a completely baseless allegation that Mr. Henry had taken photographs of Ms. Eckhart the night of the alleged rape in order to blackmail her. The numerous salacious and graphic photographs in our possession which Ms. Eckhart sent willingly to Mr. Henry, which we understood to be from around the period of the alleged rape, clearly contradicted not only her harassment claim but also her blackmail claim.

5. As soon as the Complaint was filed, Mr. Henry denied any wrongdoing and maintained that the allegations levied against him in the Complaint were false. However, unlike Ms. Eckhart, whose Complaint was accompanied by television news interviews, Mr. Henry did nothing publicly but deny the allegations. He did not appear on a morning show or provide an interview, and he did not publicize the photographs even though he believed the photographs helped prove his innocence.

6. On September 11, 2020, Ms. Eckhart filed her Amended Complaint, which included the same undated alleged communications as the first Complaint. *See* Dkt. 38 at ¶¶ 59-65.

7. On October 14, 2020, Ms. Eckhart filed her Second Amended Complaint (the "SAC"). The SAC again included the same undated alleged communications as the first Complaint. *See* Dkt. 78 at ¶¶ 50-64.

8. Mr. Henry moved to dismiss the SAC on October 19, 2020 and moved for a more definite statement. In connection with his motion to dismiss and motion for a more definite statement, Mr. Henry attached documentary evidence in his possession which included communications that Ms. Eckhart had sent him, both for completeness (as noted, Ms. Eckhart had chosen to quote only part of the various messages cited in the SAC), and in order to put the communications alleged in the SAC into context. The communications attached to Mr. Henry's

3

motion included emails that Ms. Eckhart had sent Mr. Henry as well as the photographs she had sent him from what we understood, based on the general allegations in the SAC, was the time period of the alleged assault. Mr. Henry argued that these communications, including the photographs, were incorporated by reference in the SAC because they were a part of the same string of text messages upon which Ms. Eckhart relied to make her allegations in the SAC.

9. On September 9, 2021, this Court issued the Eckhart Opinion, denying, *inter alia*, Mr. Henry's motions to dismiss the retaliation and revenge porn claims and determining that the inclusion of the photographs, even though redacted, as support for the motion was unreasonable. *See* Eckhart Opinion at 42-46. Mr. Henry and his counsel now move for reconsideration of the motions to dismiss the retaliation and revenge porn claims and this Court's finding that the submission of the photographs was not a reasonable litigation practice. Respectfully, the Court's findings are not supported by the applicable law and would serve as a chilling effect on all attorneys' obligation to zealously represent their clients.

### Mr. Henry's Defense Team's Duty of Zealous Advocacy Mandated the Use of the Photographs to Support his Motions

10. Ms. Eckhart's allegations led to Mr. Henry's almost immediate termination from Fox and seriously damaged his reputation. Indeed, the inflammatory nature of the Complaint likely has made it impossible for Mr. Henry to have a career in broadcast journalism again. Nevertheless, it was my responsibility and the responsibility of all the attorneys on his defense team, to vigorously represent Mr. Henry and do what we could properly and professionally to defeat the allegations and help salvage his career and his life as quickly as possible. A significant portion of the strategy to defeat Ms. Eckhart's allegation was a powerful motion to dismiss which, to the fullest extent possible, would educate the Court about Mr. Henry's version of the events. Significantly, we believed the many unsupported and false descriptions in the

SAC of communications between the parties authorized Mr. Henry to explain his version of the events and also demanded a forceful response using the documentary evidence in our possession, which supported Mr. Henry's position that any relationship with Ms. Eckhart was entirely consensual. At no time was the intent in submitting the motion and the supporting evidence to "shame" Ms. Eckhart. Rather the intent was to demonstrate to the Court the weaknesses and fallaciousness of the SAC's allegations. The intent was to present a more complete picture of the parties' underlying relationship to help neutralize the SAC's inflammatory narrative. The intent was to defend Mr. Henry as fully and zealously as we could, which is and was our ethical obligation. By including portions of the alleged communications between Ms. Eckhart and Mr. Henry, the SAC opened the door to Mr. Henry's submission of documentary evidence. The SAC relied on those communications to present the Court with a distorted and false view of the parties' relationship. The photographs were part and parcel of those communications and therefore were incorporated by reference in Ms. Eckhart's SAC and thus qualified as documentary evidence, on which this Court had a right to rely in deciding Mr. Henry's motions. *See, e.g., Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152–53 (2d Cir. 2002) (a court may consider "any statements or documents incorporated in [the complaint] by reference. Even where a document is not incorporated by reference, the court may nevertheless consider it where the complaint relies heavily upon its terms and effect, which renders the document integral to the complaint." (internal citations and quotation marks omitted)); *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991) (courts may consider "any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference"); *DeLuca v. AccessIT Grp., Inc.*, 695 F.Supp.2d 54, 59-60 (S.D.N.Y. 2010) ("if extrinsic evidence submitted on a motion to dismiss is deemed part of the pleadings, it may be considered in deciding the

5

motion"); *Areu v. Fox News Network, LLC*, September 9, 2021 Order at 8-9 n.3 (considering portions of communications not included in the operative complaint because such communications were "either integral to the complaint or incorporated into the complaint by reference.")

11. Educating the Court on what Mr. Henry maintains are false statements in the SAC also was relevant to his motion for a more definite statement. As we explained in Mr. Henry's request for a more definite statement, evidence that the relationship between the parties was consensual and not forcible would undermine allegations of sex trafficking and sexual harassment, and we determined would subject them to dismissal.

12. The decision to file the photographs, however, was not done without due consideration. Prior to concluding that we needed to attach the photographs and other communications to the motion, we consulted with Federal Rule of Civil Procedure 5.2(a), which mandates that publicly filed documents should not include (1) the last four digits of the social-security number and taxpayer-identification number; (2) the year of the individual's birth; (3) the minor's initials; or (4) the last four digits of the financial-account number. Determining that none of these applied to the photographs, it was our determination that the photographs and other communications could be filed publicly.

13. Moreover, prior to publication, we reviewed the case law on retaliation and determined that the law provided that steps taken to defend against an accusation of harassment – and assault – did not amount to retaliation. *See Richardson v. Comm. on Human Rights & Opportunities*, 532 F.3d 114, 123-24 (2d Cir. 2008) ("'[r]easonable defensive measures do not violate the anti-retaliation provision . . . even though such steps are adverse to the charging employee and result in differential treatment'" (quoting *United States v. New York City Transit*

*Auth.*, 97 F.3d 672, 677 (2d Cir. 1996)); *Hughes v. Twenty-First Century Fox, Inc.*, 304 F. Supp. 3d 429, 449 (S.D.N.Y. 2018) ("Defendants' attempt to blunt the inflammatory force of her allegations was a colorable defense to protect their business"). Thus, we found no basis to believe that there was any legal prohibition to the use of the photographs. Nevertheless, in attempting to balance the goal of zealous advocacy and public defense of Mr. Henry with the goal of limiting the potential for embarrassment, we made the decision to redact nudity from the publicly-filed photographs. Respectfully, we would not agree with any conclusion that the law required us to redact the photographs. Indeed, we believed, and continue to believe, that the use of the photographs in any form is protected from allegations of retaliation or illegality because they were appropriately filed in connection with Mr. Henry's defense in a pending litigation. The goal in redacting the nudity from the photographs was to lessen any public embarrassment felt by Ms. Eckhart while still accomplishing the goal of effectively defending Mr. Henry.

14. Finally, we determined that we could not simply describe the photographs because doing so would not demonstrate sufficiently their consensual nature. The photographs make it abundantly clear that they were taken by Ms. Eckhart freely and intended for an individual with whom she was involved in a consensual relationship. A description would not have had the same impact as the photographs themselves. Moreover, describing the photographs would have allowed Ms. Eckhart to more forcefully deny that they were taken voluntarily or purport that they were pictures of someone else, as she attempted to do for the more salacious photographs.

15. Mr. Henry had possession of the photographs since 2017 and only filed them in response to a lawsuit filed publicly against him and only after nudity in the photographs had been redacted. I do not contest that Ms. Eckhart felt embarrassed, or even humiliated, by the publicly-

filed redacted photographs. I can state unequivocally, however, that embarrassment or humiliation was not the goal. Rather, the goal was to forcefully refute accusations that have been made against Mr. Henry publicly. It was Mr. Henry's legal team's professional assessment that these photographs were incorporated by reference in the SAC and constituted crucial documentary evidence that the Court needed to see to fully and accurately evaluate Mr. Henry's motions to dismiss and for a more definitive statement.

16. Finally, we respectfully request that the Court's Eckhart Opinion denying the motion to dismiss the claims of retaliation and revenge porn, and its determination as to the reasonableness of filing the photographs, be revisited. Although we appreciate the right of women subject to sexual harassment and assault to come forward and prosecute their claims, those rights cannot take precedence over the right of the defendants to defend themselves against such allegations which can be career ending and life-altering. Both parties are entitled to a public airing of grievances and defenses and those rights must work in conjunction with each other. As counsel for Mr. Henry, we respectfully submit that the Court's Eckhart Opinion will serve to chill the ability of advocates to fulfill their ethical obligations to their clients and chill a defendant's legal right to mount a full, complete and vigorous defense.

WHEREAS for the reasons set forth above, and in the accompanying Declaration of Professor Bruce A. Green, dated September 21, 2021, and the accompanying Memorandum of Law, Mr. Henry respectfully requests that the Court reconsider his motion to dismiss the retaliation and revenge porn claims in the Third Amended Complaint and reverse its conclusion that the filing of the photographs was not a reasonable litigation practice.

Dated: New York, New York
       September 21, 2021

*Catherine M. Foti*
CATHERINE M. FOTI