# Exhibit 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JENNIFER ECKHART,

            Plaintiff,

            v.

FOX NEWS NETWORK, LLC, and ED HENRY, in his
individual and professional capacities,

            Defendants.

Case No. 20-CV-5593 (RA)

---

## DECLARATION OF BRUCE A. GREEN IN SUPPORT OF DEFENDANT ED HENRY'S MOTION FOR RECONSIDERATION

BRUCE A. GREEN declares, pursuant to 28 U.S.C. § 1746 and Local Civil Rule 1.9, under penalty of perjury, the following to be true and correct:

1.      I am the Louis Stein Chair at Fordham University School of Law and Director of the Louis Stein Center for Law and Ethics.  I am admitted to practice law in New York, the United States District Courts for the Southern and Eastern Districts of New York, and the Supreme Court of the United States.

2.      Counsel for Defendant Ed Henry has retained me to provide an expert opinion in connection with Henry's motion for reconsideration of the Court's September 9, 2021 Opinion and Order.  Specifically, I have been asked to address professional conduct rules and norms that

may be relevant to whether Henry's counsel reasonably included, in a public filing, explicit

photographs that Eckhart sent Henry during the period covered by Eckhart's complaint.

## QUALIFICATIONS

3.      My qualifications to provide expert opinions on questions of lawyers'

professional conduct are set forth in my curriculum vitae, attached hereto as Exhibit A.

4.      I have been a law professor at Fordham University since 1987.  Upon graduation

from law school in 1981, I served as a law clerk to Judge James L. Oakes of the United States

Court of Appeals for the Second Circuit, and then as a law clerk to Justice Thurgood Marshall of

the Supreme Court of the United States.  I then became an Assistant United States Attorney for

the Southern District of New York, eventually serving as Deputy Chief and then Chief of the

Criminal Division's appeals unit.

5.      I have regularly taught courses in legal ethics since 1987.  I teach a survey course

on Professional Responsibility and a seminar on Ethics in Criminal Advocacy.  In the survey

course, I assign a casebook on which I am a co-author.  (Jefferson, Pearce, Green et al.,

*Professional Responsibility: A Contemporary Approach* (4th ed. 2020).)

6.      I have organized or co-organized numerous conferences and programs for

academics and practitioners on issues of legal ethics, and I speak frequently at Continuing Legal

Education and academic programs regarding legal ethics issues in litigation.  I have written

extensively on legal ethics in both academic and professional publications, including regarding

issues that arise in litigation.  My curriculum vitae lists my publications.

7.      I have engaged extensively in various professional work relating to legal ethics,

primarily involving drafting, interpreting, or enforcement of professional conduct rules.  In New

York, I am the immediate past chair of the New York City Bar's Committee on Professional

Ethics; in the New York State Bar Association, I am a member and past chair of the Committee

on Professional Ethics, and I serve on the Committee on Standards of Attorney Conduct; and I

previously served on the Departmental Disciplinary Committee of the First Department.  On the

national level, I chair the Multistate Professional Responsibility Examination drafting

committee; I previously served on the ABA Standing Committee on Ethics and Professional

Responsibility, to which I am now a liaison; I chaired the ethics committees of the ABA's

Litigation and Criminal Justice Sections; I served on the ABA Litigation Section's Task Force on

Settlement Ethics; I was the reporter to the ABA Commission on Multijurisdictional Practice and

to the ABA Task Force on Attorney-Client Privilege; and I chaired the Section on Professional

Responsibility of the Association of American Law Schools.  In recognition of my work in the

field of legal ethics, I was the 2018 recipient of the Michael Franck Professional Responsibility

Award.

8.      I occasionally testify as an expert witness, give advice, draft amicus briefs, and

render other professional services on lawyers' professional conduct.  As an expert witness, I

render opinions in my individual capacity and do not speak on behalf of any of the entities with

which I am, or have been, associated.

9.      I am being compensated at my regular hourly rate for preparing this Declaration.

**RELEVANT FACTS**

10.      I have no first-hand knowledge of the relevant facts.  For purposes of rendering

opinions, I have reviewed the following documents: (1) Eckhart's Second Amended Complaint;

(2) Memorandum of Law in Support of Defendant Ed Henry's Motion to Dismiss [the Second

Amended Complaint] and for a More Definite Statement ("Mem. No. 1"); (3) Eckhart's Third

Amended Complaint; (4) Memorandum of Law in Support of Defendant Ed Henry's Motion to

Dismiss [the Third Amended Complaint], Motion to Strike, Motion for Sanctions, and Motion for a More Definite Statement ("Mem. No. 2"); (5) Memorandum of Law in Opposition to Defendant Ed Henry's Motion to Dismiss Plaintiff's Third Amended Complaint, Motion to Strike, Motion for Sanctions and Motion for a More Definite Statement; (6) Reply Memorandum of Law in Further Support of Defendant Ed Henry's Motion to Dismiss, Motion to Strike, Motion for Sanctions, and Motion for a More Definite Statement; (7) the Court's September 9, 2021 Opinion & Order in this case ("*Eckhart* Opinion & Order"); (8) the Court's September 9, 2021 Order in *Areu v. Fox News Network, LLC* ("*Areu* Opinion & Order"); and (9) Declaration of Catherine M. Foti in Support of Defendant Ed Henry's Motion for Reconsideration.

11.     The relevant facts are known to the Court and are, in brief, as follows.

12.     Eckhart's Second Amended Complaint alleged that Henry "prey[ed]" on her beginning in 2014 when he began following her on Twitter and that, shortly after, he sent her "a Direct Message ('DM') on Twitter that said only, 'beautiful.'"  Soon after, Eckhart allegedly became Henry's "sexual target," as he "continued to send inappropriate, flirtatious and, at times, sexually graphic messages" to her.  The ongoing communications between them, quoted in part in the Complaint, allegedly led to forcible sexual encounters, sexual assaults and other sexual misconduct, and rape, after which Henry allegedly harassed and retaliated against Eckhart.  The Complaint quotes extensively from Henry's correspondence with Eckhart, which allegedly documents and corroborates her allegations.

13.     On behalf of Henry, his counsel prepared and filed a memorandum of law moving to dismiss the Second Amended Complaint and seeking a more definite statement regarding when the alleged rape and other alleged acts and communications occurred.  Both the Preliminary Statement and the Factual Background asserted that Henry's relationship with

4

Eckhart "was completely consensual, and Eckhart engaged in it willingly and enthusiastically," Mem. No. 1, at 2, and that the Complaint's allegations to the contrary had "cherry-picked communications, selectively quoted only portions of those communications, and failed to include crucial evidence of her interactions with Mr. Henry to paint a false and libelous narrative of what was clearly a consensual relationship between two adults." *Id.* at 1-2. To show that Eckhart had instigated the flirtation with Henry, *id.* at 5, and that Eckhart was a willing participant in their sexual relationship, *id.* at 8, the memorandum of law provided a factual account contrary to that of the Complaint, based on communications between Henry and Eckhart that were not quoted in the Complaint or not quoted in full. Among the relevant correspondence omitted from Complaint, along with various emails and texts showing Eckhart's alleged willingness, were sexually explicit photos that she sent Henry on her own initiative. *Id.*

14.     The memorandum of law noted that the Second Amended Complaint was vague as to the timing of alleged events, *id.* at 6, 14 n.5 & 16, and particularly of the alleged rape, *id.* at 8 n.4, and it argued that Henry could not adequately defend himself "without a precise date of the alleged rape" and "specific dates for the first sexual encounter or for the numerous snippets of text messages" included in the complaint. *Id.* at 29-32.

15.     Along with the memorandum of law, Henry's counsel publicly filed a declaration attaching the exhibits to which the memorandum of law referred, including the photographs, after undertaking to "obscure[] the images that show Eckhart's naked breasts, buttocks, or vagina." *Id.* at 8 n.3. The memorandum of law acknowledged that "normally courts are not entitled to consider extrinsic evidence in determining a motion to dismiss," but asserted that a court must consider the documents incorporated into the complaint by reference, that the plaintiff had incorporated her sexually-explicit correspondence with Henry by selectively quoting from it,

and that "the Court should consider the remainder of the communication[s]."   Mem. #1 at 4-5 n.2.

16.     Eckhart responded by filing a Third Amendment Complaint adding allegations targeting Henry's public filing.  This complaint alleged that by filing the sexually explicit photographs of her, Henry had engaged in a further act in violation of New York State's anti-retaliation law and had violated its "revenge porn" law (Civil Rights Law § 52-b).

17.     On Henry's behalf, his counsel filed a memorandum of law moving to dismiss the Third Amended Complaint and again seeking a more definite statement regarding when the alleged rape and other alleged events occurred.   As before, to show that her relationship with Henry was consensual, the memorandum of law provided a contrary factual account based on portions of the chain of communications (including the photos Eckhart sent of herself) that Eckhart had omitted from this complaint.  Mem. #2 at 1-13.  The memorandum of law argued that "the redacted photographs . . . were plainly not retaliation" because "Mr. Henry has a right to defend himself."  *Id.* at 30.  And it argued that the photographs were outside the Civil Rights Law because, among other things, the law permits the "dissemination or publication of an intimate still or video image made during lawful and common practices of . . . legal proceedings," and the redacted photographs were not filed "to harass, annoy or alarm Eckhart," but "to demonstrate that, as with her other allegations, Eckhart had chosen to cherry-pick the facts."  *Id.* at 34-35.

18.     The Court rejected Henry's arguments regarding the photographs.  While acknowledging that reasonable defense measures are not subject to allegations of retaliation, the Court found that "[t]he filing of these photographs was by no means reasonable."  *Eckhart* Opinion and Order at 42.  For essentially the same reason, the Court denied Henry's motion to

dismiss Eckhart's cause of action under New York's Civil Rights Law § 52-b.  *Id.* at 2 ("Because Eckhart plausibly alleges that this conduct was indeed intended to 'shame' her, and because the Court finds that posting these photographs was not a reasonable litigation tactic, this claim [for retaliatory harassment and trauma] survives, as does Eckhart's claim against Henry for violation of New York's 'revenge porn' law.").

## OPINION

19.     I submit this opinion on the assumption that the applicable professional conduct rules and norms may bear on whether Henry may be civilly liable for his counsel's public filing of explicit photographs.  I do not express an opinion on whether professional understandings are in fact significant, because that is a question of law.[1]  But for purposes of putting my opinions in context, I assume that professional understandings relating to civil litigation may bear on whether advocacy in defense of a civil lawsuit is "reasonable"[2] and/or that professional

---

[1] I also express no view on whether an expert opinion on questions of professional conduct is admissible and useful in this context.  Although courts have varied in their receptivity to expert opinions from legal ethics scholars, courts sometimes find such submissions useful.  *See, e.g.*, *In re Grievance Committee of United States Dist. Court*, 847 F.2d 57, 62 (2d Cir. 1988); *see also Amnesty Int'l United States v. Clapper*, 638 F.3d 118, 128 (2d Cir. 2011).

[2] I note that *Strickland v. Washington*, 466 U.S. 668 (1984), which addresses "reasonableness" under the Sixth Amendment right to effective assistance of counsel, recognized that "[p]revailing norms of practice as reflected in American Bar Association standards and the like . . . are guides to determining what is reasonable."  *Id.* at 688.  The Court also observed that, "[b]ecause of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."

understandings may be relevant because the New York State anti-retaliation and "revenge porn" laws generally exempt lawful, ethical advocacy in defense of a federal civil lawsuit.[3]

20.    In this case, the applicable professional conduct rules are those of the New York Rules of Professional Conduct ("NY Rules"), which have been adopted by Local Rule 1.5(b)(5) of the Civil Local Rules of the Southern and Eastern Districts of New York.

21.    An overriding principle of the professional conduct rules and norms as they relate to civil litigation is that, within the bounds of the law, lawyers must provide "zealous advocacy." *See Grievance Comm. v. Simels*, 48 F.3d 640, 650 (2d Cir. 1995) (acknowledging the "overriding concern of . . . a lawyer's ethical duty of zealous advocacy"); *see also* NY Rules, Rule 1.1(c)(1) ("A lawyer shall not intentionally . . . fail to seek the objectives of the client through reasonably available means permitted by law and these Rules").  Therefore, Henry's motion and his counsel's accompanying filing of exhibits, including the redacted photographs, raises two questions of professional conduct: (1) whether Henry's counsel were engaged in zealous advocacy; and (2) whether their advocacy was within the bounds of the law and professional conduct rules.

22.    For the reasons discussed below, when Henry's counsel publicly filed the explicit photographs that Eckhart sent Henry, the lawyers engaged in zealous advocacy within the

---

[3] I assume that questions of federal preemption might be raised if state laws did not include such exemptions.

bounds of the law and the NY Rules.  If the state laws exempt lawful, ethical advocacy in
defense of a lawsuit, counsel's conduct should therefore be exempt.

> *Henry's counsel were engaged in zealous advocacy in filing redacted photographs to*
> *substantiate the statement of facts in support of the pretrial motions.*

23.     As discussed below, it is evident on the face of Henry's filings that his lawyers
were engaged in zealous advocacy on his behalf when, to support the statement of facts in
connection with Henry's pretrial motions, they publicly filed Henry's correspondence with
Eckhart, including redacted photographs that Eckhart sent Henry.

24.     I assume that no one takes issue with the legitimacy of the pretrial motions
themselves as zealous advocacy on Henry's behalf.  Motions to dismiss civil claims are
permitted by Rule 12(b)(6) of the Federal Rules of Civil Procedure, and motions for a more
definite statement are permitted by Rule 12(e).  Such motions may not contain frivolous factual
or legal assertions or knowingly false statements, and they may not be supported by knowingly
false evidence, *see* NY Rules, Rule 3.1 & 3.3, but there is no suggestion that Henry's motions
suffered from any of these infirmities.

25.     The pretrial motions included Henry's factual account – namely that, contrary to
Eckhart's allegations, their sexual relationship was consensual and she encouraged it, including
by sending him sexually suggestive photographs of herself.  Henry's counsel could have awaited
the filing of Henry's Answer or other subsequent pleadings before providing his factual account
to counter the allegations of the complaint, but taking advantage of this earlier opportunity was
legitimate, zealous advocacy.  This is true, in my opinion, for each of the following reasons.

a.  First, Henry's factual account, based on correspondence omitted from the complaint,
bolstered his motion for a more definite statement.  Without describing Henry's defense, it would
be less clear why learning the dates of Henry's acts and statements alleged in the complaint

9

mattered to the defense.  Eckhart alleged that their sexual encounters were nonconsensual and

forcible.   Henry was prepared to show that Eckhart engaged in acts inconsistent with the claim,

prominent among them being her sending Henry sexually explicit photographs of herself.  The

probative value of the photos and other documentary evidence of Eckhart's receptivity to a

sexual relationship with Henry would depend, however, on their temporal proximity to the acts

that Eckhart alleges to have been nonconsensual and forcible.  If Henry's counsel had asked the

Court to order Eckhart to provide specific dates, but they did not tie this request to his factual

defense, their motion would have been weaker.

   b.  Second, Henry's contrary version of events provided context for the motion to

dismiss.  Just as judicial opinions frequently recite facts, regardless of whether they bear directly

on the particular legal questions addressed in the opinions, parties may seek to provide their

version of the disputed facts of a case to contextualize their legal arguments.  Facts that have "no

legal force" may provide "fair litigation atmospherics," *Aspen Advisors LLC v. United Artists*

*Theatre Co.*, 843 A.2d 697, 705 (Del. Ch. 2004), with the aim of enhancing the court's

understanding or evoking the court's sympathy for legal arguments that follow.   Further,

Henry's counsel could seek to advance the defense by providing Henry's version of events,

corroborated by documentary evidence, to educate the court about the theory of the defense and

attempt to counter the negative feelings that the allegations of the complaint would tend to

evoke.[4]

   c.  Third, it advanced the defense to use the occasion of the motions to attempt "to blunt

the inflammatory force of [Eckhart's] allegations," *Hughes v. Twenty-First Century Fox, Inc.*,

---

[4] Regardless of whether judges' feelings are legally relevant, their feelings are likely to influence
their decision-making.  *See, e.g.*, William J. Brennan, Jr., *Reason, Passion, and "The Progress of
the Law,"* 10 CARDOZO L. REV. 3, 10 (1988) (observing that "sensitivity to one's intuitive and

304 F. Supp. 3d 429, 449 (S.D.N.Y. 2018), to protect Henry's professional reputation. Courts –

including this Court in its *Areu* Opinion & Order at 29 – have recognized that, even in

extrajudicial advocacy, it is legitimate for counsel to counter allegations' adverse impact by

publicizing the client's contrary factual account. *See, e.g.*, *Gentile v. State Bar of Nevada* 501

U.S. 1030, 1043 (1991) (plurality opinion of Kennedy, J.)  (An attorney "cannot ignore the

practical implications of a legal proceeding for the client. . . .  [A]n attorney may take reasonable

steps to defend a client's reputation and reduce the adverse consequences of indictment,

especially in the face of a prosecution deemed unjust or commenced with improper motives.  A

defense attorney may pursue lawful strategies . . ., including an attempt to demonstrate in the

court of public opinion that the client does not deserve to be tried.").  If countering adverse

allegations is legitimate advocacy in the court of public opinion, it is legitimate advocacy in

judicial filings.

      26.     Having provided Henry's contrary version of the facts to advance Henry's

defense, it was zealous advocacy for Henry's counsel to substantiate Henry's version of events

by filing documentary evidence of uncontested authenticity, including not only Eckhart's written

communications but also the photographs she sent Henry, which counsel redacted to reduce harm

to Eckhart.  The credibility of Henry's factual account was enhanced by providing evidence to

---

passionate responses . . . [is] not only an inevitable but a desirable part of the judicial process"); Irving R. Kaufman, *The Anatomy of Decisionmaking*, 53 FORDHAM L. REV. 1, 16 (1984) ("Our intuition, emotion and conscience are appropriate factors in the jurisprudential calculus."). Advocates are not obligated to ignore the emotional impact of the opposing party's allegations; as an aspect of zealous advocacy, counsel may attempt to reduce the allegations' emotional impact by presenting contrary or additional facts.

substantiate it.  The Court may have discounted that account or ignored it altogether if it were unsubstantiated.

27.     In advancing the defense by submitting Henry's version of events, together with evidence to support his account, it was also legitimate, zealous advocacy for Henry's counsel to include the actual photographs rather than descriptions of them.  In general, advocates prefer to present photographs and other tangible evidence rather than verbal descriptions, which tend to be imprecise and less impactful.  Advocates are generally permitted to do so at trial, because tangible evidence has more force than a description.  *See Old Chief v. United States*, 519 U.S. 172, 186-89 (1997).  Further, it made sense to file the memorandum of law, the supporting declaration, and the accompanying records on the public docket because that is the norm in federal litigation: There is a strong presumption against filing under seal, because of the public right of access to judicial filings and the First Amendment implications.  *See, e.g.*, *Mirlis v. Greer*, 952 F.3d 51 (2d Cir. 2020).  Beyond that, putting the evidence on the public docket constituted zealous defense advocacy because, by publicly corroborating Henry's account, the evidence potentially mitigated the prejudice caused by Eckhart's public allegations.  *See* ¶ 25, *supra*.

*Counsel's advocacy was within the bounds of the law.*

28.     Counsel's zealous advocacy in submitting the redacted photographs in support of Henry's pretrial motions was within the bounds of the law.   Procedural rules permitted counsel to publicly file the motions along with a declaration with exhibits in support of the motions. Leaving aside the civil law on which Eckhart bases her causes of action (and which accommodate defense advocacy), it does not appear that any law, rule or prior ruling precluded Henry's counsel from including the redacted photographs as part of their judicial filing on the

public docket.  It may be that, in retrospect, a court rule or ruling should provide for sexually explicit photographs to be filed under seal, or not filed at all, to protect against invasions of privacy and bodily integrity, but the law did not so require at the time of the filing in this case. Neither Fed. R. Civ. P. 5.2, which specifically sets forth privacy protections in civil filings, nor this Court's Local Rules, addressed this issue.

29.     Although the Court declined to consider the photographs in deciding Henry's motion to dismiss, because it determined the photographs were not "'incorporated' into the Complaint,'" *Eckhart* Opinion & Order at 43, it was lawful to include the redacted photographs in the filing on Henry's behalf.  This is true for any of several reasons.  First, the factual background and the evidence supporting it, including the photographs, were relevant to Henry's motion for a more definite statement, for reasons discussed in ¶ 25, above.   Second, counsel may submit evidence to support a motion to dismiss, and strict evidentiary rules do not apply.  *See, e.g.*, *Shepard v. Shinseki*, 2014 U.S. Dist. LEXIS 20562, *8-9 (D. Nev. Feb 19, 2018).  Third, even if a court deciding a motion to dismiss should consider only evidence incorporated in the complaint, a lawyer violates no rule or law by making factual or evidentiary submissions that, in retrospect, should not be considered.  Fourth, even assuming a lawyer needs a legal basis to submit evidence in support of a motion to dismiss, the governing standard is Fed. R. Civ. P. 11 and Rule 3.1 of the NY Rules.  That is, the lawyer is required, at most, to have a nonfrivolous basis to argue that the court may consider the evidence in question.  I assume it was not frivolous for Henry's counsel to assert that Eckhart's complaint, alleging that Henry preyed on her by sending "inappropriate, flirtatious and, at times, sexually graphic messages," implicitly

"incorporated" both sides of their sexually graphic correspondence, not just the pieces of Henry's communications quoted in the complaint.

*Counsel's advocacy was within the bounds of the NY Rules.*

30.     As noted at the outset in ¶ 21, Henry's counsel's overarching professional obligation was that of zealous advocacy.  His lawyers must use their best professional judgment to defend him in this lawsuit.  They would be subject to discipline under Rule 1.1(c)(1) if they intentionally "fail[ed] to seek [his] objectives . . . through reasonably available means permitted by law and [the NY Rules]."

31.     Two provisions of the NY Rules, in addition to those discussed above, potentially applied to the lawyers' decision to file the redacted photographs in support of Henry's motions, but on analysis, neither rule was violated.

32.     First, Rule 3.4(d)(1) provides: "A lawyer shall not . . . in appearing before a tribunal on behalf of a client . . . state or allude to any matter that the lawyer does not reasonably believe is relevant or that will not be supported by admissible evidence."  This rule is ordinarily invoked in jury trials when lawyers refer to irrelevant facts or make unsupportable factual assertions.  It is doubtful whether the rule applies to irrelevant factual assertions in connection with lawyers' legal arguments to the court. *Cf. Geltzer v. Brizinova*, 565 B.R. 488, 501, 506-10 (E.D.N.Y. 2017) (denying sanctions under the NY Rules for alleged improprieties in motion to dismiss).  But even if the rule might apply to pretrial motions, the rule was not violated here.  For the reasons discussed above in ¶¶ 24-27, in preparing a memorandum of law in support of their pretrial motions, Henry's counsel could conclude, as a matter of professional judgment, that his contrary factual account of his relationship with Eckhart would advance the defense in any of

14

several ways, and the factual account was supported by the documentary evidence they filed along with the pretrial motions.

33.     Second, Rule 4.4(a) provides, in part: "In representing a client, a lawyer shall not use means that have no substantial purpose other than to embarrass or harm a third person."  The rule clearly conveys that an advocate may employ litigation tactics and strategies that serve a substantial purpose – e.g., to discover relevant evidence, or, as here, to prevail on a motion and to influence judicial and public perceptions of the defense – even if someone other than the client may be embarrassed or harmed as a result.  As a recent state court decision explained:

> An attorney is in violation of rule 4.4(a) if he or she, in representing a client, employs resources and methods that, although not illegal, have no important or considerable purpose other than to embarrass, delay, or burden a third person. Such actions are prohibited when the attorney engages in them for no other significant purpose other than to harass the third person.  It is important to note that an attorney's lawful actions taken on behalf of his or her client may often cause embarrassment or inconvenience to an opposing party or another person. The attorney does not violate the rule, however, unless the means were employed for no legitimate and considerable purpose other than to cause embarrassment or inconvenience to the third person.

*Marino v. Statewide Griev. Comm.*, 206 A.3d 198, 205 (Conn. 2019) (overturning sanction under Rule 4.4(a)); *see, e.g.*, *Shepherd v. Am. Broad. Cos.*, 62 F.3d 1469, 1483-84 (D.C. Cir. 1995) (finding that lawyer did not violate Rule 4.4(a) by upsetting a witness during an interview, because the lawyer had a legitimate purpose for speaking with the witness).

34.     For reasons already discussed in ¶¶ 24-27, Henry's counsel had a "substantial purpose" for filing pretrial motions and for including the photographs along with written communications in the evidentiary submission filed publicly in support of the motions.  That purpose was implicit on the face of the relevant memorandum of law, and explicit in counsel's subsequent submission, which explained that "Mr. Henry has a right to defend himself," Mem. #2 at 30, and that the redacted photographs were filed as part of that defense "to demonstrate

that, as with her other allegations, Eckhart had chosen to cherry-pick the facts." *Id.* at 34-35.

The Court acknowledged that this explanation is "reasonable," *Eckhart* Opinion & Order at 46,

which should compel the conclusion that, from an objective perspective, Henry's counsel had a

"substantial purpose other than to embarrass or harm" the plaintiff.

### Conclusion

35.     Eckhart's Second Amended Complaint alleged that Henry sent her "inappropriate,

flirtatious and, at times, sexually graphic messages" that led to forcible, nonconsensual sexual

encounters, including a rape.  The complaint quoted selectively from their communications.  In

defense of their client, Henry's counsel publicly filed two pretrial motions.  Their memorandum

of law provided a contrary version of the facts drawn from communications omitted from the

complaint, to show that the sexual relationship between Eckhart and Henry was consensual.

Henry's counsel also filed on the public record the communications from which the statement of

facts was drawn.  These included, along with written communications, redacted copies of

sexually explicit photographs that Eckhart had sent Henry during the period when Henry was

allegedly making unwanted advances.  In making these submissions to the Court, counsel's

purpose was to defend Henry.  The purpose of the contrary statement of facts, corroborated by

documentary evidence, was to show that Eckhart had "cherry-pick[ed] the facts," and that her

allegations were false.   For the reasons discussed above, my conclusion is that, in making these

public filings, Henry's counsel engaged in zealous advocacy within the bounds of the law and

professional conduct rules.  That is, counsel employed "reasonably available means permitted by law and the[] Rules" to defend their client, as contemplated by Rule 1.1(c)(1).


Dated:  New York, New York
       September 21, 2021



BRUCE A. GREEN

# Exhibit A

**BRUCE A. GREEN**
**Louis Stein Chair**
**Fordham University School of Law**
**150 West 62nd Street**
**New York, NY 10023**
**(212) 636-6851; (212) 636-6899 (FAX)**
**bgreen@law.fordham.edu**

### Bar Admissions

New York State (since 1982)
U.S. District Courts for the Southern and Eastern Districts of New York
U.S. Supreme Court

### Education

**Columbia University School of Law**:  J.D. 1981
        Honors: James Kent Scholar; Harlan Fiske Stone Scholar
        Associate Editor, *Columbia Law Review*

**Princeton University**:  A.B. 1978, *summa cum laude*

### Current Legal Employment

**Fordham University School of Law**:
        Louis Stein Chair of Law, since 1997
        Professor, 1996-97; Associate Professor, 1987-96
        Director, Louis Stein Center for Law and Ethics, since 1997
        Director, Stein Center for Ethics and Public Interest Law, 1992-97

### Prior Full-time Legal Employment

**New York University School of Law**: Visiting Professor: January-May 2007

**Office of the United States Attorney for the Southern District of New York**:
        October 1983 to August 1987, Assistant United States Attorney
        Deputy Chief Appellate Attorney, 1986-87; Chief Appellate Attorney, 1987

**U.S. Supreme Court**:  Law clerk to Justice Thurgood Marshall, 1982-83

**U.S. Court of Appeals for the Second Circuit**:  Law clerk to Judge James L. Oakes, 1981-82

## Other Legal Positions

**Departmental Disciplinary Committee, App. Div., 1st Department**: Member, 1997-2002

**New York City Conflicts of Interest Board**: Member, Nov. 1995 to March 2005

**Handschu Authority**: Civilian member, July 1994 to Nov. 1995

**Office of Investigations Officer (U.S. v. I.B.T.)**: Special Counsel (part-time), 1991

**Office of Independent Counsel Lawrence Walsh**, Associate Counsel (part-time), 1988-91

**N.Y.S. Commission on Government Integrity**: Consultant and special investigator, 1988-90

**Columbia University School of Law**: Adjunct Professor (part-time), 1990

**Office of the United States Attorney for the Southern District of New York**: Special Assistant United States Attorney (part-time), September 1987 to June 1988

**Fordham University School of Law**: Adjunct Assoc. Professor (part-time), 1985-87

## Professional Service

**American Bar Association**:
    Commission on the American Jury Project: member, 2006-2008
    Commission on Multijurisdictional Practice: reporter, 2000-2002
    Coordinating Group on Bioethics and the Law: member, 1997-2003
    Criminal Justice Section:
        Chair: 2010-2011
        Chair-elect: 2009-2010
        Council: member, 2011-2017
        Criminal Justice Standards Comm.: chair, 2017 to present; member, 2013-2017
        First Vice Chair: 2008-2009
        Ethics, Gideon and Professionalism Committee: co-chair, 2006-09
    Death Penalty Representation Project: member, 2006-09, 2014-17
    Section of Individual Rights and Responsibilities:
        Chair, Committee on Privacy and Information Protection, 2014-15
    Section of Litigation:
        Task Force on Sound Advice, 2012-13
        Task Force on Implicit Bias: member, 2011-12
        Task Force on the Litigation Research Fund: Chair, 2007-2011
        Division VII (Task Forces): Co-Director, 2007-2008
        Council member, 2004-07
        Committee on Law Faculty Involvement: co-chair, 1998-2001, 2003-2004
        Civil Justice Institute: member, 2001-03
        Task Force on Ethical Guidelines for Settlement Negotiations: member, 2000-02
        Ethics 2000 Task Force: member, 1999-2000
        Committee on Ethics and Professionalism: co-chair, 1995-1998
        Task Force on the Independent Counsel Act: reporter, 1997-1999
        Rep. to Sec./Div. Committee on Professionalism and Ethics, 1996-2003
        Committee on Amicus Curiae Briefs: chair, 1991-1995
    Standing Committee on Ethics and Professional Responsibility: member, 2008-2011
    Standing Committee on Professionalism: reporter, 2000-2001
    Steering Committee for the Symposium on the Multijurisdictional Practice of Law:
reporter, 1999-2000
    Task Force on the Attorney-Client Privilege: reporter, 2004-2010
    Task Force on Law Schools and the Profession: consultant, 1991-92

**Association of American Law Schools:** Chair, Section of Professional Responsibility, 1999-2000

**Criminal Law Bulletin**: Contributing editor, 1988-1998

**Evan B. Donaldson Adoption Institute**: Ethics Advisory Committee: member, 1998-2001

**Federal Bar Council**:
> Board of Trustees, member, 2018 to present
> Second Circuit Courts Committee: member, 1994-1997; chair, Subcommittee on
Criminal Law and Ethics
> *Federal Bar Council News*: member of the Editorial Board, 1995-2005
> Inn of Court: master, 2000-2002

**International Association of Legal Ethics:** Treasurer, 2019 to present; Chair, Conference
Planning Advisory Committee, 2014-16; Director, 2010-13

**Legal Ethics**: Member of Advisory Board, 2008 to present

**National Conference of Bar Examiners, MPRE Drafting Committee**, Chair, 2018 to present;
Member, 2001-2018

**New York City Bar:**
> Committee on Professional and Judicial Ethics: chair, 2016-2020; member, 1994-1997,
2003-2006, 2015-16
> Litigation Funding Working Group: member, 2018-2020
> Executive Committee: member, 2010-14
> Working Group on the NYS Bar Exam: member, 2014
> White Collar Crime Committee: member, 2013-16
> Council on Criminal Justice: member, 2009-13
> Delegate to NYS Bar Association, 2003-07
> Nominating Committee: member, 2005
> Ethics 2000 Committee: member, 1999-2001
> Jt. Committee on the Legal Referral Service: chair, 1993-96; member, 1996-2000
> Committee on International Access to Justice: member,1999-2000
> Committee on Disaster Plan: member, 1996-1997
> Marden Lecture Committee: member, 1991-1994
> Criminal Law Committee: member, 1991-1994
> Task Force on Lawyer Training: member, 1992-1994
> Corrections Committee: member, 1988-1991

**New York County Lawyers' Association**:
> Director, 2004-2007, 2008-2012, 2013-2017
> Delegate to NYS Bar Association, 2009-2011
> Member, Committee on Professional Ethics, 2014 to present

**New York State Bar Association:**
    Committee on Professional Ethics: Chair, 1998-2001; member, 1991 to present
    Committee on Standards of Attorney Conduct: member, 1997 to present
    House of Delegates member, 2003-2007, 2009-2015
    Task Force on Attorney Client Privilege, 2006-2008
    Task Force on "Pay to Play" Concerns, member, 1998-2000

**New York State Continuing Legal Education Board:** Member, 2008-2011

**New York State Task Force on Attorney Professionalism and Conduct:** Member, 1996-1998

## <u>Awards</u>

Michael Franck Professional Responsibility Award, given by the ABA Center for Professional Responsibility, May 31, 2018

Powell Pierpont Award, given by the N.Y.C. Conflicts of Interest Board "for outstanding service to the New York City Conflicts of Interest Board," May 23, 2006

New York State Bar Association Criminal Justice Section Award for "outstanding contribution in the field of criminal law education," Jan. 23, 2003

Sanford D. Levy Award, given by New York State Bar Association Committee on Professional and Judicial Ethics, 1990

## PUBLICATIONS

### Articles in Law Journals

Selectively Disciplining Advocates, Conn. L. Rev. (forthcoming 2022),
https://privpapers.ssrn.com/sol3/papers.cfm?abstract_id=3864142

Impeaching Legal Ethics, Fla. St. Univ. L. Rev. (forthcoming 2022) (with Rebecca Roiphe),
https://papers.ssrn.com/sol3/papers.cfm?abstract_id=3789957

Who Should Police Politicization of the DOJ?, 35 Notre Dame J. L. Ethics & Pub. Pol'y 671
(2021) (with Rebecca Roiphe)

Mental Health and the Legal Profession: Foreword and Dedication, 89 Fordham L. Rev. 2415
(2021) (with Deborah Denno)

Technocapital@Biglaw.com, 18 Nw. J. Tech. & Intell. Prop. 265 (2021) (with Carole Silver)

The Judicial Role in Professional Regulation: Foreword, 89 Fordham L. Rev. 1099 (2021)

When Prosecutors Politick: Progressive Law Enforcers Then and Now, 110 J. Crim. L. &
Criminology 719 (2020) (with Rebecca Roiphe)

May Class Counsel Also Represent Lead Plaintiffs?, 72 Florida L. Rev. 1083 (2020) (with
Andrew Kent)

Victims' Rights from a Restorative Perspective, 17 Ohio St. J. Crim. L. 293 (2020) (with Lara
Bazelon)

Restorative Justice from Prosecutors' Perspective, 88 Fordham L. Rev. 2287 (2020) (with Lara
Bazelon)

Should Criminal Justice Reformers Care About Prosecutorial Ethics Rules?, 58 Duq. L. Rev. 249
(2020) (with Ellen Yaroshefsky)

A Fiduciary Theory of Prosecution, 69 Am. U. L. Rev. 805 (2020) (with Rebecca Roiphe)

The Supreme Court's Supervisory Authority over Federal Criminal Cases: The Warren Court
Revolution That Might Have Been, 49 Stetson L. Rev. 241 (2020)

Punishment Without Process: "Victim Impact" Proceedings for Dead Defendants, Fordham Law
Review Online, vol. 88 (2019) (with Rebecca Roiphe), http://fordhamlawreview.org/wp-
content/uploads/2019/11/Green-Roiphe_November_FLRO_4.pdf

Regulating Prosecutors' Courtroom Misconduct, 50 Loy. U. Chi. L.J. 797 (2019)

Foreword: In Honor of Prof. Bennett L. Gershman, 16 Ohio St. J. Crim L. 291 (2019) (with Peter Joy & Ellen Yaroshefsky)

Prosecutorial Discretion: The Difficulty and Necessity of Public Inquiry, 123 Dickinson L. Rev. 589 (2019)

Prosecutors in the Court of Public Opinion, 57 Duquesne L. Rev. 271 (2019)

Judicial Activism in Trial Courts, 74 N.Y.U Ann. Survey of Am. Law 365 (2019) (with Rebecca Roiphe)

May Federal Prosecutors Take Direction from the President?, 87 Fordham L. Rev. 1817 (2019) (with Rebecca Roiphe)

Lawyers in Government Service – A Foreword, 87 Fordham L. Rev. 1791 (2019)

Can the President Control the Department of Justice?, 70 Ala. L. Rev. 1 (2018) (with Rebecca Roiphe)

Case Study 2: Advising Grassroots Organizations, 47 Hofstra L. Rev. 33 (2018) (with Marci Seville)

Learning to Live with Judicial Partisanship: A Response to Cassandra Burke Robertson, 70 Fla. L. Rev. F. 114 (2018) (with Rebecca Roiphe), http://www.floridalawreview.com/wp-content/uploads/GreenRoiphe_published.pdf

May Lawyers Assist Clients in Some Unlawful Conduct?: A Response to Paul Tremblay, 70 Fla. L. Rev. F. 1 (2018), http://www.floridalawreview.com/wp-content/uploads/Green_Published.pdf

*Foreword*, Symposium, Can a Good Person Be a Good Prosecutor in 2018?, Fordham Law Review Online, vol. 87 (2018), https://papers.ssrn.com/sol3/papers.cfm?abstract_id=3257914

The price of judicial economy in the US, International Journal of the Legal Profession (2018), https://doi.org/10.1080/09695958.2018.1516841

The Right to Two Criminal Defense Lawyers, 69 Mercer L. Rev. 675 (2018)

Urban Policing and Public Policy – the Prosecutor's Role, 51 Georgia L. Rev. 1179 (2017)

Prosecutorial Ethics in Retrospect, 30 Geo. J. Legal Ethics 461 (2017)

The Price of Judicial Economy in the US, 7 Oñati Socio-Legal Series no.4, 790-808 (2017), https://papers.ssrn.com/sol3/papers.cfm?abstract_id=3035295

Rethinking Prosecutors' Conflicts of Interest, 58 Boston College L. Rev. 463 (2017) (with Rebecca Roiphe)

Prosecutorial Accountability 2.0, 92 Notre Dame L. Rev. 51 (2016) (with Ellen Yaroshefsky)

Disciplinary Regulation of Prosecutors as a Remedy for Abuses of Prosecutorial Discretion: A Descriptive and Normative Analysis, 14 Ohio St. J. Crim. L. 143 (2016) (with Samuel Levine)

Should There Be a Specialized Ethics Code for Death-Penalty Defense Lawyers?, 29 Geo. J. Legal Ethics 527 (2016)

Candor in Criminal Advocacy, 44 Hofstra L. Rev. 1105 (2016)

Access to Criminal Justice: Where Are the Prosecutors?, 3 Tex. A&M L. Rev. 515 (2016)

The Lawyer as Lover: Are Courts Romanticizing the Lawyer-Client Relationship?, 32 Touro L. Rev. 139 (2016)

Legal Discourse and Racial Justice: The Urge to Cry "Bias!", 28 Georgetown J. Legal Ethics 177 (2015)

Prosecutors' Disclosure Obligations in the U.S., 42 Hitotsubashi J. L. & Politics 51 (2014) (with Peter Joy)

Judicial Regulation of US Civil Litigators, 16 Legal Ethics 306 (2013)

Gideon's Amici: Why Do Prosecutors So Rarely Defend the Rights of the Accused?, 122 Yale L.J. 2336 (2013)

The Right to Plea Bargain With Competent Counsel After *Cooper* and *Frye*: Is the Supreme Court Making the Ordinary Criminal Process "Too Long, Too Expensive, and Unpredictable . . . in Pursuit of Perfect Justice"?, 51 Duquesne L. Rev. 735 (2013)

Lawyers' Professional Independence: Overrated or Undervalued?, 46 Akron L. Rev. 599 (2013)

The Attorney-Client Privilege – Selective Compulsion, Selective Waiver and Selective Disclosure: Is Bank Regulation Exceptional?, 2013 Journal of the Professional Lawyer 85 (2013)

Unregulated Corporate Internal Investigations: Achieving Fairness for Corporate Constituents,

54 B.C. L. Rev. 73 (2013) (with Ellen S. Podgor)

Federal Criminal Discovery Reform: A Legislative Approach, 64 Mercer L. Rev. 639 (2013)

Rehabilitating Lawyers: Perceptions of Deviance and its Cures in the Lawyer Reinstatement Process, 40 Fordham Urb. L.J. 139 (2012) (with Jane Moriarty)

The Flood of U.S. Lawyers: Natural Fluctuation or Professional Climate Change?, 19 Int' J. Legal Prof. 193 (2012)

Prosecutors and Professional Regulation, 25 Georgetown J. Legal Ethics 873 (2012)

The Community Prosecutor: Questions of Professional Discretion, 47 Wake Forest L. Rev. 285 (2012) (with Alafair S. Burke)

Foreword, Globalization and the Legal Profession, 80 Fordham L. Rev. 2305 (2012)

Developing Standards of Conduct for Prosecutors and Criminal Defense Lawyers, 62 Hastings L.J. 1093 (2011)

Prosecutors' Ethical Duty of Disclosure *In Memory of Fred Zacharias*, 48 San Diego L. Rev. 57 (2011)

The Legal Ethics Scholarship of Ted Schneyer: The Importance of Being Rigorous, 53 Ariz. L. Rev. 365 (2011)

The Civil Government Lawyer: A View From the Jury Box, 38 Hofstra L. Rev. 883 (2010) (with Karen Bergreen).

Beyond Training Prosecutors About Their Disclosure Obligations: Can Prosecutors' Offices Learn From Their Lawyers' Mistakes, 31 Cardozo L. Rev. 2161 (2010)

Ethically Representing a Lying Cooperator: Disclosure as the Nuclear Deterrent, 7 Ohio St. J. of Crim. L. 639 (2010)

Fear of the Unknown: Judicial Ethics After *Caperton*, 60 Syracuse L. Rev. 229 (2010)

ABA Ethics Reform from "MDP" to "20/20": Some Cautionary Reflections, 2009 Journal of the Professional Lawyer 1 (2009)

Rationalizing Judicial Regulation of Lawyers, 70 Ohio St. L.J. 73 (2009) (with Fred C. Zacharias)

Regulating Federal Prosecutors: Let There Be Light, 118 Yale L.J. Pocket Part TK (2009), http://thepocketpart.org/2009/TK/TK/green.html.

The Duty to Avoid Wrongful Convictions: A Thought Experiment in the Regulation of Prosecutors, 89 Boston University L. Rev. 1 (2009) (with Fred C. Zacharias)

"Public Service Must Begin at Home": The Lawyer as Civics Teacher in Everyday Practice, 50 Wm. & Mary L. Rev. 1207 (2009) (with Russell Pearce)

Regulating Discourtesy on the Bench: A Study in the Evolution of Judicial Independence, 64 N.Y.U Ann. Survey of Am. Law 497 (2009) (with Rebecca Roiphe) (symposium on judicial transparency)

Prosecutorial Discretion and Post-Conviction Evidence of Innocence, 6 Ohio St. J. of Crim. L. 467 (2009) (with Ellen Yaroshefsky)

Foreword, The Lawyer's Role in a Contemporary Democracy, 77 Fordham L. Rev. 1229 (2009)

Remembering Mary Daly: A Legal Ethicist Par Excellence, 83 St. John's L. Rev. 23 (2009)

The Market for Bad Legal Scholarship: William H. Simon's Experiment in Professional Regulation, 60 Stanford L. Rev. 1605 (2008)

"The U.S. Attorneys Scandal" and the Allocation of Prosecutorial Power, 69 Ohio St. L.J. 187 (2008) (with Fred C. Zacharias)

Some Realism About Bar Associations, 57 DePaul L. Rev. 425 (2008) (with Elizabeth Chambliss)

Criminal Defense Lawyering at the Edge – A Look Back, 36 Hofstra Law Rev. 353 (2007)

Teaching Lawyers Ethics, 51 St. Louis L.J. 1091 (2007)

Permissive Rules of Professional Conduct, 91 Minn. L. Rev. 265 (2006) (with Fred C. Zacharias)

Taking Cues: Inferring Legality from Others' Conduct, 75 Fordham L. Rev. 1429 (2006)
The Religious Lawyering Critique, 21 J. of Law & Religion 283 (2006)

Representing Children in Families – Foreword, 6 Nevada L. Rev. 571 (2006) (with Annette R. Appell)

"Anything Rather Than a Deliberate and Well-Considered Opinion"–Henry Lord Brougham, Written by Himself, 19 Georgetown J. Legal Ethics 1221 (2006) (with Fred C. Zacharias)

Reconceptualizing Advocacy Ethics, 74 George Washington L. Rev. 1 (2005) (with Fred C. Zacharias)

Foreword, Professional Challenges in Large Firm Practices, 33 Fordham Urb. L.J. 7 (2005)

Prosecutorial Neutrality, 2004 Wisconsin L. Rev. 837 (with Fred C. Zacharias)

Foreword, Colloquium, Deborah Rhode's *Access to Justice*, 73 Fordham L. Rev. 841 (2004)

Federal Court Authority to Regulate Lawyers: A Practice in Search of a Theory, 56 Vand. L. Rev. 1303 (2003) (with Fred C. Zacharias)

Prosecutorial Ethics as Usual, 2003 Illinois L. Rev. 1573

Criminal Neglect: Indigent Defense from an Ethics Perspective, 52 Emory Law Review 1169 (2003)

Regulating Federal Prosecutors' Ethics, 55 Vand. L. Rev. 381 (2002) (with Fred C. Zacharias)

Bar Association Ethics Committees: Are They Broken?, 30 Hofstra L. Rev. 731 (2002)

May Judges Attend Privately Funded Educational Programs?  Should Judicial Education Be Privatized?: Questions of Judicial Ethics and Policy, 29 Fordham Urb. L.J. 941 (2002)

John D. Feerick: The Dean of Ethics and Public Service, 70 Fordham L. Rev. 2165 (2002)

Judicial Rationalizations for Rationing Justice: How Sixth Amendment Doctrine Undermines Reform, 70 Fordham L. Rev. 1729 (2002)

Thoughts About Corporate Lawyers After Reading *The Cigarette Papers*: Has the "Wise Counselor" Given Way to the "Hired Gun"?, 51 DePaul L. Rev. 407 (2001)

Reflections on the Ethics of Legal Academics: Law Schools as MDPs; or, Should Law Professors Practice What They Teach?, 42 S. Tex. L. Rev. 301 (2001)

Public Declarations of Professionalism, 52 S. Car. L. Rev. 729 (2001)

The Disciplinary Restrictions on Multidisciplinary Practice: Their Derivation, Their Development, and Some Implications for the Core Values Debate, 84 Minn. L. Rev. 1115 (2000)

The Uniqueness of Federal Prosecutors, 88 Georgetown L.J. 207 (2000) (with Fred C. Zacharias)

Must Government Lawyers "Seek Justice" in Civil Litigation?, 9 Widener J. Pub. L. 235 (2000)

There But for Fortune: Real-Life vs. Fictional "Case Studies" in Legal Ethics, 64 Fordham L. Rev. 977 (2000)

Rationing Lawyers: Ethical and Professional Issues in the Delivery of Legal Services to Low-Income Clients, 67 Fordham L. Rev. 1713 (1999)

Why Should Prosecutors "Seek Justice"?, 26 Fordham Urb. L.J. 609 (1999)

The Criminal Regulation of Lawyers, 67 Fordham L. Rev. 327 (1998)

Lawyers as Nonlawyers in Child-Custody and Visitation Cases: Questions From a "Legal Ethics" Perspective, 73 Ind. L.J. 665 (1998)

Lawyer Discipline: Conscientious Noncompliance, Conscious Avoidance, and Prosecutorial Discretion, 66 Fordham L. Rev. 1307 (1998)

Less is More: Teaching Legal Ethics in Context, 39 Wm. & Mary L. Rev. 357 (1998)

Conflicts of Interest in Legal Representation: Should the Appearance of Impropriety Rule Be Eliminated in New Jersey--Or Revived Everywhere Else?, 28 Seton Hall L. Rev. 315 (1997)

The Role of Personal Values in Professional Decisionmaking, 11 Geo. J. of Legal Ethics 19 (1997)

Conflicts of Interest in Litigation: The Judicial Role, 65 Fordham L. Rev. 71 (1996)

Whose Rules of Professional Conduct Should Govern Lawyers in Federal Court and How Should the Rules Be Created?, 64 George Washington L. Rev. 460 (1996)

Foreword: Children and the Ethical Practice of Law, in Ethical Issues in the Legal Representation of Children, 64 Fordham L. Rev. 1281 (1996) (with Bernardine Dohrn)

Contextualizing Professional Responsibility: A New Curriculum for a New Age, 58 Law & Contemp. Probs. 193 (1995) (with Mary Daly & Russell Pearce)

Policing Federal Prosecutors: Do Too Many Regulators Produce Too Little Enforcement?, 8 St. Thomas L. Rev. 69 (1995)

Of Laws and Men: An Essay on Justice Marshall's View of Criminal Procedure, 26 Ariz. St. L.J. 369 (1994) (with Daniel Richman)

Foreword, Ethical Issues in Representing Older Clients, 62 Fordham L. Rev. 961 (1994) (with Nancy Coleman)

Foreword, Urban Environmental Equity, 21 Fordham Urb. L.J. 425 (1994)

Lethal Fiction: The Meaning of "Counsel" in the Sixth Amendment, 78 Iowa L. Rev. 433 (1993) [reprinted in 6 Crim. Prac. L. Rev. 183 (1994)]

"The Whole Truth?": How Rules of Evidence Make Lawyers Deceitful, 25 Loyola of Los Angeles L. Rev. 699 (1992)

"Power, Not Reason": Justice Marshall's Valedictory and the Fourth Amendment in the Supreme Court's 1990-91 Term, 70 N.C.L. Rev. 373 (1992)

After the Fall: The Criminal Law Enforcement Response to the S&L Crisis, 59 Fordham L. Rev. S155 (1991)

Zealous Representation Bound: The Intersection of the Ethical Codes and the Criminal Law, 69 N.C.L. Rev. 687 (1991) [reprinted in 4 Crim. Prac. L. Rev. 323 (1992)]

"Hare and Hounds": The Fugitive Defendant's Constitutional Right to Be Pursued, 56 Brooklyn L. Rev. 439 (1990) [reprinted in 4 Crim. Prac. L. Rev. 67 (1992)]

The Good-Faith Exception to the Fruit of the Poisonous Tree Doctrine, 26 Crim. L. Bull. 509 (1990)

*Doe v. Federal Grievance Committee*: On the Interpretation of Ethical Rules, 55 Brooklyn L. Rev. 485 (1989)

"Through a Glass, Darkly": How the Court Views Motions to Disqualify Criminal Defense Lawyers, 89 Colum. L. Rev. 1201 (1989) [reprinted in 2 Crim. Prac. L. Rev. 551 (1990)]

Her Brother's Keeper: The Prosecutor's Responsibility When Criminal Defense Counsel Has a Conflict of Interest, 16 Am. J. Crim. L. 323 (1989)

"Package" Plea Bargaining and the Prosecutor's Duty of Good Faith, 25 Crim. L. Bull. 507 (1989)

Limits on a Prosecutor's Communications With Prospective Defense Witnesses, 25 Crim. L. Bull. 139 (1989)

A Prosecutor's Communications With Represented Defendants: What Are the Limits?, 24 Crim. L. Bull. 283 (1988)

The Ethical Prosecutor and the Adversary System, 24 Crim. L. Bull. 126 (1988)

Note, Court Appointment of Attorneys in Civil Cases: The Constitutionality of Uncompensated Legal Assistance, 81 Colum. L. Rev. 366 (1981)

Note, A Functional Analysis of the Effective Assistance of Counsel, 80 Colum. L. Rev. 1053 (1980)

## **Articles in Legal Periodicals**

"A January Massacre Averted and the Lawyers Who Helped Avert It," NYLJ, Jan. 28, 2021, https://www.law.com/newyorklawjournal/2021/01/28/a-january-massacre-averted-and-the-lawyers-who-helped/?slreturn=20210028120632 (with Rebecca Roiphe)

"Resolving Ethics Questions in Good Faith," Litigation, vol. 46, no. 2, Winter 2020, p. 39

"The Judge in Epstein's Case Should Not Turn the Dismissal Into a Drama for the Victims," LAW.COM/NYLJ, Aug. 26, 2019, https://www.law.com/newyorklawjournal/2019/08/26/the-judge-in-epsteins-case-should-not-turn-the-dismissal-into-a-drama-for-the-victims/ (with Rebecca Roiphe)

"Should We Let Funders Invest in Law Firms?," Litigation, vol. 45, no. 4, Summer 2019, p. 10

"The Challenges and Rewards of Teaching Legal Ethics," The Professional Lawyer, vol. 25, no. 2 (2018), p. 3, https://www.americanbar.org/content/dam/aba/administrative/professional_responsibility/green_tpl_25_2.authcheckdam.pdf

"Threatening Litigation," Litigation, vol. 44, no. 1, Fall 2017, p. 13

"Balancing Act," ABA Journal, Nov. 2017, p. 24, available at: http://www.abajournal.com/magazine/article/opinion_gives_guidance_for_legal_services_lawyers_on_advising_with_nonlawye

"Handle With Care," Litigation, vol. 42, no. 4, Summer 2016, p. 9

"The Ethics of Global Litigation," Litigation, vol. 41, no. 4, Summer 2015, p. 9

"The Litigator's Monopoly," Litigation, vol. 40, no. 4, Summer 2014, p. 10

"Experiential Learning: Practice Makes Perfect," NYLJ, Apr. 21, 2014

"Two Wrongs Make it Worse in Cops' Retrial," Nat'l L.J., Sept. 13, 2013

"The Ethics-Procedure Dichotomy," Litigation, vol. 39, no. 3, Summer 2013, p. 11

"Federal Litigation: A "No-Contact" Sport?," Litigation, vol. 38, no. 4, Summer/Fall 2012, p. 11

"Prosecutors for Sale," Nat'l L.J., Oct. 1, 2012, p. 43

"Balancing Conscience and Confidentiality for Attorney Whistleblowers," Corporate Counsel, June 6, 2012 (with Jordan Thomas), available at: http://www.law.com/jsp/cc/PubArticleFriendlyCC.jsp?id=1202557377777

"The Perils of Sloppy Engagement Agreements," Litigation, vol. 38, no. 1, Fall 2011, p. 7

"The Perils of New Technology," Litigation, vol. 37, no. 4, Summer 2011, p. 6

"Criminal Justice: There's Always More to Learn," Criminal Justice, Summer 2011, p. 1

"What Use Are Legal Academics?," Criminal Justice, Spring 2011, p. 1

"Criminal Justice–What's Ahead?  Roadblocks and New Directions," Criminal Justice, Winter 2011, p. 1

"Thinking About White-Collar Crime and Punishment," Criminal Justice, Fall 2010, p. 1

"Question of the Week – Unauthorized Practice of Law," BNA's Corporate Counsel Weekly 372 (Dec. 9, 2009) [reprinted in BNA, "Legal Ethics for In-House Corporate Counsel," B-2601 (2010)]

Book Review [Peter A. Joy & Kevin C. McMunigal, Do No Wrong  - Ethics for Prosecutors and Defense Lawyers], The Champion 59-60 (Feb. 2009)

"Prosecutors' Professional Independence: Reflections on *Garcetti v. Ceballos*," Criminal Justice, Summer 2010, p. 4

"Deceitful Silence," Litigation, Winter 2007, p. 24

"Feeling a Chill," ABA Journal, Dec. 2005, p. 61 (with David C. Clifton)

"Prosecuting Means More Than Locking Up Bad Guys," Litigation, Fall 2005, p. 12

"Interviewing Corporate Client Officers and Employees: Ethical Considerations," ABA Section of Litigation, Committee on Corporate Counsel Newsletter, vol. 19, no. 1, p. 1 (Fall 2004)

[reprinted in ABA Section of Litigation, Professional Liability Litigation [Newsletter], vol. 3, no. 1, p. 1 (Winter 2005)]

Client Confidences: Should Lawyers Be Allowed to Reveal Them to Prevent Death or Serious Bodily Harm?: Yes, New York Lawyer, Oct. 2001, p. 20

Adventures in the Mortgage Trade: A Case Study in Legal Ethics, 27 N.Y. Real Property Law Journal 49 (Spring, 1999) (with Joshua Stein) [also published in Commercial Real Estate Financing: What Borrowers and Lenders Need to Know 1999 vol. 2, p. 749 (PLI 1999)]

Lying Clients: An Age-Old Problem, Litigation, Fall 1999, p. 19 [updated and reprinted in Priscilla Anne Schwab, ed., *The Litigation Manual, First Supplement* 1105 (2007)]
When Conflicts of Interest Arise Unexpectedly, Litigation Ethics, Spring/Summer 1998, p. 11

The "No-Contact" Rule in New York State--Some Less Contentious Questions, N.Y. Professional Responsibility Report, Aug. 1998, p.1

The Ten Most Common Ethical Violations, Litigation, Summer 1998, p. 48 [reprinted in Trial (March 1999), p. 70; updated and reprinted in Priscilla Anne Schwab, ed., *The Litigation Manual, First Supplement* 1077 (2007)]

Teaching Legal Ethics in Context, 70 N.Y.S.B.J. 6 (May/June 1998) (with Mary Daly)

Ethical Issues in Representing Children, 7 The Professional Lawyer 9 (1996)

Federal Prosecutors' Ethics: Who Should Draw the Lines?, 7 The Professional Lawyer 1 (1995)

Ethical Issues in Representing Older Clients, 5 The Professional Lawyer 18 (1994)

Crime and Punishment After the S&L Crisis, 46 Consumer Finance L.Q. Rep. 195 (1992)

Conflicts of Interest in Corporate Criminal Cases, 1 Corp. Crim. & Const'l L. Rptr. 98 (1990)

"Judge Kennedy Might Not Meet Expectations of Administration," Nat'l L.J., Dec. 21, 1987, p. 20

Articles in *Federal Bar Council News*: "Privileges in the Corporate Context," vol. 12, no. 1, p. 4 (2005); "Ethics Reform in New York," vol. 11, no. 2, p. 11 (2004); "MJP for Litigators," vol. 10, no. 4, p. 14 (2003); "Privately-Funded Seminars for Judges," vol. 9, no. 5, p. 1 (2002); "Multijurisdictional Issues," vol. 7, no. 4, p. 11 (2000); "Moral Ambiguity/Ambiguous Morals: Morgan Stanley and the $10,000 Payment," vol. 6, no. 4, p. 1 (1999); "When Prosecutors Accuse Criminal Defense Lawyers of Wrongdoing," vol. 5, no. 5, p. 1 (1998); "Prosecuting Lawyers," vol. 5, no. 4, p. 11 (1998); "A View From The 'Ethics' Front," vol. 5, no. 3, p. 7 (1998);

"Professional Detachment," vol. 4, no. 4, p. 8 (1997); "The Philosophy of Our Ethical Rules," vol. 4, no. 3, p. 23 (1997); "The President vs. Mrs. Jones," vol. 4, no. 1, p. 11 (1997); "Should Judges Promote Professionalism?," vol. 3, no. 4, p. 4 (1996); "Bad Arguments," vol. 3, no. 1, p. 7 (1996); "The Sins of the Lawyer (and the Procedural Consequences)," vol. 2, no. 4, p. 9 (1995); "Attorney Discipline in the Second Circuit," vol. 2, no. 2, p. 11 (1995)

## Books

*Professional Responsibility: A Contemporary Approach* (West Publ. 4th ed. 2020) (with Renee Knake Jefferson, Russell G. Pearce, Peter A. Joy, Sung Hui Kim, M. Ellen Murphy, Laurel S. Terry & Lonnie S. Brown, Jr.)

*Professional Responsibility: A Contemporary Approach* (West, 3d ed. 2017) (with Russell G. Pearce, Renee Newman Knake, Peter A. Joy, Sung Hui Kim, M. Ellen Murphy & Laurel S. Terry)

*Professional Responsibility: A Contemporary Approach* (West, 2d ed. 2014) (with Russell G. Pearce, Daniel J. Capra, Renee Newman Knake & Laurel S. Terry)

*Professional Responsibility: A Contemporary Approach* (West, 2011) (with Russell G. Pearce & Daniel J. Capra)

*Tax Fraud and Money Laundering* (The John Marshall Publ. Co., 1993) (with Robert H. Hishon & Richard A. Westin)

Editor, *Government Ethics for the 1990's: The Collected Reports of the New York State Commission on Government Integrity* (Fordham Univ. Press, 1991)

## Book Chapters

Bar Authorities and Prosecutors (Chapter 15), in *Oxford Handbook on Prosecutors and Prosecution* (Ronald W. Wright et al., ed. 2021)

The flood of US lawyers: natural fluctuation or professional climate change?, in *Too Many Lawyers?  The future of the legal profession* 71-86 (Eyal Katvan et al., ed.) (Routledge 2017)

Attorneys' Conflicts of Interest in International Arbitrations, in *Contemporary Issues in International Arbitration and Mediation: The Fordham Papers 2014* 73-89 (Arthur W. Rovine, ed.) (Brill Nijhoff 2015)

Prosecutors' Ethics in Context: Influences on Prosecutorial Disclosure," in *Lawyers in Practice: Ethical Decision Making in Context* 269-92 (Leslie C. Levin & Lynn Mather, ed.) (University of

Chicago Press 2012) (with Ellen Yaroshefsky)

"Rule 1.10: Imputation of Conflicts of Interest," in *The New York Rules of Professional Conduct: Rules and Commentary* 235-66 (2010) (NYCLA Ethics Inst., ed.)

"Rule 1.11: Special Conflicts of Interest for Former and Current Government Officers and Employees," in *The New York Rules of Professional Conduct: Rules and Commentary* 267-86 (2010) (NYCLA Ethics Inst., ed.)

"Rule 1.12: Specific Conflicts of Interest for Former Judges, Arbitrators, Mediators or Other Third-Party Neutrals," in *The New York Rules of Professional Conduct: Rules and Commentary* 287-95 (2010) (NYCLA Ethics Inst., ed.)

"Ethical Issues in Dealing with Experts," in *Litigators on Experts* 126 (ABA 2010) (with Lawrence J. Fox)

"Ethics in Criminal Advocacy," in *The State of Criminal Justice* 181 (2009) (with Ellen Yaroshefsky)

"Ethics in Criminal Advocacy," in *The State of Criminal Justice* 123 (2007-2008) (with Ellen Yaroshefsky)

"The Ethics of Marketing Legal Services," in *Effective Marketing for Lawyers* (N.Y.S. Bar Ass'n 1996) (with Russell Pearce), and *Effective Marketing for Lawyers* (N.Y.S. Bar Ass'n 2d ed. 2005) (with Russell Pearce)

Reporter to *Evidence in America: The Federal Rules in the United States* (1989-91 supp., Fed. R. Evid. 801, 802, and 804)

### **Other Legal Writings**

"When the Prosecutor Becomes the Judge," ACSblog, Feb. 25, 2016, https://www.acslaw.org/acsblog/when-the-prosecutor-becomes-the-judge

"A Professional Responsibility Perspective on Turner v. Rogers," Concurring Opinions, June 2, 2011, http://concurringopinions.com/archives/author/bruce-green

"Interviewing Corporate Client Officers and Employees: Ethical Considerations," in ABA Section of Litigation, 2004 Annual Conference

Report of the Commission on Multijurisdictional Practice (Aug. 2002)

"Representing Corporations Under Fire: Ethical Considerations – A Hypothetical," and

"Representing Corporations Under Fire: Ethical Considerations," in MCLE Marathon 2002 521, 527 (PLI 2002)

Interim Report of the Commission on Multijurisdictional Practice (Nov. 2001)

"A Guide to Professionalism Commissions" report of the ABA Standing Committee on Professionalism (2001)

"Recent Federal Court Decisions in Professional Responsibility," in Current Developments in Federal Civil Practice 2001 413 (PLI 2001) (with Mary Lu Bilek)

Editor, *Litigation Ethics: Course Materials for Continuing Legal Education* (ABA Section of Litigation 2000) (with John Q. Barrett)

"Assisting Clients with Multi-State and Interstate Legal Problems: The Need to Bring the Professional Regulation of Lawyers into the 21st Century" (report summarizing the proceedings of the Symposium on the Multijurisdictional Practice of Law) (June 2000)

"Recent Federal Court Decisions in Professional Responsibility," in Current Developments in Federal Civil Practice 1999 311 (PLI 1999)

"The Duty to Report Ethical Misconduct," in ABA Section of Family Law, *1998 Annual Meeting* 17 (July 31-Aug. 3, 1998)

"Local Rules Limiting Attorney Speech in Criminal Proceedings" (Federal Bar Council, June 1996) (principal author)

"Establishing Ethical Standards for Federal Prosecutors and Defense Attorneys," 49 The Record of the Assn. of the Bar of the City of New York 21 (1994) (principal author)

"Ex Parte Contacts With Employees of a Corporate Party in Civil Litigation," in ABA Section of Litigation, *Best Evidence Seminar* 41 (Apr. 19, 1991)

"Use of an Attorney's Statements Against His or Her Client," in ABA Section of Litigation, *Best Evidence Seminar* 35 (Mar. 9-10, 1990)

## **Articles in Non-legal Publications**

"As the Giuliani case goes forward, courts should think deeply about the First Amendment," Washington Post, June 25, 2021, Opinion | As the Giuliani case goes forward, courts should think deeply about the First Amendment - The Washington Post (with Rebecca Roiphe)

"Is Jeffrey Clark's Secret Conversation With Trump 'Privileged'?", Just Security, Feb. 5, 2021, Is Jeffrey Clark's Secret Conversation With Trump "Privileged"? (justsecurity.org) (with Rebecca Roiphe)

"Trump's lawsuits are good for American democracy," The Hill, Nov. 9, 2020, https://thehill.com/opinion/white-house/525008-trumps-lawsuits-are-good-for-american-democracy (with Rebecca Roiphe)

"Congress Needs to Empower DOJ IG to Hold Prosecutors Accountable," Bloomberg Law, Oct. 2, 2020 (with Rebecca Roiphe), https://news.bloomberglaw.com/us-law-week/congress-needs-to-empower-doj-ig-to-hold-prosecutors-accountable?context=search&index=3

"A Lawyer's Client was Abused by his Father. But he also Paid the Lawyer's Fees. Now the Client is on Death Row."  Newsweek, Mar. 11, 2019, https://www.newsweek.com/acklin-alabama-lawyer-fee-conflict-scotus-1358937

"Pardoning Paul Manafort might not be such a bad idea if Donald Trump wants to take a risk," USA Today, Aug. 27, 2018, https://www.usatoday.com/story/opinion/2018/08/27/paul-manafort-convicted-trump-pardon-obstruction-justice-column/1083646002/ (with Rebecca Roiphe)

"Judge Kavanaugh and Justice Kennedy do not have conflicts of interest," The Hill, July 13, 2018 (with Rebecca Roiphe), http://thehill.com/opinion/judiciary/396922-judges-kavanaugh-and-justice-kennedy-do-not-have-conflicts-of-interest

"The president is the chief executive, but does not control the Mueller probe," The Hill, March 26, 2018, http://thehill.com/opinion/white-house/380036-the-president-is-the-chief-executive-but-does-not-control-the-mueller (with Rebecca Roiphe),

"Third Party Legal Fee Payments – A Problem for Trump But Not for Corporations (Perspective)," Oct. 3, 2017, https://biglawbusiness.com/third-party-legal-fee-payments-a-problem-for-trump-but-not-for-corporations-perspective/

"Are Systemic Legal Problems Like Public Health Problems? (Perspective)," Bloomberg Law, June 9, 2017, https://bol.bna.com/are-systemic-legal-problems-like-public-health-problems-perspective/

"Trump Should Hire His Own Lawyers to Defend Emoluments Suit (Perspective)," Bloomberg Law, May 3, 2017, https://bol.bna.com/trump-should-foot-legal-bill-to-defend-emoluments-suit-perspective/

"Justice Gorsuch Should Take Inspiration From John Adams (Perspective)," Bloomberg Law, April 13, 2017, https://bol.bna.com/justice-gorsuch-should-take-inspiration-from-john-adams-

perspective/

"Michael Flynn Should Listen to a Lawyer (Perspective)," Bloomberg Law, April 3, 2017, https://bol.bna.com/michael-flynn-should-listen-to-a-lawyer-perspective/

"Trump Loves 'Fake Judges,' Can't Stand Real Judges (Perspective)", Bloomberg Law, March 28, 2017, https://bol.bna.com/trump-loves-fake-judges-cant-stand-real-judges-perspective/

"Bharara Firing Shows Trump's Ethics Problem, Says Law Professor (Perspective)," Bloomberg Law, March 13, 2017, https://bol.bna.com/bharara-firing-shows-trumps-ethics-problem-says-law-professor-perspective/

"What Michael Bloomberg can teach Donald Trump about ethics," Newsday, Jan. 21, 2017, http://www.newsday.com/opinion/commentary/what-michael-bloomberg-can-teach-donald-trump-about-ethics-1.12991254

### **Participation in Professional and Academic Programs** (since January 2010)

Moderator, "Lawyering in the DC Spotlight," ABA National Conference on Professional Responsibility, June 4, 2021

Co-moderator, "Ethical Issues in Crisis Lawyering," Fordham Law School, March 16, 2021

Presenter, symposium on "The Ethics of Government Service," Notre Dame Law School, Feb. 13, 2021

Panelist, "From Rudy Giuliani to Josh Hawley: What is the Role of Lawyer Discipline?," Hofstra Law School, Jan. 27, 2020

Panelist, Report by the Working Group on Litigation Funding, N.Y. City Bar, Jan. 26, 2020

Co-speaker, "Ethical Obligations in Misdemeanor Courts," ABA Public Defense Summit, Jan. 22, 2020

Co-interviewee, "Prosecutorial Discretion: Police Killings and Sexual Abuse," Talks on Law, recorded Dec. 8, 2020, available at:: https://www.talksonlaw.com/talks/prosecutorial-discretion-police-killings-and-sexual-abuse

Panelist, "The Next 50: Looking to the Future of Criminal Justice Ethics," Hofstra Law School, Nov. 16, 2020

Moderator, "The Problem of Lawyers' Mental Health in the Decade of the 2020s," symposium on Mental Health and the Legal Profession, Fordham Law School, Nov. 6, 2020

Panelist, "Lawyer Discipline and Executive Branch Lawyers," Cardozo Law School, Oct. 29, 2020

Panelist, "Ethical Considerations for Corporate Investigations in the World of Covid-19," N.Y. City Bar, Sept. 17, 2020

Co-speaker, "CJS History: The History of the CJS Standards Project," The JustPod, Aug. 20, 2020, https://www.buzzsprout.com/252350/4970960-cjs-history-the-history-of-the-cjs-standards-project

Commenter, "Discussion Group: State Your Case: The Influence of State Court Decisions, Tribal Courts, and State and Local Level Reforms on Criminal Practice," Southeastern Association of Law Schools 2020 Annual Conference, Aug. 3, 2020

Speaker, "Discussion Group: Prosecution: Implications of the Progressive Prosecution Movement," Southeastern Association of Law Schools 2020 Annual Conference, Aug. 2, 2020

Faculty, "Are Outside Counsel Guidelines a Threat to the Practice?," ABA webinar, April 20, 2020

Co-speaker, "Ethical Issues in the Practice of the Attorney General's Office," Office of the NYS Attorney General, Feb. 13, 2020

Panelist, "Ethical Considerations for Corporate Lawyers in 2020," Cardozo Law School, Feb. 5, 2020

Panelist, "Achieving Access to Justice Through ADR: Fact or Fiction?," Fordham Law School, Nov. 1, 2019

Panelist, discussion of Lonnie T. Brown, Jr., Defending the Public's Enemy: The Life and Legacy of Ramsay Clark, University of Georgia School of Law, Oct. 3, 2019

Panelist, "Ethical Considerations for Corporate Investigations: Views from All Sides," N.Y. City Bar, Sept. 18, 2019

Moderator, "Risky Business: The Mueller Minefield and Ethical Dilemmas for Lawyers Involved in Government Investigations," ABA 2019 Annual Meeting, San Francisco, California, Aug. 9, 2019

Panelist, "'Less fast, Less Furious'?: Protecting Clients & the Public in an Era of Regulatory Reform," Association of Professional Responsibility Lawyers 2019 Annual Meeting, San Francisco, California, Aug. 9, 2019

Moderator, "Discussion Group: A 2020 Vision of Criminal Prosecution and Defense," Southeastern Association of Law Schools 2019 Annual Conference, Boca Raton, Florida, July 30, 2019

Speaker, "Discussion Group: Vulnerable People, Fragile Rights, Criminal Justice," Southeastern Association of Law Schools 2019 Annual Conference, Boca Raton, Florida, July 28, 2019

Presenter, Legal Ethics and Fiduciaries Workshop, Kylemore Abbey Global Center, University of Notre Dame, Connemara, County Galway, Ireland, June 20-21, 2019

Moderator, "Hard Legal Ethics Questions – How to Resolve Them or, Even Better, Avoid Them," NY City Bar, May 16, 2019

Panelist, "Litigators and Witnesses: Ethical Considerations and Limitations," NELA/NY Spring Conference, NY, NY, May 10, 2019

Panelist, "Conversations on the Warren Court's Impact on Criminal Justice – After 50 Years," Stetson University College of Law, April 5, 2019

Co-panelist, "Legal Ethics and Professional Responsibility," Legal Issues in Museum Administration 2019, ALI-CLE, Washington, DC

Speaker, "Prosecutorial Discretion: The Difficulty and Necessity of Public Inquiry," Symposium on Discretion and Misconduct: Examining the Roles, Functions, and Duties of the Modern Prosecutor, Penn State - Dickinson Law School, March 15, 2019

Panelist, "Avoiding Ethical Pitfalls in a Complicated Business Environment," Cardozo Law School, Feb. 27, 2019

Panelist, "Special Counsel Investigations and Legal Ethics," Duquesne University School of Law, Feb. 8, 2019

Speaker, "Current Developments in internal investigations in US Criminal Law and Procedure," Internal Investigations – Comparative Workshop on US, UK and German Law, House of Finance, Goethe University, Frankfurt, Germany, Jan. 31, 2019

Panelist, "The Ethical Obligations of a Lawyer to Learn the *True* Facts," NYS Bar Ass'n Annual Meeting, Jan. 15, 2019

Panelist, "Refresher Ethics: Steering Clear of Witness Minefields," ABA Webinar, Dec. 18, 2018

Panelist, "The Ethics of Copyright Trolling (And More): A Game Show," the Copyright Society of America, NY, NY, Dec. 13, 2018

Panelist, "Ethics for Corporate Counsel," NYSBA Corporate Counsel Section, NY, NY, Nov. 30, 2018

Co-presenter, "May Federal Prosecutors Take Direction from the President?," Faculty workshop, Rutgers Law School (Newark), Nov. 29, 2018

Moderator, "Lies, Damned Lies and 'Alternative Facts,'" ABA Center for Professional Responsibility, Webinar, Oct. 11, 2018

Panelist, "Ethical Considerations for Corporate Investigations: Views from All Sides," N.Y. City Bar, Oct. 4, 2018

Panelist, "Polish Your Ethics: Legal Sand Traps Trial Lawyers Should Avoid," 2018 Annual Meeting, American College of Trial Lawyers, New Orleans, Louisiana, Sept. 27, 2018

Discussant, "Discussion Group: The Ethics of Legal Education," 2018 Annual Conference, Southeastern Association of Law Schools, Ft. Lauderdale, Florida, August 9, 2018

Moderator, "Discussion Group: Judging – 50 Years After the Chicago Seven Trial," al Defense," 2018 Annual Conference, Southeastern Association of Law Schools, Ft. Lauderdale, Florida, August 7, 2018

Discussant, "Discussion Group: Conversations on the Warren Court's Impact on Criminal Justice," 2018 Annual Conference, Southeastern Association of Law Schools, Ft. Lauderdale, Florida, August 6, 2018

Panelist, "Litigators' Ethics CLE," 2018 Second Circuit Judicial Conference, Saratoga Springs, NY, June 14, 2018

Presenter, "More than a Stern Rebuke: A 'Broken Windows' Strategy for Judges Policing Prosecutors," Criminal Justice Ethics Schmooze, Brooklyn Law School, June 11, 2018

Panelist, "Ethics of Working with Witnesses, ABA Webinar, recorded June 6 2018, to be aired Aug. 15, 2018

Moderator, "Lies, Damned Lies and 'Alternative Facts,'" 44th ABA National Conference on Professional Responsibility, Louisville, Kentucky, May 31, 2018

Panelist, "Social Media: Legal, Ethical and Practical Considerations for Lawyers," Federal Bar Council, Bridgeport, Connecticut, May 21, 2018

Moderator, "An Ounce of Prevention: How to Reduce Liability, Disciplinary and Reputational Risks, N.Y. City Bar, May 16, 2018

Panelist, "Ethics: Financing Mass Torts," 2018 Drug & Medical Device Seminar, Defense Research Institute, NY, NY, May 11, 2018

Presenter, "Professional Discipline of US Advocates," Workshop on "Regulating Lawyers Through Disciplinary Systems," International Institute for the Sociology of Law, Oñati, Spain, April 26, 2018

Panelist, "Sentencing Reform from the Bench: The Emerging Role of District Court Judges," NYU Annual Survey of American Law, NYU School of Law, March 26, 2018

Panelist, "Ethical Pitfalls and Pratfalls in Corporate Representations: Conflicts, Waivers, and Common Interest and Joint Defense Agreements," Cardozo Law School, March 7, 2018

Panelist, "Prying Eyes: Think Confidential and Privileged Client Information is Safe at the Border: Think Again," 32nd Annual National Institute on White Collar Crime, ABA, San Diego, CA, March 2, 2018

Moderator, "Creating Groundbreaking Research on Neuroscience and Law," conference on The Future of Neuroscience and Law, Fordham Law School, Feb. 21, 2018

Panelist, Litigation Ethics and New Technology, Federal Bar Council 2018 Winter Bench & Bar Conference, Nevis, Feb. 16, 2018

Speaker, "Love in the Time of Cholera or Ethics in the Time of Trump?," McInerney Inn of Court, U.S. Courthouse, SDNY, NY NY, Feb. 7, 2018

Panelist, "Whistleblowers, Reporting Up, and the Professional Rules of Ethics, NYS Bar Ass'n Annual Meeting, NY, NY, Jan. 24, 2018

Co-chair and co-moderator, "Ethical Issues in Pro Bono Representation," PLI, Dec. 14, 2017

Organizer and commentator, "Regulation of Legal and Judicial Services Conference: Comparative and International Perspectives," Stein Center for Law and Ethics, Fordham Law School, Dec. 8-9, 2017

Panelist, "Ethics in Legal Practice: An Update and Review of Recent Ethics Opinions in 2017," NYS Bar Ass'n, Albany, NY, Dec. 6, 2017

Moderator, "Ethics and Criminal Justice Hypotheticals," Appellate Division, Third Department, Albany, NY, Oct. 31, 2017

Panel moderator, "Access to Justice and the Legal Profession in an Era of Contracting Civil Liability," Fordham Law School, Oct. 27, 2017

Panelist, "The Death of Conflicts," Federal Bar Council Fall Bench & Bar Retreat, New Paltz, NY, Oct. 22, 2013

Speaker, "The Right to *Two* Criminal Defense Lawyers," Symposium on Disruptive Innovation in Criminal Defense, Mercer University School of Law, Oct. 6, 2017

Panelist, "Ethical Considerations for Corporate Investigations: Views from All Sides," N.Y. City Bar, Sept. 27, 2017

Presenter, "Comparative Approaches to Regulation and Protection of Lawyers," 2017 Seasonal Meeting of the NYSBA International Section, Antigua, Guatemala, Sept. 14, 2017

Panelist, "Prying Eyes: Think Confidential and Privileged Client Information is Safe at the Border? Guess Again.," ABA CLE Showcase Program, ABA 2017 Annual Meeting, NY, NY, Aug. 11, 2017

Panelist, "Defending the Public's Enemy: The Journey of Ramsay Clark," 2017 Annual Conference, Southeastern Association of Law Schools, Boca Raton, Florida, August 3, 2017

Discussant, "Discussion Group: Reflections on the 2016 ABA Report on the Future of Legal Services in the United States," 2017 Annual Conference, Southeastern Association of Law Schools, Boca Raton, Florida, August 3, 2017

Discussant, "Discussion Group: Incorporating Developments in Forensic Science and Technology into the Criminal Justice System," 2017 Annual Conference, Southeastern Association of Law Schools, Boca Raton, Florida, August 2, 2017

Discussant, "Discussion Group: Criminal Justice and Technology: Changes in Law, Practice, and Culture," 2017 Annual Conference, Southeastern Association of Law Schools, Boca Raton, Florida, August 1, 2017

Moderator & organizer, "Discussion Group: Disruptive Innovation in Criminal Defense," 2017 Annual Conference, Southeastern Association of Law Schools, Boca Raton, Florida, July 31, 2017

Co-presenter, "The President, the Department of Justice, and Prosecutorial Independence" (work-in-progress), Legal Ethics Schmooze, UCLA, July 21, 2017

Panelist, "Ethics for OAG Lawyers," Office of the NYS Attorney General, June 20, 2017
Moderator, "A Difference of Opinion: Federal-State Conflict in Lawyer Ethics Matters," ABA 43rd National Conference on Professional Responsibility, St. Louis, Missouri, June 2, 2017

Presenter, work-in-progress, "Academic Scholarship Roundtable," ABA 43rd National Conference on Professional Responsibility, St. Louis, Missouri, June 2, 2017

Presenter on Legal Ethics, Office of the Public Defender, Tel Aviv, Israel, May 22, 2017

"Candor to the Court and Client," Annual Lecture on Legal Ethics, The David Weiner Center for Lawyers' Ethics and Professional Responsibility, The Haim Striks School of Law - The College of Management and Academic Studies, Rishon LeZion, Israel, May 21, 2017

Moderator, "Ethical Issues in Criminal Defense and Prosecution: the Role of Rules, Standards, Case Law and Professional Judgment," ABA Criminal Justice Section Spring Meeting, Jackson Hole, Wyoming, May 5, 2017

Co-presenter, ethics training, Federal Defender - Eastern District of Pennsylvania, Philadelphia, PA, May 2, 2017

Panelist, "Common Ground on Criminal Discovery and the Future of Brady v. Maryland, 2017 Spring Symposium: Finding Common Ground: Preventing Errors in Criminal Justice, Quattrone Center for the Fair Administration of Justice, University of Pennsylvania Law School, April 21, 2017

Moderator, "Working Ethically with Non-Lawyer Professionals in Public Interest Settings," Fordham Law School, March 30, 2017

Panelist, "Ethical Considerations for the Business and Corporate Attorney," Cardozo Law School, March 7, 2017

Panelist, "Timely Ethics Issues: Interacting With Witnesses, Firm General Counsel," 2017 Winter Bench & Bar Conference, Federal Bar Council, Palm Springs, California, Feb. 24, 2017

Presenter, "The Challenges and Rewards of Teaching Legal Ethics," 2017 Legal Ethics Conference – New Challenges in Legal Ethics, California Western School of Law, Feb. 11, 2017

Presenter, Symposium, "Protect and Serve: Perspectives on 21st Century Policing," Univ. of Georgia School of Law, Jan. 27, 2017

Panelist, "The Attorney's Role in Promoting a Strong Corporate Culture," NYSBA Annual Meeting, Business Law Section & Corporate Counsel Section, NY, NY, Jan. 25, 2017

Co-presenter, "Immigration Ethics," Justice AmeriCorps Year 3 National Training, Potomac, Maryland, Jan. 11, 2017
Co-chair and co-moderator, "Ethical Issues in Pro Bono Representation," PLI, Dec. 15, 2016

Panelist, "Managing Your Client's Image in the Court of Public Opinion," NYCLA, Nov. 16, 2016

Panelist, "Wearing Two Hats as a Neutral and an Attorney: How to deal with inconsistent mandates in the ethical codes for lawyers and neutrals," NYSBA Dispute Resolution Section Fall Meeting, NY Law School, Oct. 28, 2016

Co-panelist, "Ethical considerations when representing clients with, or defending actions brought by individuals with, mental disabilities and impairments," Disability Law Forum, N.Y. City Bar, Oct. 13, 2016

Panelist, "Ethical Considerations for Corporate Investigations: Views from All Sides," N.Y. City Bar, Sept. 21, 2016

Moderator & organizer, "Discussion Group: Re-imagining the Ideal Role of Prosecutors," 2016 Annual Conference, Southeastern Association of Law Schools, Amelia Island, Florida, August 6, 2016

Discussant, "The Future of Legal Ethics Scholarship: Are We in the End Days or Just Getting Started?" 2016 Annual Conference, Southeastern Association of Law Schools, Amelia Island, Florida, August 5, 2016

Organizer, The Ethics and Regulation of Lawyers Worldwide: Comparative and Interdisciplinary Perspectives, Seventh biannual International Legal Ethics Conference, International Association of Legal Ethics, New York, July 14-16, 2016

Co-presenter, "Rethinking Prosecutors' Conflicts of Interest," CrimFest, Cardozo Law School, July 12, 2016

Presenter, "The Price of Judicial Economy in the US," Workshop on "Too Few Judges? Regulating the Number of Judges in Society," International Institute for the Sociology of Law, Oñati, Spain, July 1, 2016

Panelist, "Corruption Scandals, the Panama Papers, and the Transnational Lawyer in Latin America: Strengthening the Profession through Better Ethics Standards," NY City Bar, June 6, 2016

Moderator, "The Decision-Making Conundrum When Representing a Child or Mentally Impaired Adult," ABA National Conference on Professional Responsibility, Philadelphia, PA, June 3, 2016

Panelist, "Litigators' Ethics: An Interactive Discussion of Problems of Confidentiality and Disclosure," 2016 Second Circuit Judicial Conference, Saratoga, NY, May 25, 2016
Moderator, "Ethics Gumbo: First You Make a Roux," ABA National Legal Malpractice Conference, New Orleans, Louisiana, April 28, 2016

Panelist, "Surveillance and the Attorney-Client Relationship: Recent International Developments," Seventh International Professional Responsibility Conference, Association for Professional Responsibility Lawyers, Paris, France, April 13, 2016

Presenter, "Ethics in Class Actions: 2015-16 Update," Institute for Law & Economic Policy, 22nd Annual Symposium, April 8, 2016, Miami Beach, Florida

Moderator, "Brandeis and Lawyering (II)," Conference on Louis D. Brandeis: An Interdisciplinary Perspective, Touro Law Center, Mar. 31, 2016

Speaker, Georgetown Journal of Legal Ethics Symposium on "Remaining Ethical Lawyers in a Changing Profession," Georgetown Univ. Law Center, Mar. 18, 2016

Panelist, "Current Issues in Corporate Representation," Cardozo Law School, Feb. 9, 2016

Panelist, "Watch Out Below! Avoiding Ethical Pitfalls in Class Action Litigation," NYSBA Antitrust Law Section, Annual Meeting, NY, NY, Jan. 28, 2016

Moderator, "Ethics in Criminal Practice, The Hardest Questions Today: A Conversation in Honor of Monroe Freedman," AALS Annual Conference, NY, NY, Jan. 7, 2016

Co-chair and co-moderator, "Ethical Issues in Pro Bono Representation," PLI, Dec. 11, 2015

Panelist, "Social Responsibility of Corporations," CJS Global White Collar Crime Institute, ABA Criminal Justice Section & KoGuan Law School, Shanghai, China, Nov. 20, 2015

Presenter & Facilitator, Professional Responsibility and Ethics in the Global Legal Market, Moscow State University Law School, Moscow, Russia, Oct. 28-31, 2015

Panelist, "What Line? Reining in Prosecutorial Excesses: The Ethics and Strategy of Negotiations," NACDL's 11th Annual White Collar Crime Seminar, Fordham Law School, Oct. 22, 2015

Panelist, "Ethical Considerations for Corporate Investigations: Views from All Sides," N.Y. City Bar, Sept. 11, 2015

Discussant, "Keeping the Conversation Going on Intractable Problems in the Criminal Justice System," 2015 Annual Conference, Southeastern Association of Law Schools, Boca Raton, Florida, August 1, 2015

Commentator, "Defense Attorneys," CrimFest 2015, Cardozo Law School, July 20, 2015
Presenter, "Rethinking Prosecutors' Conflicts of Interest," 2015 Legal Ethics Schmooze, Stanford Law School, June 25, 2015

Moderator, "Attorney Privilege and Work Product," New York State-Federal Judicial Counsel & the Second Circuit Judicial Counsel, Brooklyn, NY, June 18, 2015

Moderator, "Ethics and Corporate Social Responsibility," Corporate Social Responsibility Leadership Course, Fordham Law School, June 11, 2015

Organizer, moderator and presenter, "Criminal Justice Ethics Schmooze," Fordham Law School June 8-9, 2015

Moderator, "Ineffective Assistance of Counsel and Forensic Evidence," 6th Annual Prescription for Criminal Justice Forensics, ABA Criminal Justice Section & Louis Stein Center for Law and Ethics, Fordham Law School, June 5, 2015

Panelist, "Ethics and Professionalism: Best Practices for Attorneys," N.Y. City Bar, May 18, 2015

Panelist, "Ethical Issues in FCPA Compliance & Investigations," Practical Advice from the Front Lines," Fordham Law School, May 12, 2015

Panelist, "Negotiation Ethics: Pitfalls and Rules," NYSBA Committee on Women in the Law, NYC, May 5, 2015

Speaker, Conference on "Reconsidering Access to Justice," Texas A&M Law School, May 1, 2015

Co-interviewee, "The Power of the Prosecutor," Talks on Law, recorded April 22, 2015, available at: http://www.talksonlaw.com/talks/26

Moderator, Panel discussion: Thurgood Marshall's Legacy, NYCLA, April 15, 2015

Moderator, "Hot Topics: Ethical Issues in Public Interest Lawyering," Fordham Law School, March 31, 2015

Speaker, "Lawyers as Lovers: Are We Romanticizing the Lawyer-Client Relationship?," Conference on Billy Joel & the Law, Touro Law School, March 22, 2015

Moderator, "Ethical Issues in Insurance Law: 2015 Update," NYCLA, March 18, 2015

Panelist, "Developments in Ethics for Antitrust Lawyers," ABA teleseminar, Feb. 24, 2015

Presenter, "Prosecutorial Accountability in the Information Age" (work-in-progress), faculty workshop, Notre Dame Law School, Feb. 21, 2015
Panelist, "The Ethics of Conflicts of Interest," Clifford Law Offices Continuing Legal Education Program, Chicago, IL, Feb. 20, 2015

Panelist, "Current Ethical Issues in Corporate Representation," Cardozo Law School, Feb. 11, 2015

Panelist, "The Ethical Minefields of Witnesses: A Refresher," ABA Webinar, Dec. 19, 2014

Co-chair and co-moderator, "Ethical Issues in Pro Bono Representation," PLI, Dec. 16, 2014

Panelist, "Ethical Considerations for Corporate Investigations: Views from All Sides," N.Y. City Bar, Sept. 30, 2014

Panelist, "Taz, Morality & Ethics," The Taslitz Galaxy: A Gathering of Scholars at Howard, Howard University School of Law, Sept. 19, 2014

Panelist, "Supreme Court Update and Other Notable Developments in Criminal Law," Southeastern White Collar Crime Institute, ABA Criminal Justice Section, Braselton, Georgia, Sept. 12, 2014

Co-presenter, "Regulation of U.S. Prosecutors in the Information Age," International Legal Ethics Conference VI, London, England, July 11, 2014

Presenter, "Reforming the regulation of the prosecutors: A slightly comparative perspective," Conference of the International Working Group for Comparative Studies of the Legal Professions, Frauenchiemsee, Germany, July 7, 2014

Panelist, "International Ethics," Ninth Annual Fordham Law School Conference on International Arbitration and Mediation," June 12, 2014

Panelist, "Fifth Annual Prescription for Criminal Justice Forensics," ABA Criminal Justice Section, NY, NY, June 6, 2014

Panelist, "Ethics of Working With Witnesses," Professional Education Broadcast Network, May 16, 2014

Panelist, "Plenary: Twenty Years After the MacCrate Report: Revisiting the Continuum," NCBE Annual Admissions Conference, Seattle, WA, May 3, 2014

Moderator, "Conflicts: The Basics and Recent Developments," Ethics for In-House Counsel: New Developments & Future Challenges, Fordham Law School, March 20, 2014

Panelist, "Race and Access to Justice," Georgetown Univ. Law Center, Washington, D.C., March 18, 2014

Co-speaker, "Professional Ethics for Public Interest Lawyers," Brennan Center for Social Justice, NY, NY, Feb. 28, 2014

Panelist, "Attorney Client Privilege and Selective Waiver in Bank Regulation," Cardozo Law School, Feb. 24, 2014

Panelist, "Who Are They to Judge?  Ethical and Professionalism Issues Facing the Bench," 1tth Annual Legal Ethics & Professionalism Symposium, Univ. of Georgia Law School, Feb. 21, 2014

Panelist, "Bridge the Gap" C.L.E. Orientation Program, Committee on Character & Fitness (Supreme Court, Appellate Division, First Judicial Department), NYCLA, Feb. 19, 2014

Moderator, "Ethical Choices in Dealing with Crime Victims: What is a Prosecutor, Defender and Judge to Do?," 2014 ABA Midyear Meeting, Chicago, IL, Feb. 7, 2014

Panelist, "Stop, Frisk & Judicial Independence: An Ethics CLE," NY Chapters of the Puerto Rican Bar, Federal Bar and National Bar Associations, U.S. Courthouse, NY, NY, Jan. 8, 2014

Commentator, "The Lost Lawyer and the Lawyer-Statesman Ideal: A Generation Later – the Shifting Sands of Professional Identity," AALS Annual Meeting, NY, NY, Jan. 4, 2014

Co-presenter, Workshop on Prosecutorial Ethics, Hitotsubashi Univ., Tokyo, Japan, Dec. 18, 2013

Co-presenter, Workshop on Prosecutorial Ethics, Japan Federation of Bar Associations, Tokyo, Japan, Dec. 17, 2013

Presenter, "Comparing the Honesty and Candor Obligations of U.S. Prosecutors and Defense Lawyers," Chukyo Univ., Nagoya, Japan, Dec. 16, 2013

Moderator, panel on "Unbundled Legal Services," "Until Civil Gideon: Expanding Access to Civil Justice," Fordham Law School, Nov. 1, 2013

Moderator, "Ripped from the Headlines," 9th Annual White Collar Seminar, NACDL, Washington, D.C., Oct. 24, 2013

Panelist, Federal Criminal Practice Institute, New York County Lawyers' Association, Oct. 19, 2013

Panelist, "Ethical Considerations for Corporate Investigations: Views from All Sides," Association of the Bar of the City of New York, Sept. 25, 2013

Moderator, "Criminal Discovery Under *Brady v. Maryland*: Current Developments,  Association of the Bar of the City of New York, Sept. 19, 2013

Moderator, "Navigating the Ethical Challenges in Counseling Unaccompanied Minors," DCS Legal Access Project Managers' Meeting, Vera Institute of Justice, July 31, 2013

Presenter, Ethics Workshop, Annual Capital Defense Training Program, New York City Bar, July 15, 2013

Panelist, "Culpability and White Collar Crime," 2013 AALS Midyear Meeting, San Diego, CA, June 10, 2013

Panelist, "The Ethics of Sub-Prime Lending," conference on The Mortgage Crisis–Five Years Later, Coalition for Debtor Education, Fordham Law School, June 3, 2013

Moderator, "Prosecutors' Ethical and Professional Decision Making – Is it Unique?," 39th ABA National Conference on Professional Responsibility, San Antonio, TX, May 30, 2013

Co-presenter, "Hot Topics in Legal Ethics," Fordham Law School, May 20, 2013

Panelist, "Criminal Law and Ethics," NYCLA, April 23, 2013

Panelist, "Religion and the Practice of Law," 2013 Conference on Religious Legal Theory, Touro Law Center, April 11, 2013

Commentator, Conference on "The Ethical Infrastructure and Culture of Law Firms," Hofstra Law School, April 5, 2013

Presenter, "The Gideon Effect: Rights, Justice and Lawyers Fifth Years After Gideon v. Wainwright," Yale Law Journal Symposium, Yale Law School, March 9, 2013

Panelist, "Complying with Brady and Strategies for Defense Counsel," 27th Annual National Institute on White Collar Crime, Las Vegas, Nevada, March 8, 2013

Panelist, "Ethics in White Collar Cases," 27th Annual National Institute on White Collar Crime, Las Vegas, Nevada, March 7, 2013

Presenter, "Imagining Plea Bargaining Without Competent Counsel: Justice Scalia's Pursuit of Less Perfect Justice," conference on Plea Bargaining After Lafler and Frye, Duquesne Univ. School of Law, March 1, 2013

Moderator, "The Business and Ethics of Managing a 21st Century Law Firm: New, Smart and Ethical Business Models," Fordham Law School, Feb. 26, 2013
Panelist, "Representing Financial Institutions and their Employees in SEC Enforcement Actions," ABA Section of Business Law, White Collar Crime Committee, NY, NY, Feb. 13, 2012

Speaker, "New Developments in Attorney-Client Privilege," AALS 2013 Annual Meeting, New Orleans, LA, Jan. 5, 2013

Chair and moderator, "Ethical Issues in Pro Bono Representation 2012," PLI, Dec. 18, 2012

Panelist, "Ethical Issues for the Modern Day Prosecutor," Kings County District Attorney's Office, Nov. 20, 2012

Panelist, "Navigating Ethical Waters: Obstruction of Justice, Destruction of Evidence and False Statements," 8th Annual White-Collar Seminar, NACDL, Fordham Law School, NY, NY, Nov. 15, 2012

Lecture, "Lawyers' Professional Independence: Overrated or Undervalued?," Miller-Becker Center for Professional Responsibility Distinguished Lecture Series, Akron Law School, Nov. 9, 2012

Speaker, "Federal Criminal Discovery Reform: A Legislative Approach," symposium on Defining and Enforcing the Federal Prosecutor's Duty to Disclose Exculpatory Information, the 13th Annual Georgia Symposium on Ethics and Professionalism, Mercer Law School, Oct. 5, 2012

Moderator, "Ethical Issues for Criminal Practitioners," National Law Journal/Legal Times & Fordham Law School, recorded webinar broadcast on Oct. 2, 2012

Panelist, "Ethical Considerations for Corporate Investigations: Updates 2012,"  Association of the Bar of the City of New York, Sept. 12, 2012

Speaker, "Lawyers' Professional Independence: Is it undervalued or overrated?," International Legal Ethics Conference V, Banff, Alberta, July 13, 2012

Panelist, "Law Without Walls," International Legal Ethics Conference V, Banff, Alberta, July 13, 2012

Presenter, "Ethical Practice in the Criminal Justice System: Finding Common Ground," National Institute for Teaching Ethics & Professionalism, Seattle, WA, June 22-24, 2012

Panelist, "Parallel Proceedings: Emerging Issues & Best Practices," Association of the Bar of the City of New York, June 13, 2012

Presenter, "Rehabilitating Lawyers: Perceptions of Deviance and Its Cures in the Lawyer Disciplinary Process," 2012 International Conference on Law & Society, Honolulu, HA, June 5, 2012

Panelist, "So You Think You're Up-to-Date on Attorney Client Privilege & Confidentiality," 38th ABA National Conference on Professional Responsibility, Boston, MA, June 1, 2012

Panelist, "Conflicts in the Face of Corporate Representations and Government Investigative Techniques," 1st Annual White Collar Crime Institute,  Association of the Bar of the City of New York, May 14, 2012

Panelist, "Conflicts and Choice of Law Updates," Professional Responsibility and Legal Ethics: Exploring the Similarities and the Differences Across Legal Systems, Association of Professional Responsibility Lawyers International Conference, Istanbul, Turkey, May 4, 2012

Co-speaker, "Rehabilitating Lawyers: Perceptions of Deviance and its Cures in the Lawyer Reinstatement Process," The Law: Business or Profession? - The Continuing Relevance of Julius Henry Cohen for the Practice of Law in the Twenty-First Century, Fordham Law School, April 24, 2012

Speaker, "The Flood of U.S. Lawyers: Natural Fluctuation or Professional Climate Change?," Too Many Lawyers? - Facts, Reasons, Consequences, and Solutions, International Institute for the Sociology of Law, Oñati, Spain, April 20, 2012

Presenter, "Prosecutors and Professional Regulation," faculty workshop, Fordham Law School, March 22, 2012

Speaker, "Ethics," Counseling Clients in the Entertainment Industry 2012, PLI, March 12, 2012

Panelist, "Ethics for Government Lawyers 2012," PLI, March 9, 2012

Speaker, "Ethics for Government Lawyers," U.S. Environmental Protection Agency, Region 2, Office of Regional Counsel, March 8, 2012

Moderator, "Top Ten Reasons You'll Wish You had Become a Trust & Estates Lawyer: Ethical Pitfalls and Blunders in White Collar Practice," 26th National Institute on White Collar Crime, ABA, Miami, Florida, March 1, 2012

Panelist, "Developments in Ethics for Antitrust Lawyers," live webinar and teleconference, ABA Section of Antitrust Law, Feb. 16, 2012

Panelist, "Prosecutorial Accountability in the Post-*Connick v. Thompson* Era: Reforms and Solutions," ABA Death Penalty Representation Project et al., New Orleans, Louisiana, Feb. 4, 2012

Speaker, "Ethical Issues in Federal Practice," Current Developments in Federal Civil Practice 2012, PLI, Feb. 1, 2012

Panelist, "Technology in Your Practice - Trends, Tools and Ethics Rules,"  NYSBA Annual Meeting, Jan. 26, 2012

Panelist, "Rules of Professional Conduct and the Government Lawyer," NYSBA Annual Meeting, Jan. 24, 2012

Panelist, "Ethical Considerations in Setting Attorney Fees," NYSBA Annual Meeting, Jan. 24, 2012

Speaker, "Government Lawyering," 2012 Annual Meeting, AALS, Washington, D.C., Jan. 5, 2012

Chair and moderator, "Ethical Issues in Pro Bono Representation 2010," PLI, Dec. 21, 2010

Panelist, "Ethical Issues with Group Representation," LEAP conference on Civil Justice as bedrock value in Difficult Times, Nov. 29, 2011

Panelist, "The Watergate CLE," U.S. District Court - EDNY, Nov. 15, 2011

Panelist, "Future Ethics: Who Will Regulate Lawyers in 2020?," New York Law School, Nov. 14, 2011

Panelist, "Community Prosecution & Community Defense," Wake Forest Univ. School of Law, Nov. 4, 2011

Panelist, "Multi-jurisdictional rules of ethics and professional conduct: Coping with conflicting legal rules and privileges in a global business environment," German-American Lawyers' Association, NY, Oct. 25, 2011

Panelist, "What to Do?  Has the Potential Client (Who Will Not Disclose) Intentionally Misrepresented?", Working Group on Legal Opinions Fall 2011 Seminar, NY, Oct. 25, 2011

Panelist, "Sentencing Advocacy," 2011 Federal Criminal Practice Institute, NYCLA, Oct. 15, 2011

Moderator, "Representing Clients With Diminished Capacity," Association of the Bar of the City of New York, Oct. 13, 2011

Moderator, "The ABCs of D-efense in an E-lectronic Age: Ethics and Strategies," 7th Annual White Collar Seminar, NACDL, Fordham Law School, Sept. 22, 2011

Panelist, "Ethical Considerations for Corporate Investigations: Updates 2011,"  Association of the Bar of the City of New York, Sept. 15, 2011

Panelist, "Alternative Litigation Financing: A New Way to Help Pay for Lawsuits and Stay Out of Trouble While Doing It," NYCLA, Sept. 14, 2011

Panelist, "The Ethical and Practical Challenges of Representing a Controversial Client," Federal Bar Council & Stein Center, E.D.N.Y. federal courthouse, June 29, 2011

Panelist, "What is Good Lawyering?," Conference on Padilla and the Future of the Defense Function, NACDL, Cardozo Law School, June 20, 2011

Luncheon speaker, "Staying Ahead of the Curve: What Every Criminal Defense Lawyer Needs to Know," NYSBA, Albany, NY, June 17, 2011

Panelist, "Tackling Ethical Issues Arising in Criminal Cases," NYCLA, June 16, 2011

Panelist, "Third Party Funding of International Arbitration Claims: The Newest 'New New Thing,'" NYSBA Dispute Resolution Section & Fordham Law School ADR and Conflict Resolution Program, June 15, 2011

Panelist, "How the Rules of Professional Conduct Apply to Government Lawyers," Seventeenth Annual Seminar on Ethics in New York City Government, NYC COIB & Center for New York City Law, New York Law School, May 17, 2011

Panelist, "Hypothetically Speaking II: Issues in the Attorney-Client Relationship under the Rules of Professional Conduct," Association of the Bar of the City of New York, May 16, 2011

Moderator, "Ethics Update: Perspectives from the Federal and State Judiciary," N.Y.S. Federal Judicial Council - Advisory Group, E.D.N.Y. federal courthouse, May 11, 2011

Moderator, "Ethics Update: Perspectives from the Federal and State Judiciary," N.Y.S. Federal Judicial Council - Advisory Group, S.D.N.Y. federal courthouse, May 10, 2011

Panelist, "An Overview of Attorney Error: Malpractice, Breach of Ethical Rules and Ineffective Assistance of Counsel," Mental Hygiene Legal Service, May 3, 2011 (videotape)

Panelist, "The Top Five Ethical Violations and Resulting Claims for Legal Malpractice," Spring 2011 National Legal Malpractice Conference, ABA Standing Committee on Lawyers' Professional Liability, Boston, MA, April 28, 2011

Panelist, "Anatomy of a Trial: Young Lawyer Trial Skills Training," ABA Section of Litigation & Criminal Justice Section Annual CLE Conference," Miami, Florida, April 14, 2011

Panelist, "Ethics," IP Enforcement and Litigation 2011: Civil and Criminal Update, PLI, March 30, 2011

Panelist, "Ethical Implications of Legal Aid and Pro Se Assistance," Legal Aid Society, March 18, 2011

Speaker, "Criminal Defense Ethics," 25th Annual Metropolitan New York Trainer, NYS Defenders Ass'n, March 12, 2011

Moderator, "Criminal Defense?: The Ethical and Legal Line Between Zealous Advocacy and Obstruction of Justice ," 25th National Institute on White Collar Crime, ABA Criminal Justice Section, Mar. 3, 2011, San Diego, CA

Panelist, "2011 Ethical Issues," 2011 Winter Bench & Bar Conference, Federal Bar Council, Los Cabos, Mexico, Feb. 21, 2011

Keynote Speaker, "Ted Schneyer's Impact on Legal Ethics Scholarship," The Ted Schneyer Ethics Symposium: Lawyer Regulation for the 21st Century, Univ. Of Arizona, James E. Rogers College of Law, Jan. 28, 2011

Panelist, "Ethical Pitfalls for Business Lawyers," Business Law Section, NYSBA Annual Meeting, Jan. 26, 2011

Co-speaker, "Legal Ethics & Professionalism," Nineteenth Annual London MCLE Fair, CLE Europe Limited, Jan. 15, 2011

Chair and moderator, "Ethical Issues in Pro Bono Representation 2010," PLI, Dec. 21, 2010

Moderator, "Ethical and Privilege Issues for Pharmaceutical Whistleblowers Counsel," Institutional Investor Educational Foundation, New York, NY, Dec. 9. 2010

Moderator, program on ethics and professionalism in criminal prosecution and defense, Multnomah County Courthouse, Portland, OR, Dec. 3, 2010

Panelist, "Ethics and the Construction Lawyer," NYCLA, Nov. 30, 2010

Speaker, "Ethical Practices for the Modern Prosecutor," Brooklyn District Attorney's Office. Oct. 26, 2010

Speaker, "Prosecutive Ethics," annual conference, National Association of Former United States Attorneys, Oct. 9, 2010

Moderator, "A Prosecutor's Brady/Discovery Obligations For Production of Documents," ABA Criminal Justice Section White Collar Crime Mid-Atlantic Regional Committee, Widener Law School, Wilmington, DE, Oct. 7, 2010

Panelist, ""Ethics and Litigation for Today's Trial Counsel," 2nd Annual Litigation Summit, Oct. 6, 2010

Panelist, "Ethical Considerations for Corporate Investigations: Updates 2010," Association of the Bar of the City of New York, September 15, 2010
Panelist, "Hot Ethics Issues for Young Trial Lawyers (and the Young at Heart)," ABA ANNUAL Meeting 2010, San Francisco, CA, August 7, 2010

Speaker, "Criminal; Defense Ethics," New York State Defenders Association 43rd Annual Meeting & Conference, Saratoga Springs, NY, July 27, 2010

Panelist, "Lawyers in Context: Ethical Decision Making in Practice," International Legal Ethics Conference IV, Stanford Law School, July 17, 2010

Moderator, "Prosecutors and their Disclosure Duties: A Regulatory Conundrum," 36rd National Conference on Professional Responsibility, ABA, June 3, 2010

Panelist, "Hypothetically Speaking: Considering Issues for the Practitioner under the New Rules of Professional Conduct," Association of the Bar of the City of New York, May 17, 2010

Panelist, "Bloomberg Corporate Internal Investigations: Ethical Considerations Seminar 2010," Bloomberg, NY, March 11, 2010

Panelist, "Protecting the Attorney-Client Privilege and Attorney Work Product," 24th Annual National Institute on White Collar Crime, Miami, Florida, Feb. 25, 2010

Panelist, "Half a Century of Advice," Committee on Professional Ethics, NYSBA Annual Meeting, Jan. 29, 2010