UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JENNIFER ECKHART,

                Plaintiff,

                v.

FOX NEWS NETWORK, LLC, and ED HENRY, in his
individual and professional capacities,

                Defendants.

Case No. 20-CV-5593 (RA)

---

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT ED HENRY'S
MOTION FOR RECONSIDERATION OF THE COURT'S
OPINION & ORDER DATED  SEPTEMBER 9, 2021**

Elkan Abramowitz
Catherine M. Foti
MORVILLO ABRAMOWITZ GRAND
IASON & ANELLO PC
565 Fifth Avenue
New York, New York 10017

Jayne C. Weintraub
Jon A. Sale
SALE & WEINTRAUB, P.A.
2 South Biscayne Boulevard
One Biscayne Tower – 21st Floor
Miami, Florida 33131

*Attorneys for Ed Henry*

## Table of Contents

TABLE OF AUTHORITIES……………………………………..…………………………..ii

INTRODUCTION ................................................................................................................. 1

PROCEDURAL HISTORY.................................................................................................... 3

STANDARD FOR RECONSIDERATION ............................................................................ 6

ARGUMENT.......................................................................................................................... 6

    I.   The Court Should Reconsider its Finding that Filing Redacted Photographs of Plaintiff was not a Reasonable Litigation Tactic and its Corresponding Rulings Denying Mr. Henry's Motion to Dismiss the Retaliation Claim and the CRL Claim.................................................... 6

        A.   Filing the Redacted Photographs was a Reasonable Defensive Measure ....................... 7

        B.   The Statutory Language of CRL § 52-b Allowed for Filing the Redacted Photographs 10

        C.   Mr. Henry Cannot be Held Liable for Retaliation Under the NYSHRL or NYCHRL for Filing the Redacted Photographs Because there is No Employment Relationship Between Plaintiff and Mr. Henry ................................................................................................. 12

           i.   The NYSHRL ......................................................................................................... 12

           ii.   The NYCHRL .......................................................................................................... 14

    II.   The Court Should Reconsider its Ruling that Plaintiff's NYSHRL and NYCHRL Hostile Work Environment Claims were not Barred by the Statute of Limitations ............................... 15

CONCLUSION...................................................................................................................... 18

## <u>Table of Authorities</u>

**Page(s)**

**Cases**

*Corrado v. New York Unified Ct. Sys.*,
  163 F. Supp. 3d 1 (E.D.N.Y. 2016) ................................................................................... 16, 17

*Cruz v. Coach Stores, Inc.*,
  202 F.3d 560 (2d Cir. 2000) ...................................................................................................... 8

*Drew v. Plaza Const. Corp.*,
  688 F. Supp. 2d 270 (S.D.N.Y. 2010) ............................................................................. 15, 16

*Figueroa v. RSquared NY, Inc.*,
  89 F. Supp. 3d 484 (E.D.N.Y. 2015) ........................................................................................ 1

*Gaughan v. Rubenstein*,
  261 F. Supp. 3d 390 (S.D.N.Y. 2017) ...................................................................................... 7

*Gentile v. State Bar of Nevada*,
  501 U.S. 1030 (1991) ......................................................................................................... 9, 10

*Harris v. City of New York*,
  186 F.3d 243 (2d Cir.1999) .............................................................................................. 16, 17

*Henderson v. Metropolitan Bank & Trust Co.*,
  502 F. Supp. 2d 372 (S.D.N.Y. 2007) ...................................................................................... 6

*Hughes v. Twenty-First Century Fox, Inc.*,
  304 F. Supp. 3d 429 (S.D.N.Y. 2018) ........................................................................... 2, 8, 13

*Kaytor v. Elec. Boat Corp*,
609 F.3d 537  (2d Cir. 2010) .................................................................................................. 16

*Lopez-Serrano v. Rockmore*,
  132 F. Supp. 3d 390 (E.D.N.Y. 2015) ...................................................................................... 7

*Malena v. Victoria's Secret Direct, LLC*,
  886 F. Supp. 2d 349 (S.D.N.Y. 2018) ......................................................................... 12, 13, 14

*Marino v. Statewide Griev. Comm.*,
  206 A.3d 198 (Conn. 2019) .................................................................................................... 10

*McCarthy v. Manson*,
  714 F.2d 234 (2d Cir.1983) ...................................................................................................... 6

*Mirlis v. Greer*,
    952 F.3d 51 (2d Cir. 2020) ........................................................................... 10

*National R.R. Passenger Corp. v. Morgan*,
    536 U.S. 101 (2002) .................................................................................... 15

*Old Chief v. United States*,
    519 U.S. 172 (1997) .................................................................................... 10

*Patterson v. County of Oneida, N.Y.*,
    375 F.3d 206 (2d Cir.2004) .......................................................................... 1

*Ramsay v. Marriott Int'l, Inc. eck*
952 F.3d 379 (2d Cir. 2020)........................................................................... 16

*Richardson v. Comm. on Human Rights & Opportunities*,
    532 F.3d 114 (2d Cir. 2008) .......................................................................... 7

*Rotberg v. Jos A. Bank Clothiers, Inc.*,
    345 F. Supp. 3d 466 (S.D.N.Y. 2018) ....................................................... 7, 9

*Schaper v. Bronx Lebanon Hosp. Ctr.*,
    408 F. Supp. 3d 379 (S.D.N.Y. 2019) .......................................................... 13

*Schmitt v. Artforum Int'l Mag., Inc.*,
    178 A.D.3d 578 (1st Dep't 2019) ............................................................ 14, 15

*Shepherd v. Am. Broad. Cos.*,
    62 F.3d 1469 (D.C. Cir. 1995)....................................................................... 10

*Steffes v. Stepan Co.*,
    144 F.3d 1070 (7th Cir. 1998) ........................................................................ 7

*U.S. Titan, Inc. v. Guangzhou Zhen Hua Shipping Co.*,
    182 F.R.D. 97 (S.D.N.Y. 1998) ...................................................................... 6

*United States v. New York City Transit Auth.*,
    97 F.3d 672 (2d Cir. 1996) ............................................................................. 8

*Williams v. New York City Hous. Auth.*,
    61 A.D.3d 62 (1st Dep't 2009)................................................................. 15, 16

**Other Authorities**
N.Y.C. Admin. Code § 8-107(1) ....................................................................14

N.Y. CRL § 52-b..........................................................................................10, 11

Pursuant to Local Civil Rule 6.3, Defendant Ed Henry respectfully submits this Memorandum of Law in Support of his Motion for Reconsideration of the Court's Opinion & Order Dated September 9, 2021 (the "Order" or "*Eckhart* Opinion & Order").

## INTRODUCTION

On September 9, 2021, this Court granted in part, and denied in part, Defendants' motions to dismiss Plaintiff's Third Amended Complaint (the "TAC"). Mr. Henry now moves the Court to reconsider its decisions denying (1) his motion to dismiss Plaintiff's retaliation and Civil Rights Law ("CRL") claims arising for the fact that Mr. Henry filed redacted photographs of Plaintiff in connection with his motion to dismiss the Second Amended Complaint ("SAC") as well as the Court's finding that filing the photographs was not a reasonable litigation practice, and (2) the Court's denial of Mr. Henry's motion to dismiss the Plaintiff's harassment and hostile work environment claims pursuant to the New York State Human Rights Law ("NYSHRL") and New York City Human Rights Law claims ("NYCHRL") as untimely.[1] Mr. Henry submits that the Court's findings regarding both areas as to which reconsideration is requested are not supported by the applicable law. Moreover, Mr. Henry respectfully submits that the filing of the photographs that Ms. Eckhart had sent to Mr. Henry was necessary and appropriate to defend him. The allegations that Ms. Eckhart made in her complaint were inflammatory and

---

[1] Mr. Henry also believes the Eckhart Opinion and Order contains an error that the Court should correct. In its Order, the Court summarized its holding listing at the end that "[t]he following claims are not dismissed," including "[t]he third cause of action as it pertains to Eckhart's termination (against Fox News only) and Eckhart's private photographs and messages (against Henry only)." Plaintiff's third cause of action, however, is a retaliation claim under Title VII of the Civil Rights Act of 1964 and is only asserted against Fox News. *See* TAC at ¶¶ 232-36; *Eckhart* Opinion & Order at 11 ("[Plaintiff] raises eleven causes of action . . . [including] (3) retaliation under Title VII . . . against Fox News"). Indeed, as the cases relied upon by Plaintiff make clear, Title VII claims may not be asserted against individual defendants, such as Mr. Henry. *See, e.g.*, *Figueroa v. RSquared NY, Inc.*, 89 F. Supp. 3d 484, 492 (E.D.N.Y. 2015) ("Individual defendants may not be held personally liable for alleged violations of Title VII" (citing *Patterson v. County of Oneida, N.Y.*, 375 F.3d 206, 226 (2d Cir.2004)). Accordingly, the Court's holding that Plaintiff' third cause of action, under Title VII, may proceed against Mr. Henry appears to have been a clerical error. Mr. Henry respectfully requests that the Court correct the record by revising its Order to remove any reference to Plaintiff's third cause of action being sustained as to Mr. Henry.

destructive.  Mr. Henry vehemently denied the allegations and believed he was in possession of strong documentary evidence that disproved the validity of the claims in Ms. Eckhart's complaint.

As the accompanying declarations make clear, the redacted photographs were filed in good faith in connection with Mr. Henry's right, and his attorneys' duty, to publicly refute Plaintiff's allegations.  Moreover, Professor Bruce A. Green, a Professor of Law and renown expert in the field of ethics, has reviewed the circumstances surrounding the filing of the photographs and has concluded that Mr. Henry's attorneys were engaged in "zealous advocacy within the bounds of the law and professional conduct rules" when they decided to file the photographs, *see* Green Decl. at ¶ 35,[2] and that the filing was a proper attempt "to blunt the inflammatory force of [Eckhart's] allegations."  *See id.* at ¶ 25(c) (citing *Hughes v. Twenty-First Century Fox, Inc.*, 304 F. Supp. 3d 429, 449 (S.D.N.Y. 2018)).  Mr. Henry and his counsel respectfully submit that, as it currently stands, the Eckhart Opinion & Order will serve to chill the ability of advocates to fulfill their ethical obligations to their clients and chill a defendant's legal right to mount a full, complete, and vigorous defense.[3]  Mr. Henry respectfully requests that the Court reconsider its findings with respect to retaliation and violation of the CRL as well as with respect to the Statute of Limitations.

---

[2] On September 22, 2021, the Court granted Mr. Henry's letter motion to file two declarations in connection with this Motion for Reconsideration.  Dkt. 166.  The declaration of Catherine M. Foti ("Foti Decl.")  is attached hereto as Exhibit 1.  The declaration of Professor Bruce A. Green, the Louis Stein Chair at Fordham University School of Law and Director of the Louis Stein Center for Law and Ethics ("Green Decl.") is attached hereto as Exhibit 2.

[3] This chilling affect would apply equally to counsel for plaintiffs alleging sexual harassment as it would to counsel for defendants because it necessarily follows that a plaintiff could not include lewd photographs in a complaint, even where the defendant had sent the photographs to the plaintiff.  This Court's ruling would open the door to plaintiffs who include such photographs in a complaint to be potentially liable for New York Human Rights Law violations and unlawful dissemination of an intimate image, even where the photographs in the complaint are redacted. Both plaintiffs and defendants need to be able to publicly state their cases.

## PROCEDURAL HISTORY

In or around the end of June 2020, Fox News informed Mr. Henry that Jennifer Eckhart was accusing him of sexually harassing and assaulting her.  Foti Decl. at ¶ 3.  Mr. Henry admitted having a relationship with Ms. Eckhart but emphatically denied ever harassing or assaulting Ms. Eckhart.  *Id.*  Mr. Henry has maintained then and now that the relationship with Ms. Eckhart was completely consensual.  *Id.*  Shortly after she complained to Fox about the alleged assault, Ms. Eckhart threatened to file suit.  *Id.*  At that time, counsel for Mr. Henry informed counsel for Ms. Eckhart, that Mr. Henry denied the allegations and that he had received explicit communications and photographs via text from Ms. Eckhart, some of which Mr. Henry still had, which supported Mr. Henry's assertions that the parties' relationship was consensual and undermined Ms. Eckhart's allegations of sexual harassment and assault.  *Id.*

On July 20, 2020, Ms. Eckhart filed her first complaint (the "Complaint") publicly alleging that Mr. Henry had raped her.  *See* Dkt. 1.  The Complaint did not provide dates for the large majority of its allegations, and specifically did not provide a date for the alleged rape.  *See id*.  However, it appeared from the allegations and limited dates provided in the Complaint, that many of the communications were alleged to have come from Mr. Henry in early 2017.  *See id*.  Ms. Eckhart sent the explicit photographs to Mr. Henry in early 2017.  Foti Decl. at ¶ 4.  The Complaint included a number of allegations related to communications that Mr. Henry had allegedly sent to Ms. Eckhart but failed to include the entirety of those communications, citing to only select communications and then only to select portions of those communications.  *See id.* at ¶¶ 9-11, 86-91.  In particular, the Complaint made references to the parties' communications surrounding the alleged rape and included what Mr. Henry contends was a completely baseless allegation that Mr. Henry had taken photographs of Ms. Eckhart the night of the alleged rape in

order to blackmail her.  Foti Decl. at ¶ 4.  The numerous salacious and graphic photographs in Mr. Henry's possession which Ms. Eckhart sent willingly to Mr. Henry, apparently from around the period of the alleged rape, clearly contradicted not only Ms. Eckhart's harassment claim but also her blackmail claim.  *Id*.

As soon as the Complaint was filed, Mr. Henry denied any wrongdoing and maintained that the allegations levied against him in the Complaint were false.  *Id.* at ¶ 5.  However, unlike Ms. Eckhart, whose Complaint was accompanied by television news interviews, Mr. Henry did nothing publicly but deny the allegations.  *Id.*  He did not appear on a morning show or provide an interview and he did not publicize the photographs even though he believed the photographs helped prove his innocence. *Id*.

On September 11, 2020, Ms. Eckhart filed her Amended Complaint, which included the same undated alleged communications as the first Complaint.  *See* Dkt. 38 at ¶¶ 59-65.  On October 14, 2020, Ms. Eckhart filed her Second Amended Complaint (the "SAC").  The SAC again included the same undated alleged communications as the first Complaint.  *See* Dkt. 78 at ¶¶ 50-64.

Mr. Henry moved to dismiss the SAC on October 19, 2020 and moved for a more definite statement.  Foti Decl. at ¶ 8.  In connection with his motions, Mr. Henry attached documentary evidence in his possession which included communications that Ms. Eckhart had sent him, both for completeness (as noted, Ms. Eckhart had chosen to quote only part of the various messages cited in the SAC), and in order to put the communications alleged in the SAC into context.  *Id.*

Based on the general allegations in the SAC, the photographs that Ms. Eckhart sent Mr. Henry were from the time period surrounding the alleged assault.  *Id.*  Mr. Henry believed that these communications, including the photographs, were incorporated by reference in the SAC

4

because they were a part of the same string of text messages upon which Ms. Eckhart relied to make her allegations in the SAC. *Id.* Accordingly, it was determined that the Court could consider the photographs and that they could be attached to the motion to dismiss. Prior to filing the photographs that Ms. Eckhart had sent Mr. Henry, all nudity was redacted from the photographs.

Rather than opposing Mr. Henry's motion to dismiss the SAC, on November 9, 2020, Ms. Eckhart filed the TAC. *See* Dkt. 113. The TAC added claims of retaliation and New York CRL violations arising from Mr. Henry's filing of the of the redacted photographs. *See id.* On December 7, 2020, Mr. Henry moved to dismiss the TAC, including the added claims of retaliation and alleged CRL violations in connection with the redacted photographs. *See* Dkts. 123-25. Mr. Henry argued that filing the photographs was proper because the photographs were incorporated by reference in the SAC and Mr. Henry had a right to defend himself publicly against Ms. Eckhart's public accusations. *See* Dkt. 124 at 6-11. He also argued that evidence that the relationship with Ms. Eckhart was consensual undermined the sex trafficking claim and supported a motion to this Court to require Plaintiff to provide the date of the alleged rape. The photographs were crucial documentary evidence in Mr. Henry's possession undermining allegations of sex trafficking, sexual harassment, and rape. Mr. Henry also argued that Ms. Eckhart's NYHSRL and NYCHRL hostile work environment claims should be dismissed because they are barred by the Statute of Limitations. *Id.* at 30-32.

On September 9, 2021, this Court issued the Eckhart Order, denying, *inter alia*, Mr. Henry's motions to dismiss the retaliation and revenge porn claims and determining that the inclusion of the photographs, even though redacted, as support for the motion was unreasonable. *See Eckhart* Opinion & Order at 42-46. The Court also ruled that Ms. Eckhart's NYSHRL and

NYCHRL hostile work environment claims were not barred by the Statute of Limitations because three text messages that Mr. Henry allegedly sent Ms. Eckhart during the limitations period established a basis to plead a "continuing violation." *See id.* at 24-30.

Mr. Henry now moves for reconsideration of the motions to dismiss the retaliation and revenge porn claims and this Court's finding that the submission of the photographs was not a reasonable litigation practice. Mr. Henry also moves for reconsideration of the Court's finding that the three text messages that Mr. Henry allegedly sent Ms. Eckhart during the limitations period was sufficient to plead a "continuing violation."

## STANDARD FOR RECONSIDERATION

"The standards governing motions to alter or amend judgment pursuant to Rule 59(e) [of the Federal Rules of Civil Procedure] and motions for reconsideration or reargument pursuant to Local Rule 6.3 are the same." *Henderson v. Metropolitan Bank & Trust Co.*, 502 F. Supp. 2d 372, 375 (S.D.N.Y. 2007). Local Civil Rule 6.3 allows the Court to correct errors of law or fact and whether to grant a motion for reconsideration is within the "'sound discretion of a district court judge.'" *U.S. Titan, Inc. v. Guangzhou Zhen Hua Shipping Co.*, 182 F.R.D. 97, 100 (S.D.N.Y. 1998) (quoting *McCarthy v. Manson*, 714 F.2d 234, 237 (2d Cir.1983)).

## ARGUMENT

**I.  The Court Should Reconsider its Finding that Filing Redacted Photographs of Plaintiff was not a Reasonable Litigation Tactic and its Corresponding Rulings Denying Mr. Henry's Motion to Dismiss the Retaliation Claim and the CRL Claim**

As a part of the *Eckhart* Opinion & Order, the court denied Mr. Henry's motion to dismiss Plaintiff's retaliation claim pursuant to the NYSHRL and NYCHRL, as well as Mr. Henry's motion to dismiss Eckhart's CRL claim. In doing so, the Court based its decision on the finding that filing redacted photographs, which Ms. Eckhart had sent Mr. Henry, was not a reasonable litigation tactic. *Eckhart* Opinion and Order at 41-42. The Court used this finding as

6

a basis to deny Mr. Henry's motion with respect to both the retaliation claim and the CRL claim. *Id.* at 2 ("Because Eckhart plausibly alleges that this conduct was indeed intended to 'shame' her, and because the Court finds that posting these photographs was not a reasonable litigation tactic, this claim [for retaliatory harassment and trauma] survives, as does Eckhart's claim against Henry for violation of New York's 'revenge porn' law"). The Court likewise held that Plaintiff had stated a retaliation claim against Mr. Henry, under the NYSHRL and NYCHRL, despite the fact that no employment relationship existed between Plaintiff and Mr. Henry at the time the redacted photographs were filed. Mr. Henry respectfully requests that the Court reconsider its finding that filing redacted photographs that Plaintiff had sent Mr. Henry was not a reasonable litigation tactic and its corresponding rulings denying Mr. Henry's motion to dismiss Plaintiff's retaliation and CRL claims.

## A.   Filing the Redacted Photographs was a Reasonable Defensive Measure

As the Court acknowledged in its Order, reasonable defensive measures, including those contained in legal filings, do not constitute retaliation under the NYSHRL or NYCHRL. *See Eckhart* Opinion & Order at 41-42; *Richardson v. Comm. on Human Rights & Opportunities*, 532 F.3d 114, 123–24 (2d Cir. 2008); *Gaughan v. Rubenstein*, 261 F. Supp. 3d 390, 420 n.4 (S.D.N.Y. 2017); *Steffes v. Stepan Co*., 144 F.3d 1070, 1075 (7th Cir. 1998) (noting that "it will be the rare case in which conduct occurring within the scope of litigation constitutes retaliation"). The Court further acknowledged that courts may consider electronic communications between the parties, where the plaintiff quoted from, and relied on, those communications in framing their complaint. *See Eckhart* Opinion & Order at 43; *Rotberg v. Jos A. Bank Clothiers, Inc*., 345 F. Supp. 3d 466, 475 (S.D.N.Y. 2018); *Lopez-Serrano v. Rockmore*, 132 F. Supp. 3d 390, 400 (E.D.N.Y. 2015). The Court concluded, however, that the redacted photographs filed by Mr. Henry were not incorporated by reference or integral to Plaintiff's

complaint and therefore that their filing was not a reasonable defensive measure. *See Eckhart* Opinion & Order at 43.

It is necessarily true from the case law, however, that the reasonableness of a defensive measure must be judged in context of the plaintiff's allegations. *See United States v. New York City Transit Auth.*, 97 F.3d 672, 677 (2d Cir. 1996) (gauging whether an action constitutes a "reasonable defensive measure" within the context of the case). Indeed, it is commonplace for parties to use defensive measures "to blunt the inflammatory force of [a plaintiff's] allegations." *Hughes*, 304 F. Supp. 3d at 449. Here, Plaintiff's allegations were highly inflammatory including claims that Mr. Henry sexually harassed Eckhart, forced her to engaged in sexual conduct against her will, and raped her. Plaintiff also alleged that Mr. Henry took photographs during the alleged rape in order to blackmail Plaintiff. Plaintiff did not allege precisely when this rape occurred, but suggested it happened sometime in early 2017. Mr. Henry's possession of several photographs, which Plaintiff willingly sent Mr. Henry, were and are highly relevant and powerful evidence undermining her allegations.[4] These inflammatory allegations necessitated a forceful response. *See Hughes*, 304 F. Supp. 3d at 449. Consequently, it was Mr. Henry's right,

---

[4] Contrary to Plaintiff's suggestion that by filing the redacted photographs, Mr. Henry was saying that Plaintiff "asked" to be raped, *see* TAC at ¶ 204, Mr. Henry never said such a thing, nor have his attorneys. Although the Court suggested that the fact that the photographs were undated undermines their relevance, *see* Eckhart Opinion & Order at 43, the Court is mistaken. As noted in Mr. Henry's memorandum of law in support of his motion to dismiss, Plaintiff sent Mr. Henry these photographs in early 2017. The precise day the photographs is obscured in large part because Plaintiff refused to provide the date of the rape even though it is clear that she has a precise date in mind. *See* SAC at ¶ 63. But whether Ms. Eckhart sent Mr. henry the photographs before or after the alleged rape in early 2017, the photographs undermine Plaintiff's allegations. If Plaintiff sent Mr. Henry the photographs prior to the alleged rape it undermines her suggestion that when she met with Mr. Henry on the night of the alleged rape, that she did not intend to have sex with him, *see* SAC ¶¶ 54-55, as well as her allegation that Mr. Henry took naked photographs of Plaintiff to "blackmail" her, *see* SAC ¶ 60. If Plaintiff sent Mr. Henry the pictures after the alleged rape, it undermines Plaintiff's allegation that "[f]ollowing this incredibly violent rape, Ms. Eckhart made every possible effort to cease all communications with Mr. Henry." *See* SAC ¶ 65. The photographs likewise undermine Plaintiff's allegations of sexual harassment because they demonstrate that Plaintiff did not "protest or oppose" any alleged sexual overtures, but indeed actively and willingly engaged in sexual communications. *See Cruz v. Coach Stores, Inc.*, 202 F.3d 560, 566 (2d Cir. 2000).

and his attorneys' ethical duty to include the messages and photographs as evidence countering Plaintiff's narrative.  *See* Green Decl. at ¶ 21.

    While Mr. Henry maintains that the photographs were indeed incorporated into the complaint, the Court's ruling that they were not incorporated by reference or integral to the complaint does not give rise to the Court's conclusion that filing the redacted photographs amounted to retaliation and a CRL violation.  At bottom, Mr. Henry had a good-faith basis to argue that the Court could properly consider the photographs.  *See Rotberg v. Jos A. Bank Clothiers, Inc*., 345 F. Supp. 3d 466, 475 (S.D.N.Y. 2018); Green Decl. at ¶ 29.  Furthermore, it is a common and legitimate litigation strategy to counter a plaintiff's allegations by publicizing the defendant's own contrary factual account.  *See, e.g.*, *Gentile v. State Bar of Nevada*, 501 U.S. 1030, 1043 (1991) (plurality opinion of Kennedy, J.)  (an attorney "cannot ignore the practical implications of a legal proceeding for the client.  . . .  [A]n attorney may take reasonable steps to defend a client's reputation and reduce the adverse consequences of indictment, especially in the face of a prosecution deemed unjust or commenced with improper motives.  A defense attorney may pursue lawful strategies . . ., including an attempt to demonstrate in the court of public opinion that the client does not deserve to be tried.");[5] Green Decl. at ¶¶ 25-27.

    The accompanying Declaration of Professor Green makes clear that Mr. Henry's decision not to file the photographs under seal was likewise a reasonable determination.  Professor Green has taught courses in legal ethics at Fordham Law School since 1987, co-authors a treatise of Professional Conduct, and is a member of numerous committees concerning professional ethics

---

[5] The fact that Justice Kennedy's comments concerned a criminal matter is inconsequential to the import of his words.  Here Plaintiff publicly charged Mr. Henry with a crime, even though the setting was in a civil lawsuit.  Moreover, the consequences to Mr. Henry's life – loss of his job and public ridicule – has been devastating, similar to the impact of an indictment.  Thus, he deserved as vigorous a defense in this action as he would if he were charged in a criminal case.

and standards of attorney conduct.  *See* Green Decl. at ¶¶ 3-7.  Professor Green is therefore in a uniquely qualified position to opine on whether filing the redacted photographs was appropriate. As Professor Green details, the credibility of Mr. Henry's factual account was enhanced by providing evidence to substantiate it.  *See* Green Decl. at ¶ 26.  Parties are generally permitted to present photographs because tangible evidence has more force than mere description.  *See Old Chief v. United States*, 519 U.S. 172, 186-89 (1997); Green Decl. at ¶ 27.

Additionally, there is a strong presumption against filing documents under seal and courts will generally only seal documents where there is a specific rule mandating sealing.  *See Mirlis v. Greer*, 952 F.3d 51, 59-60 (2d Cir. 2020); Green Decl. at ¶ 27.  In this case, counsel for Mr. Henry reviewed the requirements for what documents were required to be sealed and determined that no rule prohibited filing photographs that Plaintiff had sent Mr. Henry.  *See* Foti Decl. at ¶¶ 12-13.  The pertinent Rules of Professional Conduct, moreover, permit a party to make filings even if their effect is to cause humiliation or embarrassment of the plaintiff where, like here, the filings served a purpose other than embarrassment, *i.e.* a good-faith argument that the filings were incorporated by reference and would help the movant prevail on his motions and a good-faith basis to defend the client's reputation.  *See Gentile*, 501 U.S. at 1043; *Marino v. Statewide Griev. Comm.*, 206 A.3d 198, 205 (Conn. 2019) (holding that an "attorney does not violate [the ethical rules] unless [they employed] means [that] were employed for no legitimate and considerable purpose other than to cause embarrassment or inconvenience to the third person"); *Shepherd v. Am. Broad. Cos.*, 62 F.3d 1469, 1483-84 (D.C. Cir. 1995); Green Decl. at ¶¶ 30-34.

## B.   The Statutory Language of CRL § 52-b Allowed for Filing the Redacted Photographs

Regarding the statutory language of N.Y. CRL § 52-b, Mr. Henry further requests that the Court revise its finding that publicly filing redacted photographs of Plaintiff violated the text of

the statute.  First, the statute specifically states that the law does not apply to "dissemination or publication of an intimate still or video image made during lawful and common practices of law enforcement, legal proceedings or medical treatment." *Id*. § 52-b(3)(b).  The Court, however, ruled that this exception does not apply because "filing nude or partially nude photographs of a plaintiff on a public docket is not 'common,' even in cases alleging sexual misconduct." *Eckhart* Opinion & Order at 45.  Mr. Henry respectfully suggests that this holding functionally reads the "legal proceedings" exception out of the statute.  The Civil Rights Law, by its own text, only applies to "unclothed or exposed intimate" photographs. Civ. R. § 52-b(1)(b).  If filing "unclothed or exposed intimate" photographs in legal proceedings is, as the Court determined, inherently uncommon, then there is no situation where the § 52-b(3)(b) exception for legal proceedings would apply.  The Court's ruling would, in effect, render the "legal proceedings" exception dead letter.  The fact that all nudity was redacted from the photographs prior to their public further reinforces that the redacted photographs are outside the intent and plain meaning of the statute.[6]

Based on the foregoing, Mr. Henry moves that the Court reconsider its ruling denying Mr. Henry's motion to dismiss the retaliation claims pursuant to the NYSHRL and NYCHRL, and the motion to dismiss the CRL claim.  The rulings were based on a finding that there was no reasonable basis to attach the redacted photographs to Mr. Henry's motion to dismiss.  That finding is contradicted by the facts and the governing rules and case law.

---

[6] In its Order, the Court also concluded that not all "intimate" areas had been redacted, within the meaning of the statute because the photographs still arguably included the "pubic area."  *See Eckhart* Opinion & Order at 45.  Mr. Henry respectfully suggests that this finding is misplaced as all nudity was redacted from the photographs.  The Court's holding that the "pubic area" was exposed in these photographs within the meaning of the statute would open the door to photographs qualifying as "intimate images," including, for example, an image of a woman in a bikini, beyond the intent and plain meaning of the statute.

**C.** **Mr. Henry Cannot be Held Liable for Retaliation Under the NYSHRL or NYCHRL for Filing the Redacted Photographs Because there is No Employment Relationship Between Plaintiff and Mr. Henry**

Mr. Henry also respectfully suggests that the Court erred in finding that Mr. Henry "retaliated" against Plaintiff within the meaning of the NYSHRL and NYCHRL because there was no employment relationship between Plaintiff and Mr. Henry.[7]  As Mr. Henry argued in support of his Motion to Dismiss, and as the Court noted in its ruling, in order to be liable under the NYSHRL, including for retaliation, one must be an "employer" or "supervisor" of the Plaintiff, and Mr. Henry was never Plaintiff's employer of supervisor.  *See Malena v. Victoria's Secret Direct, LLC*, 886 F. Supp. 2d 349, 365–66 (S.D.N.Y. 2018) (direct individual liability under the NYSHRL is "limited to individuals with ownership interest or supervisors, who themselves[] have the authority to hire and fire employees"); *Eckhart* Opinion & Order at 30-31. Regarding the NYCHRL, while the Court found that Plaintiff had adequately pled a direct violation of the statute because both Mr. Henry and Plaintiff were employees of the same company, that is not true with respect to the filing of the redacted photographs.  At the time that the redacted photographs were filed, neither Plaintiff nor Mr. Henry were employees of Fox News and there was no employment relationship whatsoever between the parties and the retaliation claims should therefore be dismissed as against Mr. Henry.

     *i.*     *The NYSHRL*

In its Order, the Court held that Mr. Henry could not be directly liable for claims under the NYSHRL because Plaintiff's TAC "contains no allegations to support the conclusion that

---

[7] In the section of its Order dealing with the filing of the redacted photographs, the Court does not explicitly say which statutes could give rise to a claim of retaliation.  *See Eckhart* Opinion & Order at 42-44.  In the Court's Conclusion, however, the Court stated that it did not dismiss Plaintiff's claims for retaliation against Mr. Henry under either NYSHRL or the NYCHRL.  *See id.* at 52.  The Court also noted that it did not dismiss a claim of retaliation against Mr. Henry pursuant to Title VII, which is discussed *supra* at 1 n.1.

Henry was ever Eckhart's supervisor, or that he had the authority to hire or fire her. Indeed, nowhere does Eckhart allege that the two ever worked together." *Eckhart* Opinion & Order at 30.  According to New York law, and as affirmed under the law of this Circuit, the NYHSRL can only apply direct liability to employers and supervisors. *See Malena*, 886 F. Supp. 2d at 365–66; *Hughes*, 304 F. Supp. 3d at 442–44.  This threshold question of supervisory authority applies with equal force to claims of harassment and retaliation, and therefore an individual cannot be directly liable for retaliation under the NYSHRL unless he is the plaintiff's employer or supervisor. *See id.*; *Schaper v. Bronx Lebanon Hosp. Ctr.*, 408 F. Supp. 3d 379, 395 (S.D.N.Y. 2019) ("individual liability [for retaliation] cannot be imposed against Defendant [] under the NYSHRL because Defendant [] did not exercise sufficient decision-making power over Plaintiff. Although Defendant [] was Plaintiff's direct supervisor, her title is not sufficient to impose individual liability under the NYSHRL").

Thus, the Court properly concluded "that Henry may not be held directly liable for the alleged violations of the NYSHRL." *Eckhart* Opinion & Order at 30-31.  This proper finding by the Court applies with equal force to any claim of retaliation for filing the redacted photographs because the supervisory relationship is a threshold question for direct liability under the NYSHRL, which Plaintiff has failed to meet. *See Malena*, 886 F. Supp. 2d at 365–66.  The Court also cannot find that Mr. Henry aided or abetted retaliation in connection with the redacted photographs as it found that Plaintiff failed to state a claim against Fox News for retaliation in connection with the photographs. *Eckhart* Opinion & Order at 44.  Accordingly, Mr. Henry respectfully requests that, consistent with its holding that Mr. Henry cannot be directly liable under the NYSHRL, the Court reconsider its ruling and dismiss Plaintiff's claim for retaliation arising under the NYSHRL.

*ii.*     *The NYCHRL*

Mr. Henry also requests that the Court reconsider its holding that Mr. Henry could be liable for retaliation under the NYCHRL for filing the redacted photographs.  In its Order, the Court held that, unlike the NYSHRL, Mr. Henry could be directly liable for violations of the NYCHRL because the NYCHRL provides a broader basis of liability.  It is sufficient to state a claim, therefore, that the individual defendant be an "employee of [the plaintiff's] employer." *Eckhart* Opinion & Order at 31-32.  For purposes of this Motion for Reconsideration, Mr. Henry does not contest the Court's ruling that a defendant can be directly liable under the NYCHRL if the defendant is an employee of the same employer of the plaintiff.  With respect to Plaintiff's retaliation claim for filing the redacted photographs, however, this holding does not apply as Mr. Henry was not an employee of Fox News when he filed the photographs and, as the Court held, Fox News was in no way involved with the filing of the photographs.

By its own statutory text, the NYCHRL only applies to "an employer or an employee or agent thereof."  N.Y.C. Admin. Code § 8-107(1); *see also Eckhart* Opinion & Order at 31.  As Plaintiff concedes in her TAC, Mr. Henry is not an employee of Fox News, and has not been since July 1, 2020.  *See* TAC ¶ 188.  Subsequent to July 1, 2020, therefore, Mr. Henry was not within the purview of the NYCHRL because he was not an employee under the NYCHRL. While Plaintiff and Mr. Henry are both former employees of the same employer, there is no basis to extend liability under the NYCHRL to two former employees of the same employer.

Though there is case law supporting the argument that a former employer may still be held liable for retaliating against a former employee under the NYCHRL, those holdings are predicated on the notion that there is an "'ongoing economic relationship' between the employer and former employee." *See Schmitt v. Artforum Int'l Mag., Inc.*, 178 A.D.3d 578, 584 (1st Dep't

14

2019).  Such cases do not apply here, however, where not only has Mr. Henry never been

Plaintiff's "employer," there is no alleged ongoing economic relationship whatsoever between

Plaintiff and Mr. Henry.  *See id*.  Indeed, this Court properly held that Plaintiff's former

employer was in no way involved in the filing of the redacted photographs and could not be

liable for any alleged retaliation.  Here, Plaintiff and Mr. Henry are private citizens who used to

be employed by the same employer and there is no basis to hold Mr. Henry liable for alleged

NYCHRL employment law violations, like retaliation, in that context.  Because Mr. Henry was

not an employee of Fox News when he filed the redacted photographs, and Fox News was not

involved in the filing of the photographs, there can be no liability pursuant to the NYCHRL.

## II.  The Court Should Reconsider its Ruling that Plaintiff's NYSHRL and NYCHRL Hostile Work Environment Claims were not Barred by the Statute of Limitations

As the Court acknowledged in its Order, the majority of the alleged conduct amounting to

the hostile work environment and sexual harassment claim occurred "firmly outside the

limitations period."  *See Eckhart* Opinion & Order at 25-26.  Plaintiff's hostile work

environment claim, therefore, can only survive if Plaintiff adequately pled that Mr. Henry's

conduct amounted to a "continuing violation."  *Id.* at 24-25.  In other words, Plaintiff must have

alleged sexual harassment that occurred during the limitations period, which was part of the

same unlawful employment practice as instances of alleged sexual harassment that occurred

outside the limitations period.  *See Drew v. Plaza Const. Corp.*, 688 F. Supp. 2d 270, 279

(S.D.N.Y. 2010) (continuing violation exists only if "all acts . . . are part of the same unlawful

employment practice and at least one act falls within the time period"  (quoting *National R.R.*

*Passenger Corp. v. Morgan*, 536 U.S. 101, 114–15 (2002)).  Crucially, instances of alleged

conduct *that are not themselves actionable as sexual harassment*, cannot be used to plead a

continuing violation.  *Williams v. New York City Hous. Auth.*, 61 A.D.3d 62, 80 (1st Dep't 2009).

In determining that Plaintiff had pled a continuing violation, the Court relied on text messages that Mr. Henry had allegedly sent Plaintiff, including "'sending her an image of a football player in the *Heisman* pose." *Eckhart* Opinion & Order at 26.  The Court concluded that these messages were sufficient to extend the limitations period for alleged conduct dating back to 2014.  *Id.* at 27.  Mr. Henry respectfully suggests that the Court misapplied the case law in reaching its conclusion.  The Court relied on *Kaytor v. Elec. Boat Corp.* and *Rasmy v. Marriott Int'l, Inc.* to support the position that the continuing violation doctrine applies here because facially-neutral incidents of harassment may still be motivated by a plaintiff's gender.  *See Eckhart* Opinion & Order at 28; 609 F.3d 537, 547–548 (2d Cir. 2010); 952 F.3d 379, 388 (2d Cir. 2020).  Although those cases could support a conclusion that a court may consider previous instances of harassing conduct to determine whether harassing conduct during the limitations was predicated on the plaintiff's gender, those cases do not disrupt the long-standing rule that to extend the Statute of Limitations there must be harassing conduct that occurs during the limitations period.  *See Williams*, 61 A.D.3d at 80; *Drew*, 688 F. Supp. 2d at 279.  In other words, those cases concern assigning a potentially discriminatory motive for conduct that is harassing in nature.  Those cases do not, however, provide a basis for recasting otherwise neutral and innocuous messages as harassment based on earlier alleged conduct.

The law of this Circuit is clear that a plaintiff continuing to feel the effects of alleged conduct that happened outside the limitations does not establish a continuing violation for Statute of Limitations purposes.  *Corrado v. New York Unified Ct. Sys.*, 163 F. Supp. 3d 1, 20 (E.D.N.Y. 2016) (citing *Harris v. City of New York*, 186 F.3d 243, 250 (2d Cir.1999)).  The Court's Order, however, effectively extends the statute of limitations period, as long as there is any communication between the parties that occurs during the limitations period.

While it is undoubtedly true, as the Court notes, that "[a] picture of a football player doing a defensive measure certainly takes on a different meaning when it is sent by an alleged rapist," *see Eckhart* Opinion & Order at 28, it is equally true that *any* communication takes on a different meaning when it is sent by an alleged rapist.  That fact, however, does not convert any communication into sexual harassment.  The Court's conclusion, moreover, that Mr. Henry may have followed up those messages with sexual propositions, had Plaintiff responded, does not render the initial message sexual harassment simply because there are allegations that sexual harassment would have followed had Plaintiff responded.  The significant distinction here is that no harassment actually occurred after the limitations period expired.  Even if such communication caused Plaintiff to feel the effects of alleged conduct from prior to the limitations period, that continued feeling is insufficient as a matter of law to extend the limitations period. *See Corrado*, 163 F. Supp. 3d at 20 (citing *Harris*, 186 F.3d at 250).

As such, Mr. Henry requests that the Court reconsider its ruling that the continuing violation doctrine applies due to three messages that Mr. Henry allegedly sent Plaintiff during the limitations period.  Even reading the allegations in the light most favorable to Plaintiff, as the Court must, the allegations, at most, support the conclusion that Plaintiff continued to feel the effects of alleged sexual harassment and assault from before the limitations period and was worried that, had she engaged, she would have experienced further harassment.  To support a finding of a "continuing violation," there must be at least one instance alleged during the limitations period that itself arises to sexual harassment.[8]  Plaintiff's allegations, even in a light most favorable to her, at most support the conclusion that Mr. Henry may have followed up with

---

[8] In the Order, the Court draws comparisons between the three messages sent during the limitations period and earlier messages, like Mr. Henry allegedly saying, "hard to get," to Plaintiff. *See Eckhart* Opinion & Order at 29 n.9. Even if true, however, Mr. Henry respectfully suggests that this finding is not sufficient to give rise to a continuing violation since saying "hard to get," is also in itself insufficient to rise to sexual harassment under the law.

17

harassing conduct had Plaintiff responded to his initial messages.  Such allegations are

insufficient as a matter of law in this Circuit and, accordingly, the NYSHRL and NYCHRL

hostile work environment claim should be dismissed.

## CONCLUSION

For all the reasons set forth above as well as in the declarations of Catherine M. Foti and

Bruce A. Green, Mr. Henry respectfully requests that the Court reconsider portions of its

September 9 Order and (1) grant Mr. Henry's motion to dismiss Plaintiff's retaliation and CRL

claims arising from the filing of the redacted photographs and retract its finding that the filing of

the redacted photographs was not a reasonable litigation practice; and (2) grant Mr. Henry's

motion to dismiss Plaintiff's NYSHRL and NYCHRL hostile work environment claims as time-

barred.

Respectfully submitted,

MORVILLO ABRAMOWITZ GRAND
IASON & ANELLO PC

By:  /s/ Elkan Abramowitz
Elkan Abramowitz
Catherine M. Foti
565 Fifth Avenue
New York, New York 10017

Jayne C. Weintraub
Jon A. Sale
SALE & WEINTRAUB, P.A.
2 South Biscayne Boulevard
One Biscayne Tower – 21st Floor
Miami, Florida 33131

*Attorneys for Ed Henry*

18