**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X

JENNIFER ECKHART,                                          :
                                                          :        Civil Case No. 1:20-cv-05593 (RA)
                                     Plaintiff,           :
                                                          :
                    v.                                    :
                                                          :
FOX NEWS NETWORK, LLC and ED HENRY,                        :
in his individual and professional capacities,            :
                                                          :
                                     Defendants.          :
------------------------------------------------------------------X

**PLAINTIFF JENNIFER ECKHART'S MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANT ED HENRY'S MOTION FOR RECONSIDERATION OF THE COURT'S
OPINION & ORDER DATED SEPTEMBER 9, 2021**

**WIGDOR LLP**

Douglas H. Wigdor
Michael J. Willemin
Renan F. Varghese
John S. Crain

85 Fifth Avenue
New York, NY 10003
Telephone: (212) 257-6800
Facsimile: (212) 257-6845
dwigdor@wigdorlaw.com
mwillemin@wigdorlaw.com
rvarghese@wigdorlaw.com
jcrain@wigdorlaw.com

*Attorneys for Plaintiff*

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES .................................................................................................. ii

PRELIMINARY STATEMENT ............................................................................................ 1

RELEVANT FACTUAL BACKGROUND ........................................................................... 2

I.      Factual Summary ....................................................................................................... 2

II.     The Order Denies Henry's Motion to Dismiss Certain Claims ................................. 4

ARGUMENT ......................................................................................................................... 5

I.      Motions for Reconsideration Should Be Denied in All But the Most Exceptional
        Circumstances, None of Which Are Present Here ...................................................... 5

II.     The Court Should Strike the Declarations Submitted by Henry .................................. 6

III.    Henry Is Not Entitled to Reconsideration of Plaintiff's Claims for Retaliation and for
        a Violation of CRL § 52-b ........................................................................................ 12

        A.      Henry Cannot Argue that Filing Purportedly Nude Photographs of Ms.
                Eckhart Was a Reasonable Defensive Measure .................................................. 12

        B.      The CRL Does Not Permit Henry to File Nude Pictures of Ms. Eckhart ............. 14

        C.      Henry Can Be Personally Liable Under the NYSHRL and the NYCHRL for
                Retaliation ......................................................................................................... 16

IV.     Henry Is Not Entitled to Reconsideration of Plaintiff's Hostile Work Environment
        Claims ..................................................................................................................... 19

CONCLUSION ...................................................................................................................... 22

# TABLE OF AUTHORITIES

## Cases

Carolco Pictures, Inc. v. Sirota,
  700 F. Supp. 169 (S.D.N.Y. 1988) ............................................................................. 5

Corrado v. New York Unified Ct. Sys.,
  163 F. Supp. 3d 1 (E.D.N.Y. 2016) ........................................................................... 20

Davis v. 2192 Niagara St., LLC,
  No. 15 Civ. 429A(F), 2016 WL 6122450 (W.D.N.Y. Oct. 20, 2016) .................................. 7, 10

de los Santos v. Fingerson,
  No. 97 Civ. 3972 (MBM), 1998 WL 788781 (S.D.N.Y. Nov. 12, 1998) ............................... 17

Dikambi v. City Univ. of New York,
  No. 19 Civ. 9937 (RA), 2021 WL 4198252 (S.D.N.Y. Sep. 14, 2021) ................................. 20

Drew v. Plaza Const. Corp.,
  688 F. Supp. 2d 270 (S.D.N.Y. 2010) .......................................................................... 20

Friedl v. City of New York,
  210 F.3d 79 (2d Cir. 2000) ........................................................................................ 8

Gaughan v. Rubenstein,
  261 F. Supp. 3d 390 (S.D.N.Y. 2017) .......................................................................... 13

Gentile v. State Bar of Nev.,
  501 U.S. 1030 (1991) ............................................................................................... 13

Griffin v. Sirva, Inc.,
  29 N.Y.3d 174 (2017) ............................................................................................... 18

Hughes v. Twenty-First Century Fox, Inc.,
  304 F. Supp. 3d 429 (S.D.N.Y. 2018) .......................................................................... 13

In re Health Mgmt. Sys., Inc. Sec. Litig.,
  113 F. Supp. 2d 613 (S.D.N.Y. 2000) ........................................................................... 5

In re Houbigant, Inc.,
  914 F. Supp. 997 (S.D.N.Y. 1996) ............................................................................... 9

Islam v. Lyft, Inc.,
  No. 20 Civ. 3004 (RA), 2021 WL 2651653 (S.D.N.Y. June 28, 2021) ................................. 8

JPMorgan Chase Bank v. Cook,
    322 F. Supp. 2d 353 (S.D.N.Y. 2004)................................................................. 20

Leibowitz v. Galore Media, Inc.,
    No. 18 Civ. 2626 (RA)(HBP), 2018 WL 4519208 (S.D.N.Y. Sep. 20, 2018) .......... 6

Luv n' Care, Ltd. v. Regent Baby Prod. Corp.,
    986 F. Supp. 2d 400 (S.D.N.Y. 2013)................................................................. 13

Makas v. Orlando,
    No. 06 Civ. 14305 (DAB)(AJP), 2008 WL 2139131 (S.D.N.Y. May 19, 2008) ...... 9

Malena v. Victoria's Secret Direct, LLC,
    886 F. Supp. 2d 349 (S.D.N.Y. 2012)............................................................ 18, 19

Matarese v. LeFevre,
    801 F.2d 98 (2d Cir. 1986)................................................................................. 16

Montanile v. Nat'l Broad. Co.,
    216 F. Supp. 2d 341 (S.D.N.Y. 2002)................................................................... 6

O&Y (U.S.) Fin. Co. v. Chase Fam. Ltd. P'ship No. 3,
    No. 93 Civ. 1855 (PKL), 1994 WL 512532 (S.D.N.Y. Sep. 20, 1994)............. 11, 13

Panton v. U.S.,
    No. 89 Civ. 346 (LAP), 2010 WL 5422293 (S.D.N.Y. Dec. 23, 2010) ................... 6

Ralph Oldsmobile Inc. v. Gen. Motors Corp.,
    No. 99 Civ. 4567 (AGS), 2001 WL 55729 (S.D.N.Y. Jan. 23, 2001) ..................... 8

Richardson v. Comm'n on Hum. Rts. & Opportunities,
    532 F.3d 114 (2d Cir. 2008)............................................................................... 13

Sacchi v. Verizon Online LLC,
    No. 14 Civ. 423 (RA), 2015 WL 1729796 (S.D.N.Y. Apr. 14, 2015)...................... 6

Schmitt v. Artforum Int'l Mag., Inc.,
    178 A.D.3d 578 (3d Dep't 2019), the court dismissed ......................................... 19

SEC v. Ashbury Cap. Partners, L.P.,
    No. 00 Civ. 7898, 2001 WL 604044 (S.D.N.Y. May 31, 2001)................................ 5

Space Hunters, Inc. v. U.S.,
    500 F. App'x 76 (2d Cir. 2012) .......................................................................... 12

Steffes v. Stepan Co.,
    144 F.3d 1070 (7th Cir. 1998) ................................................................. 13

U.S. Bank Nat'l Ass'n v. Triaxx Asset Mgmt. LLC,
    352 F. Supp. 3d 242 (S.D.N.Y. 2019) ........................................................ 6

U.S. v. New York City Transit Auth.,
    97 F.3d 672 (2d Cir. 1996) ....................................................................... 13

United Airlines, Inc. v. Brien,
    588 F.3d 158 (2d Cir. 2009) ..................................................................... 16

Van Buskirk v. United Grp. of Cos., Inc.,
    935 F.3d 49 (2d Cir. 2019) ......................................................................... 5

Williams v. New York City Hous. Auth.,
    61 A.D.3d 62 (1st Dep't 2009) ................................................................. 20

**Rules**

Fed. R. Civ. P. 12(b)(6) ................................................................................... 8

Fed. R. Civ. P. 6091 ...................................................................................... 16

Local Civil Rule 6.3 ............................................................................... passim

N.Y. Rules of Professional Conduct ............................................................. 10

**Statutes**

18 U.S.C. § 1591 ............................................................................................. 1

N.Y. Civil Rights Law § 52 ..................................................................... passim

N.Y. Exec. Law § 296 .............................................................................. passim

N.Y. C. Admin Code §§ 8-107 ................................................................ passim

Plaintiff Jennifer Eckhart ("Ms. Eckhart" or "Plaintiff") submits this memorandum of law in opposition to Defendant Ed Henry's ("Henry") motion for reconsideration ("Motion") of this Court's September 9, 2021 Order and Opinion denying his motion to dismiss (the "Order," Dkt. No. 157).

## PRELIMINARY STATEMENT

It is black letter law in the Second Circuit that a motion for reconsideration is rarely granted. In fact, it is only even appropriate where the court failed to consider relevant evidence or binding authority. It is certainly not intended to be used to allow parties to get the proverbial "second bite at the apple."

Here, the Court issued a comprehensive, 52-page Order painstakingly reviewing the parties' arguments and providing extensive reasoning for its decision to deny Henry's motion to dismiss Ms. Eckhart's claims of Sex Trafficking under the Trafficking Victims Protection Act ("TVPA"), 18 U.S.C. § 1591, discrimination under the New York State Human Rights Law ("NYSHRL") and the New York City Human Rights Law ("NYCHRL"), retaliation under the NYSHRL and NYCHRL and Unlawful Dissemination of an Intimate Image under New York Civil Rights Law § 52-b ("CRL"). Incredibly, in moving for reconsideration, Henry has not identified a single argument, allegation or legal theory that the Court purportedly ignored or overlooked in issuing the Order. Instead, he rehashes the exact same arguments that he offered in support of his failed motion to dismiss (often supported by the exact same case law on which he has previously relied and which the Court properly rejected), and is asking the Court to consider them a second time, in a vain hope that a second request will yield a different result. However, repeating arguments that have already been rejected is simply not permitted in a motion for reconsideration.

1

Henry's Motion is especially troubling in light of his decision to attach two evidentiary affidavits in support of his claim that he was legally entitled to publicly file nude and/or partially nude photographs of Ms. Eckhart in a thinly veiled effort to publicly humiliate her and to punish her for daring to hold him accountable for repeatedly sexually harassing her, culminating in a horrific rape in February 2017.  These affidavits are completely irrelevant in the context of Henry's Motion as: (i) they could never have been considered on the underlying motion to dismiss; and (ii) they essentially seek to provide evidentiary support to refute well-pled elements of Ms. Eckhart's claims related to Henry's motives in publicly filing the photographs at issue. Moreover, the affidavits were filed with the Court in violation of the Local Civil Rules – purportedly to secure the Court's permission to file them – prior to actually receiving permission to file them.  Henry's efforts to sway the Court with evidence outside of the pleadings suffers from the same defects as his decision to file the photographs in the first place.  Henry's repeated misconduct cannot be excused and cannot be permitted to continue.  It certainly should not be rewarded by granting a motion for reconsideration that is both procedurally and substantively defective.  For the reasons set forth below, Henry's Motion should be denied in its entirety.

## RELEVANT FACTUAL BACKGROUND

### I.    FACTUAL SUMMARY

We assume the Court's familiarity with the relevant facts.  Henry is a former on-air personality at Defendant Fox News Network, LLC ("Fox News" or the "Company"), who was previously co-anchor of the show "America's Newsroom."  Plaintiff's Third Amended Complaint (Dkt. No. 113) ("Compl." or "TAC") at ¶¶ 21, 89.  Ms. Eckhart is a former associate producer who worked for Fox News for seven years after graduating from journalism school in 2013.  Id. at ¶¶ 23, 30-31, 38.

While Ms. Eckhart and Henry did not work together directly, in 2014, one year after Ms. Eckhart first joined Fox News, Henry messaged her on Twitter saying simply the word "beautiful."  Id. at ¶¶ 36-37.  Thereafter, in 2015, he pressured her into meeting for drinks, id. at ¶ 44, and coerced her into sex with him, making Ms. Eckhart fear retaliation if she did not comply with his advances.  Id. at ¶¶ 49-50.  In September 2015, Henry forced Ms. Eckhart to perform oral sex on him in Fox News' New York offices, id. at ¶ 57, and thereafter continually sent her pornographic and sexually aggressive messages throughout 2016 and into 2017.  Id. at ¶¶ 58, 61-63.  In February 2017, once again fearing potential damage to her career, Ms. Eckhart met with Henry.  On this occasion, he pressured her into returning to his hotel room, where he handcuffed and brutally raped her.  Id. at ¶¶ 68-76.  Afterwards, he sent her a stream of violent and degrading text messages.  Id. at ¶¶ 77-79.

After these events, on October 5, 2018, Ms. Eckhart saw Henry approaching her in an office hallway and deliberately walked away from him, after which Henry emailed her asking why she had fled.  Id. at ¶ 85.  On another occasion, after Ms. Eckhart visibly ran away from Henry, he texted her an image of a football player doing the Heisman pose (a pose in which the player is extending his arm to block contact), which she took as a reference to her attempt to avoid him.  Id. at ¶ 87.

After attempting to complain internally and being terminated, Ms. Eckhart eventually retained counsel and brought the instant action against Fox News and Henry on June 25, 2020.  After Defendant Fox News served a sanctions motion on counsel for Plaintiff in August 2020, id. at ¶ 194, Henry filed a motion to dismiss Ms. Eckhart's complaint, id. at ¶ 197.  Purportedly in support of this motion, Henry filed on the public docket a series of nude photographs of Ms. Eckhart, along with her phone number.  Id. at ¶¶ 197, 200.  Immediately upon Henry doing so,

Plaintiff, through counsel, contacted his attorneys and asked that they agree to place the images

under seal.  Incredibly, Henry refused, insisting that the public dissemination of nude

photographs of Ms. Eckhart were somehow relevant to his motion to dismiss.  See Dkt. No. 94.

In response, Ms. Eckhart amended her complaint to state a claim for retaliation and for violation

of New York's CRL based on Henry's filing of the photos.  See Dkt. No. 113.

## II.    THE ORDER DENIES HENRY'S MOTION TO DISMISS CERTAIN CLAIMS

In its Order dated September 9, 2021, the Court denied in part and granted in part the

motion to dismiss.  In pertinent part, the Court ruled against Henry on four points.  First, Henry

had argued that his filing of nude photographs on the docket was "a reasonable defensive

measure" and therefore could not be retaliatory as a matter of law.  Dkt. No. 124 at 29[1]; Dkt. No.

136 at 11.  The Court rejected the argument, holding that it was not a reasonable defensive

measure to file unsealed nude photographs on the docket, as the filing was a "profound invasion

of privacy and bodily autonomy" that would deter a reasonable employee from complaining

about discrimination.  Order at 43-44.  Henry had also argued that the filing of these photos

qualified for an exemption under the CRL, which permits the use of intimate images for common

practices of legal proceedings.  Dkt. No. 124 at 34-36.  The Court rejected this argument as well,

holding that the retaliatory filing of nude photographs was not "common" in legal proceedings.

Order at 45.  Henry had also sought to have the Court dismiss Ms. Eckhart's discrimination and

retaliation claims on the basis that he could not be held liable under local law because he was not

Ms. Eckhart's employer or supervisor.  Dkt. No. 124 at 24-25.  The Court disagreed, holding

that, under applicable law, Henry could be held liable as an employee of Fox.  Order at 31.

Finally, Henry had argued that the texts Henry sent to Ms. Eckhart within the limitations period,

---

[1]        Citations to documents on the docket use the document's page numbers.

including the Heisman-pose text, were too innocuous to be part of the same continuing violation

as Henry's prior harassment and sexual assaults, and therefore the complaint was not brought

within the limitations period.  Dkt. No. 124 at 32.  In a seven-page analysis, the Court rejected

Henry's argument, finding that Ms. Eckhart stated a claim within the statute of limitations,

acknowledging judiciously that subsequent fact-finding in this case could cause either the Court

or a jury to ultimately rule differently.  Order at 24-30.

Dissatisfied with the Order, and believing the Federal Rules' usual course of discovery,

summary judgment and trial would not adequately protect his interests, Henry now seeks the

extraordinary remedy of having the Court reconsider and reject these four holdings.

## ARGUMENT

### I.   MOTIONS FOR RECONSIDERATION SHOULD BE DENIED IN ALL BUT THE MOST EXCEPTIONAL CIRCUMSTANCES, NONE OF WHICH ARE PRESENT HERE

Motions for reconsideration are governed by Local Civil Rule 6.3 ("Rule 6.3").  In the

Second Circuit, "a motion for reconsideration is an extraordinary request that is granted only in

rare circumstances, such as where the court failed to consider evidence or binding authority."

Van Buskirk v. United Grp. of Cos., Inc., 935 F.3d 49, 54 (2d Cir. 2019).

Rule 6.3 is "intended to 'ensure the finality of decisions and to prevent the practice of a

losing party examining a decision and then plugging the gaps of a lost motion with additional

matters.'"  SEC v. Ashbury Cap. Partners, L.P., No. 00 Civ. 7898, 2001 WL 604044, at *1

(S.D.N.Y. May 31, 2001) (quoting Carolco Pictures, Inc. v. Sirota, 700 F. Supp. 169, 170

(S.D.N.Y. 1988)); see also In re Health Mgmt. Sys., Inc. Sec. Litig., 113 F. Supp. 2d 613, 614

(S.D.N.Y. 2000) (internal quotation omitted) (describing reconsideration as an "extraordinary

remedy to be employed sparingly in the interests of finality and conservation of scarce judicial

resources").  Rule 6.3 requires the movant to identify and set "forth concisely the matters or controlling decisions which counsel believes the Court has overlooked."  Local Civil Rule 6.3. "When assessing a motion for reconsideration, a district court must 'narrowly construe and strictly apply' Rule 6.3 in order to 'avoid duplicative rulings on previously considered issues' and to prevent Rule 6.3 from being used to advance theories not previously argued or as 'a substitute for appealing a final judgment.'"  U.S. Bank Nat'l Ass'n v. Triaxx Asset Mgmt. LLC, 352 F. Supp. 3d 242, 245-46 (S.D.N.Y. 2019) (quoting Montanile v. Nat'l Broad. Co., 216 F. Supp. 2d 341, 342 (S.D.N.Y. 2002)).

Accordingly, as this Court has explained, a party may not use a Rule 6.3 motion to "repeat arguments already briefed" nor "advance new facts, issues or arguments not previously presented to the Court" nor "to relitigate an issue already decided."  Sacchi v. Verizon Online LLC, No. 14 Civ. 423 (RA), 2015 WL 1729796, at *1 (S.D.N.Y. Apr. 14, 2015) (Abrams, J.) (internal quotations and citations omitted).  Where a party files a motion for reconsideration for these improper purposes, denial is warranted without considering the legal merits of the motion. See Leibowitz v. Galore Media, Inc., No. 18 Civ. 2626 (RA)(HBP), 2018 WL 4519208, at *4-5 (S.D.N.Y. Sep. 20, 2018) (Abrams, J.) ("Because plaintiff now raises the same argument already briefed, considered and decided, she may not obtain relief pursuant to her motion for reconsideration") (internal quotations omitted).  In that scenario, the procedure for correcting a legal error is an appeal, not reconsideration.  See Panton v. U.S., No. 89 Civ. 346 (LAP), 2010 WL 5422293, at *7 (S.D.N.Y. Dec. 23, 2010).

## II.    THE COURT SHOULD STRIKE THE DECLARATIONS SUBMITTED BY HENRY

As a threshold matter, the Court should strike the declarations submitted by Henry, one from his own lawyer, Catherine M. Foti, and the second from a law school professor, Bruce A.

Green, in ostensible support of his Motion (together, the "Declarations").  The Local Civil Rules clearly state that, in the context of a motion for reconsideration, "***No affidavits shall be filed by any party unless directed by the Court***."  See Local Civil Rule 6.3 (emphasis added).  Here, this Court has already made clear that it would not consider any extrinsic evidence in connection with a motion to dismiss.  See Order at 42 ("a court may not consider extrinsic documents in deciding a motion to dismiss unless those documents are incorporated by reference into the complaint or the complaint relies heavily upon their terms and effect, which renders the documents integral to the complaint") (internal citations and quotations omitted).  In submitting the Declarations with his Motion, Henry is effectively attempting to conduct an end run around the rule prohibiting the consideration of extrinsic evidence in a motion to dismiss by improperly submitting such evidence in connection with a motion for reconsideration.  The rules simply do not allow for such conduct.  See, e.g., Davis v. 2192 Niagara St., LLC, No. 15 Civ. 429A(F), 2016 WL 6122450, at *3 (W.D.N.Y. Oct. 20, 2016) (refusing to consider affidavit in connection with motion for reconsideration of a decision on a motion to dismiss and explaining, "because [d]efendants' original motion sought to dismiss the First Claim for failure to state a claim, in arriving at the R&R's recommendation, the undersigned would not have been permitted to consider the Shindel Affidavit without first converting the motion to one for summary judgment").

Nor can Henry even argue that the Declarations are relevant to the Motion for reconsideration itself.  As this Court has recently explained:

> the standard on a motion for reconsideration is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.

<u>Islam v. Lyft, Inc.</u>, No. 20 Civ. 3004 (RA), 2021 WL 2651653, at *1 (S.D.N.Y. June 28, 2021) (Abrams, J.) (internal quotations omitted).  Here, Henry cannot argue that the Court "overlooked" any of the arguments or the information contained in the Declarations, as, again, such declarations were not filed and could not have been considered as part of the motion to dismiss in the first instance.  <u>See</u> <u>Friedl v. City of New York</u>, 210 F.3d 79, 83-84 (2d Cir. 2000) ("a district court errs when it considers affidavits and exhibits submitted by defendants . . . in ruling on a [Rule] 12(b)(6) motion to dismiss") (internal citations and quotations omitted).

Indeed, even outside the context of a motion to dismiss, affidavits are generally disfavored in the context of a motion for reconsideration.  As one court has held in rejecting similar affidavits:

> This restriction on the filing of affidavits exists because a motion for reconsideration is directed to matters advanced during the initial motion but overlooked by the court.  A motion for reconsideration is not a vehicle for plugging the gaps of the lost motion with additional matters.  Thus, parties may not offer new facts or arguments on a motion for reconsideration.

<u>Ralph Oldsmobile Inc. v. Gen. Motors Corp.</u>, No. 99 Civ. 4567 (AGS), 2001 WL 55729, at *2 (S.D.N.Y. Jan. 23, 2001).  In the instant case, the Court carefully considered and rejected all of Henry's proffered arguments in its well-reasoned 52-page Order.  Having failed once already to justify his unlawful conduct, Henry is transparently attempting to use the Declarations to rehash many of the same arguments about why his decision to publicly file what he claimed were nude photographs of Ms. Eckhart should be excused.

By way of example only, Ms. Foti's Declaration purports to explain why Henry believed that he could publicly attach what are purported to be nude images of Ms. Eckhart in connection with his motion to dismiss.  As the below table underscores, ***each and every one of these arguments was contained in Henry's motion to dismiss***:

| Argument in Foti Declaration | Argument in Motion to Dismiss |
|---|---|
| The purported nude images of Ms. Eckhart were included to show the Court the supposed "weakness and salaciousness" of Plaintiff's claims. Dkt. No. 169-1 at ¶ 10. | The purported nude images of Ms. Eckhart were included to demonstrate that Plaintiff had "chosen to cherry pick her facts." Dkt. No. 124 at 35. |
| The nude images of Ms. Eckhart were included "to defend Henry as fully and zealously as we could." Dkt. No. 169-1 at ¶ 10. | "Mr. Henry was defending himself and well within his rights to use the photographs to do so." Dkt. No. 124 at 35. |
| Plaintiff had "opened the door" to Henry's submission of the purported nude photographs of her. Dkt. No. 169-1 at ¶ 10. | Henry had "a good faith basis to argue that such images are incorporated by reference into Eckhart's pleading." Dkt. No. 136 at 19. |
| Henry did not intend to "shame" Ms. Eckhart by filing the images. Dkt. No. 169-1 at ¶ 10 | "The purpose of filing the photographs was not to harass, annoy, or alarm Eckhart." Dkt. No. 124 at 35. |
| Henry's conduct was not unlawful because he "redacted" the nudity from the public filings. Dkt. No. 169-1 at ¶ 13 | Henry cannot be held liable because redacted "all nudity" from the images he publicly filed. Dkt. No. 136 at 18. |
| The Court's Order will somehow impede "the right of the defendants to defend themselves against such allegations." Dkt. No. 169-1 at ¶16. | Denying Henry's motion to dismiss would "put defendants in an impossible bind where they would need to choose between their right to defend themselves with incorporated documents." Dkt. No. 136 at 19. |

As will be demonstrated below, the Order considered each of these arguments before rejecting them. See infra at III. Thus, Henry simply cannot use the Foti Declaration as a basis for reconsideration in the first instance. See, e.g., Makas v. Orlando, No. 06 Civ. 14305 (DAB)(AJP), 2008 WL 2139131, at *1 (S.D.N.Y. May 19, 2008) ("a motion for reconsideration is not one in which a party may reargue 'those issues already considered when a party does not like the way the original motion was resolved.'") (quoting In re Houbigant, Inc., 914 F. Supp. 997, 1001 (S.D.N.Y. 1996)).

Even putting aside the fact that the Foti Declaration cannot be considered and, in any event, regurgitates arguments already rejected, it also suffers from an additional obvious flaw; namely, that Ms. Foti has now introduced herself as a witness in this action by filing a declaration that purports to serve as evidence of *Henry's* state of mind in filing the photographs. To the extent the Court could even consider a declaration (it cannot) or regurgitated arguments (it cannot), it would be Henry, not Ms. Foti, who would have had to have submitted a declaration, as Henry's motivations are the only matter that has any bearing on his individual liability.  Ms. Foti can attempt to explain her own thought process, but her statements cannot serve as evidence of Mr. Henry's.  In any event, Henry's state of mind is in dispute based on Ms. Eckhart's well-pleaded allegations.  It cannot be resolved on a motion to dismiss, as the Court previously held.  See Order at 46.

Henry's reliance on Professor Green's Declaration fares no better.  To the extent that Professor Green seeks to excuse Henry's conduct because he personally does not believe that publishing purportedly nude photographs of a rape victim violates New York's Rules of Professional Conduct, his opinion is simply irrelevant.  As a threshold matter, Henry is not a lawyer who would be subject to the New York's Rules of Professional Conduct in the first instance.  Whether his conduct would therefore violate those rules has no bearing on Plaintiff's claims.

Moreover, as Professor Green himself admits, he is ostensibly providing an "expert opinion" in connection with Henry's Motion.  Dkt. No. 169-2 at ¶ 2.  While an expert opinion may bear on the ultimate issue of whether Henry is liable for the conduct alleged in the TAC, it does not have any relevance as to whether the TAC states a cause of action.  This is a purely legal decision that is solely within the Court's ambit.  See, e.g., Davis, 2016 WL 6122450, at *3

("a plain review of the Shindel Affidavit establishes Mr. Shindel is merely providing his opinion as to the correctness of the R&R, a determination which is solely a matter for the District Judge").

Further, the Federal Rules provide specific procedures for how and when such supposed expert opinions can be used in an ongoing litigation.  To the extent that Henry seeks to adduce expert testimony about whether he can ultimately be held liable for publishing purportedly nude photographs of Ms. Eckhart, he can present such evidence during expert discovery.  Plaintiff will then have the opportunity to depose Professor Green and present her countervailing evidence, including potentially retaining an expert of her own.  Henry cannot simply shortcut the discovery process in the guise of a motion for reconsideration.

As an aside, Mr. Green's expert opinion would in any event be irrelevant because: (i) he is certainly in no better position than the Court to opine on what is "common" in litigation (and publicly filing nude and/or partially nude photographs is not); and (ii) like Ms. Foti, Mr. Green's opinion cannot serve as evidence with respect to Henry's motivations.  Perhaps Henry can prove through discovery or trial testimony that his motivations were pure, but no third-party can stand in for Henry on this point at any time, much less prior to discovery.

Finally, even if either of the Declarations contained evidence that were relevant at this stage in the proceedings, which they do not, they should nevertheless be stricken.  To the extent that the Declarations can be considered on a motion for reconsideration, they would also have been considered on the motion to dismiss.  Yet, they were not filed at that time.  Henry cannot use a motion for reconsideration to undo his previous decision.  See, e.g., O&Y (U.S.) Fin. Co. v. Chase Fam. Ltd. P'ship No. 3, No. 93 Civ. 1855 (PKL), 1994 WL 512532, at *3 (S.D.N.Y. Sep. 20, 1994) (rejecting affidavit in a motion for reconsideration and explaining that "Chase's failure

is compounded by the fact that Chase should have submitted with its opposition papers the affidavit it now seeks to introduce"); Space Hunters, Inc. v. U.S., 500 F. App'x 76, 81 (2d Cir. 2012) ("[p]laintiffs fail to provide a convincing explanation as to why they could not have obtained the Toto Declaration prior to January 5, 2011").

## III.   HENRY IS NOT ENTITLED TO RECONSIDERATION OF PLAINTIFF'S CLAIMS FOR RETALIATION AND FOR A VIOLATION OF CRL § 52-b

The Court held that the TAC states a claim based on Henry's filing nude photographs of the Plaintiff, because the filing was not a reasonable defensive measure.  Henry's Motion fails to properly invoke the Court's power to reconsider that holding.  At no point does Henry's Motion identify a single legal argument or factual allegation that was properly before the Court at the motion to dismiss stage that the Court either ignored or otherwise failed to consider.  Instead, Henry's Motion dredges up and relitigates old arguments that the Court properly rejected in the Order.  Even where it is not rehashing the same topics already briefed (and rejected), Henry's Motion adds new material to "plug the gaps" in its failed arguments.  Neither relitigating nor plugging gaps is a proper basis for reconsideration, and both warrant denial of the instant Motion.

### A.   Henry Cannot Argue that Filing Purportedly Nude Photographs of Ms. Eckhart Was a Reasonable Defensive Measure

Henry offers three arguments as to why the Court should reverse its holding that publicly filing nude photographs of Ms. Eckhart cannot form the basis of legal liability.  First, he argues for the first time that "the reasonableness of a defensive measure must be judged in context of the plaintiff's allegations."  Dkt. No. 169 at 7-8.  This argument about the "context of plaintiff's allegations" did not appear anywhere in his original motion.  Dkt. No. 124 at 27-30.  The argument was not overlooked by the Court, it was omitted by Henry.  Henry cannot predicate a

motion for reconsideration on an argument he did not include in his original motion to dismiss.[2]
See O&Y (U.S.) Fin. Co., 1994 WL 512532, at *3 ("the purpose of a motion for reconsideration
is to address matters overlooked by the [c]ourt, not by a litigant"); Luv n' Care, Ltd. v. Regent
Baby Prod. Corp., 986 F. Supp. 2d 400, 412 (S.D.N.Y. 2013) ("Again, plaintiffs may not use a
motion for reconsideration to raise new arguments for the first time when they were free to raise
them during the original briefing.").

In any event, the "context of the allegations" argument really comes down to whether it
was appropriate to submit the photographs on a motion to dismiss.  However, Henry did not
simply submit the photographs.  Rather, he submitted them in largely unredacted form *on the
public docket* and then *refused to consent to sealing*.  Thus, even if it was appropriate to submit
the photographs on a motion to dismiss (it was not), it is the totality of Henry's conduct that
establishes (at least at the pleading stage) Ms. Eckhart's claims under CRL § 52-b.

---

[2]     Of course, Henry's failure to raise this argument at the motion to dismiss stage
necessarily means that he cannot rely on case law in support of this argument here.
Nevertheless, all of the cases to which Henry cites are clearly distinguishable.  See, e.g., Steffes
v. Stepan Co., 144 F.3d 1070, 1076 (7th Cir. 1998) (while acknowledging that litigation tactics
might be retaliatory under federal law, held that a defendant's inquiries with plaintiff's employer
in the course of discovery were not retaliatory); Gaughan v. Rubenstein, 261 F. Supp. 3d 390,
420 n.4 (S.D.N.Y. 2017) (plaintiff's vague suggestions that filings were retaliatory, without
details about those filings, did not state claim for retaliation); U.S. v. New York City Transit
Auth., 97 F.3d 672, 677 (2d Cir. 1996) (employer's policy of terminating internal investigations
once an employee commenced outside litigation, held not retaliatory); Richardson v. Comm'n on
Hum. Rts. & Opportunities, 532 F.3d 114, 124 (2d Cir. 2008) (affirming grant of summary
judgment to a union, holding it was not retaliatory for the union to withdraw its grievance
complaint on behalf of the plaintiff when obligated to do so by its collective bargaining
agreement); Hughes v. Twenty-First Century Fox, Inc., 304 F. Supp. 3d 429, 449 (S.D.N.Y.
2018) (release of press statement *that did not mention plaintiff's name* held not retaliatory);
Gentile v. State Bar of Nev., 501 U.S. 1030, 1043 (1991) (discussing the plainly inapposite legal
issue of whether a state ethical rule barring discussing criminal cases with the press violated the
First Amendment); Gentile v. State Bar of Nev., 501 U.S. 1030, 1043 (1991) (discussing plainly
inapposite issues around the Federal Rules of Evidence as applied to criminal cases).

Stripped of this argument about the supposed context of Plaintiff's allegations, it is clear that Henry's remaining claims merely parrot the same arguments that the Court already considered and rejected in the Order.  Henry claims that the photographs were incorporated by reference by the TAC's allegations that Henry raped Ms. Eckhart.  However, as Henry himself concedes, the Court rejected this very argument when it ruled that the photographs "were not incorporated by reference or integral to the Complaint."  Dkt. No. 169 at 9.  Moreover, again, even if the photographs were somehow incorporated in the TAC (and they were not), they did not have to be publicly filed.

Indeed, the Court's ultimate holding did not depend on its initial observation that the photographs could not be considered, and the Order *did* consider the reasonableness of Henry's decision to file the purportedly nude photographs of Plaintiff publicly.  Specifically, the Court explained that "even if they were appropriate to consider on a motion to dismiss, that does not mean that they were appropriate to file on the docket," that Henry could have merely described the photographs rather than publicly filing them and held that their filing, without a seal, was "not a reasonable defensive measure" and therefore retaliatory.  Order at 43.  Henry attempts to rebut this point by claiming that a mere description of the photographs would not be sufficient to convey the import of the images and that somehow the presumption against filing documents under seal meant that he was under no obligation to do so in this case.  Dkt. No. 169 at 10. Again, these arguments were made in the context of the original motion to dismiss.  See Dkt. No. 136 at 19-20 ("there is a presumption to public accessibility of documents in litigations").

**B.      The CRL Does Not Permit Henry to File Nude Pictures of Ms. Eckhart**

Second, Henry argues that CRL § 52-b, by its terms, explicitly immunizes his decision to file purportedly nude photographs of Ms. Eckhart.  In particular, Henry argues again that the

exception under CRL § 52-b(3)(b) for "legal proceedings" permitted his filing of nude photographs.  Dkt. No. 169 at 6.  Yet Henry thoroughly briefed the "legal proceedings" exception in his original motion.  See Dkt. No. 124 at 34-35.  The Court explicitly rejected these arguments when it held that filing such photographs on a public docket was not a common legal practice and, therefore, could not qualify for the CRL § 52-b(3)(b) exception.  Order at 45.  Here, Henry identifies no matter of law or fact that the Court overlooked.  He simply wishes to reargue a lost cause.

In apparent concession that his arguments on reconsideration were already rejected by the Court, Henry attempts to twist the Court's reasoning by arguing that the Order "reads the 'legal proceedings' exception out of the statute."  Dkt. No. 169 at 11.  To the contrary, it is Henry who is attempting to distort the language in the CRL.  The CRL does not provide blanket immunity for any conduct taken in the course of a legal proceeding, as Henry claims.  Rather, it only carves out a narrow exception conduct occurring "***during lawful and common practices*** of . . . legal proceedings."  CRL § 52-6(2)(b) (emphasis added).  Here, the Court found that the "filing nude or partially nude photographs of a plaintiff on a public docket is not 'common,' even in cases alleging sexual misconduct," Order at 45, a finding that it was well positioned to make.  Indeed, Henry's argument is fatally undermined by the fact that he cannot cite to *a single case* where a litigant filed nude photographs on a public docket.

Henry also contends that, because he partially redacted the photographs before filing them, he cannot be held liable under the CRL.  Again, the Court considered, and rejected this argument when it held that, "While Henry redacted (in only the most technical sense) Eckhart's 'exposed' intimate body parts from the pictures, at least one of the images still shows Eckhart's exposed pubic area.  This argument thus fails."  Order at 45.

C.     **Henry Can Be Personally Liable Under the NYSHRL and the NYCHRL for**
       **Retaliation**

Third, Henry argues that he cannot be held individually liable under either the NYSHRL

or the NYCHRL.  The Court need look no further than the first line of Henry's brief on this point

to see that it fails under the standard for a motion for reconsideration: "Mr. Henry also

respectfully suggests that the Court erred."  Dkt. No. 169 at 12.  Legal error is tested on appeal,

not on a motion for reconsideration.  See United Airlines, Inc. v. Brien, 588 F.3d 158, 176 (2d

Cir. 2009) ("[A] Rule 60 motion 'may not be used as a substitute for appeal' and . . . a claim

based on legal error alone is 'inadequate.'" (quoting Matarese v. LeFevre, 801 F.2d 98, 107 (2d

Cir. 1986))).  Defendant identifies no legal or factual issue the Court *overlooked*.  The entire

argument is specious and improper.

Apart from this glaring deficiency, Henry seeks to reopen and reargue the issue of

individual liability for retaliation.  But he had a chance to brief, and did brief, this issue.  Indeed,

he devoted three pages to briefing individual liability in his original motion to dismiss.  See Dkt.

No. 124 at 24-26.  He argued this issue in the specific context of retaliation, as well.  See id. at

30 ("the fact that Mr. Henry was never Eckhart's employer (. . . is fatal to Eckhart's claim)").

The Court ruled.  Henry wishes to relitigate the issue.  He cannot do so now.

Here, Henry seeks to challenge the Court's finding that he is liable under the NYSHRL

and the NYCHRL for retaliation as a result of his decision to file purportedly nude photographs

of Ms. Eckhart publicly.  Specifically, Henry argues that, because he "was not an employee" at

the time he filed the photographs, he cannot be held liable for retaliation under the NYCHRL.

Dkt. No. 169 at 14.  He similarly argues that he cannot be held liable under the NYSHRL for

retaliation because he was not Ms. Eckhart's employer.  Id. at 13.  Neither argument carries any

weight.

Again, Henry devoted three pages to briefing the issue of individual liability in his motion to dismiss without ever raising the point.  See Dkt. No. 124 at 24-26.  He chose a different line of legal attack, arguing in his original brief, and reiterating again on reply, that the NYCHRL applies only to individual supervisors, and that Plaintiff had failed to plead that Henry was a supervisor.  See Dkt. No. 136 at 5-6.  Thus, Henry cannot claim that the Court overlooked his newly raised arguments.  Rather, Henry neglected to make them, and he cannot assert them for the first time in the context of a motion for reconsideration.  See, e.g., de los Santos v. Fingerson, No. 97 Civ. 3972 (MBM), 1998 WL 788781, at *1 (S.D.N.Y. Nov. 12, 1998) ("as is obvious from Local Civil Rule 6.3 and its predecessor, Local Civil Rule 3(j), the proponent of a motion for reconsideration is not supposed to treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's rulings").

More importantly, Henry's argument is contradicted by the clear language of the statutes themselves.  Specifically, unlike discrimination claims, the NYSHRL's anti-retaliation provisions apply to conduct engaged in by ***any person***, regardless of their status as an employer.  Compare NYSHRL § 296(1) ("it shall be an unlawful discriminatory practice ***for an employer*** . . . to refuse to hire or employ or to bar or to discharge from employment such individual or ***to discriminate*** against such individual") (emphasis added) with § 296(7) ("It shall be an unlawful discriminatory practice ***for any person*** engaged in any activity to which this section applies ***to retaliate*** or discriminate against any person because he or she has opposed any practices forbidden under this article") (emphasis added).  The same statutory distinction is contained within the NYCHRL.  Compare NYCHRL §8-107(1)(a) ("It shall be an unlawful discriminatory practice [ ] for an **employer or an employee or agent thereof** . . . to ***discriminate*** against such

17

person") with NYCHRL § 8-107(7) ("It shall be an unlawful discriminatory practice **for *any***

***person*** engaged in any activity to which this chapter applies ***to retaliate*** or discriminate in any

manner against any person" who engaged in protected activity)(emphasis added).  Put simply,

while only employers and employees can be held liable for discriminating against an employee

or former employee, "***any person***" can be held liable for retaliation under the NYSHRL and the

NYCHRL.

In <u>Griffin v. Sirva, Inc.</u>, 29 N.Y.3d 174 (2017), the New York Court of Appeals

addressed this issue with regards to NYSHRL § 296(6), which contains identical language under

the aiding and abetting provision of the NYSHRL applying it to "any person" rather than an

employer.  Specifically, the court explained:

> Section 296(6) extends liability to persons and entities beyond
> joint employers, and this provision should be construed broadly.
> Section 296(6) applies to any "***person***."  ***Unlike section 296(15)***
> *[concerning discrimination due to prior criminal convictions]****,***
> ***nothing in the statutory language or legislative history limits the***
> ***reach of this provision to employers.  Indeed, the purpose of***
> ***subdivision (6) was "to bring within the orbit of the bill all***
> ***persons, no matter what their status, who aid or abet any of the***
> ***forbidden practices of discrimination or who attempt to do so,"***
> (Rep. of N.Y. St. Temp. Comm'n Against Discrimination, 1945
> N.Y. Legis. Doc. No. 6 at 31).

<u>Id.</u> at 187 (emphasis added).  Given that both the NYSHRL and the NYCHRL's anti-retaliation

provisions use the same language of applying to "any person," they also equally apply to Henry

here.

Indeed, even the cases to which Henry himself cites for the proposition that he cannot be

held liable under the NYSHRL because he was not Plaintiff's "employer" **contradict his**

**argument**.  In <u>Malena v. Victoria's Secret Direct, LLC</u>, 886 F. Supp. 2d 349, 366 (S.D.N.Y.

2012), the court, refused to dismiss the retaliation claims against the individual defendant, noting

that he "may be subject to liability under [NYSHRL §296(7)] *because it applies to 'any person,'*

*not only employers*." Id. at 366 (emphasis added).  Similarly, in Schmitt v. Artforum Int'l Mag.,

Inc., 178 A.D.3d 578, 587 (3d Dep't 2019), the court dismissed the retaliation claim against the

individual defendant because he did not personally participate in any retaliatory conduct, not

because it found that the NYCHRL did not apply to him, as Henry now claims.

## IV.   HENRY IS NOT ENTITLED TO RECONSIDERATION OF PLAINTIFF'S HOSTILE WORK ENVIRONMENT CLAIMS

Finally, Henry seeks reconsideration of the Court's decision that Plaintiff has stated

claims of hostile work environment under the NYSHRL and the NYCHRL.  In doing so, he

again rehashes the exact same argument that this Court properly rejected at the motion to dismiss

stage.  Specifically, he claims that Ms. Eckhart's claims are time barred, an argument that he

made *ad nauseum* in his motion to dismiss.  See Dkt. No. 124 at 23-32; Dkt. No. 136 at 14-16.

In its Order, the Court found that certain messages Henry sent to Ms. Eckhart within the

limitations period, including the Heisman-pose photo, could be found as part of the same

continuing violation as events outside of the limitations period, bringing Henry's entire course of

conduct within the limitations period for purposes of the statute of limitations.  Order at 29.  For

several reasons, Henry's challenge to this part of the Court's Order is rife with the same

deficiencies that plague his entire Motion.  It does no more than rephrase failed arguments, and it

does so even though this Court has made perfectly and emphatically clear that Henry will have a

chance to litigate this very issue in his motion for summary judgment or at trial.

As an initial matter, Henry does not even attempt to conceal that he is seeking relief that

is simply not available at this stage of the proceedings.  In his Motion, he argues "that the Court

misapplied the case law in reaching its conclusion." Dkt. No. 169 at 16.  This is not a call for

reconsideration but a call for re-argument about the correct application of law and, thus,

improper under Rule 6.3.  See JPMorgan Chase Bank v. Cook, 322 F. Supp. 2d 353, 356 (S.D.N.Y. 2004) ("This discussion amounts to nothing more than an assertion that the [c]ourt incorrectly applied section 5–117—argument that is plainly improper on a motion for reconsideration.").

Henry proceeds to argue that the cases on which the Court relied "do not . . . provide a basis for recasting otherwise neutral and innocuous messages as harassment based on earlier alleged conduct." Dkt. No. 169 at 16.  He argues, in other words, that the Heisman-pose text message was not, in itself, harassing, and so cannot be part of a continuing violation.  But, in its thorough and careful analysis, the Court rejected this exact reasoning when it held that "[t]he fact that the 2018 messages [including the Heisman-pose text] were not expressly sexual or harassing in nature . . . do[es] not compel a conclusion that there was no continuing violation."  Order at 27.  Both of Henry's cases on point in this Motion were either briefed previously, see Dkt. No. 124 at 31 (citing Williams v. New York City Hous. Auth., 61 A.D.3d 62 (1st Dep't 2009)), or duly considered by the Court, see Order at 24 (citing Drew v. Plaza Const. Corp., 688 F. Supp. 2d 270 (S.D.N.Y. 2010)).  The Court has ruled and rejected Henry's position.

Nevertheless, Henry continues that "a plaintiff continuing to feel the effects of alleged conduct that happened outside the limitations [sic] does not establish a continuing violation." Dkt. No. 169 at 16.  For this proposition, he cites the same exact case he cited in his motion to dismiss.  Compare Dkt. No. 124 at 32 (citing Corrado v. New York Unified Ct. Sys., 163 F. Supp. 3d 1, 20 (E.D.N.Y. 2016)) with Dkt. No. 169 at 16 (citing same).  It is hard to even give Henry credit for "relitigating" these issues.  It is truer to say he is just repeating himself.[3]

---

[3]     Henry's claim that the incident within the limitations period must itself be sexually harassing is just wrong, as the Court has already held.  See, e.g., Dikambi v. City Univ. of New York, No. 19 Civ. 9937 (RA), 2021 WL 4198252, at *2 (S.D.N.Y. Sep. 14, 2021) (applying

More importantly, Henry has chosen to completely ignore the Court's judicious statement that the statute of limitations issue *remains open*.  As the Court explained, whether the texts within the limitations period were indeed neutral and innocuous would be up to the jury, or the Court on summary judgment:

> Henry may well be able to persuade a jury (or the Court after the development of a full factual record) that the 2018 messages were innocuous.  But they may have instead been the continuing of his longstanding practice of sending Eckhart unsolicited messages followed by lewd or pornographic images and sexual propositions.

 Order at 29.  Henry will have a chance to litigate this *both* at summary judgment and, if it goes that far, before a jury.  Henry is now merely claiming that the Court was wrong in how it applied the law to the facts of this case.  Again, this is simply not a proper basis for a reconsideration motion.

---

continuing violation theory, where the only incident within the limitations period involved a harasser placing a paper on the plaintiff's desk, because, in light of recent events, it could be seen as part-and-parcel of previous pattern of harassment).

## **CONCLUSION**

For the foregoing reasons, the Court should deny Henry's Motion in its entirety.

Dated: October 7, 2021
      New York, New York                  Respectfully submitted,

                                  **WIGDOR LLP**

                                  By: _____
                                      Douglas H. Wigdor
                                      Michael J. Willemin
                                      Renan F. Varghese
                                      John S. Crain

                                  85 Fifth Avenue
                                  New York, NY 10003
                                  Telephone: (212) 257-6800
                                  Facsimile: (212) 257-6845
                                  dwigdor@wigdorlaw.com
                                  mwillemin@wigdorlaw.com
                                  rvarghese@wigdorlaw.com
                                  jcrain@wigdorlaw.com

                                  *Attorneys for Plaintiff*