UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JENNIFER ECKHART,<br><br>    Plaintiff,<br><br>    v.<br><br>FOX NEWS NETWORK, LLC, and ED HENRY, in his individual and professional capacities,<br><br>    Defendants. | Case No. 20-CV-5593 (RA) |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
DEFENDANT ED HENRY'S  MOTION FOR RECONSIDERATION OF
THE COURT'S SEPTEMBER 9 ORDER**

Elkan Abramowitz
Catherine M. Foti
MORVILLO ABRAMOWITZ GRAND
IASON & ANELLO PC
565 Fifth Avenue
New York, New York 10017

Jayne C. Weintraub
Jon A. Sale
SALE & WEINTRAUB, P.A.
2 South Biscayne Boulevard
One Biscayne Tower – 21st Floor
Miami, Florida 33131

*Attorneys for Ed Henry*

## **TABLE OF CONTENTS**

ARGUMENT ........................................................................................................................... 2

    I.    Filing the Redacted Photographs was a Reasonable Defensive Measure and not Actionable Under the NYSHRL, the NYCHRL, or CRL § 52-b ................................................. 2

        A.    The Statutory Language of § 52-b Allowed for Filing the Redacted Photographs .......... 4

    II.    No Employment Relationship Exists Between Plaintiff and Mr. Henry and Therefore There can be No Liability for Retaliation ................................................................................. 5

    III.    The Statute of Limitations Bars Plaintiff's Hostile Work Environment Claims.............. 7

    IV.    The Supporting Declarations are Properly Considered ...................................................... 9

CONCLUSION ..................................................................................................................... 10

i

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Annunziata v. Int'l Bhd. of Elec. Workers Local Union # 363*,
  2018 WL 2416568 (S.D.N.Y. May 29, 2018) ............................................................................ 8

*Drew v. Plaza Const. Corp.*,
  688 F. Supp. 2d 270 (S.D.N.Y. 2010) ...................................................................................... 7

*Figueroa v. RSquared NY, Inc.*,
  89 F. Supp. 3d 484 (E.D.N.Y. 2015) ........................................................................................ 6

*Gentile v. State Bar of Nevada*,
  501 U.S. 1030 (1991) ............................................................................................................... 4

*Griffin v. Sirva, Inc.*,
  29 N.Y.3d 174 (2017) ............................................................................................................... 6

*Hicks v. Baines*,
  593 F.3d 159 (2d Cir. 2010) ..................................................................................................... 5

*Hohn v. United States*,
  524 U.S. 236 (1998) ................................................................................................................. 5

*Islam v. Lyft, Inc.*,
  2021 WL 2651653 (S.D.N.Y. June 28, 2021) .......................................................................... 2

*Jute v. Hamilton Sundstrand Corp.*,
  420 F.3d 166 (2d Cir. 2005) ..................................................................................................... 5

*Malena v. Victoria's Secret Direct*
  886 F. Supp. 2d 349 (S.D.N.Y. 2012) ...................................................................................... 6

*McGullam v. Cedar Graphics, Inc.*,
  609 F.3d 70 (2d Cir. 2010) ....................................................................................................... 8

*McMenemy v. City of Rochester*,
  241 F.3d 279 (2d Cir. 2001) ..................................................................................................... 5

*National R.R. Passenger Corp. v. Morgan*,
  536 U.S. 101 (2002) ................................................................................................................. 7

*Patterson v. County of Oneida, N.Y.*,
  375 F.3d 206 (2d Cir.2004) ...................................................................................................... 6

*Primavera Familienstifung v. Askin*,
   137 F. Supp. 2d 438 (S.D.N.Y. 2001) ................................................................................ 2

*Richardson v. Comm. on Human Rights & Opportunities*,
   532 F.3d 114 (2d Cir. 2008) ............................................................................................... 3

*Schaper v. Bronx Lebanon Hosp. Ctr.*,
   408 F. Supp. 3d 379 (S.D.N.Y. 2019) ................................................................................ 7

*Schmitt v. Artforum Int'l Mag., Inc.*,
   178 A.D.3d 578 (1st Dep't 2019) ....................................................................................... 7

*Van Buskirk v. United Grp. of Cos., Inc.*,
   935 F.3d 49 (2d Cir. 2019) ................................................................................................. 2

*We Shall Overcome Found. v. The Richmond Org., Inc.*,
   2018 WL 5307095 (S.D.N.Y. Oct. 26, 2018) ................................................................ 2, 9

*Williams v. New York City Hous. Auth.*,
   61 A.D.3d 62 (1st Dep't 2009) ....................................................................................... 7, 8

*Williams v. Taylor*,
   529 U.S. 362 (2000) ........................................................................................................... 5

## **Statutes, Rules, and Other Authorities**

Civil Rights Law § 52-b .............................................................................................. 1, 2, 3, 4, 5

New York City Human Rights Law .................................................................................. *passim*

New York State Human Rights Law ................................................................................. *passim*

  In his memorandum of law in support of his motion for reconsideration, Defendant Ed Henry demonstrated that the Court should reconsider portions of its September 9 Order denying his motion to dismiss the NYHRL and NYSHRL claims, as well as the CRL § 52-b claim.  In support of his Motion for Reconsideration, Mr. Henry argued that the Court overlooked binding case law, statutory language, and other relevant considerations.  Plaintiff's Opposition to the Motion for Reconsideration ("Opposition" or "Opp")  devotes much of its time to overlapping and internally inconsistent procedural arguments, which functionally amount to an argument that courts should never entertain motions for reconsideration under any circumstances.  For example, regarding Mr. Henry's arguments that the Court should reconsider its retaliation holdings based on binding law that Mr. Henry respectfully suggests that this Court overlooked, Plaintiff contends that the Court should not even consider these arguments because Mr. Henry "had a chance to brief, and did brief, this issue . . . [including] in the specific context of retaliation."  Opp. at 16.  Two paragraphs later, Plaintiff argues that the Court should not consider Mr. Henry's retaliation arguments because she alleges that Mr. Henry "neglected to make [the arguments in support of his motion to dismiss], and he cannot assert them for the first time in the context of a motion for reconsideration."  Opp. at 17.  In other words, Plaintiff argues that the Court should refuse to address the arguments raised in Mr. Henry's motion for reconsideration because Plaintiff alleges that either Mr. Henry (i) already raised the arguments or (ii) *did not* already raise the arguments.  These internally inconsistent positions are not the law and should not be countenanced.

  In actuality, the arguments raised in support of Mr. Henry's motion for reconsideration are precisely the sort of arguments that merit reconsideration.  As Plaintiff herself acknowledges, motions for reconsideration are properly granted where "the court failed to consider evidence or

binding authority." *Van Buskirk v. United Grp. of Cos., Inc.*, 935 F.3d 49, 54 (2d Cir. 2019). Such motions are therefore proper where the moving party can point to authority "that might reasonably be expected to alter the conclusion reached by the court." *Islam v. Lyft, Inc.*, 2021 WL 2651653, at *1 (S.D.N.Y. June 28, 2021) (Abrams, J.) (internal quotations omitted). Here, Mr. Henry has raised arguments respectfully suggesting that the Court failed to consider relevant evidence (for example, with respect to the reasonableness of filing redacted photographs), statutory language (for example, with respect to the language of CRL § 52-b), and binding legal authority (for example, with respect to retaliation under the NYHSRL and NYCHRL). As such, despite Plaintiff's numerous contentions to the contrary, the issues presented in support of this motion for reconsideration are *precisely* the issues that Local Civil Rule 6.3 was enacted to address and which courts grant. *See, e.g., Primavera Familienstifung v. Askin*, 137 F. Supp. 2d 438, 443 (S.D.N.Y. 2001) (granting motion for reconsideration of argument related to Statute of Limitations). Accordingly, the Court should grant Mr. Henry's motion for reconsideration.

## ARGUMENT

### I. Filing the Redacted Photographs was a Reasonable Defensive Measure and not Actionable Under the NYSHRL, the NYCHRL, or CRL § 52-b

Mr. Henry respectfully requests that the Court reconsider its holding that filing redacted photographs of Ms. Eckhart was not a "reasonable defensive measure." Plaintiff's Opposition to this request relies entirely on the procedural arguments that the Court should not consider affidavits in connection with a motion to dismiss or reconsideration and that the declarations are irrelevant because they do not explain Mr. Henry's motivations. First, as discussed *infra* Part IV, whether to consider such declarations is squarely within the discretion of the Court. *See We Shall Overcome Found. v. The Richmond Org., Inc.*, 2018 WL 5307095, at *3 (S.D.N.Y. Oct. 26, 2018) (considering affidavits filed in connection with a motion for reconsideration). Second,

while the declarations do not pertain to Mr. Henry's personal thought processes, they bear directly on the reasonableness of filing the redacted photographs, which is an issue before the Court. Indeed, the Court's finding that the filing was not reasonable formed the basis for sustaining Plaintiff retaliation claims under the NYSHRL and the NYCHRL, as well as under CRL § 52-b. *See Eckhart* Opinion & Order at 2. In doing so, the Court overlooked the sound and justifiable reasons underpinning the filing of the redacted photographs.

The declarations filed in connection with the motion for reconsideration provide explanations clearly demonstrating the reasonableness of filing the redacted photographs of Ms. Eckhart in connection with the motion to dismiss. For example, Professor Green demonstrated that is commonplace and a reasonable litigation tactic to counter a plaintiff's allegations by publicizing the defendant's contrary factual account. *See* Green Decl. at ¶¶ 25-27. Such a tactic is reasonable even where a court ultimately rules that the defendant's contrary factual account is not admissible at that stage of the litigation. *See* Green Decl. at ¶¶ 30-34. The Foti Declaration, meanwhile, demonstrated that the filing of the redacted photographs was not done without due consideration and review of the statutes and rules dealing with the propriety of such a filing. *See* Foti Decl. at ¶¶ 12-13. These declarations, which are properly considered here, lead to the inescapable conclusion that filing the redacted photographs was a "reasonable defensive measure" and therefore does not amount to retaliation or a violation of CRL § 52-b. *See Richardson v. Comm. on Human Rights & Opportunities*, 532 F.3d 114, 123–24 (2d Cir. 2008); *Eckhart* Opinion & Order at 2, 41-46. Mr. Henry thus restfully suggests that the Court amend its finding that filing the photographs was not reasonable and dismiss Plaintiff's retaliation claims under the NYSHRL, the NYCHRL, and CRL § 52-b.

3

### A. The Statutory Language of § 52-b Allowed for Filing the Redacted Photographs

The statutory text of N.Y. CRL § 52-b allows for publication of "unclothed or exposed intimate" photographs when made "during lawful and common practices of . . . legal proceedings." *Id*. § 52-b(3)(b). In order for that statutory exception to mean anything, it cannot be true that the filing of "unclothed or exposed intimate" photographs in legal proceedings is inherently uncommon. The statutory exception applying to "common practices" of legal proceedings therefore cannot refer to the commonality filing intimate photographs because such a reading would render that exception meaningless. Rather, the "common practice" of legal proceedings in this case was the practice of filing documents countering Plaintiff's narrative.[1] In her Opposition, Plaintiff failed to provide any explanation concerning what that exception means, if not to allow filing redacted photographs in connection with a party's motion and thus effectively concedes that Plaintiff is reading that exception out of the statute. *See* Opp. at 15.

If the statutory exception is to mean anything it must mean, at bottom, that a party may file redacted photographs of the images in question to present the party's contrary factual account, with a good-faith basis to argue that the images were incorporated into the pleadings. *See, e.g.*, *Gentile v. State Bar of Nevada*, 501 U.S. 1030, 1043 (1991) (plurality opinion of Kennedy, J.) (an attorney "cannot ignore the practical implications of a legal proceeding for the client. . . . [A]n attorney may take reasonable steps to defend a client's reputation and reduce the adverse consequences of indictment, . . . including an attempt to demonstrate in the court of public opinion that the client does not deserve to be tried."); Green Decl. at ¶¶ 25-27. A finding

---

[1] For this reason, Mr. Henry respectfully suggests that the Court's finding that filing the redacted photographs was not "common," *see Eckhart* Opinion & Order at 45, was error. Even if the Court does not grant Mr. Henry's motion for reconsideration, the Court should at least permit discovery and examination of this issue, giving Mr. Henry the opportunity to establish commonality under the statute.

4

that filing intimate images, such as the redacted photographs filed in connection with Mr. Henry's motion to dismiss, is inherently uncommon would render the "legal proceedings" exception meaningless, violating a "cardinal principle of statutory construction," *Williams v. Taylor*, 529 U.S. 362, 404 (2000), that courts should not "adopt a construction making another statutory provision superfluous," *Hohn v. United States*, 524 U.S. 236, 249 (1998). Mr. Henry respectfully suggests that the Court overlooked this implication of its reading of the statutory language and therefore misapplied the statute. Accordingly, for this additional reason, Mr. Henry requests that the Court reconsider its holding that Plaintiff stated a claim for violation of CRL § 52-b.

## II. No Employment Relationship Exists Between Plaintiff and Mr. Henry and Therefore There can be No Liability for Retaliation

It is axiomatic that the NYSHRL and NYCHRL govern employment relationships and do not provide a basis for a party to sue, unless there is an employment relationship between the parties. *See, e.g.*, *Hicks v. Baines*, 593 F.3d 159, 165 (2d Cir. 2010) (Title VII and NYSHRL claims analyzed through lens of employment law). It is likewise axiomatic that an employment relationship is necessary for claims of retaliation, not just claims of hostile work environment, as any alleged act of retaliation must constitute an "adverse *employment* action." *See Jute v. Hamilton Sundstrand Corp.*, 420 F.3d 166, 173 (2d Cir. 2005) (quoting *McMenemy v. City of Rochester*, 241 F.3d 279, 282–83 (2d Cir. 2001)). Despite these irrefutable facts, Eckhart argues in her Opposition for an extraordinary expansion of the NYSHRL and NYCHRL, arguing that any person can be directly liable for retaliation under the law, regardless of whether the parties have any employment relationship whatsoever. *See* Opp. at 17-18. Such an argument is plainly contradicted by binding case law and, indeed, this Court's Order in this matter. Mr. Henry respectfully suggests that the Court overlooked the statutory language and binding case law

limiting application of the NYSHRL and NYCHRL to parties with an employment relationship and requests that the Court reconsider its holding sustaining Plaintiff's retaliation claims.[2]

In support of Plaintiff's sweeping argument that any individual can be liable for retaliation, regardless of whether the parties are even employees of the same organization, Plaintiff relies principally on *Griffin v. Sirva, Inc.*, 29 N.Y.3d 174 (2017). *Griffin*, however, specifically concerned aiding and abetting liability under the NYSHRL and held that an individual who was not an employer could nevertheless be held liable for aiding and abetting conduct by the plaintiff's employer. *Id.* at 187. Crucially, however, the plaintiff still needed to plead the underlying employment relationship with the employer, and the employer's alleged violation, in order to state a cause of action under the statute. *Id*. The case did not, despite Plaintiff's suggestion to the contrary, give standing to any private citizen to sue any other private citizen for "retaliation," merely because the plaintiff alleged that there could be an adverse consequence for the plaintiff's employment. Similarly, in *Malena v. Victoria's Secret Direct, LLC*, the Court did not disturb the well-established fact that the NYSHRL and NYCHRL govern employment relationships and indeed specifically acknowledged that the NYCHRL only applies to conduct by "an employer or any employee or an agent thereof." 886 F. Supp. 2d 349, 366 (S.D.N.Y. 2012). Plaintiff's efforts to elide over the fact that the NYSHRL and NYCHRL specifically and explicitly govern employment relationships are thus unavailing.

Indeed, as Mr. Henry established in his moving brief, a plaintiff must allege an "ongoing economic relationship" between the plaintiff and the defendant in order to state a retaliation

---

[2] Mr. Henry also requested that the Court amend its holding sustaining a Title VII retaliation claim against Mr. Henry when Plaintiff had not asserted a Title VII claim against Mr. Henry and such a claim would not be viable. *See, e.g.*, *Figueroa v. RSquared NY, Inc.*, 89 F. Supp. 3d 484, 492 (E.D.N.Y. 2015) ("Individual defendants may not be held personally liable for alleged violations of Title VII" (citing *Patterson v. County of Oneida, N.Y.*, 375 F.3d 206, 226 (2d Cir.2004)). In her Opposition, Plaintiff does not dispute that the Court's Order should be so amended and thus appears to tacitly concede the point. Accordingly, Mr. Henry respectfully requests that the Court correct the record by revising its Order to remove any reference to Plaintiff's Title VII being sustained as to Mr. Henry.

6

claim when the plaintiff is no longer an employee. *See Schmitt v. Artforum Int'l Mag., Inc.*, 178 A.D.3d 578, 584 (1st Dep't 2019). In her Opposition, Plaintiff did not even attempt to argue that such an ongoing economic relationship exists here, because she cannot. Mr. Henry is not and, as this Court properly found, has never been, Plaintiff's employer. *See Eckhart* Opinion & Order at 30-31. When the alleged retaliation occurred, moreover, neither Plaintiff nor Mr. Henry were even employees of Fox News, a fact that Plaintiff concedes. *See* TAC ¶ 188. Consequently, any alleged "retaliation" is not within the purview of the NYSHRL or NYCHRL. There is no "adverse employment action" because there is no employment relationship whatsoever between the parties. Plaintiff has failed to cite a single case where the employment statutes have been applied in such instances because such a holding runs contrary to the plain meaning of the statutes and the binding case law interpreting them. *See Schaper v. Bronx Lebanon Hosp. Ctr.*, 408 F. Supp. 3d 379, 395 (S.D.N.Y. 2019).

**III.     The Statute of Limitations Bars Plaintiff's Hostile Work Environment Claims**

Mr. Henry also respectfully requests that the Court reconsider its holding that the three text messages that Mr. Henry allegedly sent Plaintiff during the limitations period were sufficient to plead a "continuing violation" and therefore extend the Statute of Limitations for allegations that happened over three years ago. In her Opposition, the only non-procedural argument that Plaintiff raised was to argue that she had properly pled a continuing violation because in order to plead a continuing violation, Plaintiff did not need to plead a harassing act that occurred during the limitations period. *See* Opp. at 20-21. This argument is flatly contradicted by the governing case law. *See Drew v. Plaza Const. Corp.*, 688 F. Supp. 2d 270, 279 (S.D.N.Y. 2010) (continuing violation exists only if "all acts . . . are part of the same unlawful employment practice *and at least one act falls within the time period*" (quoting *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114–15 (2002) (emphasis added)); *Williams v. New York City*

7

*Hous. Auth.*, 61 A.D.3d 62, 80 (1st Dep't 2009) (holding that there was no continuing violation because "[d]uring the limitations period, the only harassment allegation supported by evidence that could be credited by a jury consists of comments . . . [that were] nothing more than petty slights or trivial inconveniences, *and thus are not actionable* (emphasis added)).

As cases like *Williams* make clear, the continuing violation doctrine serves to allow courts to consider discriminatory acts from outside the limitations period where the alleged discriminatory acts take place over a sustained period.  To the extent a discriminatory act occurs within the limitations period, that act can be used to bring within the limitations period discriminatory acts that otherwise would have been time-barred. The essence of the continuing violation doctrine is that there has to have been conduct within the limitations period that violated the laws, in this case, the NYSHRL and NYCHRL.  The plaintiff, in other words, must plead actionable and violative conduct during the limitations period for the allegations to amount to a "continuing violation." *See McGullam v. Cedar Graphics, Inc.*, 609 F.3d 70, 78 (2d Cir. 2010) (no continuing violation where the only alleged comment during limitations period was offensive, though "not lewd"); *Annunziata v. Int'l Bhd. of Elec. Workers Local Union # 363*, 2018 WL 2416568, at *14 (S.D.N.Y. May 29, 2018) (no continuing violation because "[t]he prelimitations harassing behavior was largely sexual in nature," whereas the defendant's comments during the limitations period were not).

As discussed in the moving brief, texts like "YO!," "Why'd you turn away today?" and a picture of a football player are not themselves actionable conduct under the NYSHRL and NYCHRL even if they did allegedly make Plaintiff uncomfortable or nervous. While the Court found that such texts "contained similarities," to messages that were sent during the limitations period that were "followed by unwelcome sexual advances," *see Eckhart* Opinion & Order at 26,

8

the fact that such precursor messages were *followed* by alleged harassment does not render the precursor messages themselves harassment under the law.  Accordingly, the Court should find that Plaintiff's hostile work environment claims are barred by the Statute of Limitations.

## IV. The Supporting Declarations are Properly Considered

In support of some of his arguments for reconsideration, Mr. Henry, upon approval from the Court, attached two declarations, one by Mr. Henry's attorney, Catherine Foti, and one by an expert on attorney ethical obligations, Professor Bruce Green.  Plaintiff's Opposition devotes much of its briefing to arguing that the Court should not consider these declarations.  Every case that Plaintiff cites in her Opposition, at most, supports the conclusion that it is within a court's *discretion* to refuse to consider affidavits in support of a motion for reconsideration.  *See* Opp. at 6-11.  It is equally true, however, that a Court may in its discretion choose to consider such affidavits and declarations.  Indeed, that the Court has such discretion is evident from the language of the Rule governing motions for consideration.  *See* Local Civil Rule 6.3 (allowing for consideration of affidavits when "directed by the Court"); *We Shall Overcome Found.*, 2018 WL 5307095, at *3 (considering affidavits filed in connection with a motion for reconsideration).

In this case, one issue that Mr. Henry urges the Court to reconsider is its holding that filing redacted photographs of Plaintiff, which Plaintiff had sent Mr. Henry, was not "reasonable" or "common."  *See Eckhart* Opinion & Order at 43, 45.  The declarations filed in connection with this motion bear directly on that issue, containing arguments bearing on reasonableness that Mr. Henry respectfully argues that this Court has overlooked.  While Plaintiff maintains that such declarations should not be considered, these arguments ignore that Professor Green is in a uniquely qualified position to opine on the contours and limits of ethical advocacy.  *See* Green Decl. at ¶¶ 3-8.  The question of reasonableness and commonality of

9

litigation practices was central to the Court's Order and Mr. Henry respectfully suggests that the Court overlooked these ethical requirements in finding against him. The Court should therefore exercise its discretion to consider the declarations in support of that argument.

## CONCLUSION

For the reasons set forth above, as well as in Mr. Henry's opening memorandum, and the supporting declarations of Catherine M. Foti and Professor Bruce A. Green, Mr. Henry respectfully requests that the Court reconsider portions of its September 9 Order and (1) grant Mr. Henry's motion to dismiss Plaintiff's retaliation and CRL claims arising from the filing of the redacted photographs and retract its finding that the filing of the redacted photographs was not a reasonable litigation practice; and (2) grant Mr. Henry's motion to dismiss Plaintiff's NYSHRL and NYCHRL hostile work environment claims as time-barred.

Respectfully submitted,

MORVILLO ABRAMOWITZ GRAND
IASON & ANELLO PC

By: /s/ Elkan Abramowitz
Elkan Abramowitz
Catherine M. Foti
565 Fifth Avenue
New York, New York 10017

Jayne C. Weintraub
Jon A. Sale
SALE & WEINTRAUB, P.A.
2 South Biscayne Boulevard
One Biscayne Tower – 21st Floor
Miami, Florida 33131

*Attorneys for Ed Henry*