**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------------- X
                                                                        :
JENNIFER ECKHART,                                                       :   Case No. 1:20-cv-05593
                      Plaintiff,                          :   (RA)(GWG)
                                                                        :
              v.                                                 :   **[PROPOSED] STIPULATED**
                                                                        :   **CONFIDENTIALITY**
                                                                        :   **AGREEMENT AND**
FOX NEWS NETWORK, LLC and ED HENRY,                                     :   **PROTECTIVE ORDER**
in his individual and professional capacities,                          :
                                                                        :
                      Defendants.                         :
----------------------------------------------------------------------- X

      **WHEREAS**, the parties to this action (collectively the "Parties" and individually a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic, confidential and/or otherwise sensitive information that they may need to disclose in connection with this action;

      **WHEREAS**, the Parties, through counsel, agree to the following terms; and

      **WHEREAS**, this Court finds good cause exists for issuance of an appropriately tailored confidentiality order governing this action,

      **IT IS HEREBY ORDERED** that any person subject to this Order – including without limitation the Parties to this action (including their respective successors and assigns), their representatives, agents, experts and consultants, all third parties providing discovery or other material in this action, and all other interested persons with actual or constructive notice of this Order – will adhere to the following terms:

      1.      With respect to "Discovery Material" (*i.e.*, documents and/or information of any kind produced or disclosed in the course of this action) that a person has designated as "Confidential" or "Highly Confidential" pursuant to this Order, no person subject to this Order may disclose such Confidential or Highly Confidential Discovery Material to anyone else except

as this Order expressly permits, including, but not limited to, by filing any such material to the public docket.

2. The Party or person producing or disclosing Discovery Material ("Producing Party") may designate as Confidential, within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure, any Discovery Material or portion of Discovery Material that contains non-public, confidential, and/or otherwise sensitive business, commercial, financial, or personal information, the public disclosure of which is either restricted by law or could, in the good faith opinion of the producing person, adversely affect a person's privacy obligations or policies, business, commercial, financial, or personal interests.

3. The Producing Party may designate as Highly Confidential any Discovery Material or portion of Discovery Material that contains (i) highly sensitive confidential personal information or (ii) highly sensitive confidential or proprietary business information, a trade secret or other commercial or financial information that the Producing Party, in good faith, believes would result in competitive or commercial harm in the market place if the information were disseminated to persons other than the Parties, the Parties' internal counsel and/or counsel retained specifically for this action, including any paralegal, clerical or other assistant employed by such counsel and assigned specifically to work on this action.  Any Party who requests additional limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time before the trial of this action serve upon counsel for the recipient Parties a written notice stating with particularity the grounds of the request. To the extent a party wishes to mark a document "Highly Confidential – Attorneys' Eyes Only," the parties will seek agreement on which other persons, if any, may see that document. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in

accordance with paragraph 2(A) of Judge Gorenstein's Individual Practices. The burden remains on the party asserting that the document, recording or information should be designated as "Highly Confidential-Attorneys' Eyes Only" to demonstrate that such documents, recordings or information warrants the designation under this Agreement.

4. Because the designation of Discovery Materials as Confidential or Highly Confidential may impose costs and/or other burdens on the Parties, Producing Parties shall only use such designations if and only if that Party believes in good faith that the Information satisfies the definitions of Confidential Information or Highly Confidential as set forth in Paragraphs 2 and 3.

5. With respect to the Confidential or Highly Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the Producing Party or its counsel may designate such portion as "Confidential" or "Highly Confidential" by stamping or otherwise clearly marking as "Confidential" or "Highly Confidential" the protected portion in a manner that will not interfere with legibility or audibility.

6. A Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Confidential or Highly Confidential Discovery Material by indicating on the record during the deposition that a question calls for Confidential or Highly Confidential information, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "[Highly] Confidential Information Governed by Protective Order."

7. If at any time before the trial of this action a Producing Party realizes that it should have designated as Confidential or Highly Confidential some portion(s) of Discovery Material that it previously produced without limitation, the Producing Party may so designate

3

such material by so apprising all prior recipients in writing. Thereafter, this Court and all persons subject to this Order will treat such designated portion(s) of the Discovery Material as Confidential or Highly Confidential.

8. Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, information, testimony or other evidence.

9. Similarly, nothing herein shall be construed to affect in any manner the admissibility at any evidentiary hearing or trial of any documents or information.

10. Where a Producing Party has designated Discovery Material as Confidential or Highly Confidential, other persons subject to this Order may disclose such information only to the following persons:

   a. the Parties to this action, including employees of each Party where such disclosure is reasonably necessary to support the prosecution or defense of this case;

   b. counsel of record in this action, including any paralegal, clerical or other assistant that such counsel of record employs or contracts with and/or assigns to this matter, as well as internal counsel who are employees of each Party;

   c. outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter;

d. as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

e. any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action regarding the Discovery Material, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto (however, to the extent a witness is called for a deposition and has not previously been required to execute the annexed Non-Disclosure Agreement pursuant to this Paragraph 10(e) and is not otherwise bound to this Order under Paragraph 10, the witness must affirm on the record that they will be bound by this Order);

f. any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

g. stenographers engaged to transcribe depositions the Parties conduct in this action;

h. this Court, including any appellate court, its support personnel, and court reporters and;

i. Any mediator retained by the Parties or appointed by the Court, and employees of such mediator who are assisting in the conduct of the mediation.

11. Counsel must retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel upon request.

12. Any party seeking to file any Confidential or Highly Confidential documents must notify the Producing Party, whose responsibility it will be to request the sealing of such documents and follow the procedures outlined in Magistrate Judge Gabriel W. Gorenstein's Individual Practices, Rule 2(E).

13. Any Party who objects to any designation of confidentiality may at any time before the trial of this action serve upon counsel for the Producing Party a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court. The burden remains on the party asserting that the document, recording or information should be designated as "Confidential" or "Highly Confidential" to demonstrate that such documents, recordings or information warrants the designation and protections under this Agreement.

14. Recipients of Confidential or Highly Confidential Discovery Material under this Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and not for any business, commercial, or competitive purpose or in any other litigation, arbitration, or other proceeding. Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this action.

15. Nothing in this Order will prevent any Party from producing any Confidential or Highly Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Producing Party as soon as

reasonably possible, and if permitted by the time allowed under the request, at least 10 calendar days before any disclosure, provided that the nothing herein requires any Party to be in default of any subpoena.  Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

16.     Each person who has access to Discovery Material designated as Confidential or Highly Confidential pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

17.     Within ninety (90) days of the final disposition of this action — including all appeals — all recipients of Confidential or Highly Confidential Discovery Material must either return it — including all copies thereof — to the Producing Party, or, upon permission of the Producing Party, destroy such material — including all copies thereof.  In either event, by the 90-day deadline, the recipient must certify its return or destruction by submitting a written certification to the Producing Party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential or Highly Confidential Discovery Material.  Notwithstanding this provision, the attorneys that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, and/or discovery, even if such materials contain Confidential or Highly Confidential Discovery Material.  Any such archival copies that contain or constitute Confidential or Highly Confidential Discovery Material remain subject to this Order.

18.     Nothing shall prevent disclosure beyond the terms of this Order if all Parties consent in writing to such disclosure or if so ordered by the Court.

19. Notwithstanding the provisions hereof, nothing in this Order shall restrict any Party's outside counsel from rendering advice to its client(s) with respect to this Action, and in the course thereof, relying upon Confidential or Highly Confidential Discovery Information, provided that in rendering such advice, outside counsel shall not disclose any Confidential or Highly Confidential Discovery Material other than as permitted by this Order.

20. This Order will survive the termination of the action and will continue to be binding upon all persons to whom Confidential or Highly Confidential Discovery Material is produced or disclosed.

21. Production of documents or information prior to the execution of this Order, or inadvertent production of any documents or information, including not limited to that which is disclosed during a deposition without a designation will not be deemed to waive a Party's right to subsequently designate said documents and information pursuant to this Order at a later date. Disclosure of said documents or information by any Party prior to such later designation shall not be deemed a violation of the provisions of this Order; provided, however, that the Party that disclosed the redesignated documents or information shall make a reasonable effort to procure all copies of such redesignated documents or information from any persons known to have possession who are not entitled to receipt thereof under this Order and have such persons sign the Non-Disclosure Agreement attached as Exhibit A hereto. In addition, the designating Party shall provide the other Party with replacement versions of such documents that bear the "Confidential" designation.

22. The inadvertent disclosure of privileged material by a producing person or its counsel shall not constitute a waiver of any applicable privilege. Should counsel believe that another party inadvertently produced a privileged document, counsel shall promptly notify the

producing person. A producing person who inadvertently discloses material it claims to be covered by a privilege shall give notice promptly after discovery of the inadvertent disclosure that the material is privileged, and the material shall be returned or destroyed on request of the producing person or counsel. Persons in receipt of inadvertently disclosed privileged information shall not view the material upon receipt of notice of inadvertent disclosure from the producing person or counsel. The Parties agree that motions to compel production on privilege designation shall only use such information as reasonably necessary to identify the document and describe its nature to the Judge or Magistrate Judge in any motion to compel production of the document. In addition, the disclosure of Confidential Information pursuant to the procedures set forth in this Order does not constitute a waiver of any trade secret or any intellectual property, proprietary, or other rights to, or in, such information. It is expressly acknowledged that no such right or interests shall be affected in any way by production of information designated Confidential Information in the Litigation.

23. This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

24. The Parties acknowledge that the Court retains discretion as to whether, in Orders and Opinions, to afford confidential treatment to information that the Parties have redacted, sealed, or designated as confidential.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

SO STIPULATED AND AGREED.

Dated:  November 15, 2021
            New York, New York

**PROSKAUER ROSE LLP**

*/s/ Kathleen M. McKenna*
Kathleen M. McKenna, Esq.
Lloyd B. Chinn, Esq.
Keisha-Ann G. Gray, Esq.
Rachel S. Fischer, Esq.
Yonatan Grossman-Boder, Esq.
11 Times Square
New York, New York 10036
(212) 969-3000
kmckenna@proskauer.com
*Attorneys for Defendant*
*Fox News Network, LLC*

**WIGDOR LLP**

*/s/  Douglas H. Wigdor*
Douglas H. Wigdor, Esq.
Michael J. Willemin, Esq.
Renan F. Varghese, Esq.
John S. Crain, Esq.
85 5th Avenue
Floor 5
New York, New York 10003
(212) 257-6800
dwigdor@wigdorlaw.com
*Attorneys for Plaintiff*
*Jennifer Eckhart*

**MORVILLO ABRAMOWITZ GRAND IASON & ANELLO PC**

*/s/ Catherine M. Foti*
Catherine M. Foti, Esq.
Elkan Abramowitz, Esq.
565 5th Avenue #9
New York, New York 10017
(212) 856-9600
cfoti@maglaw.com
*Attorneys for Defendant*
*Ed Henry*

Dated: New York, New York

November __, 2021

                              SO ORDERED.


                              _____
                              Magistrate Judge Hon. Gabriel W. Gorenstein

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

JENNIFER ECKHART,

      Plaintiff,

   - against -

FOX NEWS NETWORK, LLC, and ED HENRY, in his individual and professional capacities,

      Defendants.

Case No. 1:20-cv-05593 (RA)

**NON-DISCLOSURE AGREEMENT**

    I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as [Highly] Confidential. I agree that I will not disclose such [Highly] Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the Party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____

_____
Signature

_____
Printed Name

11