# WIGDOR LLP
ATTORNEYS AND COUNSELORS AT LAW

85 FIFTH AVENUE
NEW YORK, NY 10003
TEL 212.257.6800
FAX 212.257.6845
WWW.WIGDORLAW.COM

**Renan F. Varghese**
rvarghese@wigdorlaw.com

February 4, 2022

**VIA ECF**

The Honorable Gabriel W. Gorenstein
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:    Eckhart v. Fox News Network, LLC, *et al.*; Civ. Case No. 1:20-cv-5593 (RA)(GWG)

Dear Judge Gorenstein:

We represent Plaintiff Jennifer Eckhart ("Plaintiff") in the above-referenced matter. Pursuant to Your Honor's Individual Rule 2(A), Plaintiff writes to request an informal conference with the Court in order to resolve certain discovery issues between Plaintiff and Defendant Fox News Network, LLC ("Fox," "Fox News" the "Company" or "Defendant").

Pursuant to Your Honor's Individual Rule 2(A), prior to filing the instant application for a pre-motion conference, Plaintiff and attorneys for the Company, including Kathleen M. McKenna, Rachel S. Fischer and Yonatan L. Grossman-Boder met and conferred by telephone on January 13, 2022 and January 26, 2022 for approximately an hour each. When the parties were unable to reach a resolution on the issues raised herein, Plaintiff notified the Company that she would be making a motion to compel the information below.

**I.    FOX SHOULD BE COMPELLED TO PRODUCE OTHER COMPLAINTS OF DISCRIMINATION**

Plaintiff has requested that Fox produce other complaints of gender discrimination in its New York (where Plaintiff worked) and Washington, D.C. (where Defendant Ed Henry ("Henry") worked) offices during the relevant time period. See Ex. A, Request Nos. 12-17, 60, 61, 96-99, 112-114; and Ex. B, Interrogatory Nos. 6, 19. Plaintiff has also sought documents concerning discrimination and/or sexual harassment made to three individuals at Fox, Kevin Lord, the Executive Vice President of Human Resources, Jay Wallace, Fox News President and Executive Editor, and Lauren Petterson, Fox Business Network President. See id. at Request Nos. 112-114. Defendant has refused to produce any responsive documents to these requests, claiming that they are irrelevant.

**WIGDOR LLP**
ATTORNEYS AND COUNSELORS AT LAW

The Honorable Gabriel W. Gorenstein
February 4, 2022
Page 2

For context, in moving to dismiss Plaintiff's Third Amended Complaint ("TAC"), Dkt. No. 113, Fox argued that Ms. Eckhart's complaints did not constitute protected activity under the law and were instead general expressions of dissatisfaction insufficient to insulate her from subsequent unlawful retaliatory behavior.  See Dkt. No. 118 at pp. 19-20.  Judge Abrams properly rejected Fox's argument in denying its motion to dismiss Plaintiff's retaliation claims, finding that "[c]ourts must assess an employee's complaint in context, rather than in isolation."  Dkt. No. 157 at p. 38.  Judge Abrams further explained:

> In the years immediately preceding this complaint, Fox News received complaints of sexual harassment and sexual misconduct by over twenty female employees. Given that context, Eckhart contends that it would be reasonable for an executive at the network to understand her reference to the "abuse and hostility" she endured as a reference to sexual abuse or gender-based harassment.

Id. at p. 39 (internal citations omitted).

Judge Abrams agreed, finding that the TAC adequately alleged that Ms. Eckhart engaged in protected activity.  Id.  Thus, the specific language used in other complaints of discrimination made by other employees (even if not against Henry himself) and Fox's responses to such complaints go directly to the issue of whether it was on notice that Plaintiff's own complaints constituted protected activity.

More importantly, it is Fox's own conduct that has placed this evidence squarely at issue.  Fox has asserted affirmative defenses that make clear that it intends to rely on the Faragher/Ellerth defense to argue that Ms. Eckhart failed to reasonably take advantage of the Company's complaint procedures.  See Dkt. No. 174 at Ninth Affirmative Defense ("Ms. Eckhart unreasonably failed to take advantage of the preventative and/or corrective opportunities provided by Fox News.").  In order for Plaintiff to challenge the merits of this defense, she must be permitted discovery into how Fox responded to previous complaints of discrimination, harassment and retaliation, irrespective of whether those complaints involved the same types of behavior which Ms. Eckhart experienced.  See, e.g., Little v. Nat'l Broad. Co., Inc., 210 F. Supp. 2d 330, 393 (S.D.N.Y. 2002) (finding evidence that supervisors "routinely dismissed" discrimination complaints by various non-party employees and also "took no action in response to plaintiffs' complaints" sufficient to deny summary judgment as to "effectiveness" of defendant's remedial measures); Turley v. ISG Lackawanna, Inc., 803 F. Supp. 2d 217, 250 (W.D.N.Y. 2011) (defendants' history of "inadequate[ly]" responding to harassment complaints by employees could lead a jury to conclude that defendants' remedial measures were ineffective, rendering summary judgment as inappropriate).

**WIGDOR LLP**
ATTORNEYS AND COUNSELORS AT LAW

The Honorable Gabriel W. Gorenstein
February 4, 2022
Page 3

This is especially true where, as here, Fox has a long history of employees refusing to report complaints of discrimination and harassment because of fear of retaliation, as Ms. Eckhart herself was after she was sexually assaulted and/or raped by Defendant Henry.[1]  Fox subsequently hired Kevin Lord, ostensibly to "clean up" the "mess" that was Fox's HR department.[2]  Based on the parties' meet and confer conversations, all of Fox's HR employees, including Denise Collins (to whom Ms. Eckhart herself complained) ultimately report to Mr. Lord.  Thus, the complaints that these employees received and the Company's response (or lack thereof) is squarely relevant to allowing Plaintiff to address Defendant's affirmative defense in this case.  These documents would demonstrate the extent to which other employees shared Plaintiff's concerns about retaliation and the extent to which such concerns were justified due to Fox's subsequent conduct.  In turn, they would be relevant to demonstrate that Fox's discrimination policies were not effective and cannot form the basis of the Faragher/Ellerth defense.  Plaintiff has already sought to narrow the request to documents concerning the same type of misconduct that Ms. Eckhart herself alleges in this case— namely sexual harassment, sexual assault and retaliation.  It is unfair for Fox to claim, on the one hand, that Plaintiff's purported failure to follow its complaint procedure is sufficient to insulate it from liability while simultaneously denying Plaintiff the opportunity to take discovery into the efficacy of these same policies.  Unless Fox agrees to waive this defense, Plaintiff is entitled to documents concerning its responses to other complaints to demonstrate that the Company's complaint procedures were inadequate and insufficient to shield it from liability.

Finally, Fox's refusal to produce response documents and information flies in the face of virtually all (if not all) decisions with respect to similar requests as it goes to issues such as motive and intent.  See, e.g., Ri Sau Kuen Chan v. NYU Downtown Hosp., No. 03 Civ. 3003 (CBM), 2004 WL 1886009, at *5 (S.D.N.Y. Aug. 23, 2004) ("Information regarding other complaints of [discrimination] made by defendants' employees and actions taken in response thereto is clearly relevant to plaintiff's ability to make out her prima facie case of retaliation") (collecting *eight* cases standing for this proposition); Liberman v. Gant, 630 F.2d 60, 68 (2d Cir. 1980); Flanagan v. Travelers Ins. Co., 111 F.R.D. 42, 48 (W.D.N.Y. 1986) ("Evidence of general patterns of discrimination by an employer is clearly relevant in an individual disparate treatment case and is therefore discoverable").

## II.     FOX SHOULD BE COMPELLED TO PRODUCE DOCUMENTS CONCERNING DEFENDANT ED HENRY'S TRAVEL AND EXPENSES IN THIS CASE

Plaintiff has also sought documents concerning Defendant Henry's expenses and business travel during his employment with Fox.  See Ex. A at Response to Request Nos. 39-40, 43-44.  Fox has only agreed to produce documents concerning the expenses and travel that involve Ms. Eckhart directly, as alleged in the TAC.  This is plainly insufficient.  In moving to dismiss Plaintiff's claims

---

[1]     https://www.nytimes.com/2016/07/24/business/at-fox-news-kisses-innuendo-propositions-and-fears-of-reprisal.html (last visited February 4, 2022).
[2]     https://www.thewrap.com/fox-news-hr-kevin-lord-roger-ailes/ (last visited February 4, 2022).

**WIGDOR LLP**
ATTORNEYS AND COUNSELORS AT LAW

The Honorable Gabriel W. Gorenstein
February 4, 2022
Page 4

under the Trafficking Victims Protection Act ("TVPA"), Henry argued that Ms. Eckhart's allegations were deficient as a matter of law insofar as she did not allege that Henry's treatment of her was part of a larger pattern of behavior towards other women. See Dkt. No. 124 at pp. 18-19. In denying his motion to dismiss, Judge Abrams noted that "a *modus operandi* is but one of several ways a plaintiff can show knowledge." Dkt. No. 157 at p. 18. Thus, to the extent that Henry makes the same argument at summary judgment, Plaintiff is entitled to the evidence sought to show, in conjunction with other evidence in this case, that Henry has previously used business trips to harass and/or sexually abuse women.[3]

### III.  FOX SHOULD BE COMPELLED TO PRODUCE DOCUMENTS CONCERNING EXIT INTERVIEWS IT CONDUCTED WITH EMPLOYEES

Plaintiff has also sought documents concerning exit interviews that Fox has conducted with its employees from 2018 through the present. See Ex. A at Request No. 64. Fox has refused to provide these documents, claiming that they are irrelevant. Once again, Fox's own arguments in this case make the information it refuses to disclose relevant in this case. In the TAC, Plaintiff cited the fact that Fox asked Ms. Eckhart, during her exit interview, whether she had been sexually harassed and/or assaulted during her employment with Fox, and that this was evidence that Fox was aware that Ms. Eckhart was engaging in protected activity. See Dkt. No. 113 at ¶ 94. In its motion to dismiss, Fox claimed that this was a "standard question" that did not demonstrate that it had knowledge that Plaintiff was harassed and/or assaulted during her employment. Dkt. No. 118 at p. 21. However, as Judge Abrams explained in denying Fox's motion to dismiss, "***discovery may reveal*** that this was indeed a standard question that Fox News asks of all its departing employees, and a factfinder may not accept the inference that Eckhart has put forth." Dkt. No. 157 at p. 39. As a result, Fox's practices in other exit interviews, and whether it indeed asked every employee whether they were sexually harassed and/or assaulted is squarely relevant to whether Fox understood Plaintiff to have been engaging in protected activity.

### IV.  FOX SHOULD BE COMPELLED TO PRODUCE DOCUMENTS CONCERNING HENRY'S JOB DUTIES AND RESPONSIBILITIES AT FOX

Fox has also refused to produce documents concerning Defendant Henry's duties and responsibilities at the Company throughout his career. See Ex. A at Response to Requests Nos. 45,

---

[3]  Fox has also claimed that it is not required to produce evidence relevant to Plaintiff's claims against Henry, ostensibly referring Plaintiff to the conference before this Court on April 21, 2021, where Fox claimed that it made clear that it was not producing discovery solely related to the claims against Henry. Fox's position makes no sense. First, the April 21, 2021 conference was to discuss Fox's motion for a stay of discovery pending Judge Abrams' ruling on a motion to dismiss. Nothing in that conference stands for the proposition that Fox is never required to provide discovery related to Henry's defenses in this case. Second, even if Fox were correct that Plaintiff cannot seek discovery from it because it is not a party to Plaintiff's claims against Henry, Fox is unquestionably in possession of relevant documents. As a result, even if Fox were not a party in this case, Plaintiff would nevertheless be entitled to subpoena Fox for the information. Fox therefore has no basis for withholding this evidence in this case.

**WIGDOR LLP**
ATTORNEYS AND COUNSELORS AT LAW

The Honorable Gabriel W. Gorenstein
February 4, 2022
Page 5

46, 48, 50.  Again, Defendant Henry has argued that Ms. Eckhart supposedly "knew" that he could not fulfill his promises to advance her career because he had no ability to increase her on-air abilities.  See Dkt. No. 124 at p. 17.  Judge Abrams rejected this argument, finding that the reasonableness of Plaintiff's reliance on Defendant Henry's promises was a subject for discovery.  See Dkt. No. 157 at p. 16.  This is precisely the type of discovery that Plaintiff now seeks from Fox.  Henry's various roles within Fox, his duties and responsibilities and any written agreements he had with Fox are clearly relevant to Henry's defense and must be produced.  Similarly, Plaintiff has alleged that Defendant Henry's offer to introduce her to his agent, one of the most powerful agents in the media industry, was itself a valuable promise.  See Dkt. No 113 at ¶ 65.  Thus, Defendant Henry's negotiations with Fox, and his agent's role in that process, are also relevant and should be produced.

**V.     FOX SHOULD BE REQUIRED TO IDENTIFY INDIVIDUALS WITH KNOWLEDGE CONCERNING PLAINTIFF'S COMPLAINTS**

In response to Plaintiff's request for information for persons with information or knowledge concerning Ms. Eckhart's complaints during her employment, Fox claims that Ms. Eckhart never made a claim of discrimination or hostile work environment during her employment.  See Ex. B, Response to Interrogatory No. 7.  In the parties' meet and confer discussions, Fox took the position that it was not required to identify individuals with knowledge of any other complaints because complaints of discrimination and hostile work environment were the only complaints relevant in this case.  This is simply not true.  Fox has taken the position that Plaintiff never complained about discrimination and/or harassment.  Obviously, Plaintiff does not agree with this point and believes her February 2020 complaint constituted a complaint of discrimination and/or harassment.  It is because Fox has disputed this point that Plaintiff did not limit her interrogatory to complaints explicitly about discrimination and/or harassment, and instead asked for more general complaints of which Fox is aware.  In an effort to compromise, Plaintiff offered to narrow her request to only seek complaints about Plaintiff's treatment by other employees, which would necessarily encompass Plaintiff's February 2020 complaint.  Fox rejected this compromise by stating that it would be too burdensome for it to learn of every complaint that Plaintiff made.  However, it is fundamental to discovery that a party need only disclose information in its possession.  Thus, Fox's argument is clearly a strawman.  There is no requirement that Fox interview every one of its employees to determine whether Plaintiff ever made a complaint to them, just as Fox is not required to ask each and every employee to produce every document in their possession.  Fox does, however, need to provide information about which it is aware and should be ordered to do so.

We thank Your Honor for the Court's consideration and attention to this matter.

Respectfully submitted,

Renan F. Varghese