
Proskauer Rose LLP   Eleven Times Square   New York, NY 10036-8299

February 8, 2022

**VIA ECF**

Kathleen M. McKenna
Member of the Firm
d +1.212.969.3130
f 212.969.2900
kmckenna@proskauer.com
www.proskauer.com

The Honorable Gabriel W. Gorenstein
United States Magistrate Judge
Southern District of New York
500 Pearl St.
New York, NY 10007

      Re: *Eckhart v. Fox News, LLC, et al.*; Case No. 1:20-cv-5593 (RA)(GWG)

Dear Judge Gorenstein:

We represent Defendant Fox News Network, LLC's ("Fox News," the "Company") in the above-referenced matter, and write in response to Plaintiff Jennifer Eckhart's ("Plaintiff") February 4, 2022 letter concerning certain discovery disputes. (Dkt. 192.)

Consistent with the Case Management Plan and Scheduling Order entered in this matter on September 22, 2021, the parties exchanged their responses to written discovery requests in November 2021. Fox News and Plaintiff have engaged in several subsequent "meet and confers" on discovery disputes by both email and by telephone.[1] Plaintiff surprisingly failed to mention in her letter that the parties have been negotiating for several weeks an e-discovery protocol, including a list of search terms, custodians, and date ranges that will guide the parties' search efforts. Significantly, several of the issues raised in Plaintiff's letter are relevant to the e-discovery negotiations – such as other employees' complaints – and by failing to wait for the issue of e-discovery to reach a conclusion Plaintiff is now inviting seriatim briefing on highly related matters. Fox News's response to Plaintiff's letter is without prejudice to its position in negotiating the parameters of e-discovery, where considerations of burdensomeness and proportionality are interrelated with the issues that Plaintiff has now raised to the court.

    **A. Plaintiff's Request for Other Employees' Complaints is Overbroad and Not Relevant to the Question of Whether Plaintiff Engaged In Protected Activity**

Plaintiff's broad request for documents reflecting all internal complaints ever made by any employee of Fox News in New York or Washington, D.C. alleging sexual harassment, discrimination, harassment or "mistreatment" on the basis of sex and/or gender, retaliation, or "sexual batteries, abuse and/or assaults" seeks documents that are irrelevant and disproportionate to the needs of this case.[2] (Dkt. 192-1, Requests Nos. 12-17.) Plaintiff's purported explanation

---

[1] Fox News made an initial document production on January 14, 2022 that included over 600 pages of responsive "hard copy" files. To date, *neither Plaintiff nor Defendant Ed Henry have produced a single document.* Fox News anticipates raising these deficiencies with the Court in short order, after meet and confer efforts have concluded.

[2] Plaintiff additionally requested all documents concerning "sexual misconduct, sexual harassment, gender discrimination, sexual batteries, abuse and/or assaults" created by Kevin Lord, the Executive Vice President of

**Proskauer»**

Hon. Gabriel Gorenstein
February 8, 2022
Page 2

as to why she requires this burdensome and overbroad discovery—to assess "specific language used in other complaints" from "other employees" to determine whether Fox News "was on notice that Plaintiff's" complaint "constituted protected activity" (Dkt. 192 at 2)—is baseless and finds no support under Federal Rule 26 or Second Circuit case law.

In this case, Plaintiff alleges that, on February 10, 2020, she met with her supervisor Brad Hirst and Denise Collins, the Senior Vice President of Human Resources, and attempted to "expose the toxic work environment at Fox News." (Dkt. 113 ¶ 90.) Plaintiff claims to have told Hirst and Collins about "the abuse and hostility she had endured for years" but acknowledged she did not mention "sexual harassment or misconduct." (*Id.*) Fox News moved to dismiss Plaintiff's retaliation claim on the grounds that her alleged complaint did not constitute protected activity, as Plaintiff admitted that she did not state that she was mistreated based on any protected characteristic. While Judge Abrams found that Plaintiff's allegations were sufficient for her retaliation claim to survive a motion to dismiss, she certainly did not hold that a comparison of all other complaints at Fox News is needed to assess whether Hirst and Collins understood Plaintiff to be articulating a complaint that constitutes protected activity. While there is a fact dispute about what Plaintiff said during the February 10, 2020 meeting, it is important to highlight that Plaintiff claims she needs the complaints from *other* employees to somehow establish whether *she* engaged in protected activity.

The only relevant question, however, is whether Hirst and Collins understood Plaintiff's alleged "complaint" of "abuse and hostility" to be a complaint of sexual harassment. It would be completely illogical for Fox News to have to review and produce all complaints across Fox News's New York and Washington, D.C. offices (over an indefinite period of time) when such information would not inform whether Hirst and Collins understood if Plaintiff was complaining about discrimination or harassment, a necessary component of her retaliation claim. Indeed, it would be far more efficient for Plaintiff to simply depose Hirst and Collins and ask them about their recollections of their meeting with her, and what, if anything, Plaintiff complained about during that meeting. *See Kargo, Inc. v. Pegaso PCS, S.A. de C.V.*, No. 05 Civ. 10528 CSHDFH, 2007 WL 1490124, at *3 (S.D.N.Y. May 21, 2007) (denying motion to compel the production of documents when the information sought could be obtained through depositions); *Nycomed US Inc. v. Glenmark Generics Ltd.*, No. 08-CV-5023 (CBA), 2009 U.S. Dist. LEXIS 53860, at *6 (E.D.N.Y. June 25, 2009) (denying plaintiff's motion to compel interrogatory responses where the plaintiff "undoubtedly will be taking depositions of individuals with knowledge of the subject matter of the disputed interrogatories"). The language used in other employees' complaints will not inform whether Plaintiff engaged in protected activity during her meeting with Hirst and Collins.

Plaintiff has not cited a single authority that would support a fishing expedition into other employees' complaints in order to ascertain whether she engaged in protected activity. The cases that Plaintiff cites – *Ri Sau Kuen Chan v. NYU Downtown Hosp.*, No. 03 CIV. 3003

---

Human Resources (Request No. 96), Jay Wallace, President and Executive Editor (Request No. 97) and Lauren Petterson, the President of Fox News Media (Request No. 98) dating back to 2016. These similar requests, targeted at senior executives with broad responsibilities across Fox News, fail for the same reasons identified below.

**Proskauer»**

Hon. Gabriel Gorenstein
February 8, 2022
Page 3

(CBM), 2004 WL 1886009, at *5 (S.D.N.Y. Aug. 23, 2004); *Flanagan v. Travelers Ins. Co.*, 111 F.R.D. 42, 48 (W.D.N.Y. 1986); *Lieberman v. Gant*, 630 F.2d 60, 68 (2d Cir. 1980) – are each inapposite and address the relevance of other employees' complaints in assessing disparate treatment, *not* whether an employee engaged in protected activity in the first instance.

Moreover, in cases where courts have found that other employees' complaints are relevant, discovery of such complaints is limited to those made by employees who are similarly situated and asserted complaints of a nature similar to the plaintiff's. *See, e.g., Mayo-Coleman v. Am. Sugar Holding, Inc.*, No. 14CV0079PACKNF, 2016 WL 4533564, at *15 (S.D.N.Y. Aug. 9, 2016) (denying plaintiff's "sweeping request" for nine years of records of employment discrimination complaints as irrelevant and disproportionate to the needs of the case.); *Bagley v. Yale Univ.*, 315 F.R.D. 131, 147-148 (D. Conn. 2016) (denying request for "formal or informal complaints of discrimination or retaliation against Yale or the individual defendants" over an eight year period as plaintiff could not "demonstrate the actual or potential relevance of the requested generalized information to the core issue in this case" of whether plaintiff had experienced discrimination or retaliation.). *See also Shaw v. McHugh*, No. 12-CV-6834 CS, 2015 WL 1400069, at *9 (S.D.N.Y. Mar. 26, 2015), *aff'd*, 641 F. App'x 95 (2d Cir. 2016) (collecting cases) (finding individuals not similarly situated where they had "distinct department . . . with different responsibilities, functions and supervisors.").[3]

Plaintiff's argument that Fox News's assertion of the *Faragher-Ellerth* defense opens the door to discovery on years of discrimination complaints is completely meritless, and this very argument has been rejected repeatedly by New York courts. *See Taylor v. Metro. Transp. Auth.*, No. 18-CV-1278 (WHP) (OTW), 2019 WL 2766502, at *2 n.1 (S.D.N.Y. July 2, 2019) ("To the extent Plaintiff needs to rebut any *Faragher-Ellerth* defense . . . Plaintiff may evaluate and seek discovery on the sufficiency of Defendants' specific actions as to Plaintiff…. Plaintiff provided no case law on why evidence of other religious discrimination complaints is necessary to rebut the *Faragher-Ellerth* defense."); *McGrath v. Nassau Cnty. Health Care Corp.*, 204 F.R.D. 240, 244 (E.D.N.Y. 2001) (rejecting the proposition that an employer puts "any post-harassment investigation conducted at issue simply by invoking the *Faragher-Ellerth* defense"). The *Faragher-Ellerth* defense relates to whether a litigant complained under the defendant employer's policies. Whether other Fox News employees complained under the policy does not bear upon whether Plaintiff did so (which she did not). The *Little* and *Turley* cases cited by Plaintiff in support of her argument that *Faragher-Ellerth* puts other complaints at issue do not address discovery disputes and actually support Fox's position insofar that they hold that it is solely the employer's handling of a *plaintiff's* complaints (here, Eckhart's alleged complaint)

---

[3] Plaintiff's unsupported allegation that Fox News's responses to Requests Nos. 60, 61, 99 and 112-114 are deficient (Dkt. 192 at 1) is similarly meritless. These requests seek complaints made by prominent former talent, on-air guests, and other employees at Fox News (Requests Nos. 60-61, 112-114), all of whom are irrelevant to Plaintiff and her circumstances. Eckhart was not the host of a major program on Fox News and shared no common responsibilities, functions or supervisors with any of the individuals identified in the Requests. Plaintiff also cites a request regarding documents created by a Senior Correspondent mentioned only once in the Complaint (*See* Dkt Nos. 192-1, Request No. 99; 113 at ¶ 128), who had no role whatsoever in supervising either Plaintiff or Henry. None of the highly confidential and sensitive materials about third parties will have any bearing on whether or not Hirst and Collins understood Plaintiff to be engaged in protected activity.

**Proskauer»**

Hon. Gabriel Gorenstein
February 8, 2022
Page 4

that is relevant to the defense, not the handling of other employees' complaints. *See Little v. Nat'l Broad. Co.*, 210 F. Supp. 2d 330, 393 (S.D.N.Y. 2002) (denying summary judgment because of evidence supervisors mocked the *plaintiffs'* informal complaints); *Turley v. ISG Lackawanna, Inc.*, 803 F. Supp. 2d 217, 250 (W.D.N.Y. 2011) (denying summary judgment because there was evidence that the defendants did not respond adequately to the *plaintiff's* complaint). Discovery concerning other employees' complaints of discrimination are irrelevant to this case, and Plaintiff's request for production should be rejected.

### B. Plaintiff's Request for Ed Henry's Expenses is Moot and Seeks Irrelevant Material.

Plaintiff's demand for Defendant Ed Henry's expenses is moot as Fox News already produced several years of Henry's expenses when it produced the investigation file from its outside counsel who investigated Plaintiff's allegations of inappropriate sexual conduct by Henry.[4] Included in the investigation file were Henry's expense reports from May 28, 2014 to June 14, 2018, which is the four-year period during which Plaintiff alleges to have met Henry in person outside of the office. (*See* Dkt. 113 ¶¶ 45-75.) Plaintiff's request for Henry's expense reports either before May 2014 and/or after June 2018 are irrelevant to the claims and defenses in this case. Plaintiff claims that Henry's expense reports are discoverable because they will show whether Henry "has previously used business trips to harass and/or sexually abuse women," but Henry's expenses cannot possibly be informative on this subject. Even if, for example, Henry's expenses showed that he had dinner with women over the years, that fact alone will not inform whether Henry engaged in sexual relationships with those women, let alone whether any such conduct was coercive or otherwise unwanted. Plaintiff's request should be denied.

### C. Documents Reflecting all Exit Meetings Are Not Relevant

Plaintiff's request for "all documents" from "any exit interview" at Fox News since 2018 (Request No. 64) plainly seeks irrelevant and disproportionately burdensome material under Rule 26.[5] Plaintiff alleges that during her exit interview, Denise Collins asked her whether she had been sexually harassed while employed by Fox. (Dkt. 113 ¶ 94.) Plaintiff further alleges that this question somehow constitutes an admission that Fox News was on notice that her alleged complaint about an "abus[ive] and hostil[e]" work environment months earlier was in fact a complaint about sexual harassment. (Dkt. 113 ¶ 90.) Plaintiff claims that she requires discovery into whether it was in fact standard for Fox News to ask employees whether they had been sexually harassed. Although whether or not Plaintiff was asked this question has no bearing on her claims, she can simply depose Collins and ask her directly whether this was a standard question. *See, e.g. See Kargo, Inc.*, 2007 WL 1490124 at *3; *Nycomed US Inc.*, 2009 U.S. Dist. LEXIS 53860, at *6. There is no need for Fox News to collect and produce years of exit interview notes—which will undoubtedly contain completely irrelevant and potentially sensitive third party information—when Plaintiff's question can be answered in minutes at a deposition.

---

[4] Outside counsel at Davis & Gilbert LLP investigated Plaintiff's allegations.

[5] Contrary to Plaintiff's mischaracterization, Fox News did not "claim[]" that questions asked of Plaintiff were "standard" for exit interviews, and instead commented on industry practice generally. (*See, e.g.* Dkt. No. 118 at 21, "[a]sking this type of question is a 'best practice' followed by many employers . . . .").

**Proskauer»**

Hon. Gabriel Gorenstein
February 8, 2022
Page 5

### D. Plaintiff Did Not Request Documents Concerning Henry's Job Duties and Responsibilities

Plaintiff's allegation that Fox News "refused to produce documents concerning Defendant Henry's duties and responsibilities . . ." is false. The requests that Plaintiff complains about sought documents concerning completely different subjects: the decisions to make Henry a substitute co-host on the television show "Fox & Friends" (Request No. 45), to "promote" him to the role of co-anchor on the show "America's Newsroom" (Request No. 46), to create a segment called "Ed Henry's Front Row Seat" (Request No. 48), and to create "any program and/or on-camera segment featuring Ed Henry." (Request No. 50.) Not one of those requests seeks documents concerning Henry's job duties and responsibilities. In any event, to the extent Plaintiff now seeks documents concerning Henry's job duties and responsibilities at Fox News, Fox News has already produced (and agreed to produce) Henry's personnel file and employment agreements, which address Henry's duties and responsibilities in the various roles he held at the company. (*See* Response to Request No. 71.)

Fox News objected to producing documents concerning Henry's placement on various shows during his employment at Fox (as requested in Request Nos. 45, 46, 48, and 50) because those subjects are irrelevant to this case. Internal communications related to Henry's consideration for various positions will not inform whether or what Henry promised Eckhart regarding her career or whether Eckhart knew that Henry could not fulfill his alleged promises to her.

### E. Interrogatory No. 7 Remains Incomprehensibly Vague

Plaintiff's request that Fox News identify every individual with information "concerning any complaints made by Eckhart during her employment with Fox" remains incomprehensibly vague, preventing a meaningful response to this interrogatory. (Dkt. 192-2 at Interrogatory No. 7.) Fox News explained during the parties' meet and confer discussions that Plaintiff's request for "any complaints" may encompass mundane and irrelevant complaints about the workplace having nothing to do with her discrimination claims at issue in this case. In her letter, Plaintiff proposed "limiting" this interrogatory to cover "complaints about Plaintiff's treatment by other employees."[6] (Dkt. 192 at 5.) But even with this "limitation," Plaintiff's request remains vague and seeks information solely within her own knowledge. If Plaintiff can identify who she claims to have complained about, who she complained to, and the circumstances of any such complaints, then Fox News can investigate whether it can identify anyone with information about any such complaints. But without any direction from Plaintiff, Fox News is unable to respond to this Interrogatory.[7]

---

[6] Plaintiff's counsel offered, on January 13, 2022, to limit the Interrogatory to "any complaint she made about another employee," a similarly vague request.

[7] The only "complaint" that Eckhart alleges to have made is her claim that she informed Fox News personnel of "the abuse and hostility she had endured for years" without "explicitly mention[ing] sexual harassment or misconduct." (Dkt. No. 113 ¶ 90.)

**Proskauer**

Hon. Gabriel Gorenstein
February 8, 2022
Page 6

***

For these reasons, Plaintiff's application for additional discovery should be denied.

Very truly yours,


*/s/ Kathleen M. McKenna*


Cc:   Rachel S. Fischer
      Yonatan L. Grossman-Boder
      Douglas H. Wigdor
      Michael J. Willemin
      Renan F. Varghese
      John S. Crain