**WIGDOR LLP**
ATTORNEYS AND COUNSELORS AT LAW

85 FIFTH AVENUE
NEW YORK, NY 10003
TEL 212.257.6800
FAX 212.257.6845
WWW.WIGDORLAW.COM

**Renan F. Varghese**
rvarghese@wigdorlaw.com

February 9, 2022

<u>VIA ECF</u>

The Honorable Gabriel W. Gorenstein
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:    Eckhart v. Fox News Network, LLC, *et al.*; Civ. Case No. 1:20-cv-5593
              (RA)(GWG)

Dear Judge Gorenstein:

We represent Plaintiff Jennifer Eckhart ("Plaintiff") in the above-referenced matter.  Pursuant to Your Honor's Individual Rule 2(A), Plaintiff writes to request an informal conference with the Court in order to resolve certain discovery issues between Plaintiff and Defendant Fox News Network, LLC ("Fox," "Fox News" the "Company" or "Defendant") concerning Fox's refusal to conduct reasonable ESI searches in this case.

Pursuant to Your Honor's Individual Rule 2(A), prior to filing the instant application for a pre-motion conference, Plaintiff and attorneys for the Company, including Rachel S. Fischer and Yonatan L. Grossman-Boder met and conferred by telephone on January 13, 2022 and January 26, 2022 for approximately an hour each.  When the parties were unable to reach a resolution on the issues raised herein, Plaintiff notified the Company that she would be making a motion to compel Fox to run additional search terms as per the below.

**I.**    <u>**FACTUAL BACKGROUND**</u>

Plaintiff initially sent Defendant an Electronically Stored Information ("ESI") protocol on November 10, 2021.  <u>See</u> Ex. A.  Subsequently, in response to the hit reports provided by Defendants on January 19, 2022 and January 24, 2022, Plaintiff agreed to modify and/or delete search terms that were generating a substantial number of hits, and reduced the total number of hits by over 80%, from over 700,000 to approximately 131,000.  <u>See</u> Ex. B.  Subsequently, on January 31, 2022, Fox sent Plaintiff an e-mail stating that it would not be conducting running several categories of searches because they involved documents that the Company had unilaterally (and wrongly) decided were not relevant to the instant case.  The issue, according to Fox, was that these search terms do not contain the names of Ms. Eckhart or Mr. Henry (the "non-Eckhart Search

**WIGDOR LLP**
ATTORNEYS AND COUNSELORS AT LAW

The Honorable Gabriel W. Gorenstein
February 9, 2022
Page 2

Terms") and therefore do not target relevant material. See Ex. C.[1] Plaintiff subsequently explained that she disagreed that the non-Eckhart Search Terms were not seeking relevant information and offered to continue to meet and confer with Fox to attempt to narrow the scope of the hits generated by these search terms. See Ex. D. Fox responded earlier today, indicating that it was not willing to compromise on the non-Eckhart Search Terms.[2] See Ex. E.

II.   **FOX SHOULD BE COMPELLED TO RUN THE NON-ECKHART SEARCH TERMS**

The non-Eckhart Search Terms are specifically designed to implicate other complaints of gender-based discrimination, sexual harassment, sexual assault and retaliation. In other words, they are designed to seek the discovery of documents concerning other individuals who were the victims of the same misconduct as that which Plaintiff has alleged in the instant case. As a result, Fox's claim that such documents are not relevant unless they specifically mention Plaintiff or Defendant Ed Henry ("Henry") personally finds no support under the law.

As Plaintiff explained in detail in her request for a premotion conference concerning her anticipated motion to compel, the law is clear that other complaints of discrimination, harassment and retaliation are relevant in the instant case. See Dkt. No. 192 at pp. 1-2. This is particularly true where Fox itself has put the issue squarely at issue by, *inter alia*, claiming that Ms. Eckhart never engaged in protected activity and by asserting the Faragher/Ellerth affirmative defense. Rather than repeat those arguments, Plaintiff respectfully incorporates the arguments contained in her February 4, 2022 pre-motion conference letter herein by reference.

Even putting aside the fact that Fox has placed these other acts of discrimination, harassment and/or retaliation at issue through its own conduct, the case law is clear that such evidence would nevertheless be relevant to Plaintiff's individual disparate treatment claims. See, e.g., Vuona v. Merrill Lynch & Co., Inc., No. 10 Civ. 6529 (PAE), 2011 WL 5553709, at *7 (S.D.N.Y. Nov. 15, 2011) (ordering production of documents concerning other acts of discrimination); Zubulake v. UBS Warburg LLC, 382 F. Supp. 2d 536, 544 (S.D.N.Y. 2005) (other acts of discrimination probative of intent); Rifkinson v. CBS, Inc., No. 94 Civ. 7985 (KTD)(JCF), 1997 WL 634514 (S.D.N.Y. Oct. 14, 1997) (same); Saulpaugh v. Monroe Cmty. Hosp., 4 F.3d 134, 141 (2d Cir. 1993) (referring to evidence of another act of retaliation as a "smoking gun"); Worthington v.

---

[1]   Because Fox marked the hit reports "Confidential," Plaintiff is not filing them publicly herein but will be happy to send them to the Court should Your Honor believe it to be helpful.

[2]   Though Fox's February 8, 2022 letter (Dkt. No. 193) to the Court intimates that Plaintiff's February 4, 2022 request for a pre-motion conference was premature because the parties had not completed their discussions about the ESI protocol, Plaintiff sought clarification from Fox about its willingness to continue engaging in those discussions on February 2, 2022. Not having received a response, and because the issues contained in the February 4, 2022 letter were ripe for resolution by the Court, Plaintiff sought her initial pre-motion conference. Subsequently, when Fox confirmed earlier today that they would no longer be willing to discuss the terms at issue herein, Plaintiff filed the instant application.

**WIGDOR LLP**
ATTORNEYS AND COUNSELORS AT LAW

The Honorable Gabriel W. Gorenstein
February 9, 2022
Page 3

Cnty. of Suffolk, No. 02 Civ. 723 (DLI)(ARL), 2007 WL 2115038, at *4 (E.D.N.Y. July 20, 2007) (other acts of retaliation probative of intent).

This other evidence is particularly relevant in the instant case where Plaintiff has alleged that the sexual harassment that she experienced was not an isolated incident, but, instead, part of a larger pattern of discriminatory behavior that pervaded the culture at Fox for several years. Such conduct, even to the extent that Ms. Eckhart did not witness it personally, is clearly relevant in a discrimination case. See Guzman v. News Corp., No. 09 Civ. 09323 (LGS), 2013 WL 5807058, at *16 (S.D.N.Y. Oct. 28, 2013) (plaintiff submitted evidence of racial harassment observed only by others as part of her hostile work environment claim: "[t]aken together, the first-hand and second-hand experiences and observations, as well as [p]laintiffs' complaints, are sufficient to raise an issue of fact for the jury as to whether [p]laintiff's work environment was altered because of her race and national origin."); Whidbee v. Garzarelli Food Specialties, Inc., 223 F.3d 62, 71 (2d Cir. 2000) ("'[T]he mere fact that the plaintiff was not present when a racially derogatory comment was made will not render that comment irrelevant to his hostile work environment claim' because 'the fact that a plaintiff learns second-hand of a racially derogatory comment or joke by a fellow employee or supervisor also can impact the work environment.'") (quoting Schwapp v. Town of Avon, 118 F.3d 106, 111 (2d Cir. 1997)).

### III. THE NON-ECKHART SEARCH TERMS ARE RELEVANT TO THE CLAIMS AND DEFENSES IN THIS CASE

There are five broad categories of search terms for which Defendant refuses to conduct searches. Contrary to what Fox claims, each of these search terms seek the disclosure of plainly relevant communications.

First, denoted by box "1A" in Ex. C are searches for which Ms. Eckhart is the custodian but do not explicitly contain Mr. Henry's name (which is included in the searches denoted by box "1B" in Ex. C. See Ex. C at pp. 9-10. It is simply confounding that Fox would take the position that only communications in which Ms. Eckhart specifically referenced Mr. Henry would be relevant to her claims. As alleged in the Third Amended Complaint ("TAC"), when Ms. Eckhart complained to Fox about the unlawful harassment she had experienced, she did not explicitly invoke Mr. Henry's name. Dkt. No. 113 at ¶¶ 90-91. Thus, under Fox's search terms, even Ms. Eckhart's complaints in this case would not be disclosed in the ESI search. Similarly, an e-mail from Ms. Eckhart to a colleague stating that "I have been sexually harassed" or even "I have been raped" would not be included, despite their unquestionable relevance to this case, unless Ms. Eckhart explicitly identified the perpetrator.

Second, denoted by box "5" in Ex. C, are searches for Elizabeth Claman, Brad Hirst and Denise Collins concerning complaints of discrimination, harassment and other common gendered slurs. See Ex. C at p. 11. For context, Ms. Eckhart worked directly for Ms. Claman and Mr. Hirst, and she complained about sexual misconduct to Mr. Hirst and Ms. Collins. Dkt. No. 113 at ¶¶ 23, 29,

**WIGDOR LLP**
ATTORNEYS AND COUNSELORS AT LAW

The Honorable Gabriel W. Gorenstein
February 9, 2022
Page 4

90-91. Given Fox's claims that Ms. Eckhart had not engaged in protected activity, Ms. Collins' and Mr. Hirst's understanding of what constitutes a sexual harassment/discrimination complaint is clearly relevant to the issues in this case, whether or not those complaints were made by Ms. Eckhart or included her name. Similarly, given that Ms. Collins and Mr. Hirst asked Ms. Eckhart if she had been sexually harassed during her exit interview, and Fox's subsequent argument that such a question was standard practice, e-mails demonstrating when and if they used the term "harassment" in other exit interviews are squarely relevant in this case.

Finally, Fox has refused to run the search terms in boxes "8" and "9" in Ex. C except for the ones that explicitly include Defendant Henry's last name. See Ex. C at pp. 13-15. As described in the TAC, the custodians for these search terms, Kevin Lord (Fox's Executive Vice President of Human Resources), Jay Wallace (Fox News President and Executive Editor) and Lauren Petterson (Fox Business Network President), were all aware of Defendant Henry's sexually inappropriate conduct, as well as, presumably, the sexual misconduct of other Fox employees, during an investigation conducted by Paul, Weiss, Rifkind, Wharton & Garrison LLP ("Paul Weiss"). See Dkt. No. 113 at ¶ 111. Moreover, the other custodian, Bill Shine (the former Co-President of Fox), was identified by Defendant Henry himself as being someone who was aware of discipline that Henry received as a result of his treatment of women. Thus, these individuals' knowledge about discrimination complaints is plainly relevant to this case. Based on Fox's proposed terms, an email that states, "we received numerous complaints about Ed being sexually inappropriate," or "EH has harassed several female employees" would not be encompassed. Similarly, Fox's own interrogatory responses make clear that Kevin Lord was responsible for responding to complaints of sexual harassment, misconduct or assault during the relevant time period. See Ex. F at Response to Interrogatory No. 3. His e-mails demonstrating how he responded to such complaints, and what steps the Company itself took when receiving these complaints, are plainly relevant to Fox's application of the Faragher/Ellerth affirmative defense.

Again, Plaintiff has been willing to meet and confer about the specific search terms and/or custodians to the extent that Fox believes that they create too many "false hits," but Fox's unilateral refusal to even consider running the above terms is plainly unacceptable given the issues in this case.

As a result of the foregoing, and as a result of the reasons set forth in Plaintiff's February 4, 2022 pre-motion conference letter, Plaintiff respectfully requests that Fox be ordered to run the most recent search terms sent by Plaintiff and attached hereto as Ex. C. In the alternative, Plaintiff requests an order that Fox continue to meet and confer as to Plaintiff's search terms and that the parties enter into a final ESI protocol no later than February 18, 2022.



The Honorable Gabriel W. Gorenstein<br>February 9, 2022<br>Page 5

We thank Your Honor for the Court's consideration and attention to this matter.

Respectfully submitted,

Renan F. Varghese

cc:     All Counsel of Record (*via* ECF)