# MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

ELKAN ABRAMOWITZ
RICHARD F. ALBERT
ROBERT J. ANELLO*
KATHLEEN E. CASSIDY
BENJAMIN S. FISCHER
CATHERINE M. FOTI
CHRISTOPHER B. HARWOOD
LAWRENCE IASON
BRIAN A. JACOBS
TELEMACHUS P. KASULIS
KAREN R. KING
ROBERT M. RADICK*
JONATHAN S. SACK**
EDWARD M. SPIRO
JEREMY H. TEMKIN
RICHARD D. WEINBERG

565 FIFTH AVENUE
NEW YORK, NEW YORK 10017
(212) 856-9600
FAX: (212) 856-9494

www.maglaw.com

WRITER'S CONTACT INFORMATION

cfoti@maglaw.com
(212) 880-9530

SENIOR COUNSEL
PAUL R. GRAND

COUNSEL
JASMINE JUTEAU
CURTIS B. LEITNER

ROBERT G. MORVILLO
1938-2011
MICHAEL C. SILBERBERG
1940-2002
JOHN J. TIGUE, JR.
1939-2009

*ALSO ADMITTED IN WASHINGTON, D.C.
**ALSO ADMITTED IN CONNECTICUT

February 11, 2022

By ECF

The Honorable Gabriel W. Gorenstein
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   Eckhart v. Fox News Network, LLC, et al.,
      Civ. Case No. 1:20-cv-5593 (RA)(GWG)

Dear Judge Gorenstein:

     This firm represents Defendant Ed Henry in the above-captioned matter. I am writing in connection with Plaintiff Jennifer Eckhart's February 9, 2022 letter requesting an informal conference to discuss her disputes with Defendant Fox News Network LLC ("Fox') over ESI discovery. For the reasons set forth below, Mr. Henry respectfully requests that the Court refrain from scheduling any conference on this matter until after February 28, 2022.

     As the Court is aware, prior to her February 9 letter seeking a conference on ESI, the Plaintiff wrote the Court on February 4, 2022 seeking an informal conference to discuss specific issues she has with regard to Fox's position on the production of certain categories of documents. The Court then set a conference for Monday, February 14, 2022, to discuss those disputes. Although Mr. Henry agrees with Fox that the two requests seeking information specifically about him (his travel and expense reports and his placement on shows) seek documents irrelevant to Eckhart's claims, he understood the dispute was limited to Plaintiff and Fox and did not intend to, and does not, take a position on that dispute. However, to the extent Plaintiff's February 9th letter is requesting that the Court also consider the dispute over ESI discovery during the February 14 conference, Mr. Henry respectfully objects.

     Mr. Henry has not been a party to the discussions over the ESI search terms and does not yet know if Fox intends to take the position that responses to his discovery requests will be limited. On November 10, 2021, Plaintiff's counsel mailed the first draft ESI Protocol with

MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

Honorable Gabriel W. Gorenstein
February 11, 2022
Page 2

proposed search terms to both Fox's counsel and to this firm. On November 19, 2021, Fox's counsel emailed all the parties its revisions to the protocol which included deleting Plaintiff's proposed search terms and stating that they would be "making suggestions in regards to custodians and search terms separately." *See* Email from Yonatan L Grossman-Boder, Nov. 19, 2021, attached as Exhibit A. In reliance on that email, Mr. Henry expected to receive the list of custodians and search terms Fox was proposing and expected that Fox's proposal might very well include the custodians and search terms that he believes would be necessary to properly respond to his document requests. Having heard nothing in response for a number of weeks, my associate, Douglas Chalke, emailed Fox's counsel, Mr. Grossman-Boder, on December 17, 2021, to ask for an update on the status of the ESI discussions. Mr. Grossman-Boder responded that same day and informed Mr. Chalke that Fox had not yet heard back from Plaintiff on the protocol itself. *See* Email chain between Douglas Chalke and Yonatan L Grossman-Boder, Dec. 17, 2021, attached as Exhibit B. Mr. Henry did not have any objections to the Fox revisions to the protocol and focused on reviewing the responses for both other parties to his document requests and discussing his discovery disputes with Plaintiff, which he believed would help frame his own list of search terms to present to both Plaintiff and Fox as well as the list of custodians he would propose to Fox. Mr. Henry assumed, obviously wrongly, that he would continue to be copied on any emails concerning ESI, understanding that it would not make sense for either Plaintiff or Fox to come to an agreement on searches without including him in the discussion. Unfortunately, Mr. Henry was wrong.

Although I continue to believe that it was only logical to assume that Mr. Henry would have been included in the ongoing ESI discussions, I now regret proceeding on that assumption and apologize to the Court for the delay it may cause in resolving the ESI dispute. Nonetheless, whether Mr. Henry should have realized earlier that discussions about Fox's ESI searches were proceeding without him does not change the fact that he has not participated in these discussions and he is not prepared to participate meaningfully in a conference at this time about any disputes over these issues. It may be the case that Mr. Henry will be satisfied with Fox's current proposal, but he needs time to review the proposal and discuss it with Fox. In addition, Mr. Henry still is in the process of discussing the nature of the review Plaintiff intends to conduct of her devices and hopes that the discussions as to the search terms Fox will run will help frame an agreement for those searches as well.

In any case, Mr. Henry believes a conference to discuss the ESI disputes is premature and asks that the Court refrain from scheduling the informal discovery conference until he has had time to review the ESI issues and discuss them with the other parties. Mr. Henry respectfully suggests that he be allowed to write the Court on or before February 28, 2021, to inform it of his position on the ESI issues and confirm whether he also will be seeking to be heard on these issues at an informal conference.

Mr. Henry reached out to both Plaintiff's counsel and counsel for Fox earlier this afternoon to see if they objected to Mr. Henry's request. Plaintiff's counsel has authorized me to inform the Court that although Plaintiff is not joining in any request for an adjournment and does not necessarily agree with certain statements in our letter, Plaintiff does not object to our request for a postponement of the ESI portion of the conference. At the time of the filing of this letter, I had not yet heard back from Fox's counsel.

Respectfully submitted,

*Catherine M. Foti*

Catherine M. Foti

Enclosure