

Proskauer Rose LLP   Eleven Times Square   New York, NY 10036-8299

February 11, 2022

**VIA ECF**

Kathleen M. McKenna
Member of the Firm
d +1.212.969.3130
f 212.969.2900
kmckenna@proskauer.com
www.proskauer.com

The Honorable Gabriel W. Gorenstein
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: *Eckhart v. Fox News, LLC, et al.*; Case No. 1:20-cv-5593 (RA)(GWG)

Dear Judge Gorenstein:

We represent Defendant Fox News Network, LLC ("Fox News," the "Company") in the above-referenced matter and write in response to Plaintiff Jennifer Eckhart's ("Plaintiff") February 9, 2022 letter concerning the parties' disputes about the scope of discovery of electronically stored information ("ESI").  (Dkt. 195.)

Plaintiff's most recent letter reiterates the discovery issues she raised last week, only this time with new arguments not advanced in her prior letter—nor in the parties' meet and confer calls, in contravention of the Court's Individual Practices.  But even if Plaintiff had advanced these new arguments earlier, her request for extensive ESI concerning all complaints of discrimination or harassment at Fox News over a 9 year period should be denied because the discovery she seeks is incredibly burdensome, highly disproportionate to the needs of this case, and, significantly, not in any way directed to the claims in her Third Amended Complaint ("TAC") that remain.

The TAC alleges that Defendant Ed Henry sexually harassed and assaulted Plaintiff.  Fox News moved to dismiss Plaintiff's claims against it at the outset of this case for failure to state a claim.  Judge Abrams granted Fox News's motion in part, but allowed Plaintiff to proceed on her harassment claims under the New York City Human Rights Law (NYCHRL) and New York State Human Rights Law (NYSHRL). (Dkt. 157.)  Because Henry was Plaintiff's co-worker and had no supervisory authority over her, Judge Abrams held that Fox News could only be liable for his conduct if it "knew or should have known" about his harassing behavior.  (*Id.* at 34-36.)  Judge Abrams also allowed Plaintiff to proceed on her retaliation claims under Title VII, the NYCHRL, and the NYSHRL despite her concession in her TAC that she did not expressly complain of discrimination or harassment, but rather of "abuse and hostility", because Plaintiff alleged that two Fox News employees, Brad Hirst and Denise Collins, understood her to be complaining about unlawful sexual harassment.  (*Id.* at 40.)

Plaintiff is requesting that Fox News conduct extensive ESI searches into all complaints of discrimination or harassment at Fox News—having nothing to do with her or Henry—through six custodians' emails over a 9 year period.  Fox News should not be required to conduct such a

128564833v10

Beijing | Boca Raton | Boston | Chicago | Hong Kong | London | Los Angeles | New Orleans | New York | Paris | São Paulo | Washington, DC

**Proskauer»**

Hon. Gabriel Gorenstein
February 11, 2022
Page 2

search, as documents concerning other employees' complaints of discrimination or harassment are not relevant to Eckhart's claims. Plaintiff is also requesting that Fox News conduct searches that are purportedly targeted to locate written complaints that theoretically she could have made while employed by the Company, but doing so would be pointless because Plaintiff never alleged that she made any such complaints. Fox News should not have to spend hundreds of hours looking for complaints that Plaintiff acknowledges she never made. Moreover, the ESI that Plaintiff has proposed would require Fox News to review approximately 130,323 documents[1]—an incredibly burdensome and disproportionate request considering that it would take approximately 2,600 hours to conduct a first-level document review.[2] For the reasons set forth herein and in Fox News's February 8, 2022 submission, her application should be denied.

### A. The Parties' Meet and Confer Efforts on the Scope of ESI

Plaintiff sent Fox News a proposed ESI protocol on November 10, 2021, which included her proposal for the technical aspects of Fox News's ESI production and attached a set of proposed search terms. (Dkt. 195-1.) On November 19, 2021, Fox News sent Plaintiff proposed revisions to her ESI protocol. Counsel for the parties held a "meet and confer" telephone conference on January 13, 2022. During that call, Plaintiff justified the request for evidence of other employees' complaints of discrimination and harassment with the purported reason that such evidence would show whether, based on how other employees articulated such complaints, Fox News should have known that Plaintiff's alleged complaint of "abuse and hostility" (without mentioning sexual harassment or any other protected characteristic) was in fact a complaint that Ed Henry sexually harassed her. Plaintiff did not provide any other rationale for her request for discovery into other employees' discrimination and harassment complaints. Fox News explained its position that discovery into other employees' complaints would not inform whether Plaintiff had made such a complaint, and told Plaintiff that it would not agree to search for such material.

The parties met and conferred again by telephone on January 19, 2022. Fox News advised that the "hit count" search for terms that Plaintiff had requested yielded approximately 750,000 documents, a yield that was obviously burdensome and grossly disproportionate to the needs of this case. Fox News noted to Plaintiff that many of the search terms that she had proposed were incredibly generic (such as running the terms "date" and "sub!" which hit on every email that has a date or subject line) and necessitated revision. Fox News also noted that the date ranges that Plaintiff had proposed (January 2013 to "present" for most searches) was not logical given that both Plaintiff's and Henry's employment with Fox had terminated in the summer of 2020. Plaintiff contends that Fox News's ESI searches should encompass over a year of emails after the terminations of Plaintiff and Henry because Plaintiff is interested in what Fox News employees may have said about her and her claims. Fox News has explained that any such statements are irrelevant to the questions of whether Fox News can be liable for harassment or

---

[1] Given the nature of the industry, these "hit counts" will include emails about events in the news.

[2] Experience in document review shows that documents are reviewed at a rate of 50 documents per hour.

retaliation. Plaintiff requested the "hit report", showing the number of "hits" for each of her proposed searches, which Fox News agreed to and did provide that day.[3]

Plaintiff provided Fox News with a revised set of nine proposed searches on January 20, 2022, which still included numerous generic terms and search terms unrelated to Eckhart or Henry. Fox News provided an updated "hit report" on January 24, 2022, and noted that Plaintiff's proposal yielded 244,996 documents. The parties met and conferred again by telephone on January 26, 2022 and discussed the January 24 hit report in detail. Fox News and Plaintiff agreed in principle to five of the searches (Searches 2-4, 6 and 7). But Fox News noted that "Search 1" of Plaintiff's proposal contained terms that were not directed at the disputed issues in this case. And Fox News explained that it would not agree to three searches (Searches 5, 8, and 9) to the extent those searches were directed at emails about complaints of discrimination unrelated to Eckhart or Henry. Plaintiff restated her position that she believes that such documents are discoverable and would inform whether Fox News should have interpreted her alleged complaint as a complaint of sexual harassment. The parties also discussed that Fox News would not agree to Plaintiff's proposed date ranges, and that from Fox News's perspective the "end date" for Plaintiff's searches would need to be proximate to the dates that Plaintiff and Henry left the company in the summer of 2020.

Plaintiff provided a revised set of nine proposed search terms on January 26, 2022, breaking Searches 1 and 5 into subparts. (Ex. B, Dkt. 195-2.) Fox News ran those searches and advised Plaintiff on January 31, 2022 that her latest proposal yielded approximately 131,352 documents. (Ex. C, Dkt. 195-3.) Fox News explained that it would not agree to revised proposed searches 1A, 5, 8, and 9, as they were not targeted to relevant material. (*Id.*) On February 2, 2022, Plaintiff responded that she would not agree to the modifications that Fox News had proposed. (Dkt. 195-4.) On February 9, 2022, Fox News provided Plaintiff with the search terms to which it would agree with a redline showing its modifications to Plaintiff's proposal. (Dkt. 195-5.) The central dispute remaining between the parties is whether Fox News should be required to conduct searches targeted to ESI unrelated to Eckhart and Henry. Plaintiff's February 9, 2022 letter to the Court followed.

## B. Other Employees' Discrimination or Harassment Complaints Are Not Relevant

Plaintiff's request that Fox News run dozens of search terms targeted to locate electronic communications about other employees' complaints of discrimination or harassment should be denied, as the information that Plaintiff seeks is not relevant, the searches are extremely burdensome, and would require the production of personal and confidential information about third parties. Whether other employees complained of harassment and discrimination, and the substance of those complaints, will not impact whether Fox News "knew or should have known" about Henry's alleged sexual harassment of Plaintiff. Previously, the only purported rationale

---

[3] Fox News also told Plaintiff that it cannot include Kevin Burke, who left the company in 2016, as a custodian because it no longer has his emails.

**Proskauer»**

Hon. Gabriel Gorenstein
February 11, 2022
Page 4

that Plaintiff gave for demanding this discovery is that, according to Plaintiff, she needs to review *other employees'* complaints in order to establish that *she* engaged in protected activity. (Dkt. 192 at 2.) That illogical argument has no support whatsoever, as described in Fox News's February 8 letter. (Dkt. 193.)

Plaintiff now alleges, for the first time, that she is entitled to extensive ESI related to other employees' complaints of discrimination or harassment because such evidence would be relevant to her "individual disparate treatment claims." (Dkt. 195 at 2.) This, however, is not a disparate treatment case; it is a sexual harassment case, and Fox News can only be liable for Henry's alleged harassment of Plaintiff if it "knew or should have known" of his alleged misconduct. Other employees' complaints of discrimination will not inform this analysis. But even the inapposite disparate treatment cases that Plaintiff cites do not support her position—and support Fox News's positon—because those courts held that only complaints of discrimination against *the same person who is alleged to have discriminated against the plaintiff* are relevant and discoverable.[4] The only case that Plaintiff cites that even addresses a discovery dispute is *Vuona v. Merrill Lynch & Co., Inc.*, No. 10 Civ. 6529 (PAE), 2011 WL 5553709, at *7 (S.D.N.Y. Nov. 15, 2011), but the court in *Vuona* rejected the very argument that Eckhart has advanced here. In *Vuona*, a multi-plaintiff gender discrimination case, the plaintiffs sought discovery into discrimination complaints against all managers who had contact with employees at their level. The court denied the plaintiffs' discovery requests and limited discovery to gender discrimination complaints asserted against managers who had supervisory or evaluative authority over the plaintiffs, finding that whether the individuals who had been accused of discriminatory bias "had a record of gender discrimination" would be relevant to the plaintiffs' claims. *Id.*[5]

Neither *Whidbee v. Garzarelli Food Specialties, Inc.*, 223 F.3d 62, 71 (2d Cir. 2000), nor *Guzman v. News Corp.*, No. 09 Civ. 09323 (LGS), 2013 WL 5807058 (S.D.N.Y. Oct. 28, 2013), fares any better in supporting Plaintiff's position. Notably, neither of these cases addressed discovery of other employees' complaints of discrimination, let alone authorized extensive ESI on this subject. In *Whidbee*, the Second Circuit assessed the plaintiff's hostile work environment claim by considering alleged racist comments that were directed at the plaintiff as well as comments that were directed at others that the plaintiff overheard in the workplace. 223 F.3d at

---

[4] Fox News has agreed to produce documents concerning sexual harassment complaints about Henry.

[5] The other cases that Plaintiff cites are similarly inapposite as none of them authorize discovery of discrimination complaints against anyone other than the person accused of discrimination. *See Saulpaugh v. Monroe Cmty. Hosp.*, 4 F.3d 134, 141 (2d Cir. 1993) (upholding verdict where, there was evidence the plaintiff's supervisor who had been accused of harassment had acted similarly toward others); *Worthington Cnty. of Suffolk*, No. 02 Civ. 723 (DLI)(ARL), 2007 WL 2115038, at *4 (E.D.N.Y. July 20, 2007) (holding that evidence "of retaliation by the same individual alleged to have retaliated against the [p]laintiff" would be admissible at trial); *Zubulake v. UBS Warburg LLC*, 382 F. Supp. 2d 536, 544 (S.D.N.Y. 2005) (denying motion to preclude evidence of discriminatory acts by the same manager who allegedly discriminated against the plaintiff); *Rifkinson v. CBS, Inc.*, No. 94 Civ. 7985 (KTD)(JCF), 1997 WL 634514 (S.D.N.Y. Oct. 14, 1997) (allowing plaintiff to present evidence at trial of discriminatory acts by the supervisor who decided to terminate her that were directed at others).

**Proskauer»**

Hon. Gabriel Gorenstein
February 11, 2022
Page 5

69-71. In *Guzman*, a race harassment case, the court considered a supervisor's racially demeaning conduct directed to plaintiff and others. These cases further support Fox News's position that only second-hand evidence of discriminatory conduct *by the person who is alleged to have discriminated against Plaintiff* is potentially relevant. Here, the broad discovery that Plaintiff seeks has no conceivable relevance to her claims against Fox News, as she requests complaints related to incidents that had no connection to the workplace events that *she* allegedly experienced with Henry.

### C. Plaintiff's Proposed Searches -1A, 5, 8 and 9 - Are Irrelevant and Burdensome

There are presently four ESI searches on which the parties have not reached an agreement:

- **Search 1A.** Plaintiff's proposed Search 1A includes search terms that are purportedly targeted to discrimination complaints that Plaintiff theoretically could have made. However, Plaintiff does not allege to have ever complained in writing to anyone at Fox News about how she was treated. (*See* Dkt. 193 at 5.) This search yielded a hit count of 31,103 documents. Fox News should not be required to conduct over 600 hours of document review to search for something that is not even alleged to have happened.

- **Search 5.** Plaintiff's proposed Search 5 contains 29 different terms that purport to target other employees' discrimination complaints and yields 50,180 documents. Fox News agreed to run these search terms through Henry's emails in order to capture any written complaints about his behavior, other than the word "sex!" which hit on 38,348 documents.[6] However Fox News did not agree to the other three custodians that Plaintiff listed because their knowledge of discrimination complaints unrelated to Henry or Eckhart is not relevant. Fox News's proposed search yielded 5,884 documents.

- **Search 8.** Fox News agreed to Plaintiff's proposed Search 8 except for the following three searches: "Discrim! /10 (Gender or Sex!)"; (Harass! /10 Gender or sex!); and "Paul Weiss" /10 invest!". Plaintiff's proposed Search 8 yields 23,179 documents. Fox News objects to using these search terms because they are not directed to documents that reference Henry. Fox News is willing to run this search with Henry's name added to these terms, which will reduce the number of hits for this search to 3,232 documents.

- **Search 9.** Plaintiff's proposed search 9 is also directed at locating documents concerning other employees' complaints of discrimination or harassment. Plaintiff's proposed Search 9 yielded 35,919 documents. For the reasons described above, Fox News has agreed to most of these searches if Henry's name is added, as this revised search yields 32 documents.

\* \* \*

---

[6] This significant number of hits likely is impacted by emails about news stories that use this word.

**Proskauer»**

Hon. Gabriel Gorenstein
February 11, 2022
Page 6

For these reasons, Plaintiff's application should be denied and ESI should proceed in accordance with Fox News's proposal as set forth in Exhibit E to Plaintiff's February 10, 2022 letter.

Very truly yours,

*/s/ Kathleen M. McKenna*

Kathleen M. McKenna


Cc: All counsel of record (via ECF)