Proskauer Rose LLP   Eleven Times Square   New York, NY 10036-8299

April 21, 2022

Rachel S. Fischer
Senior Counsel

d +1.212.969.5076
f 212.969.2900
rfischer@proskauer.com
www.proskauer.com

**VIA ECF**

The Honorable Gabriel W. Gorenstein
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

      Re: *Eckhart v. Fox News, LLC, et al.*, Case No. 1:20-cv-5593 (RA) (GWG)

Dear Judge Gorenstein:

We represent Defendant Fox News, LLC ("Fox News") in the above-referenced matter and write pursuant to Individual Rule 2(A) to request a conference with the Court to resolve document discovery disputes with Plaintiff Jennifer Eckhart ("Eckhart").  Eckhart has refused to produce HIPAA authorizations for her medical records and has refused to produce her calendars and diaries containing information relevant to this action.  Eckhart's opposition to these requests, both standard in employment litigation, deprives Fox News of materials relevant and proportional to this matter.  Accordingly, Fox News respectfully requests that the Court order Eckhart to produce these materials immediately.

The Parties have conferred in good faith regarding these issues including most recently by telephone on April 13, 2022 at 5:00 p.m.  The meeting was approximately forty-five minutes long, and was attended by Rachel S. Fischer, Yonatan L. Grossman-Boder, and Julia F. Hollreiser for Fox News; Renan F. Varghese and Christina Sabato for Plaintiff; and Catherine M. Foti and Douglas Chalke for Defendant Ed Henry. When the Parties were unable to reach a resolution on the issues raised herein, Fox News notified Plaintiff that the parties were at an impasse.

    **I.**    **Eckhart Should Be Compelled to Produce All Medical Records.**

Fox News's First Request for the Production of Documents, Request Nos. 127 and 128 requested that Eckhart produce all documents concerning any medical treatment, examinations, meetings, evaluations or consultations she has received from January 2, 2013 (her date of hire) through the present. A copy of the relevant excerpts of Eckhart's Responses and Objections to Fox News's Requests is attached hereto as **Exhibit A**.[1] As is standard practice in employment litigation, Fox

---

[1] Fox News also propounded two Interrogatories asking Eckhart to identify "any and all doctors and/or other health care professionals whom Plaintiff has consulted or from whom Plaintiff has sought diagnosis or treatment since January 1, 2013" (**Interrogatory No. 22**) and "each pharmacy in possession of Plaintiff's pharmaceutical records from January 1, 2013 to the present" (**Interrogatory No. 23**).  Eckhart did not provide any responsive information.

**Proskauer»**

The Honorable Gabriel W. Gorenstein
April 21, 2022
Page 2

News attached to its Requests a HIPAA-compliant authorized release form for Eckhart to execute and return to Fox News for each healthcare provider, which would allow Fox News to obtain responsive medical records from Eckhart's medical providers.

Eckhart, however, has refused to produce to Fox News any HIPAA-compliant releases. While Eckhart has agreed, in principle, to provide records for doctors who "treated her for emotional distress related to the allegations in this case" (which, as explained below, is an improper limitation), she has maintained that she will only do so after her counsel cherry-picks which medical providers *he* deems relevant to this action, obtains Eckhart's records from those providers for his own review, and then decides which of those records are sufficiently "relevant" to produce to Fox News. Eckhart's position is untenable.

When a litigant puts her mental or physical condition at issue, she waives her right to privacy into relevant medical records. *See Bowen v. Fed. Exp. Corp.*, No. 05-cv-7487 LAK DFE, 2007 WL 646293, at *3 (S.D.N.Y. Feb. 28, 2007) (compelling production of authorizations from "beginning of [plaintiff's] employment" and holding "[i]n any lawsuit where the plaintiff is alleging physical and emotional injuries, it is standard procedure for the judge to direct the plaintiff to sign a 'HIPPA-compliant authorization for the release of his complete medical, pharmacy, psychiatric or psychological treatment or counseling records'") (internal citation omitted). *See also Wilson v. Calderon*, No. 14CIV6209GBDGWG, 2015 WL 13888961, at *6 (S.D.N.Y. May 18, 2015) (Gorenstein, J.) (same) (citation omitted).

Eckhart has alleged extensive damages from both emotional distress and physical injuries. Eckhart alleges that she suffered "severe mental anguish," "emotional distress" and "post-traumatic stress." *See* Third Amended Complaint (ECF No. 113) ("TAC") ¶¶ 235, 240, 245, 255, 260. The Complaint also contains specific allegations concerning the alleged emotional distress, including that, because of Fox News's alleged actions, Eckhart "has had to seek weekly therapy from a trauma specialist at a Crime Victims Treatment Center in New York City." *Id.* ¶ 191.

Fox News is entitled to *all* medical records that may bear on Eckhart's damages in this case. As Eckhart concedes, medical records "that bear on Ms. Eckhart's emotional distress damages" are plainly relevant. This universe of documents includes Eckhart's full medical records during the relevant time period because they may reveal medical conditions that contributed to her alleged emotional distress, and Fox News is entitled to probe these potential alternative causes of Eckhart's alleged emotional distress. *See Desouza v. Office of Children & Family Servs.*, No. 18-CV-2463 (PKC) (SMG), 2020 U.S. Dist. LEXIS 43337, at *2-3 (E.D.N.Y. Mar. 11, 2020) (directing a sexual harassment plaintiff who alleged emotional distress damages to provide authorizations for her "entire medical record" from two years before her employment through the present); *Pressley v. City of New York*, No. 11–CV–3234 (SLT)(RER), 2013 WL 1561466, at *1-2 (E.D.N.Y. Apr. 12, 2013) (requiring the plaintiff to produce primary care medical records, despite her representation that they were not relevant to her emotional distress claims, because "Defendants may investigate

---

A copy of the relevant excerpts of Eckhart's Responses and Objections to Fox News's Interrogatories is attached hereto as **Exhibit B**.

**Proskauer»**

The Honorable Gabriel W. Gorenstein
April 21, 2022
Page 3

whether a medical condition, unrelated to employment, led to Plaintiff's stress"). *See also Lopes v. Hubbell Inc.*, No. 3:11-CV-1961 (RNC), 2012 WL 3062158, at *1 (D. Conn. July 26, 2016) (compelling plaintiff to produce "all records of treatment" for mental health, carpal tunnel and fibromyalgia and to produce an index identifying all of her healthcare providers, the dates of treatment, the nature of the conditions for which she sought treatment in order to determine whether any other conditions "might bear on her claim of emotional distress").

Eckhart's attempt to limit her production here is particularly indefensible, as she has already produced documents reflecting that she *has* a chronic physical condition that may bear on her emotional distress damages and had a hospital visit in May 2017, several months after Henry's alleged rape. Fox News is entitled to Eckhart's full medical records to probe not only other potential stressors, but also the specific claims of physical injury caused by Ed Henry as alleged in the Complaint. *See* TAC at ¶¶ 11, 75-76, 185-186. Eckhart's medical records, including from her primary care physician and any gynecological records, from the months that follow each of her alleged interactions with Henry, *see* TAC at ¶¶ 49-75, are therefore directly relevant to these factual allegations.

Finally, Eckhart's counsel has no right to serve as a gatekeeper in determining which medical and mental health records are, or are not, relevant to Fox News's defense. Instead, Eckhart must produce HIPAA authorizations to Fox News so that it can obtain all records directly from Eckhart's medical providers. *See Pressley*, 2013 WL 1561466, at *1-2 (rejecting plaintiff's "trust me" representation that certain medical records were not relevant, and compelling plaintiff to produce authorizations for her primary and mental health care providers for a ten-year period); *Rodriguez v. Folksamerica Reinsurance Co.*, No. 3:05-cv-01687 (CFD) (TPS), 2006 U.S. Dist. LEXIS 34028, at *8 (D. Conn. May 15, 2006) (finding that "the defendant has a right to access the medical records directly" from the doctors rather than through the plaintiff, and ordering plaintiff to provide defendant with the necessary authorizations). *See also Wilson*, 2015 WL 13888961, at *6 (Gorenstein, J.) (ordering plaintiff to "sign authorizations for the release of his medical records and return those authorizations to defendants").

Therefore, Eckhart should be compelled to produce documents responsive to Requests Numbers 127 and 128 and provide responses to Interrogatories Numbers 22 and 23.

### II. Eckhart Should Be Compelled to Produce Her Calendars and Diaries.

Fox News also propounded Request No. 2 for all diaries, planners, desk books, date books, appointment books, calendars, notebooks, and/or journals, whether in hard copy or electronic form, kept by Eckhart at any time since January 2, 2013. *See* **Exhibit A**. Eckhart refused to produce any documents in response to this Request. During efforts to resolve the dispute over this Request, Fox News limited the Request to materials from January 1, 2015 (shortly after she began interacting with Henry) through June 26, 2020 (her date of termination). Eckhart has so far only agreed to produce "documents, including calendar entries, reflecting any meetings and/or other interactions with Mr. Henry[.]" Eckhart's proposed limitation prevents Fox News from probing the veracity of her allegations.

**Proskauer**

The Honorable Gabriel W. Gorenstein
April 21, 2022
Page 4

*First,* Fox News is entitled to the documents sought not only to show when (and if) Eckhart and Henry interacted, but also to reflect her *contemporaneous response* to those interactions (or lack thereof). *See Connolly v. Alderman*, No. 2:17-cv-79, 2018 WL 4462368, at *6 (D. Vt. Sept. 18, 2018) (compelling plaintiff to produce all diaries, journals, calendars, and similar documents because those documents may "reveal Plaintiff's contemporaneous reaction to the sexual harassment he alleges he endured" and "may either establish or fail to establish a factual context for his claims"). How Eckhart responded in the days, weeks, and months that followed each of her alleged encounters with Henry is probative of the factual context for Eckhart's claims, including whether Henry's conduct was welcome at the time and her alleged damages.

*Second*, Eckhart's diaries, journals, calendars, and other documents may reflect life events that caused Eckhart's alleged distress during the relevant time period, and thus are relevant to Eckhart's alleged emotional distress damages and Fox News' defense therefrom. *See Giarratano v. Citibank, N.A.*, No. 00 CIV. 4686 (DLC), 2000 U.S. Dist. LEXIS 16027, at *1-2 (S.D.N.Y. Nov. 3, 2000) (compelling discrimination plaintiff to produce her diary in its entirety because it included both entries concerning her employment and entries that could be relevant to showing that her emotional distress was caused by other life events).

*Finally*, her diaries, calendars, and similar documents are relevant to her work performance and to her allegations about co-workers noted in her complaint. Eckhart asserts that she had multiple complaints about her co-workers unrelated to Henry or alleged sexual harassment (TAC ¶¶ 25-29). Eckhart also was placed on a Performance Improvement Plan prior to her termination which identified multiple serious concerns with her performance – including misusing company resources, exposing proprietary information, and repeated lateness. Eckhart's diaries, journals, notebooks, calendars, and other documents therefore may reflect on issues she had at work – including complaints about supervisors or co-workers, information regarding her misconduct, and information regarding her consistent tardiness. The documents therefore bear on her claims and Fox News's defenses, including that it had a legitimate, non-discriminatory reason for her termination. *See Shannon v. Liberty Mutual Grp. Inc.*, No. 3:20-CV-1192 (RNC), 2021 WL 2644742, at *10 (D. Conn. June 28, 2021) (compelling plaintiff to produce all notes, diaries, logs, calendars, and journals because they were probative of the plaintiff's work performance and relevant to the employer's defense); *Arroyo v. Dep't of Pub. Safety*, No. 3:11-CV-268 (WWE), 2012 WL 3113139, at *2 (D. Conn. July 21, 2012) (compelling plaintiff to produce all documents, diaries, journals, logs, emails, and recordings related to his employment for a twelve-year period).

Similarly, Fox News requests that the Court compel that Eckhart produce the requested documents as they are also responsive to Fox News' Request No. 142 (requesting all documents reflecting Eckhart's whereabouts on the days she was late to work or she called out from work from January 2, 2013 to June 26, 2020). *See* **Exhibit A**. In an effort to address Eckhart's objections, Fox News agreed to significantly limit the timeframe of this Request to September 1, 2018 through Eckhart's termination on June 26, 2020. Nevertheless, Eckhart refused to produce any documents in response to the Request. As above, Request No. 142 seeks relevant information as the reasons for Eckhart's placement on a Performance Improvement Plan, including her repeated lateness, are relevant to Fox News' defense that it had a legitimate, non-discriminatory and non-retaliatory reason for her

**Proskauer»**

The Honorable Gabriel W. Gorenstein
April 21, 2022
Page 5

termination. Therefore, Fox News is permitted to probe *where* Eckhart was during the period when she was repeatedly absent or tardy. *See During v. City Univ. of N.Y.*, No. 05 Civ. 6992 (RCC), 2006 WL 2192843, at *3-4 (S.D.N.Y. Aug. 1, 2006) (ordering production of documents concerning the plaintiff's whereabouts on days he was absent from work because such information was "highly relevant" to the employer's defense that plaintiff received negative reviews due to frequent unexplained absences).

Fox News therefore respectfully requests that the Court order Eckhart to produce her diaries, planners, desk books, date books, appointment books, calendars, notebooks, and/or journals, whether in hard copy or electronic form, from January 1, 2015 through June 26, 2020.

\*   \*   \*

For the foregoing reasons, Eckhart should be ordered to immediately produce documents responsive to Request Numbers 2, 127, 128, and 142, and provide responses to Interrogatories Numbers 22 and 23.

Respectfully submitted,

*/s/ Rachel S. Fischer*
Rachel S. Fischer

Cc: All counsel of record (via ECF)