# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
JENNIFER ECKHART,

                  Plaintiff,

      v.

FOX NEWS NETWORK, LLC and ED HENRY,
in his individual and professional capacities,

                  Defendants.
---------------------------------------------------------------X

Civil Case No. 1:20-cv-05593 (RA)(GWG)

### PLAINTIFF JENNIFER ECKHART'S RESPONSES AND OBJECTIONS TO DEFENDANT FOX NEWS NETWORK, LLC'S FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure ("FRCP") and the Local Rules of the United States District Court for the Southern District of New York ("Local Civil Rules"), Plaintiff Jennifer Eckhart ("Plaintiff"), by and through her undersigned counsel, Wigdor LLP, hereby responds and objects to Defendant Fox News Network, LLC's ("Fox News," "Fox," the "Company" or "Defendant") First Request for Production of Documents ("Requests") in accordance with the numbered requests as set forth below. These responses and objections reflect Plaintiff's current knowledge and the results of her investigation to date. Plaintiff reserves the right to amend or supplement these responses in the future in accordance with FRCP 26(e)(1), as may be necessary or appropriate.

### OBJECTIONS TO "DEFINITIONS" AND "INSTRUCTIONS"

Plaintiff objects to Defendant's "Definitions" and "Instructions" to the extent that Defendant seeks to impose obligations that go beyond the provisions and requirements of the FRCP and the Local Civil Rules.

burdensome, to the extent that it is vague, ambiguous and/or lacks sufficient particularity so that Plaintiff cannot understand what information and/or documents Defendant is seeking and is unable to formulate a responsive answer, to the extent that it is not reasonably limited in time or seeks information or documents outside the time period relevant to the present litigation; to the extent that it seeks the disclosure of information already known or available to Defendant or documents in Defendant's possession that are more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense; and to the extent that it is duplicative or cumulative of other Requests.

Without waiving any applicable objection, Plaintiff will produce all responsive documents in her possession.

**REQUEST NO. 2:**

All diaries, planners, desk books, date books, appointment books, calendars, notebooks, and/or journals, whether in hard copy or electronic form, and any computer databases, discs, drives, or other electronic data compilations kept by Eckhart at any time since January 2, 2013.

**RESPONSE TO REQUEST NO. 2:**

Plaintiff objects to this Request on the grounds that it seeks information or documents that are irrelevant, immaterial and/or not reasonably calculated to lead to the discovery of admissible evidence in this action; to the extent that it is overly broad, oppressive and/or unduly burdensome; to the extent that it is not reasonably limited in time or seeks information or documents outside the time period relevant to the present litigation, it seeks the disclosure of confidential personal, medical and/or business information or documents concerning Plaintiff, the disclosure of which would violate the privacy of Plaintiff unless an appropriate order of this Court protecting the confidentiality of such information or documents is in place, to the extent that it seeks the disclosure of information already known or available to Defendant or documents

4

in Defendant's possession that are more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense; and to the extent that it is duplicative or cumulative of other Requests.

**REQUEST NO. 3:**

All Eckhart's records, notes, or descriptions, kept in any format, concerning Henry, Fox News, the allegations or damages set forth in the Complaint and /or the subject matter of this litigation.

**RESPONSE TO REQUEST NO. 3:**

Plaintiff objects to this Request on the grounds that it seeks information or documents that are irrelevant, immaterial and/or not reasonably calculated to lead to the discovery of admissible evidence in this action; to the extent that it is overly broad, oppressive and/or unduly burdensome; to the extent that it seeks the disclosure of confidential personal, medical and/or business information or documents concerning Plaintiff, the disclosure of which would violate the privacy of Plaintiff unless an appropriate order of this Court protecting the confidentiality of such information or documents is in place, to the extent that it seeks information or documents that are protected from disclosure under the attorney-client privilege, the work-product doctrine and/or any other applicable privilege, protection, statute, rule, regulation or common law principle; to the extent that it is not reasonably limited in time or seeks information or documents outside the time period relevant to the present litigation, it seeks the disclosure of confidential information that concerns individuals other than Plaintiff who are not parties to this action, the disclosure of which would violate the privacy interests of such individuals, and to the extent that it is duplicative or cumulative of other Requests.

Without waiving any applicable objection, Plaintiff will produce all documents in her possession.

**RESPONSE TO REQUEST NO. 126:**

Plaintiff objects to this Request to the extent that it is overly broad, oppressive and/or unduly burdensome, it seeks the disclosure of confidential personal, medical and/or business information or documents concerning Plaintiff, the disclosure of which would violate the privacy of Plaintiff, and it is duplicative or cumulative of other Requests.

Without waiving any applicable objection, Plaintiff will produce all non-privileged responsive documents in her possession.

**REQUEST NO. 127:**

All documents concerning any medical treatment, examinations, meetings, evaluations or consultations Eckhart has received from January 2, 2013 through the present, including, but not limited to, medical records, reports, authorizations, bills, doctors' notes, psychotherapy notes, hospital charts, hospital admission papers, medical insurance forms, proof of medical insurance reimbursement, proof of purchase of prescriptions, medical supplies or equipment. Attached for Eckhart's execution and return is a HIPAA-compliant authorized release form (Exhibit A) for each such healthcare provider/facility.

**RESPONSE TO REQUEST NO. 127:**

Plaintiff objects to this Request to the extent that it , it is not reasonably limited in time or seeks information or documents outside the time period relevant to the present litigation and seeks information or documents that are irrelevant, immaterial and/or not reasonably calculated to lead to the discovery of admissible evidence in this action; to the extent it is overly broad, oppressive and/or unduly burdensome, it seeks the disclosure of confidential personal, medical and/or business information or documents concerning Plaintiff, the disclosure of which would violate the privacy of Plaintiff; to the extent it is vague, ambiguous and/or lacks sufficient particularity so that Plaintiff cannot understand what information and/or documents Defendant is seeking and is unable to formulate a responsive answer; to the extent it is not reasonably limited

in time or seeks information or documents outside the time period relevant to the present litigation and it is duplicative or cumulative of other Requests.

**REQUEST NO. 128:**

All documents concerning any treatment, examinations, meetings, evaluations or consultations Eckhart has received from any doctor, physician, therapist, psychologist, psychiatrist, social worker, counselor, pharmacist, other health care practitioner whom Plaintiff visited for any reason from January 2, 2013 to the present, including, but not limited to, medical records, reports, authorizations, bills, doctors' notes, psychotherapy notes, hospital charts, hospital admission papers, medical insurance forms, proof of medical insurance reimbursement, proof of purchase of prescriptions, medical supplies or equipment. Attached for Eckhart's execution and return is a HIPAA-compliant authorized release form (Exhibit A) for each such healthcare provider/facility.

**RESPONSE TO REQUEST NO. 128:**

Plaintiff objects to this Request to the extent that it is not reasonably limited in time or seeks information or documents outside the time period relevant to the present litigation and seeks information or documents that are irrelevant, immaterial and/or not reasonably calculated to lead to the discovery of admissible evidence in this action, it is overly broad, oppressive and/or unduly burdensome; to the extent it seeks the disclosure of confidential personal, medical and/or business information or documents concerning Plaintiff, the disclosure of which would violate the privacy of Plaintiff; to the extent it is vague, ambiguous and/or lacks sufficient particularity so that Plaintiff cannot understand what information and/or documents Defendant is seeking and is unable to formulate a responsive answer; to the extent it is not reasonably limited in time or seeks information or documents outside the time period relevant to the present litigation and it is duplicative or cumulative of other Requests.

**REQUEST NO. 129:**

All documents concerning the allegations contained in the Complaint concerning Jane Does 1 through 4.

it is not reasonably limited in time or seeks information or documents outside the time period relevant to the present litigation and it seeks information or documents that are irrelevant, immaterial and/or not reasonably calculated to lead to the discovery of admissible evidence in this action; and to the extent that it is duplicative or cumulative of other Requests.

Without waiving any applicable objection, Plaintiff will produce all non-privileged responsive documents in her possession.

**REQUEST NO. 142:**

All documents reflecting Eckhart's whereabouts on a day she was late to work or she called out from work (whether due to illness or otherwise) from January 2, 2013 to June 26, 2020.

**RESPONSE TO REQUEST NO. 142:**

Plaintiff objects to this Request to the extent that it is not reasonably limited in time or seeks information or documents outside the time period relevant to the present litigation and it seeks information or documents that are irrelevant, immaterial and/or not reasonably calculated to lead to the discovery of admissible evidence in this action; and it is duplicative or cumulative of other Requests.

**REQUEST NO. 143:**

All documents concerning any witness(es) and/or expert(s) that Eckhart intends to rely upon and/or call as a witness and/or offer at the trial.

**RESPONSE TO REQUEST NO. 143:**

Without waiving any applicable objection, Plaintiff has not yet identified witnesses for trial.

**REQUEST NO. 144:**

All documents that refer or relate in any manner to Eckhart's efforts to find work and/or employment and/or self-employment since June 26, 2020, including, but not limited to, job postings, advertisements, resumes, summaries of experience, cover letters, offer letters and/or

88