# WIGDOR LLP

ATTORNEYS AND COUNSELORS AT LAW

85 FIFTH AVENUE
NEW YORK, NY 10003
TEL 212.257.6800
FAX 212.257.6845
WWW.WIGDORLAW.COM

**Renan F. Varghese**
rvarghese@wigdorlaw.com

April 25, 2022

**VIA ECF**

The Honorable Gabriel W. Gorenstein
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

> Re:   Eckhart v. Fox News Network, LLC, *et al.*; Case No. 1:20-cv-5593 (RA)(GWG)

Dear Judge Gorenstein:

We represent Plaintiff Jennifer Eckhart ("Plaintiff") in the above-referenced matter.  We write in opposition to the letter submitted by Defendant Fox News Network, LLC ("Fox," "Fox News," the "Company" or "Defendant") on April 21, 2022 (the "Letter") concerning certain outstanding discovery disputes in this case.  For the reasons set forth herein, Fox's request for a pre-motion conference should be denied in its entirety as the material they seek is either irrelevant or does not exist.

## I.   FOX IS NOT ENTITLED TO ALL OF PLAINTIFF'S MEDICAL RECORDS

As a threshold matter, it is important to set forth exactly what Fox is seeking in this case.  Fox is seeking all documents concerning any medical treatment that Ms. Eckhart received from January 2, 2013 through the present "for any reason," irrespective of whether the treatment has any relationship to the claims or defenses in this case.  See Ex. A, Responses to Document Request Nos. 127 and 128.  Fox is similarly seeking information about any prescription medication that Plaintiff took over the same time period, again, regardless of her reason for doing so.  See Ex. B, Response to Interrogatory No. 23.  Essentially, Fox has taken the position that, by claiming emotional distress damages in this case, Ms. Eckhart has opened the door to a virtually limitless examination into her medical history for a period of over **nine years**.  By seeking *carte blanche* over Plaintiff's medical history for such an extensive period of time, it is clear that Fox is merely seeking to harass a sexual assault survivor and to invade her personal privacy in further retaliation for her decision to bring a lawsuit.  Irrespective of Defendant's position on Plaintiff's emotional distress, there is no conceivable justification for Fox's requests seeking, for example, the complete records from Plaintiff's obstetrician or her dentist for a nine-year period.

**WIGDOR LLP**

ATTORNEYS AND COUNSELORS AT LAW

The Honorable Gabriel W. Gorenstein
April 25, 2022
Page 2

Here, Plaintiff has acknowledged that Fox is entitled to discovery pertaining to her mental health during the relevant time period.  As a result, Ms. Eckhart has offered to obtain Plaintiff's medical records and produce anything that is related to her emotional condition and any injuries caused as a result of any conduct in this case, including evidence of her emotional distress or related physical injuries.  Fox has rejected this offer of compromise, instead claiming that nothing short of Plaintiff's entire medical history for nearly a decade will suffice, and that Plaintiff has placed these records at issue by virtue of her claims for emotional distress.  This is simply not true.

According to Fox, Plaintiff's full medical records are discoverable "because they ***may*** reveal medical conditions that contributed to her alleged emotional distress."  As Fox's own justification admits, the Company has no legitimate basis for seeking Plaintiff's full medical records for over nine years.  Rather, Fox is engaging in the quintessential "fishing expedition," speculating that, if given enough information, most of which is irrelevant, there will be some piece of evidence that is somehow relevant to Plaintiff's claims.  This is an abuse of the discovery process.  See, e.g., Evanko v. Elec. Sys. Assocs., Inc., No. 91 Civ. 2851 (LMM), 1993 WL 14458, at *2 (S.D.N.Y. Jan. 8, 1993) ("The apparent basis for defendants' claim to unrestricted access to those [medical] records is their contention that any physical malady might cause emotional distress.  This general point may be true, but it scarcely gives defendants a license to rummage through all aspects of the plaintiff's life in search of a possible source of stress or distress, particularly with respect to information that the governing law treats as especially sensitive"); Henry v. Morgan's Hotel Grp., Inc., No. 15 Civ. 1789 (ER) (JLC), 2016 WL 303114, at *3 (S.D.N.Y. Jan. 25, 2016) (granting motion to quash where defendant predicated subpoenas "on wholesale speculation" that the requested discovery existed).

Rather than engage in such a fishing expedition that is not supported by any evidence, the more appropriate course of conduct would be for Fox to question Ms. Eckhart about potential causes of her emotional distress during her deposition.  To the extent that Ms. Eckhart identifies any medical conditions that are manifestations of her emotional distress, Fox can always issue a more narrowly tailored discovery request focusing on that condition over a more limited time frame.  Without such a concrete rationale for believing that Plaintiff's medical records contain relevant evidence, Fox's requests are plainly overbroad and cannot be justified under the law.

By way of example only, Fox seeks to justify its request for Plaintiff's entire medical file by claiming that Ms. Eckhart "*has* a chronic physical condition that may bear on her emotional distress damages."  Dkt. No. 202 at p. 3.  However, had Fox attempted to take Ms. Eckhart's deposition, it would have learned that it misread her messages, that she does not suffer from any such medical condition and that she was instead referencing a condition from which a friend of her suffered (which obviously would not be reflected in Ms. Eckhart's medical records).  This merely underscores the dangers attendant to Defendants' shotgun approach to attempting to seek Plaintiff's entire medical record based on nothing more than speculation and their own assumptions.  See, e.g., Manessis v. New York City Dep't of Transp., No. 02 Civ. 359 (SAS) (DF), 2002 WL 31115032, at *2 (S.D.N.Y. Sept. 24, 2002) ("Defendants, however, are not entitled to pursue



discovery into treatments Manessis may have received for any physical ailments, unless Manessis has first indicated through deposition testimony or other discovery responses that a particular physical ailment or ailments caused him emotional distress during the relevant period"). Moreover, even if Ms. Eckhart *did* suffer from such a condition, which, again, she does not, Fox would still be unable to show, based on the evidence in the record, that such a condition would have any bearing on her emotional distress. <u>See</u>, <u>e.g.</u>, <u>Doherty v. Bice</u>, No. 18 Civ. 10898 (NSR) (AEK), 2021 WL 4219696, at *4 (S.D.N.Y. Sept. 15, 2021), <u>objections overruled</u>, No. 18 Civ. 10898 (NSR), 2021 WL 5630816 (S.D.N.Y. Dec. 1, 2021) (ordering that medical records relating to mental health treatment be "limited in scope to the particular aspects of Plaintiff's mental health that he has specifically put at issue through his complaint—information unrelated to the allegations in the complaint need not be produced").

Similarly, although Fox claims that Plaintiff has alleged "physical injuries," the only physical injuries referenced in the Complaint are those injuries that resulted from Defendant Henry's rape of Ms. Eckhart. However, Ms. Eckhart never saw a doctor in connection for those injuries, and those injuries would not be present in her medical records.[1] In short, Fox is not entitled to the broad and intrusive discovery it now seeks.

## II.    <u>PLAINTIFF WILL PRODUCE PLAINTIFF'S PERSONAL NOTES</u>

Fox also claims to seek Plaintiff's "diaries, planners, desk books, date books, appointment books, calendars, notebooks, and/or journals, whether in hard copy or electronic form, kept by Eckhart at any time since January 2, 2013." Dkt. No. 202 at p. 3. However, we are confused by Fox's decision to raise this issue with the Court as this is the first time that the Company has limited the scope of its discovery requests in this manner. Specifically, Fox's original discovery request sought:

> all diaries, planners, desk books, date books, appointment books, calendars, notebooks, and/or journals, whether in hard copy or electronic form, ***and any computer databases, discs, drives, or other electronic data compilations kept by Eckhart at any time since January 2, 2013***.

<u>See</u> Ex. A, Response to Document Request No. 2 (emphasis added).

Although Fox subsequently offered to narrow the temporal scope of Document Request No. 2 to the period from January 2015 to June 26, 2020, Plaintiff continued to object to the substantive reach of this document request. Specifically, as written, Fox sought Ms. Eckhart's entire computer,

---

[1]    However, to the extent that the Court believes it necessary, Plaintiff will produce medical records for any medical treatment that she received from January to February 2017, the time period immediately before and after the rape.



hard drive and/or e-mail account over a more than five-year period.  As Plaintiff explained to Fox, it was not entitled "to every document concerning Plaintiff's activity (including her computer hard drives)" even for a purportedly limited five-and-a-half-year period.  See Ex. C. Plaintiff had already offered to produce documents concerning her employment with Fox, and her interactions with Henry, in response to other discovery requests.

Similarly, Document Request No. 142 seeks "all documents reflecting Eckhart's whereabouts on a day she was late to work or she called out from work (whether due to illness or otherwise) from January 2, 2013 to June 26, 2020."  As Plaintiff explained to Fox, she had no record of when she called out from work or when she was late to work.  However, Plaintiff offered to provide information about her whereabouts on specific dates (if such information existed), to the extent that Fox was willing to identify the dates about which they sought additional information.  See Ex. C. Fox declined to do so.

Had Fox limited its document request to Plaintiff's calendar, diary, journals and similar documents, as it now represents it is willing to do in the Letter, Plaintiff would have explained that the only calendar that she kept during her employment with Fox was on Fox's systems and at her desk, neither of which she has access to.  Nor did Plaintiff maintain any kind of diary, journal or similar document during her employment with Fox.  However, she did write notes to herself after the termination of her employment, which we will produce.

Respectfully submitted,

Renan F. Varghese

cc:     All Counsel of Record (via ECF)

Enc.