# Exhibit A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------X

JENNIFER ECKHART,                                          :
                                                           :      Civil Case No. 1:20-cv-05593
                                      Plaintiff,           :      (RA)(GWG)
                                                           :
                        v.                                 :
                                                           :
FOX NEWS NETWORK, LLC and ED HENRY,                        :
in his individual and professional capacities,            :
                                                           :
                                      Defendants.          :
--------------------------------------------------------------X

### PLAINTIFF JENNIFER ECKHART'S RESPONSES AND OBJECTIONS TO DEFENDANT FOX NEWS NETWORK, LLC'S FIRST REQUEST FOR THE <u>PRODUCTION OF DOCUMENTS</u>

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure ("FRCP") and the Local Rules of the United States District Court for the Southern District of New York ("Local Civil Rules"), Plaintiff Jennifer Eckhart ("Plaintiff"), by and through her undersigned counsel, Wigdor LLP, hereby responds and objects to Defendant Fox News Network, LLC's ("Fox News," "Fox," the "Company" or "Defendant") First Request for Production of Documents ("Requests") in accordance with the numbered requests as set forth below.  These responses and objections reflect Plaintiff's current knowledge and the results of her investigation to date. Plaintiff reserves the right to amend or supplement these responses in the future in accordance with FRCP 26(e)(1), as may be necessary or appropriate.

### <u>OBJECTIONS TO "DEFINITIONS" AND "INSTRUCTIONS"</u>

Plaintiff objects to Defendant's "Definitions" and "Instructions" to the extent that Defendant seeks to impose obligations that go beyond the provisions and requirements of the FRCP and the Local Civil Rules.

## GENERAL OBJECTIONS

Plaintiff objects to Defendant's Requests on the following general grounds, which are also to be applied specifically to each Request:

1.      Plaintiff objects to each Request to the extent that it seeks information or documents that are irrelevant, immaterial and/or not reasonably calculated to lead to the discovery of admissible evidence in this action.

2.      Plaintiff objects to each Request to the extent that it is overly broad, oppressive and/or unduly burdensome.

3.      Plaintiff objects to each Request to the extent that it seeks the disclosure of confidential personal, medical and/or business information or documents concerning Plaintiff, the disclosure of which would violate the privacy of Plaintiff unless an appropriate order of this Court protecting the confidentiality of such information or documents is in place.

4.      Plaintiff objects to each Request to the extent that it seeks the disclosure of confidential information that concerns individuals other than Plaintiff who are not parties to this action, the disclosure of which would violate the privacy interests of such individuals.

5.      Plaintiff objects to each Request to the extent that it is vague, ambiguous and/or lacks sufficient particularity so that Plaintiff cannot understand what information and/or documents Defendant is seeking and is unable to formulate a responsive answer.

6.      Plaintiff objects to each Request to the extent that it seeks information or documents that are protected from disclosure under the attorney-client privilege, the work-product doctrine and/or any other applicable privilege, protection, statute, rule, regulation or common law principle.  Inadvertent identification or production of any such information or document shall not constitute a waiver of any privilege with respect to the subject matter thereof

or the information contained therein and shall not waive the right of Plaintiff to object to the use of any such document or the information contained therein during any subsequent proceeding.

7.      Plaintiff objects to each Request to the extent that it is not reasonably limited in time or seeks information or documents outside the time period relevant to the present litigation.

8.      Plaintiff objects to each Request to the extent that it seeks to impose obligations beyond those required by the FRCP and/or the Local Civil Rules.

9.      Plaintiff objects to each Request to the extent that it seeks the disclosure of information already known or available to Defendant or documents in Defendant's possession that are more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

10.     Plaintiff objects to each Request to the extent that it is duplicative or cumulative of other Requests.

## RESPONSES AND OBJECTIONS TO SPECIFIC REQUESTS

**REQUEST NO. 1:**

All documents concerning Eckhart's employment with and/or freelance or other work for, Fox News, including, but not limited to, her hiring and/or retention(s), promotion(s), separation of employment, job titles, compensation and benefits (including salary, wages, deferred compensation, bonuses and other incentive compensation, stock options, pension, 401(k), paid or unpaid leave, insurance or other benefits and any claims for such leave or benefits), job performance (including, but not limited to, performance reviews or evaluations, whether formal or informal, commendations, awards, and recognition), compliance (or lack thereof) with Company policies and/or procedures, attendance, discipline, counseling, reprimands, and any grievances or complaints (whether formal or informal and whether by or about Eckhart).

**RESPONSE TO REQUEST NO. 1:**

Plaintiff objects to this Request to the extent that it seeks information or documents that are irrelevant, immaterial and/or not reasonably calculated to lead to the discovery of admissible evidence in this action, to the extent that it is overly broad, oppressive and/or unduly

burdensome, to the extent that it is vague, ambiguous and/or lacks sufficient particularity so that

Plaintiff cannot understand what information and/or documents Defendant is seeking and is

unable to formulate a responsive answer, to the extent that it is not reasonably limited in time or

seeks information or documents outside the time period relevant to the present litigation; to the

extent that it seeks the disclosure of information already known or available to Defendant or

documents in Defendant's possession that are more readily obtained by Defendant without

subjecting Plaintiff to unreasonable burden and expense; and to the extent that it is duplicative or

cumulative of other Requests.

   Without waiving any applicable objection, Plaintiff will produce all responsive

documents in her possession.

**REQUEST NO. 2:**

All diaries, planners, desk books, date books, appointment books, calendars, notebooks, and/or
journals, whether in hard copy or electronic form, and any computer databases, discs, drives, or
other electronic data compilations kept by Eckhart at any time since January 2, 2013.

**RESPONSE TO REQUEST NO. 2:**

   Plaintiff objects to this Request on the grounds that it seeks information or documents

that are irrelevant, immaterial and/or not reasonably calculated to lead to the discovery of

admissible evidence in this action; to the extent that it is overly broad, oppressive and/or unduly

burdensome; to the extent that it is not reasonably limited in time or seeks information or

documents outside the time period relevant to the present litigation, it seeks the disclosure of

confidential personal, medical and/or business information or documents concerning Plaintiff,

the disclosure of which would violate the privacy of Plaintiff unless an appropriate order of this

Court protecting the confidentiality of such information or documents is in place, to the extent

that it seeks the disclosure of information already known or available to Defendant or documents

in Defendant's possession that are more readily obtained by Defendant without subjecting

Plaintiff to unreasonable burden and expense; and to the extent that it is duplicative or

cumulative of other Requests.

## REQUEST NO. 3:

All Eckhart's records, notes, or descriptions, kept in any format, concerning Henry, Fox News, the allegations or damages set forth in the Complaint and /or the subject matter of this litigation.

## RESPONSE TO REQUEST NO. 3:

Plaintiff objects to this Request on the grounds that it seeks information or documents

that are irrelevant, immaterial and/or not reasonably calculated to lead to the discovery of

admissible evidence in this action; to the extent that it is overly broad, oppressive and/or unduly

burdensome; to the extent that it seeks the disclosure of confidential personal, medical and/or

business information or documents concerning Plaintiff, the disclosure of which would violate

the privacy of Plaintiff unless an appropriate order of this Court protecting the confidentiality of

such information or documents is in place, to the extent that it seeks information or documents

that are protected from disclosure under the attorney-client privilege, the work-product doctrine

and/or any other applicable privilege, protection, statute, rule, regulation or common law

principle; to the extent that it is not reasonably limited in time or seeks information or documents

outside the time period relevant to the present litigation, it seeks the disclosure of confidential

information that concerns individuals other than Plaintiff who are not parties to this action, the

disclosure of which would violate the privacy interests of such individuals, and to the extent that

it is duplicative or cumulative of other Requests.

Without waiving any applicable objection, Plaintiff will produce all documents in her

possession.

**REQUEST NO. 4:**

All documents shared and or exchanged between Eckhart and Henry from January 2, 2013 to the present.

**RESPONSE TO REQUEST NO. 4:**

Plaintiff objects to this Request to the extent that it is not reasonably limited in time or seeks information or documents outside the time period relevant to the present litigation and it seeks information or documents that are irrelevant, immaterial and/or not reasonably calculated to lead to the discovery of admissible evidence in this action; it is overly broad, oppressive and/or unduly burdensome, it seeks the disclosure of information already known or available to Defendant or documents in Defendant's possession that are more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense; and to the extent that it is duplicative or cumulative of other Requests.

Without waiving any applicable objection, Plaintiff will produce all responsive documents in her possession.

**REQUEST NO. 5:**

All documents concerning communications between Henry and Eckhart on WhatsApp, Twitter, Instagram, text, email, or any other messaging service.

**RESPONSE TO REQUEST NO. 5:**

Without waiving any applicable objection, Plaintiff respectfully refers Defendant to her Response to Request No. 4.

**REQUEST NO. 6:**

All documents demonstrating when Ms. Eckhart downloaded WhatsApp, including but not limited to Ms. Eckhart's earliest communication with anyone on WhatsApp.

**RESPONSE TO REQUEST NO. 6:**

Plaintiff objects to this Request to the extent that it seeks information or documents that are irrelevant, immaterial and/or not reasonably calculated to lead to the discovery of admissible evidence in this action, it is overly broad, oppressive and/or unduly burdensome, it seeks the disclosure of confidential personal, medical and/or business information or documents concerning Plaintiff, the disclosure of which would violate the privacy of Plaintiff, it seeks the disclosure of confidential information that concerns individuals other than Plaintiff who are not parties to this action, the disclosure of which would violate the privacy interests of such individuals, and it is not reasonably limited in time or seeks information or documents outside the time period relevant to the present litigation.

**REQUEST NO. 7:**

All documents concerning Henry's telephone calls to, from, and/or with Eckhart, showing the date, time, and length of such conversations and the sending and/or receiving phone numbers from January 2, 2013, on any and all personal and/or work devices for which Henry had and/or has access and/or records to such communications.

**RESPONSE TO REQUEST NO. 7:**

Plaintiff objects to this Request to the extent that it is not reasonably limited in time or seeks information or documents outside the time period relevant to the present litigation and it seeks information or documents that are irrelevant, immaterial and/or not reasonably calculated to lead to the discovery of admissible evidence in this action; it is overly broad, oppressive and/or unduly burdensome and that it is vague, ambiguous and/or lacks sufficient particularity so that Plaintiff cannot understand what information and/or documents Defendant is seeking and is unable to formulate a responsive answer.  In particular, Plaintiff does not understand the qualifying phrase "for which Henry had and/or has access and/or records to such communications."

7

**REQUEST NO. 8:**

All documents concerning the allegation in Paragraph 54 of the Complaint that "Mr. Henry had previously told Ms. Eckhart to download [WhatsApp] and only use [sic] when communicating with him."

**RESPONSE TO REQUEST NO. 8:**

Plaintiff objects to this Request to the extent it seeks information or documents that are protected from disclosure under the attorney-client privilege, the work-product doctrine and/or any other applicable privilege, protection, statute, rule, regulation or common law principle; and is duplicative or cumulative of other Requests.  Without waiving any applicable objection, Plaintiff respectfully refers Defendant to her Response to Request No. 4.

**REQUEST NO. 9:**

All documents sent and/or exchanged between Eckhart and Liz Claman ("Claman"), Brad Hirst ("Hirst"), Kevin Burke ("Burke"), Thomas Bowman ("Bowman"), Bill Hemmer ("Hemmer"), Gary Schreier ("Schreier"), Charlie Gasparino ("Gasparino"), Milanee Kapadia ("Kapadia"), Kevin Lord ("Lord"), Jay Wallace ("Wallace"), Lauren Petterson ("Petterson"), and Denise Collins ("Collins"), both individually and collectively, from January 2, 2013 to the present.

**RESPONSE TO REQUEST NO. 9:**

Plaintiff objects to this Request on the grounds it seeks the disclosure of confidential personal, medical and/or business information or documents concerning Plaintiff, the disclosure of which would violate the privacy of Plaintiff; it is vague, ambiguous and/or lacks sufficient particularity so that Plaintiff cannot understand what information and/or documents Defendant is seeking and is unable to formulate a responsive answer; it is not reasonably limited in time or seeks information or documents outside the time period relevant to the present litigation and it seeks information or documents that are irrelevant, immaterial and/or not reasonably calculated to lead to the discovery of admissible evidence in this action; to the extent that it is overly broad, oppressive and/or unduly burdensome; it seeks the disclosure of information already known or

available to Defendant or documents in Defendant's possession that are more readily obtained by

Defendant without subjecting Plaintiff to unreasonable burden and expense; and to the extent

that it is duplicative or cumulative of other Requests.

**REQUEST NO. 10:**

All documents in the possession of Plaintiff that were sent and/or exchanged between any third party, and Claman, Hirst, Burke, Bowman, Hemmer, Schreier, Gasparino, Kapadia, Lord, Wallace, Petterson, and Collins, either individually or collectively, from January 2, 2013 to the present.

**RESPONSE TO REQUEST NO. 10:**

       Plaintiff objects to this Request on the grounds  it seeks the disclosure of confidential

personal, medical and/or business information or documents concerning Plaintiff, the disclosure

of which would violate the privacy of Plaintiff; it is vague, ambiguous and/or lacks sufficient

particularity so that Plaintiff cannot understand what information and/or documents Defendant is

seeking and is unable to formulate a responsive answer; it is not reasonably limited in time or

seeks information or documents outside the time period relevant to the present litigation and it

seeks information or documents that are irrelevant, immaterial and/or not reasonably calculated

to lead to the discovery of admissible evidence in this action; to the extent that it is overly broad,

oppressive and/or unduly burdensome; it seeks the disclosure of information already known or

available to Defendant or documents in Defendant's possession that are more readily obtained by

Defendant without subjecting Plaintiff to unreasonable burden and expense; and to the extent

that it is duplicative or cumulative of other Requests.

**REQUEST NO. 11:**

All documents sent and/or exchanged between Eckhart and Cathy Areu ("Areu") from January 2, 2013 to the present, including but not limited to those concerning, referred to, and/or quoted at Paragraphs 165 through 181 of the Complaint.

**RESPONSE TO REQUEST NO. 11:**

Plaintiff objects to this Request on the grounds it seeks the disclosure of confidential

personal, medical and/or business information or documents concerning Plaintiff, the disclosure

of which would violate the privacy of Plaintiff; it is vague, ambiguous and/or lacks sufficient

particularity so that Plaintiff cannot understand what information and/or documents Defendant is

seeking and is unable to formulate a responsive answer; it is not reasonably limited in time or

seeks information or documents outside the time period relevant to the present litigation and it

seeks information or documents that are irrelevant, immaterial and/or not reasonably calculated

to lead to the discovery of admissible evidence in this action; to the extent that it is overly broad,

oppressive and/or unduly burdensome; it seeks the disclosure of information already known or

available to Defendant or documents in Defendant's possession that are more readily obtained by

Defendant without subjecting Plaintiff to unreasonable burden and expense; to the extent it seeks

information or documents that are protected from disclosure under the attorney-client privilege,

the work-product doctrine and/or any other applicable privilege, protection, statute, rule,

regulation or common law principle; and to the extent that it is duplicative or cumulative of other

Requests.  To the extent the information sought also involves communications between Ms.

Areu, Ms. Eckhart and their attorneys in this matter, it is also subject to attorney-client privilege.

**REQUEST NO. 12:**

All documents sent and/or exchanged between Eckhart and Brooke Hammerling
("Hammerling") from January 2, 2013 to the present, including but not limited to those
concerning, referred to, and/or quoted from at Paragraphs 134 through 139 of the Complaint.

**RESPONSE TO REQUEST NO. 12:**

Plaintiff objects to this Request on the grounds it seeks the disclosure of confidential

personal, medical and/or business information or documents concerning Plaintiff, the disclosure

of which would violate the privacy of Plaintiff; it is vague, ambiguous and/or lacks sufficient

particularity so that Plaintiff cannot understand what information and/or documents Defendant is

seeking and is unable to formulate a responsive answer; it is not reasonably limited in time or

seeks information or documents outside the time period relevant to the present litigation and it

seeks information or documents that are irrelevant, immaterial and/or not reasonably calculated

to lead to the discovery of admissible evidence in this action; to the extent that it is overly broad,

oppressive and/or unduly burdensome; it seeks the disclosure of information already known or

available to Defendant or documents in Defendant's possession that are more readily obtained by

Defendant without subjecting Plaintiff to unreasonable burden and expense; to the extent it seeks

information or documents that are protected from disclosure under the attorney-client privilege,

the work-product doctrine and/or any other applicable privilege, protection, statute, rule,

regulation or common law principle; and to the extent that it is duplicative or cumulative of other

Requests.

## REQUEST NO. 13:

All documents sent and/or exchanged between Eckhart and Roxie Marroquin ("Marroquin")
from January 2, 2013 to the present, including but not limited to those concerning, referred to,
and/or quoted from at Paragraphs 140 through 148 of the Complaint.

## RESPONSE TO REQUEST NO. 13:

Plaintiff objects to this Request on the grounds it seeks the disclosure of confidential

personal, medical and/or business information or documents concerning Plaintiff, the disclosure

of which would violate the privacy of Plaintiff; it is vague, ambiguous and/or lacks sufficient

particularity so that Plaintiff cannot understand what information and/or documents Defendant is

seeking and is unable to formulate a responsive answer; it is not reasonably limited in time or

seeks information or documents outside the time period relevant to the present litigation and it

seeks information or documents that are irrelevant, immaterial and/or not reasonably calculated

to lead to the discovery of admissible evidence in this action; to the extent that it is overly broad,

oppressive and/or unduly burdensome; to the extent it seeks information or documents that are

protected from disclosure under the attorney-client privilege, the work-product doctrine and/or

any other applicable privilege, protection, statute, rule, regulation or common law principle; it

seeks the disclosure of information already known or available to Defendant or documents in

Defendant's possession that are more readily obtained by Defendant without subjecting Plaintiff

to unreasonable burden and expense; and to the extent that it is duplicative or cumulative of other

Requests.

**REQUEST NO. 14:**

All documents sent and/or exchanged between Eckhart and Janes Does 1 through 4 (both
individually and/or collectively) from January 2, 2013 to the present, including but not limited to
those concerning Paragraphs 97, 117 and/or 149 through 164.

**RESPONSE TO REQUEST NO. 14:**

Plaintiff objects to this Request on the grounds it seeks the disclosure of confidential

personal, medical and/or business information or documents concerning Plaintiff, the disclosure

of which would violate the privacy of Plaintiff; it is vague, ambiguous and/or lacks sufficient

particularity so that Plaintiff cannot understand what information and/or documents Defendant is

seeking and is unable to formulate a responsive answer; it is not reasonably limited in time or

seeks information or documents outside the time period relevant to the present litigation and it

seeks information or documents that are irrelevant, immaterial and/or not reasonably calculated

to lead to the discovery of admissible evidence in this action; to the extent that it is overly broad,

oppressive and/or unduly burdensome; it seeks the disclosure of information already known or

available to Defendant or documents in Defendant's possession that are more readily obtained by

Defendant without subjecting Plaintiff to unreasonable burden and expense; and to the extent

that it is duplicative or cumulative of other Requests.

**REQUEST NO. 15:**

All documents sent and/or exchanged between Eckhart and Andrew Holt, from January 2, 2013
to the present, which in any way concern Henry, Fox News, the subject matter of this litigation
and/or the allegations contained in the Complaint.

**RESPONSE TO REQUEST NO. 15:**

Plaintiff objects to this Request on the grounds that it seeks information or documents

that are irrelevant, immaterial and/or not reasonably calculated to lead to the discovery of

admissible evidence in this action; it is overly broad, oppressive and/or unduly burdensome,  that

it seeks the disclosure of confidential personal, medical and/or business information or

documents concerning Plaintiff, the disclosure of which would violate the privacy of Plaintiff, it

seeks the disclosure of confidential information that concerns individuals other than Plaintiff

who are not parties to this action, the disclosure of which would violate the privacy interests of

such individuals, it is not reasonably limited in time or seeks information or documents outside

the time period relevant to the present litigation and it seeks information or documents that are

irrelevant, immaterial and/or not reasonably calculated to lead to the discovery of admissible

evidence in this action; and to the extent that it is duplicative or cumulative of other Requests.

Without waiving any applicable objection, Plaintiff will produce all responsive

documents in her possession.

**REQUEST NO. 16:**

All documents sent and/or exchanged between Eckhart and any person, from January 2, 2013 to
the present, concerning the allegations contained in the Complaint, Fox News and/or Henry.

**RESPONSE TO REQUEST NO. 16:**

Plaintiff objects to this Request on the grounds that it seeks information or documents that are irrelevant, immaterial and/or not reasonably calculated to lead to the discovery of admissible evidence in this action; it is overly broad, oppressive and/or unduly burdensome,  that it seeks the disclosure of confidential personal, medical and/or business information or documents concerning Plaintiff, the disclosure of which would violate the privacy of Plaintiff, it seeks the disclosure of confidential information that concerns individuals other than Plaintiff who are not parties to this action, the disclosure of which would violate the privacy interests of such individuals, it is not reasonably limited in time or seeks information or documents outside the time period relevant to the present litigation and it seeks information or documents that are irrelevant, immaterial and/or not reasonably calculated to lead to the discovery of admissible evidence in this action; and to the extent that it is duplicative or cumulative of other Requests.

Without waiving any applicable objection, Plaintiff will produce all responsive documents in her possession.

**REQUEST NO. 17:**

All documents and/or communications, including photos, posts, likes, messages, copies of webpages, and/or shares, showing Eckhart's social media or social networking account contents, activity or presence related to any fact alleged in the Complaint including, but not limited to, Facebook, Twitter, Instagram, LinkedIn, TikTok, Snapchat, WhatsApp, Reddit Skype, Zoom, Microsoft Teams, Google Chat, Google Meet and/or any other social media platform or public or private internet site, chat board, blog or messaging media, applications or software from January 2, 2013 through the present.

**RESPONSE TO REQUEST NO. 17:**

Plaintiff objects to this Request on the grounds that it seeks information or documents that are irrelevant, immaterial and/or not reasonably calculated to lead to the discovery of admissible evidence in this action; to the extent that it is overly broad, oppressive and/or unduly

burdensome; that it seeks the disclosure of confidential personal, medical and/or business

information or documents concerning Plaintiff, the disclosure of which would violate the privacy

of Plaintiff, it seeks the disclosure of confidential information that concerns individuals other

than Plaintiff who are not parties to this action, the disclosure of which would violate the privacy

interests of such individuals, it is not reasonably limited in time or seeks information or

documents outside the time period relevant to the present litigation and it seeks information or

documents that are irrelevant, immaterial and/or not reasonably calculated to lead to the

discovery of admissible evidence in this action; and to the extent that it is duplicative or

cumulative of other Requests.

**REQUEST NO. 18:**

All documents identified, incorporated, referenced, referred to or quoted in the Complaint, and/or
utilized by Eckhart in preparing the Complaint.

**RESPONSE TO REQUEST NO. 18:**

Plaintiff objects to this Request on the grounds that it seeks information or documents

that are irrelevant, immaterial and/or not reasonably calculated to lead to the discovery of

admissible evidence in this action; to the extent that it is overly broad, oppressive and/or unduly

burdensome; to the extent that it seeks information or documents that are protected from

disclosure under the attorney-client privilege, the work-product doctrine and/or any other

applicable privilege, protection, statute, rule, regulation or common law principle; and to the

extent that it is duplicative or cumulative of other Requests.

Without waiving any applicable objection, Plaintiff will produce all responsive

documents in her possession.

**REQUEST NO. 19:**

All documents concerning any admissions or statements against interest made by Eckhart, Fox News, or Henry, or by anyone acting on any and/or all of their behalves, concerning the subject matter of this litigation, or the allegations or damages set forth in the Complaint.

**RESPONSE TO REQUEST NO. 19:**

Plaintiff objects to this Request on the grounds it seeks information or documents that are irrelevant, immaterial and/or not reasonably calculated to lead to the discovery of admissible evidence in this action; to the extent that it is overly broad, oppressive and/or unduly burdensome, it seeks information or documents that are protected from disclosure under the attorney-client privilege, the work-product doctrine and/or any other applicable privilege, protection, statute, rule, regulation or common law principle; to the extent that it is duplicative or cumulative of other Requests; and to the extent that it requires a legal conclusion.

**REQUEST NO. 20:**

Any and all statements, declarations, or affidavits obtained from any person concerning the subject matter of this litigation, or the allegations or damages set forth in the Complaint.

**RESPONSE TO REQUEST NO. 20:**

Plaintiff objects to this Request on the grounds it seeks the disclosure of confidential information that concerns individuals other than Plaintiff who are not parties to this action, the disclosure of which would violate the privacy interests of such individuals, it seeks information or documents that are protected from disclosure under the attorney-client privilege, the work-product doctrine and/or any other applicable privilege, protection, statute, rule, regulation or common law principle; and to the extent that it is duplicative or cumulative of other Requests.

**REQUEST NO. 21:**

Any documents concerning the damages claimed by Eckhart in the Complaint.

**RESPONSE TO REQUEST NO. 21:**

Plaintiff objects to this Request on the grounds it seeks the disclosure of confidential personal, medical and/or business information or documents concerning Plaintiff, the disclosure of which would violate the privacy of Plaintiff, it seeks information or documents that are protected from disclosure under the attorney-client privilege, the work-product doctrine and/or any other applicable privilege, protection, statute, rule, regulation or common law principle; to the extent that it is duplicative or cumulative of other Requests; and to the extent that it requires a legal conclusion.

Without waiving any applicable objection, Plaintiff will produce all responsive documents in her possession.

**REQUEST NO. 22:**

All documents identified, incorporated by reference, and/or utilized in preparing Eckhart's response to the Requests and/or Henry's Requests.

**RESPONSE TO REQUEST NO. 22:**

Plaintiff objects to this Request on the grounds that it seeks information or documents that are irrelevant, immaterial and/or not reasonably calculated to lead to the discovery of admissible evidence in this action; to the extent that it is overly broad, oppressive and/or unduly burdensome; to the extent that it seeks information or documents that are protected from disclosure under the attorney-client privilege, the work-product doctrine and/or any other applicable privilege, protection, statute, rule, regulation or common law principle; and to the extent that it is duplicative or cumulative of other Requests.

Without waiving any applicable objection, Plaintiff is not aware of any responsive document.

**REQUEST NO. 23:**

All documents identified, incorporated by reference, and/or utilized in preparing Eckhart's First Request for the Production of Documents to Fox News and/or Henry.

**RESPONSE TO REQUEST NO. 23:**

Plaintiff objects to this Request on the grounds that it seeks information or documents that are irrelevant, immaterial and/or not reasonably calculated to lead to the discovery of admissible evidence in this action; to the extent that it is overly broad, oppressive and/or unduly burdensome; to the extent that it seeks information or documents that are protected from disclosure under the attorney-client privilege, the work-product doctrine and/or any other applicable privilege, protection, statute, rule, regulation or common law principle; and to the extent that it is duplicative or cumulative of other Requests.

**REQUEST NO. 24:**

All recordings (including but not limited to video and/or audio recordings) in Eckhart's possession which in any way concern the subject matter of this litigation, the allegations contained in the Complaint, Fox News, and/or Henry.

**RESPONSE TO REQUEST NO. 24:**

Plaintiff objects to this Request on the grounds that it seeks information or documents that are irrelevant, immaterial and/or not reasonably calculated to lead to the discovery of admissible evidence in this action; to the extent that it is overly broad, oppressive and/or unduly burdensome; to the extent that it seeks information or documents that are protected from disclosure under the attorney-client privilege, the work-product doctrine and/or any other applicable privilege, protection, statute, rule, regulation or common law principle; and to the extent that it is duplicative or cumulative of other Requests.

Without waiving any applicable objection, Plaintiff will produce responsive recordings.

**REQUEST NO. 25:**

All documents concerning Eckhart's claims as reflected in her Complaint, including, but not limited to, Eckhart's allegations of sex trafficking (First Cause of Action), hostile work environment, sexual harassment, and gender discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII") (Second Cause of Action), retaliation under Title VII (Third Cause of Action), hostile work environment, sexual harassment, and gender discrimination under the New York State Human Rights Law ("NYSHRL") (Fourth Cause of Action), retaliation under the NYSHRL (Fifth Cause of Action), aiding and abetting in violation of the NYSHRL (Sixth Cause of Action), hostile work environment, sexual harassment, and gender discrimination under the New York City Human Rights Law ("NYCHRL") (Seventh Cause of Action), retaliation under the NYCHRL (Eighth Cause of Action), aiding and abetting in violation of the NYCHRL (Ninth Cause of Action), gender-motivated violence pursuant to the GMVA (Tenth Cause of Action), and/or Violations of CRL Sec. 52-b (Eleventh Cause of Action).

**RESPONSE TO REQUEST NO. 25:**

Plaintiff objects to this Request on the grounds that it is overly broad, oppressive and/or unduly burdensome, it seeks the disclosure of confidential personal, medical and/or business information or documents concerning Plaintiff, the disclosure of which would violate the privacy of Plaintiff, to the extent that it seeks the disclosure of confidential information that concerns individuals other than Plaintiff who are not parties to this action, the disclosure of which would violate the privacy interests of such individuals, it seeks information or documents that are protected from disclosure under the attorney-client privilege, the work-product doctrine and/or any other applicable privilege, protection, statute, rule, regulation or common law principle; and to the extent that it is duplicative or cumulative of other Requests.

**REQUEST NO. 26:**

All documents concerning the allegations contained at Paragraphs 1 and 130 of the Complaint that "Fox News … claim[ed] that it had no knowledge of sexual misconduct by Mr. Henry prior to June 2020" and/or the Eckhart's related allegation that "this was not true."

**RESPONSE TO REQUEST NO. 26:**

Plaintiff objects to this Request to the extent that it is overly broad, oppressive and/or unduly burdensome, it seeks information or documents that are protected from disclosure under

the attorney-client privilege, the work-product doctrine and/or any other applicable privilege, protection, statute, rule, regulation or common law principle; to the extent it seeks the disclosure of information already known or available to Defendant or documents in Defendant's possession that are more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense; to the extent it seeks information or documents that are protected from disclosure under the attorney-client privilege, the work-product doctrine and/or any other applicable privilege, protection, statute, rule, regulation or common law principle; and to the extent that it is duplicative or cumulative of other Requests.

Without waiving any relevant objection, Plaintiff will produce all non-privileged responsive documents in her possession.

**REQUEST NO. 27:**

All documents concerning the allegation in Paragraph 2 of the Complaint that "Fox News was well aware [that] Mr. Henry had a long history of sexual misconduct involving women, particularly female employees."

**RESPONSE TO REQUEST NO. 27:**

Plaintiff objects to this Request to the extent that it is overly broad, oppressive and/or unduly burdensome, it seeks information or documents that are protected from disclosure under the attorney-client privilege, the work-product doctrine and/or any other applicable privilege, protection, statute, rule, regulation or common law principle; to the extent it seeks the disclosure of information already known or available to Defendant or documents in Defendant's possession that are more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense; and to the extent that it is duplicative or cumulative of other Requests.

Without waiving any relevant objection, Plaintiff will produce all non-privileged responsive documents in her possession.

20

**REQUEST NO. 28:**

All documents concerning the allegations contained at Paragraphs 2, 8, 124, 125, and 126 of the Complaint, alleging, in sum and substance, that "Fox News…ignored red flags," and/or "[r]epeatedly rewarded [Henry] with a series of promotions," "gave Mr. Henry a lucrative book deal," "rewarded Mr. Henry with a new streaming show," and/or "promoted [Henry] to the position of co-anchor of the 'America's Newsroom' program."

**RESPONSE TO REQUEST NO. 28:**

Plaintiff objects to this Request to the extent that it is overly broad, oppressive and/or unduly burdensome; to the extent it is vague, ambiguous and/or lacks sufficient particularity so that Plaintiff cannot understand what information and/or documents Defendant is seeking and is unable to formulate a responsive answer; to the extent it seeks information or documents that are protected from disclosure under the attorney-client privilege, the work-product doctrine and/or any other applicable privilege, protection, statute, rule, regulation or common law principle; to the extent it seeks the disclosure of information already known or available to Defendant or documents in Defendant's possession that are more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense; and to the extent that it is duplicative or cumulative of other Requests.

Without waiving any relevant objection, Plaintiff will produce all non-privileged responsive documents in her possession.

**REQUEST NO. 29:**

All documents concerning the allegations in Paragraph 3 and Paragraph 117 of the Complaint that in or about 2016, "Liz Claman told Ms. Eckhart, 'everyone at Fox News knows that [Mr.] Henry is a sex addict. That's no secret.'"

**RESPONSE TO REQUEST NO. 29:**

Plaintiff objects to this Request to the extent that it is overly broad, oppressive and/or unduly burdensome, it seeks information or documents that are protected from disclosure under

the attorney-client privilege, the work-product doctrine and/or any other applicable privilege,

protection, statute, rule, regulation or common law principle; to the extent it seeks the disclosure

of information already known or available to Defendant or documents in Defendant's possession

that are more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden

and expense; and to the extent that it is duplicative or cumulative of other Requests.

Without waiving any relevant objection, Plaintiff will produce all non-privileged

responsive documents in her possession.

**REQUEST NO. 30:**

All documents concerning the allegation in Paragraph 4 of the Complaint that "Fox News took
no steps to ensure the safety of its female employees upon [Henry's] return from suspension."

**RESPONSE TO REQUEST NO. 30:**

Plaintiff objects to this Request to the extent that it is overly broad, oppressive and/or

unduly burdensome, it seeks information or documents that are protected from disclosure under

the attorney-client privilege, the work-product doctrine and/or any other applicable privilege,

protection, statute, rule, regulation or common law principle; to the extent it seeks the disclosure

of information already known or available to Defendant or documents in Defendant's possession

that are more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden

and expense; and to the extent that it is duplicative or cumulative of other Requests.

Without waiving any relevant objection, Plaintiff will produce all non-privileged

responsive documents in her possession.

**REQUEST NO. 31:**

All documents concerning the allegation in Paragraph 5 of the Complaint that in or about mid-
2016, "during the investigations, multiple women came forward to complain that Mr. Henry had
engaged in sexually inappropriate conduct towards them" and/or that "these reports were
received by multiple members of Fox News' senior management."

**RESPONSE TO REQUEST NO. 31:**

Plaintiff objects to this Request to the extent that it is overly broad, oppressive and/or unduly burdensome; to the extent it seeks the disclosure of confidential information that concerns individuals other than Plaintiff who are not parties to this action, the disclosure of which would violate the privacy interests of such individuals; to the extent it seeks information or documents that are protected from disclosure under the attorney-client privilege, the work-product doctrine and/or any other applicable privilege, protection, statute, rule, regulation or common law principle; to the extent it seeks the disclosure of information already known or available to Defendant or documents in Defendant's possession that are more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense; and to the extent that it is duplicative or cumulative of other Requests.

Without waiving any relevant objection, Plaintiff will produce all non-privileged responsive documents in her possession.

**REQUEST NO. 32:**

All documents concerning the allegation in Paragraph 6 of the Complaint that "Fox News also received a written complaint that warned against giving Mr. Henry a greater role at the Company and stated that 'the prospect of [Mr.] Henry's greater prominence on Fox [News] was crushing on female colleagues after the network had promised sweeping changes following Ailes' ouster.'"

**RESPONSE TO REQUEST NO. 32:**

Plaintiff objects to this Request to the extent that it seeks the disclosure of confidential information that concerns individuals other than Plaintiff who are not parties to this action, the disclosure of which would violate the privacy interests of such individual; to the extent it seeks information or documents that are protected from disclosure under the attorney-client privilege, the work-product doctrine and/or any other applicable privilege, protection, statute, rule,

regulation or common law principle; to the extent it seeks the disclosure of information already

known or available to Defendant or documents in Defendant's possession that are more readily

obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense and; to

the extent that it is duplicative or cumulative of other Requests.

Without waiving any relevant objection, Plaintiff will produce all non-privileged

responsive documents in her possession.

**REQUEST NO. 33:**

All documents concerning the allegation in Paragraph 7 of the Complaint that "Fox News looked
the other way and failed to protect its female employees from Mr. Henry because he was one of
Fox News' highest-rated anchors…"

**RESPONSE TO REQUEST NO. 33:**

Plaintiff objects to this Request to the extent that it seeks the disclosure of confidential

information that concerns individuals other than Plaintiff who are not parties to this action, the

disclosure of which would violate the privacy interests of such individuals, it seeks information

or documents that are protected from disclosure under the attorney-client privilege, the work-

product doctrine and/or any other applicable privilege, protection, statute, rule, regulation or

common law principle; to the extent it seeks the disclosure of information already known or

available to Defendant or documents in Defendant's possession that are more readily obtained by

Defendant without subjecting Plaintiff to unreasonable burden and expense; and to the extent

that it is duplicative or cumulative of other Requests.

Without waiving any relevant objection, Plaintiff will produce all non-privileged

responsive documents in her possession.

**REQUEST NO. 34:**

All documents concerning the allegation in Paragraphs 7 and 120 of the Complaint that "it has been reported that Mr. Henry was a 'favorite of the network's senior management,' including current Chief Executive Officer Suzanne Scott.'"

**RESPONSE TO REQUEST NO. 34:**

Plaintiff objects to this Request to the extent that it seeks information or documents that are protected from disclosure under the attorney-client privilege, the work-product doctrine and/or any other applicable privilege, protection, statute, rule, regulation or common law principle; to the extent it seeks the disclosure of information already known or available to Defendant or documents in Defendant's possession that are more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense; and to the extent that it is duplicative or cumulative of other Requests.

Without waiving any relevant objection, Plaintiff will produce all non-privileged responsive documents in her possession.

**REQUEST NO. 35:**

All documents concerning the allegation in Paragraph 10 of the Complaint that Henry repeatedly insisted that Eckhart join him for drinks.

**RESPONSE TO REQUEST NO. 35:**

Plaintiff objects to this Request to the extent that it is overly broad, oppressive and/or unduly burdensome; to the extent it seeks information or documents that are protected from disclosure under the attorney-client privilege, the work-product doctrine and/or any other applicable privilege, protection, statute, rule, regulation or common law principle; to the extent it seeks the disclosure of information already known or available to Defendant or documents in Defendant's possession that are more readily obtained by Defendant without subjecting Plaintiff

to unreasonable burden and expense; and to the extent that it is duplicative or cumulative of other Requests.

Without waiving any relevant objection, Plaintiff will produce all non-privileged responsive documents in her possession.

**REQUEST NO. 36:**

All documents concerning the allegation in Paragraph 10 of the Complaint that Henry offered Eckhart the prospect of career advancement.

**RESPONSE TO REQUEST NO. 36:**

Plaintiff objects to this Request to the extent that it is overly broad, oppressive and/or unduly burdensome; to the extent it seeks information or documents that are protected from disclosure under the attorney-client privilege, the work-product doctrine and/or any other applicable privilege, protection, statute, rule, regulation or common law principle; to the extent it seeks the disclosure of information already known or available to Defendant or documents in Defendant's possession that are more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense; and to the extent that it is duplicative or cumulative of other Requests.

Without waiving any relevant objection, Plaintiff will produce all non-privileged responsive documents in her possession.

**REQUEST NO. 37:**

All documents concerning the allegations that Henry sexually assaulted and/or raped Eckhart at any time.

**RESPONSE TO REQUEST NO. 37:**

Plaintiff objects to this Request to the extent that it is overly broad, oppressive and/or unduly burdensome; to the extent it seeks information or documents that are protected from

disclosure under the attorney-client privilege, the work-product doctrine and/or any other applicable privilege, protection, statute, rule, regulation or common law principle; to the extent it seeks the disclosure of information already known or available to Defendant or documents in Defendant's possession that are more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense; and to the extent that it is duplicative or cumulative of other Requests.

Without waiving any relevant objection, Plaintiff will produce all non-privileged responsive documents in her possession.

**REQUEST NO. 38:**

All documents concerning the allegation that Henry sent Eckhart threatening messages.

**RESPONSE TO REQUEST NO. 38:**

Plaintiff objects to this Request to the extent that it is overly broad, oppressive and/or unduly burdensome; to the extent it seeks information or documents that are protected from disclosure under the attorney-client privilege, the work-product doctrine and/or any other applicable privilege, protection, statute, rule, regulation or common law principle; to the extent it seeks the disclosure of information already known or available to Defendant or documents in Defendant's possession that are more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense; and to the extent that it is duplicative or cumulative of other Requests.

Without waiving any relevant objection, Plaintiff will produce all non-privileged responsive documents in her possession.

**REQUEST NO. 39:**

All documents concerning the allegation in Paragraph 12 of the Complaint that "Ms. Eckhart is not Mr. Henry's only victim" and/or that "he has subjected at least more than half a dozen other women, including current Fox News female employees, to sexual misconduct and/or abuse…"

**RESPONSE TO REQUEST NO. 39:**

Plaintiff objects to this Request to the extent that it seeks the disclosure of confidential information that concerns individuals other than Plaintiff who are not parties to this action, the disclosure of which would violate the privacy interests of such individuals; it is overly broad, oppressive and/or unduly burdensome; to the extent it seeks information or documents that are protected from disclosure under the attorney-client privilege, the work-product doctrine and/or any other applicable privilege, protection, statute, rule, regulation or common law principle; to the extent it seeks the disclosure of information already known or available to Defendant or documents in Defendant's possession that are more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense; and to the extent that it is duplicative or cumulative of other Requests.

Without waiving any relevant objection, Plaintiff will produce all non-privileged responsive documents in her possession.

**REQUEST NO. 40:**

All documents concerning the allegation in Paragraph 16 of the Complaint that "Ms. Eckhart previously filed a Charge with the Equal Employment Opportunity Commission ('EEOC') alleging violations of Title VII," and that "on September 15, 2020, Ms. Eckhart received her Notice of Right to Sue," including, but not limited to, copies of the EEOC Charge, Notice of Right to Sue, and any and all other documents that Eckhart relied upon in preparing and/or filing such EEOC Charge.

**RESPONSE TO REQUEST NO. 40:**

Plaintiff objects to this Request to the extent that it seeks information or documents that are irrelevant, immaterial and/or not reasonably calculated to lead to the discovery of admissible

evidence in this action; to the extent it seeks information or documents that are protected from

disclosure under the attorney-client privilege, the work-product doctrine and/or any other

applicable privilege, protection, statute, rule, regulation or common law principle; and to the

extent that it is duplicative or cumulative of other Requests.

 Without waiving any relevant objection, Plaintiff will produce all non-privileged

responsive documents in her possession.

## REQUEST NO. 41:

All documents concerning the allegation in Paragraph 24 of the Complaint which describe and/or
concern Eckhart's title, duties and/or responsibilities when working for and/or with Ms. Claman.

## RESPONSE TO REQUEST NO. 41:

 Plaintiff objects to this Request to the extent it seeks information or documents that are

irrelevant, immaterial and/or not reasonably calculated to lead to the discovery of admissible

evidence in this action, it is overly broad, oppressive and/or unduly burdensome; to the extent it

seeks information or documents that are protected from disclosure under the attorney-client

privilege, the work-product doctrine and/or any other applicable privilege, protection, statute,

rule, regulation or common law principle; to the extent it is not reasonably limited in time or

seeks information or documents outside the time period relevant to the present litigation; to the

extent it seeks the disclosure of information already known or available to Defendant or

documents in Defendant's possession that are more readily obtained by Defendant without

subjecting Plaintiff to unreasonable burden and expense; and to the extent that it is duplicative or

cumulative of other Requests.

 Without waiving any relevant objection, Plaintiff will produce all non-privileged

responsive documents in her possession.

**REQUEST NO. 42:**

All documents concerning the allegations in Paragraphs 30 and 31 of the Complaint regarding Ms. Eckhart's promotions, including any and all documents concerning Ms. Eckhart's title, duties and/or responsibilities.

**RESPONSE TO REQUEST NO. 42:**

      Plaintiff objects to this Request to the extent it seeks information or documents that are

irrelevant, immaterial and/or not reasonably calculated to lead to the discovery of admissible

evidence in this action; to the extent it is overly broad, oppressive and/or unduly burdensome; to

the extent it seeks information or documents that are protected from disclosure under the

attorney-client privilege, the work-product doctrine and/or any other applicable privilege,

protection, statute, rule, regulation or common law principle; to the extent it is not reasonably

limited in time or seeks information or documents outside the time period relevant to the present

litigation; to the extent it seeks the disclosure of information already known or available to

Defendant or documents in Defendant's possession that are more readily obtained by Defendant

without subjecting Plaintiff to unreasonable burden and expense; and to the extent that it is

duplicative or cumulative of other Requests.

      Without waiving any relevant objection, Plaintiff will produce all non-privileged

responsive documents in her possession.

**REQUEST NO. 43:**

All documents concerning the allegations in Paragraph 32 of the Complaint that "Ms. Eckhart performed a variety of roles during her more than seven years at Fox News," including but not limited to those roles purportedly enumerated at Paragraph 32 of the Complaint, and/or any other roles which Eckhart claims to have performed for Fox News and/or Henry at any point in time.

**RESPONSE TO REQUEST NO. 43:**

      Plaintiff objects to this Request to the extent it seeks information or documents that are

irrelevant, immaterial and/or not reasonably calculated to lead to the discovery of admissible

evidence in this action; to the extent it is overly broad, oppressive and/or unduly burdensome; to

the extent it seeks information or documents that are protected from disclosure under the

attorney-client privilege, the work-product doctrine and/or any other applicable privilege,

protection, statute, rule, regulation or common law principle; to the extent it is not reasonably

limited in time or seeks information or documents outside the time period relevant to the present

litigation; to the extent it seeks the disclosure of information already known or available to

Defendant or documents in Defendant's possession that are more readily obtained by Defendant

without subjecting Plaintiff to unreasonable burden and expense; and to the extent that it is

duplicative or cumulative of other Requests.

Without waiving any relevant objection, Plaintiff will produce all non-privileged

responsive documents in her possession.

**REQUEST NO. 44:**

All documents concerning the allegation in Paragraph 25 of the Complaint that "Ms. Claman
demanded that Ms. Eckhart perform a variety of humiliating tasks," including but not limited to
those specifically enumerated at Paragraph 25, and/or any others which Eckhart intends to rely
upon in support of that claim.

**RESPONSE TO REQUEST NO. 44:**

Plaintiff objects to this Request to the extent it seeks information or documents that are

irrelevant, immaterial and/or not reasonably calculated to lead to the discovery of admissible

evidence in this action; to the extent it is overly broad, oppressive and/or unduly burdensome; to

the extent it seeks information or documents that are protected from disclosure under the

attorney-client privilege, the work-product doctrine and/or any other applicable privilege,

protection, statute, rule, regulation or common law principle; to the extent it is not reasonably

limited in time or seeks information or documents outside the time period relevant to the present

litigation; to the extent it seeks the disclosure of information already known or available to

Defendant or documents in Defendant's possession that are more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense; and to the extent that it is duplicative or cumulative of other Requests.

Without waiving any relevant objection, Plaintiff will produce all non-privileged responsive documents in her possession.

**REQUEST NO. 45:**

All documents concerning the allegation in Paragraph 26 of the Complaint that Eckhart was "belittled and mistreated by Ms. Claman," including but not limited to the email referenced therein and any and all communications between Eckhart and Claman prior to, or following, Eckhart's receipt of that document.

**RESPONSE TO REQUEST NO. 45:**

Plaintiff objects to this Request to the extent it seeks information or documents that are irrelevant, immaterial and/or not reasonably calculated to lead to the discovery of admissible evidence in this action; to the extent it is overly broad, oppressive and/or unduly burdensome; to the extent it seeks information or documents that are protected from disclosure under the attorney-client privilege, the work-product doctrine and/or any other applicable privilege, protection, statute, rule, regulation or common law principle; to the extent it is not reasonably limited in time or seeks information or documents outside the time period relevant to the present litigation; to the extent it seeks the disclosure of information already known or available to Defendant or documents in Defendant's possession that are more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense; and to the extent that it is duplicative or cumulative of other Requests.

Without waiving any relevant objection, Plaintiff does not have any responsive documents in her possession, as they are all in the sole possession of Fox.

**REQUEST NO. 46:**

All documents concerning the allegations in Paragraph 26 of the Complaint that Eckhart received "many abusive emails… during the course of her employment at Fox News," including but not limited to copies of each alleged "abusive email[,]" and any and all communications between Eckhart and Claman or other third party prior to, or following, Eckhart's receipt of those documents.

**RESPONSE TO REQUEST NO. 46:**

Plaintiff objects to this Request to the extent that it seeks information or documents that are irrelevant, immaterial and/or not reasonably calculated to lead to the discovery of admissible evidence in this action; to the extent it is overly broad, oppressive and/or unduly burdensome; to the extent it seeks information or documents that are protected from disclosure under the attorney-client privilege, the work-product doctrine and/or any other applicable privilege, protection, statute, rule, regulation or common law principle; to the extent it is not reasonably limited in time or seeks information or documents outside the time period relevant to the present litigation; to the extent it seeks information or documents that are irrelevant, immaterial and/or not reasonably calculated to lead to the discovery of admissible evidence in this action; to the extent it seeks the disclosure of information already known or available to Defendant or documents in Defendant's possession that are more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense; and to the extent that it is duplicative or cumulative of other Requests.

Without waiving any relevant objection, Plaintiff does not have any responsive documents in her possession, as they are all in the sole possession of Fox.

**REQUEST NO. 47:**

All documents concerning the allegation in Paragraph 27 of the Complaint that Ms. Eckhart received an email from Ms. Claman reprimanding her for booking a former United States Senator, including but not limited to the email referenced therein and any and all

communications between Eckhart and Claman prior to, or following, Eckhart's receipt of that document.

## RESPONSE TO REQUEST NO. 47:

Plaintiff objects to this Request to the extent that it seeks information or documents that are irrelevant, immaterial and/or not reasonably calculated to lead to the discovery of admissible evidence in this action; to the extent it is overly broad, oppressive and/or unduly burdensome; to the extent it seeks information or documents that are protected from disclosure under the attorney-client privilege, the work-product doctrine and/or any other applicable privilege, protection, statute, rule, regulation or common law principle; to the extent it is not reasonably limited in time or seeks information or documents outside the time period relevant to the present litigation; to the extent it seeks information or documents that are irrelevant, immaterial and/or not reasonably calculated to lead to the discovery of admissible evidence in this action; to the extent it seeks the disclosure of information already known or available to Defendant or documents in Defendant's possession that are more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense; and to the extent that it is duplicative or cumulative of other Requests.

Without waiving any relevant objection, Plaintiff does not have any responsive documents in her possession, as they are all in the sole possession of Fox.

## REQUEST NO. 48:

All documents concerning the allegations in Paragraph 27 of the Complaint that "Ms. Claman went on to excoriate Ms. Eckhart (and her team) over email stating, 'You need to tell [fill-in anchor] this is not [Stuart] Varney or 'Mornings with Maria' [Bartiromo] where we give people a pass or say things like 'the main stream media ignores blah blah blah.' ['Countdown to the Closing Bell'] is not Trump State TV," including but not limited to any and all communications between Eckhart and Claman prior to, or following, Eckhart's receipt of those documents.

**RESPONSE TO REQUEST NO. 48:**

Plaintiff objects to this Request to the extent that it seeks information or documents that are irrelevant, immaterial and/or not reasonably calculated to lead to the discovery of admissible evidence in this action; to the extent it is overly broad, oppressive and/or unduly burdensome; to the extent it seeks information or documents that are protected from disclosure under the attorney-client privilege, the work-product doctrine and/or any other applicable privilege, protection, statute, rule, regulation or common law principle; to the extent it is not reasonably limited in time or seeks information or documents outside the time period relevant to the present litigation; to the extent it seeks information or documents that are irrelevant, immaterial and/or not reasonably calculated to lead to the discovery of admissible evidence in this action; to the extent it seeks the disclosure of information already known or available to Defendant or documents in Defendant's possession that are more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense; and to the extent that it is duplicative or cumulative of other Requests.

Without waiving any relevant objection, Plaintiff does not have any responsive documents in her possession, as they are all in the sole possession of Fox.

**REQUEST NO. 49:**

All documents concerning the allegation in Paragraph 28 of the Complaint that "on one documented occasion, Ms. Claman called another former producer of hers at Fox Business 'a retard' while caught on a hot microphone on set during a commercial break."

**RESPONSE TO REQUEST NO. 49:**

Plaintiff objects to this Request to the extent that it seeks information or documents that are irrelevant, immaterial and/or not reasonably calculated to lead to the discovery of admissible evidence in this action; to the extent it is overly broad, oppressive and/or unduly burdensome; to

the extent it seeks information or documents that are protected from disclosure under the

attorney-client privilege, the work-product doctrine and/or any other applicable privilege,

protection, statute, rule, regulation or common law principle; to the extent it is not reasonably

limited in time or seeks information or documents outside the time period relevant to the present

litigation; to the extent it seeks information or documents that are irrelevant, immaterial and/or

not reasonably calculated to lead to the discovery of admissible evidence in this action; to the

extent it seeks the disclosure of information already known or available to Defendant or

documents in Defendant's possession that are more readily obtained by Defendant without

subjecting Plaintiff to unreasonable burden and expense; and to the extent that it is duplicative or

cumulative of other Requests.

    Without waiving any relevant objection, Plaintiff does not have any responsive

documents in her possession, as they are all in the sole possession of Fox.

**REQUEST NO. 50:**

All documents concerning the allegation in Paragraph 29 of the Complaint that there were other
"examples of Ms. Claman's frequent berating and belittling of her production staff in person and
over corporate email," including but not limited to copies of any and all such emails and any and
all communications between Eckhart and Claman prior to, or following, Eckhart's receipt of
those documents.

**RESPONSE TO REQUEST NO. 50:**

    Plaintiff objects to this Request to the extent that it seeks information or documents that

are irrelevant, immaterial and/or not reasonably calculated to lead to the discovery of admissible

evidence in this action; to the extent it is overly broad, oppressive and/or unduly burdensome; to

the extent it seeks information or documents that are protected from disclosure under the

attorney-client privilege, the work-product doctrine and/or any other applicable privilege,

protection, statute, rule, regulation or common law principle; to the extent it is not reasonably

limited in time or seeks information or documents outside the time period relevant to the present

litigation; to the extent it seeks information or documents that are irrelevant, immaterial and/or

not reasonably calculated to lead to the discovery of admissible evidence in this action; to the

extent it seeks the disclosure of information already known or available to Defendant or

documents in Defendant's possession that are more readily obtained by Defendant without

subjecting Plaintiff to unreasonable burden and expense; and to the extent that it is duplicative or

cumulative of other Requests.

   Without waiving any relevant objection, Plaintiff does not have any responsive

documents in her possession, as they are all in the sole possession of Fox.

**REQUEST NO. 51:**

All documents concerning the allegation in Paragraph 29 of the Complaint that "on numerous occasions, Ms. Eckhart's manager, Brad Hirst would order the production staff lunch as a way of 'celebrating' Ms. Claman's absence, thereby admitting to the toxic abuse to which Ms. Eckhart and her staff would often be subjected under his leadership."

**RESPONSE TO REQUEST NO. 51:**

   Plaintiff objects to this Request to the extent that it seeks information or documents that

are irrelevant, immaterial and/or not reasonably calculated to lead to the discovery of admissible

evidence in this action; to the extent it is overly broad, oppressive and/or unduly burdensome; to

the extent it seeks information or documents that are protected from disclosure under the

attorney-client privilege, the work-product doctrine and/or any other applicable privilege,

protection, statute, rule, regulation or common law principle; to the extent it is not reasonably

limited in time or seeks information or documents outside the time period relevant to the present

litigation; to the extent it seeks information or documents that are irrelevant, immaterial and/or

not reasonably calculated to lead to the discovery of admissible evidence in this action; to the

extent it seeks the disclosure of information already known or available to Defendant or

documents in Defendant's possession that are more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense; and to the extent that it is duplicative or cumulative of other Requests.

Without waiving any relevant objection, Plaintiff does not have any responsive documents in her possession, as they are all in the sole possession of Fox or its employees.

## REQUEST NO. 52:

All documents concerning the allegation in Paragraph 30 of the Complaint that Eckhart "receiv[ed] a stellar performance evaluation from her former manager, Kevin Burke" in which he 'praised Ms. Eckhart's 'work ethic, attitude, production skills and ability to work under deadline pressure.'"

## RESPONSE TO REQUEST NO. 52:

Plaintiff objects to this Request to the extent that it seeks information or documents that are irrelevant, immaterial and/or not reasonably calculated to lead to the discovery of admissible evidence in this action; to the extent it is overly broad, oppressive and/or unduly burdensome; to the extent it seeks information or documents that are protected from disclosure under the attorney-client privilege, the work-product doctrine and/or any other applicable privilege, protection, statute, rule, regulation or common law principle; to the extent it is not reasonably limited in time or seeks information or documents outside the time period relevant to the present litigation; to the extent it seeks information or documents that are irrelevant, immaterial and/or not reasonably calculated to lead to the discovery of admissible evidence in this action; to the extent it seeks the disclosure of information already known or available to Defendant or documents in Defendant's possession that are more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense; and to the extent that it is duplicative or cumulative of other Requests.

Without waiving any relevant objection, Plaintiff will produce all non-privileged responsive documents in her possession, to the extent they are not in the sole possession of Fox.

**REQUEST NO. 53:**

All documents concerning the allegation in Paragraph 33 of the Complaint that "throughout her employment, Ms. Eckhart received substantial praise for her outstanding work performance and dedication," including but not limited to those specifically enumerated at Paragraph 33, and/or any other praise Eckhart claims to have received from any person at Fox News during her tenure.

**RESPONSE TO REQUEST NO. 53:**

Plaintiff objects to this Request to the extent that it seeks information or documents that are irrelevant, immaterial and/or not reasonably calculated to lead to the discovery of admissible evidence in this action; to the extent it is overly broad, oppressive and/or unduly burdensome; to the extent it seeks information or documents that are protected from disclosure under the attorney-client privilege, the work-product doctrine and/or any other applicable privilege, protection, statute, rule, regulation or common law principle; to the extent it is not reasonably limited in time or seeks information or documents outside the time period relevant to the present litigation; to the extent it seeks information or documents that are irrelevant, immaterial and/or not reasonably calculated to lead to the discovery of admissible evidence in this action; to the extent it seeks the disclosure of information already known or available to Defendant or documents in Defendant's possession that are more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense; and to the extent that it is duplicative or cumulative of other Requests.

Without waiving any relevant objection, Plaintiff will produce all non-privileged responsive documents in her possession, to the extent they are not in the sole possession of Fox.

**REQUEST NO. 54:**

All documents concerning Eckhart's Performance Improvement Plan ("PIP"), and/or any disciplinary or constructive feedback that Eckhart received from anyone at Fox News.

**RESPONSE TO REQUEST NO. 54:**

Plaintiff objects to this Request to the extent it is overly broad, oppressive and/or unduly burdensome, it seeks the disclosure of information already known or available to Defendant or documents in Defendant's possession that are more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense; and to the extent that it is duplicative or cumulative of other Requests.

Without waiving any relevant objection, Plaintiff will produce all non-privileged responsive documents in her possession, to the extent they are not in the sole possession of Fox.

**REQUEST NO. 55:**

All documents concerning Eckhart's purported complaint and/or raising of concerns to any person at Fox News about a toxic work environment, hostile work environment, misconduct by anyone (including Henry), and/or concerning Henry himself.

**RESPONSE TO REQUEST NO. 55:**

Plaintiff objects to this Request to the extent it is overly broad, oppressive and/or unduly burdensome, it seeks the disclosure of information already known or available to Defendant or documents in Defendant's possession that are more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense; to the extent that it seeks information or documents that are protected from disclosure under the attorney-client privilege, the work-product doctrine and/or any other applicable privilege, protection, statute, rule, regulation or common law principle; to the extent it requires a legal conclusion; and to the extent that it is duplicative or cumulative of other Requests.

Without waiving any relevant objection, Plaintiff will produce all non-privileged responsive documents in her possession, to the extent they are not in the sole possession of Fox.

**REQUEST NO. 56:**

All documents concerning any report and/or disclosure or discussion by Eckhart before June 25, 2020 with anyone in Fox News human resources, legal, or management concerning her sexual encounters with Henry and/or concerning Henry.

**RESPONSE TO REQUEST NO. 56:**

Plaintiff objects to this Request to the extent it is overly broad, oppressive and/or unduly burdensome; to the extent it seeks the disclosure of information already known or available to Defendant or documents in Defendant's possession that are more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense; to the extent that it seeks information or documents that are protected from disclosure under the attorney-client privilege, the work-product doctrine and/or any other applicable privilege, protection, statute, rule, regulation or common law principle; and to the extent that it is duplicative or cumulative of other Requests.

Without waiving any relevant objection, Plaintiff will produce all non-privileged responsive documents in her possession, to the extent they are not in the sole possession of Fox.

**REQUEST NO. 57:**

All documents concerning the allegation contained at Paragraph 90 of the Complaint that "on February 10, 202, Ms. Eckhart … came forward and attempted to expose the toxic work environment she had been experiencing while employed at Fox News."

**RESPONSE TO REQUEST NO. 57:**

Plaintiff objects to this Request to the extent it is overly broad, oppressive and/or unduly burdensome, it seeks the disclosure of information already known or available to Defendant or documents in Defendant's possession that are more readily obtained by Defendant without

subjecting Plaintiff to unreasonable burden and expense; to the extent that it seeks information or

documents that are protected from disclosure under the attorney-client privilege, the work-

product doctrine and/or any other applicable privilege, protection, statute, rule, regulation or

common law principle; and to the extent that it is duplicative or cumulative of other Requests.

Without waiving any relevant objection, Plaintiff will produce all non-privileged

responsive documents in her possession, to the extent they are not in the sole possession of Fox.

**REQUEST NO. 58:**

All documents concerning the allegation contained at Paragraph 90 of the Complaint that "during a conversation with Denise Collins… and Mr. Hirst, [Eckhart] informed them about the abuse and hostility that she had endured for years," including but not limited to any notes that Eckhart has of such conversation.

**RESPONSE TO REQUEST NO. 58:**

Plaintiff objects to this Request to the extent it is overly broad, oppressive and/or unduly

burdensome; to the extent it seeks the disclosure of information already known or available to

Defendant or documents in Defendant's possession that are more readily obtained by Defendant

without subjecting Plaintiff to unreasonable burden and expense; to the extent that it seeks

information or documents that are protected from disclosure under the attorney-client privilege,

the work-product doctrine and/or any other applicable privilege, protection, statute, rule,

regulation or common law principle; and to the extent that it is duplicative or cumulative of other

Requests.

Without waiving any relevant objection, Plaintiff will produce all non-privileged

responsive documents in her possession, to the extent they are not in the sole possession of Fox.

**REQUEST NO. 59:**

All documents concerning the allegation contained at Paragraph 91 of the Complaint that "Ms. Collins and Mr. Hirst ignored Ms. Eckhart's … plea for help," "never followed up with Ms.

Eckhart," and never "ma[de] any effort to investigate or remediate the toxic working environment she complained about."

**RESPONSE TO REQUEST NO. 59:**

Plaintiff objects to this Request to the extent it seeks the disclosure of information already known or available to Defendant or documents in Defendant's possession that are more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense; to the extent it seeks information or documents that are protected from disclosure under the attorney-client privilege, the work-product doctrine and/or any other applicable privilege, protection, statute, rule, regulation or common law principle; and to the extent that it is duplicative or cumulative of other Requests.

Without waiving any relevant objection, Plaintiff will produce all non-privileged responsive documents in her possession, to the extent they are not in the sole possession of Fox.

**REQUEST NO. 60:**

All documents concerning the allegation contained at Paragraph 91 of the Complaint that "Mr. Hirst told Ms. Eckhart to 'prepare herself to face repercussions' if she lodged any further complaints."

**RESPONSE TO REQUEST NO. 60:**

Plaintiff objects to this Request to the extent it seeks the disclosure of information already known or available to Defendant or documents in Defendant's possession that are more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense; to the extent it seeks information or documents that are protected from disclosure under the attorney-client privilege, the work-product doctrine and/or any other applicable privilege, protection, statute, rule, regulation or common law principle; and to the extent that it is duplicative or cumulative of other Requests.

Without waiving any relevant objection, Plaintiff will produce all non-privileged responsive documents in her possession, to the extent they are not in the sole possession of Fox.

**REQUEST NO. 61:**

All documents concerning the allegation contained at Paragraph 93 of the Complaint that on June 9, 2020, Ms. Eckhart received an email from Mr. Hirst including but not limited to copies of that email and any and all communications between Eckhart and Hirst prior to, or following, Eckhart's receipt of that document.

**RESPONSE TO REQUEST NO. 61:**

Plaintiff objects to this Request to the extent it seeks the disclosure of information already known or available to Defendant or documents in Defendant's possession that are more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense; to the extent it seeks information or documents that are protected from disclosure under the attorney-client privilege, the work-product doctrine and/or any other applicable privilege, protection, statute, rule, regulation or common law principle; and to the extent that it is duplicative or cumulative of other Requests.

Without waiving any relevant objection, Plaintiff will produce all non-privileged responsive documents in her possession, to the extent they are not in the sole possession of Fox.

**REQUEST NO. 62:**

All documents concerning the allegation contained at Paragraph 94 of the Complaint that "on June 12, 2020, Fox News further retaliated against Ms. Eckhart by informing her that her employment would be terminated effective June 26, 2020."

**RESPONSE TO REQUEST NO. 62:**

Plaintiff objects to this Request to the extent it seeks the disclosure of information already known or available to Defendant or documents in Defendant's possession that are more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense; to the extent it seeks information or documents that are protected from disclosure under the attorney-

client privilege, the work-product doctrine and/or any other applicable privilege, protection,

statute, rule, regulation or common law principle; and to the extent that it is duplicative or

cumulative of other Requests.

Without waiving any relevant objection, Plaintiff will produce all non-privileged

responsive documents in her possession, to the extent they are not in the sole possession of Fox.

**REQUEST NO. 63:**

All documents concerning Eckhart's termination from Fox News, including but not limited to a copy of any statement that Eckhart may have read or consulted at her termination meeting.

**RESPONSE TO REQUEST NO. 63:**

Plaintiff objects to this Request to the extent it seeks the disclosure of information already

known or available to Defendant or documents in Defendant's possession that are more readily

obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense; and to

the extent that it is duplicative or cumulative of other Requests.

Without waiving any relevant objection, Plaintiff will produce all non-privileged

responsive documents in her possession, to the extent they are not in the sole possession of Fox.

**REQUEST NO. 64:**

All documents concerning the allegation contained at Paragraph 94 of the Complaint that during her termination meeting, "Ms. Collins asked Ms. Eckhart if she had been sexually harassed and/or assaulted while employed by Fox News."

**RESPONSE TO REQUEST NO. 64:**

Plaintiff objects to this Request to the extent it seeks the disclosure of information already

known or available to Defendant or documents in Defendant's possession that are more readily

obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense; to the

extent it seeks information or documents that are protected from disclosure under the attorney-

client privilege, the work-product doctrine and/or any other applicable privilege, protection,

statute, rule, regulation or common law principle; and to the extent that it is duplicative or cumulative of other Requests.

Without waiving any relevant objection, Plaintiff will produce all non-privileged responsive documents in her possession, to the extent they are not in the sole possession of Fox.

**REQUEST NO. 65:**

All documents concerning the allegation in Paragraphs 36 and 37 of the Complaint that "at some point in 2014… [Henry] began following [Eckhart] on Twitter," and "shortly thereafter… sent Ms. Eckhart a Direct Message ('DM') … that said only, 'beautiful,'" including but not limited to a complete copy of the alleged Twitter conversation and any and all communications between Eckhart and Henry prior to, or following, Eckhart's receipt of that communication.

**RESPONSE TO REQUEST NO. 65:**

Plaintiff objects to this Request to the extent it seeks information or documents that are irrelevant, immaterial and/or not reasonably calculated to lead to the discovery of admissible evidence in this action; to the extent it is overly broad, oppressive and/or unduly burdensome; to the extent it seeks information or documents that are protected from disclosure under the attorney-client privilege, the work-product doctrine and/or any other applicable privilege, protection, statute, rule, regulation or common law principle; and that it is duplicative or cumulative of other Requests.

Without waiving any relevant objection, Plaintiff will produce all non-privileged responsive documents in her possession.

**REQUEST NO. 66:**

All documents concerning Eckhart's response(s) to Henry's Direct Message(s), as alleged at Paragraphs 37 and 38 of the Complaint, including any messages which "made it clear [t]hat [Eckhart] was not romantically interested in Mr. Henry," any message in which "Eckhart told Mr. Henry that she was a fan of his work and that it would be an honor to meet him one day," and/or any and all other and/or prior and/or subsequent correspondence between Henry and Eckhart on Twitter, Instagram, and/or on any other social media platform, as well as by email, text message, including but not limited to WhatsApp, and/or in any other electronic format and

any and all communications between Eckhart and Henry prior to, or following, Eckhart's receipt of those documents.

**RESPONSE TO REQUEST NO. 66:**

Plaintiff objects to this Request to the extent that it is duplicative or cumulative of other

Requests; and to the extent it seeks information or documents that are protected from disclosure

under the attorney-client privilege, the work-product doctrine and/or any other applicable

privilege, protection, statute, rule, regulation or common law principle.

Without waiving any relevant objection, Plaintiff respectfully refers Defendant to her

Response to Request No. 4.

**REQUEST NO. 67:**

All documents concerning the allegation in Paragraph 39 of the Complaint that Henry "just so happened to be at Fox News' New York offices that day, and asked that Ms. Eckhart come meet him in one of the green rooms prior to his on-air appearance as the 'One Lucky Guy' on Fox News' all-female show 'Outnumbered,'" and any and all any and all communications between Eckhart and Henry following Henry's request.

**RESPONSE TO REQUEST NO. 67:**

Plaintiff objects to this Request to the extent that it is duplicative or cumulative of other

Requests; and to the extent it seeks information or documents that are protected from disclosure

under the attorney-client privilege, the work-product doctrine and/or any other applicable

privilege, protection, statute, rule, regulation or common law principle.

Without waiving any relevant objection, Plaintiff respectfully refers Defendant to her

Response to Request No. 4.

**REQUEST NO. 68:**

All documents concerning the allegation in Paragraph 40 of the Complaint that Eckhart met Henry at the green room (as alleged at Paragraph 39) but "in no way gave any indication that she was romantically interested in Mr. Henry."

**RESPONSE TO REQUEST NO. 68:**

Plaintiff objects to this Request to the extent that it is duplicative or cumulative of other

Requests; and to the extent it seeks information or documents that are protected from disclosure

under the attorney-client privilege, the work-product doctrine and/or any other applicable

privilege, protection, statute, rule, regulation or common law principle.

Without waiving any applicable objection, Plaintiff will produce all non-privileged

responsive documents in her possession.

**REQUEST NO. 69:**

All documents concerning the photograph that Eckhart and Henry allegedly took (as referred to
at Paragraph 40 of the Complaint), including but not limited to the photograph itself and any and
all correspondence between Eckhart and any third party concerning and/or transmitting such
photograph.

**RESPONSE TO REQUEST NO. 69:**

Plaintiff objects to this Request to the extent that it is duplicative or cumulative of other

Requests; and to the extent it seeks information or documents that are protected from disclosure

under the attorney-client privilege, the work-product doctrine and/or any other applicable

privilege, protection, statute, rule, regulation or common law principle.

Without waiving any applicable objection, Plaintiff will produce all non-privileged

responsive documents in her possession.

**REQUEST NO. 70:**

Copies of each and every photograph that Eckhart and/or Henry took together and/or transmitted
to one another from January 2, 2013 through the present, as well as any and all correspondence
between Eckhart and Henry and/or any third party concerning and/or transmitting such
photograph(s), including but not limited to the Twitter DM from Henry to Eckhart as alleged at
Paragraph 41, and any and all communications between Eckhart and Henry prior to, or
following, Eckhart's receipt of that photograph on Twitter and/or in any format.

**RESPONSE TO REQUEST NO. 70:**

Plaintiff objects to this Request to the extent that that it is overly broad, oppressive and/or

unduly burdensome, it is not reasonably limited in time or seeks information or documents

outside the time period relevant to the present litigation and it seeks information or documents

that are irrelevant, immaterial and/or not reasonably calculated to lead to the discovery of

admissible evidence in this action; and it is duplicative or cumulative of other Requests.

Without waiving any applicable objection, Plaintiff respectfully refers Defendant to her

Response to Request No. 4.

**REQUEST NO. 71:**

All documents concerning the allegation in Paragraph 42 of the Complaint that "when Ms.
Eckhart failed to reciprocate Mr. Henry's romantic overtures, he persisted, continuing to DM her
and asked [sic] her to get drinks with him."

**RESPONSE TO REQUEST NO. 71:**

Plaintiff objects to this Request to the extent that it is duplicative or cumulative of other

Requests; and to the extent it seeks information or documents that are protected from disclosure

under the attorney-client privilege, the work-product doctrine and/or any other applicable

privilege, protection, statute, rule, regulation or common law principle.

Without waiving any applicable objection, Plaintiff respectfully refers Defendant to her

Response to Request No. 4.

**REQUEST NO. 72:**

All documents concerning the allegation in Paragraph 42 of the Complaint that "Mr. Henry's
unrelenting advances made [Eckhart] uncomfortable" and/or that "[Eckhart] made up an excuse
to get out of meeting [Henry] for drinks."

## RESPONSE TO REQUEST NO. 72:

Plaintiff objects to this Request to the extent that it is duplicative or cumulative of other

Requests; and to the extent it seeks information or documents that are protected from disclosure

under the attorney-client privilege, the work-product doctrine and/or any other applicable

privilege, protection, statute, rule, regulation or common law principle.

Without waiving any applicable objection, Plaintiff will produce all non-privileged

responsive documents in her possession.

## REQUEST NO. 73:

All documents concerning the allegation in Paragraph 42 of the Complaint that Henry "wrote to
[Eckhart] in an email, 'Yep. Hard to get,'" including but not limited to any and all
communications between Eckhart and Henry prior to, or following, Eckhart's receipt of that
email, in any format.

## RESPONSE TO REQUEST NO. 73:

Plaintiff objects to this Request to the extent that it is duplicative or cumulative of other

Requests; and to the extent it seeks information or documents that are protected from disclosure

under the attorney-client privilege, the work-product doctrine and/or any other applicable

privilege, protection, statute, rule, regulation or common law principle.

Without waiving any applicable objection, Plaintiff respectfully refers Defendant to her

Response to Request No. 4.

## REQUEST NO. 74:

Copies of any and all flirtatious, sexual or sexually graphic communications that Henry sent
Eckhart and/or vice versa, including copies of any and all messages between Eckhart and Henry
prior to, or following, her receipt of such communications.

## RESPONSE TO REQUEST NO. 74:

Plaintiff objects to this Request to the extent that it is vague, ambiguous and/or lacks

sufficient particularity so that Plaintiff cannot understand what information and/or documents

Defendant is seeking and is unable to formulate a responsive answer; to the extent that it is duplicative or cumulative of other Requests.

Without waiving any applicable objection, Plaintiff respectfully refers Defendant to her Response to Request No. 4.

**REQUEST NO. 75:**

All documents concerning the allegation in Paragraph 43 of the Complaint that "Ms. Eckhart… felt pressured and compelled to respond and, to a degree, 'play along' with Mr. Henry," including copies of any and all messages and/or communications which demonstrate Eckhart was "playing along" with Mr. Henry, and any and all communications between Eckhart and Henry prior to, or following, Eckhart's receipt of those documents.

**RESPONSE TO REQUEST NO. 75:**

Plaintiff objects to this Request to the extent that it is overly broad, oppressive and/or unduly burdensome; to the extent it seeks information or documents that are protected from disclosure under the attorney-client privilege, the work-product doctrine and/or any other applicable privilege, protection, statute, rule, regulation or common law principle; and to the extent that it is duplicative or cumulative of other Requests.

Without waiving any applicable objection, Plaintiff respectfully refers Defendant to her Response to Request No. 4.

**REQUEST NO. 76:**

All documents concerning the allegation in Paragraph 44 of the Complaint that "Ms. Eckhart repeatedly refused to meet Mr. Henry for drinks."

**RESPONSE TO REQUEST NO. 76:**

Plaintiff objects to this Request to the extent that it is duplicative or cumulative of other Requests; and to the extent it seeks information or documents that are protected from disclosure under the attorney-client privilege, the work-product doctrine and/or any other applicable privilege, protection, statute, rule, regulation or common law principle.

Without waiving any applicable objection, Plaintiff respectfully refers Defendant to her

Response to Request No. 4.

**REQUEST NO. 77:**

All documents concerning the allegation in Paragraph 44 of the Complaint that "undeterred, Mr. Henry continued to act inappropriately and continued to pressure Ms. Eckhart into having drinks with him."

**RESPONSE TO REQUEST NO. 77:**

Plaintiff objects to this Request to the extent that it is duplicative or cumulative of other

Requests; and to the extent it seeks information or documents that are protected from disclosure

under the attorney-client privilege, the work-product doctrine and/or any other applicable

privilege, protection, statute, rule, regulation or common law principle.

Without waiving any applicable objection, Plaintiff respectfully refers Defendant to her

Response to Request No. 4.

**REQUEST NO. 78:**

All documents concerning the allegations in Paragraphs 44 and 45 of the Complaint that "finally, after several months of being worn down by Mr. Henry's advances, Ms. Eckhart agreed to meet him for one drink… at the New York Marriott Marquis…"

**RESPONSE TO REQUEST NO. 78:**

Plaintiff objects to this Request to the extent that it is duplicative or cumulative of other

Requests; and to the extent it seeks information or documents that are protected from disclosure

under the attorney-client privilege, the work-product doctrine and/or any other applicable

privilege, protection, statute, rule, regulation or common law principle.

Without waiving any applicable objection, Plaintiff respectfully refers Defendant to her

Response to Request No. 4.

**REQUEST NO. 79:**

A copy of the list of "career-related questions" that Eckhart allegedly prepared for her meeting with Henry, as alleged at Paragraph 46 of the Complaint.

**RESPONSE TO REQUEST NO. 79:**

Plaintiff objects to this request to the extent it seeks information or documents that are protected from disclosure under the attorney-client privilege, the work-product doctrine and/or any other applicable privilege, protection, statute, rule, regulation or common law principle.

Without waiving any applicable objection, Plaintiff is no longer in possession of this list.

**REQUEST NO. 80:**

All documents concerning the allegations in Paragraph 49 of the Complaint that "as soon as the two entered his hotel room, Mr. Henry, out of nowhere, began forcefully kissing Ms. Eckhart" and/or that "[Eckhart] relented to sexual intercourse with him against her will."

**RESPONSE TO REQUEST NO. 80:**

Plaintiff objects to this Request to the extent that it is duplicative or cumulative of other Requests; and to the extent it seeks information or documents that are protected from disclosure under the attorney-client privilege, the work-product doctrine and/or any other applicable privilege, protection, statute, rule, regulation or common law principle.

Without waiving any applicable objection, Plaintiff respectfully refers Defendant to her Response to Request No. 4.

**REQUEST NO. 81:**

All documents concerning the allegation in Paragraph 50 of the Complaint that "Mr. Henry offered to help advance Ms. Eckhart's career, telling her that he could 'get her in a room with some really powerful people.'"

**RESPONSE TO REQUEST NO. 81:**

Plaintiff objects to this Request to the extent that it is duplicative or cumulative of other Requests; and to the extent it seeks information or documents that are protected from disclosure

under the attorney-client privilege, the work-product doctrine and/or any other applicable

privilege, protection, statute, rule, regulation or common law principle.

Without waiving any applicable objection, Plaintiff respectfully refers Defendant to her

Response to Request No. 4.

**REQUEST NO. 82:**

All documents concerning the allegation in Paragraph 51 of the Complaint that "the message was clear: Ms. Eckhart would be rewarded for succumbing to Mr. Henry's sexual advances as he would use his powerful position at Fox News to advance her journalism career. Alternatively, if she refused, she risked being punished (*i.e.*, be fired from her job)."

**RESPONSE TO REQUEST NO. 82:**

Plaintiff objects to this Request to the extent that it is duplicative or cumulative of other

Requests; and to the extent it seeks information or documents that are protected from disclosure

under the attorney-client privilege, the work-product doctrine and/or any other applicable

privilege, protection, statute, rule, regulation or common law principle.

Without waiving any applicable objection, Plaintiff respectfully refers Defendant to her

Response to Request No. 4.

**REQUEST NO. 83:**

All documents concerning the allegation in Paragraph 52 of the Complaint that Ms. Eckhart was "distraught at the prospect of having to sleep with Mr. Henry in order to keep her dream job of working at a national news network" and/or "cried herself to sleep."

**RESPONSE TO REQUEST NO. 83:**

Plaintiff objects to this Request to the extent that it is duplicative or cumulative of other

Requests; and to the extent it seeks information or documents that are protected from disclosure

under the attorney-client privilege, the work-product doctrine and/or any other applicable

privilege, protection, statute, rule, regulation or common law principle.

Without waiving any applicable objection, Plaintiff will produce all non-privileged responsive documents in her possession.

**REQUEST NO. 84:**

All documents concerning the allegation in Paragraph 53 of the Complaint that "Ms. Eckhart managed to avoid Mr. Henry for a few months."

**RESPONSE TO REQUEST NO. 84:**

Plaintiff objects to this Request to the extent that it is duplicative or cumulative of other Requests; and to the extent it seeks information or documents that are protected from disclosure under the attorney-client privilege, the work-product doctrine and/or any other applicable privilege, protection, statute, rule, regulation or common law principle.

Without waiving any applicable objection, Plaintiff will produce all non-privileged responsive documents in her possession.

**REQUEST NO. 85:**

All documents concerning the allegation in Paragraph 54 of the Complaint that "Mr. Henry demanded that Ms. Eckhart remove her underwear, while at work at Fox News, and put them in an envelope for him," including any correspondence via WhatsApp and copies of any and all correspondence with Henry and/or any other person regarding this allegation.

**RESPONSE TO REQUEST NO. 85:**

Plaintiff objects to this Request to the extent that it is duplicative or cumulative of other Requests; and to the extent it seeks information or documents that are protected from disclosure under the attorney-client privilege, the work-product doctrine and/or any other applicable privilege, protection, statute, rule, regulation or common law principle.

Without waiving any applicable objection, Plaintiff respectfully refers Defendant to her Response to Request No. 4.

**REQUEST NO. 86:**

All documents concerning the allegation in Paragraph 54 of the Complaint that "Mr. Henry came to Ms. Eckhart's desk on the 12th floor at Fox Business to retrieve the envelope."

**RESPONSE TO REQUEST NO. 86:**

Plaintiff objects to this Request to the extent that it is duplicative or cumulative of other Requests; and to the extent it seeks information or documents that are protected from disclosure under the attorney-client privilege, the work-product doctrine and/or any other applicable privilege, protection, statute, rule, regulation or common law principle.

Without waiving any applicable objection, Plaintiff respectfully refers Defendant to her Response to Request No. 4.

**REQUEST NO. 87:**

All documents concerning the allegation in Paragraph 55 of the Complaint that "later that day, Mr. Henry demanded that Ms. Eckhart meet him in one of the Guest Offices on the 17th floor of the Fox News building despite Ms. Eckhart informing him that she was extremely busy at work."

**RESPONSE TO REQUEST NO. 87:**

Plaintiff objects to this Request to the extent that it is duplicative or cumulative of other Requests; and to the extent it seeks information or documents that are protected from disclosure under the attorney-client privilege, the work-product doctrine and/or any other applicable privilege, protection, statute, rule, regulation or common law principle.

Without waiving any applicable objection, Plaintiff respectfully refers Defendant to her Response to Request No. 4.

**REQUEST NO. 88:**

All documents concerning Ms. Eckhart's and/or Ms. Claman's travel to, and/or experience at, the New York Stock Exchange as alleged at Paragraph 56 of the Complaint, including but not limited to any and all correspondence with any third person during that day, and/or any social media posts, likes or share(s) made to or by Eckhart on Twitter, Instagram, and/or Facebook that same day.

**RESPONSE TO REQUEST NO. 88:**

Plaintiff objects to this Request to the extent that it seeks information or documents that are irrelevant, immaterial and/or not reasonably calculated to lead to the discovery of admissible evidence in this action; that it is overly broad, oppressive and/or unduly burdensome; to the extent it seeks information or documents that are protected from disclosure under the attorney-client privilege, the work-product doctrine and/or any other applicable privilege, protection, statute, rule, regulation or common law principle; and to the extent that it is duplicative or cumulative of other Requests.

Without waiving any applicable objection, Plaintiff will produce all non-privileged responsive documents in her possession.

**REQUEST NO. 89:**

All documents concerning the allegation in Paragraph 57 of the Complaint that "Mr. Henry physically forced [Eckhart] to perform oral sex on him against her will," and/or that "after Mr. Henry came, Ms. Eckhart immediately ran out of the office in a state of shock, panic and fear."

**RESPONSE TO REQUEST NO. 89:**

Plaintiff objects to this Request to the extent that it is duplicative or cumulative of other Requests; and to the extent it seeks information or documents that are protected from disclosure under the attorney-client privilege, the work-product doctrine and/or any other applicable privilege, protection, statute, rule, regulation or common law principle.

Without waiving any applicable objection, Plaintiff respectfully refers Defendant to her Response to Request No. 4.

**REQUEST NO. 90:**

All documents concerning Eckhart's performing of and/or consideration of and/or thoughts about oral sex, including but not limited to with respect to Henry.

**RESPONSE TO REQUEST NO. 90:**

Plaintiff objects to this Request on the grounds that it seeks information or documents that are irrelevant, immaterial and/or not reasonably calculated to lead to the discovery of admissible evidence in this action; to the extent that it seeks the disclosure of confidential personal, medical and/or business information or documents concerning Plaintiff, the disclosure of which would violate the privacy of Plaintiff unless an appropriate order of this Court protecting the confidentiality of such information or documents is in place; to the extent that it seeks the disclosure of confidential information that concerns individuals other than Plaintiff who are not parties to this action, the disclosure of which would violate the privacy interests of such individuals; and to the extent that it is overly broad, oppressive and/or unduly burdensome. In particular, the Request seeks inadmissible promiscuity-inference evidence.

**REQUEST NO. 91:**

All documents in which "Mr. Henry… sen[t] [Eckhart] lewd and extremely graphic pornographic images, videos and gifs," as alleged at Paragraph 58, including but not limited to any and all communications between Eckhart and Henry prior to, or following, Eckhart's receipt of those documents, and Eckhart's communications with any other third person regarding such correspondence(s) with Henry.

**RESPONSE TO REQUEST NO. 91:**

Plaintiff objects to this Request to the extent that it is duplicative or cumulative of other Requests; to the extent it seeks information or documents that are protected from disclosure under the attorney-client privilege, the work-product doctrine and/or any other applicable privilege, protection, statute, rule, regulation or common law principle; and to the extent that it is overly broad, oppressive and/or unduly burdensome.

Without waiving any applicable objection, Plaintiff respectfully refers Defendant to her Response to Request No. 4.

**REQUEST NO. 92:**

All documents exchanged between Henry and Eckhart in which Henry sent photos of Henry's penis and/or a photo of a penis to Eckhart.

**RESPONSE TO REQUEST NO. 92:**

Plaintiff objects to this Request to the extent that it is duplicative or cumulative of other Requests.

Without waiving any applicable objection, Plaintiff respectfully refers Defendant to her Response to Request No. 4.

**REQUEST NO. 93:**

All documents concerning the email referenced at Paragraph 59 of the Complaint, and/or Eckhart's communications with any other third person regarding such correspondence with Henry.

**RESPONSE TO REQUEST NO. 93:**

Plaintiff objects to this Request to the extent that it is duplicative or cumulative of other Requests; it seeks the disclosure of confidential personal, medical and/or business information or documents concerning Plaintiff, that it is vague, ambiguous and/or lacks sufficient particularity so that Plaintiff cannot understand what information and/or documents Defendant is seeking and is unable to formulate a responsive answer and to the extent it seeks information or documents that are protected from disclosure under the attorney-client privilege, the work-product doctrine and/or any other applicable privilege, protection, statute, rule, regulation or common law principle.

Without waiving any applicable objection, Plaintiff respectfully refers Defendant to her Responses to Request Nos. 4 and 16.

**REQUEST NO. 94:**

All documents concerning the allegations in Paragraph 60 of the Complaint that Mr. Henry sent Ms. Eckhart a YouTube link to a song entitled 'Save a Horse, Ride a Cowboy,'" and any further communications between Eckhart and Henry regarding that communication.

**RESPONSE TO REQUEST NO. 94:**

Plaintiff objects to this Request to the extent that it is duplicative or cumulative of other Requests; that it is vague, ambiguous and/or lacks sufficient particularity so that Plaintiff cannot understand what information and/or documents Defendant is seeking and is unable to formulate a responsive answer and to the extent it seeks information or documents that are protected from disclosure under the attorney-client privilege, the work-product doctrine and/or any other applicable privilege, protection, statute, rule, regulation or common law principle.

Without waiving any applicable objection, Plaintiff respectfully refers Defendant to her Response to Request No. 4.

**REQUEST NO. 95:**

All documents concerning the allegation in Paragraph 61 of the Complaint that "Mr. Henry's inappropriate and often unsolicited sexual messages to Ms. Eckhart continued, but took a dark and extremely violent turn, as he revealed an apparent obsession with Bondage/Discipline/ Dominance/Submission (commonly referred to as BDSM) related sex practices," including but not limited to any and all communications between Eckhart and Henry prior to, or following, Eckhart's receipt of those messages.

**RESPONSE TO REQUEST NO. 95:**

Plaintiff objects to this Request to the extent that that it is overly broad, oppressive and/or unduly burdensome; to the extent it seeks information or documents that are protected from disclosure under the attorney-client privilege, the work-product doctrine and/or any other applicable privilege, protection, statute, rule, regulation or common law principle; and it is duplicative or cumulative of other Requests.

Without waiving any applicable objection, Plaintiff respectfully refers Defendant to her

Response to Request No. 4.

**REQUEST NO. 96:**

Any and all documents between Eckhart and any other person concerning her enjoyment of, and/or participation in, BDSM related sex practices.

**RESPONSE TO REQUEST NO. 96:**

Plaintiff objects to this Request on the grounds that it seeks information or documents

that are irrelevant, immaterial and/or not reasonably calculated to lead to the discovery of

admissible evidence in this action; to the extent that it seeks the disclosure of confidential

personal, medical and/or business information or documents concerning Plaintiff, the disclosure

of which would violate the privacy of Plaintiff unless an appropriate order of this Court

protecting the confidentiality of such information or documents is in place; to the extent that it

seeks the disclosure of confidential information that concerns individuals other than Plaintiff

who are not parties to this action, the disclosure of which would violate the privacy interests of

such individuals; and to the extent that it is overly broad, oppressive and/or unduly burdensome.

In particular, the Request seeks inadmissible promiscuity-inference evidence.

**REQUEST NO. 97:**

All documents concerning the allegation in Paragraph 61 of the Complaint that "in early 2017, after demanding that Ms. Eckhart send him a picture of herself in lingerie, Mr. Henry sent [a] message to Ms. Eckhart: 'Gentle little whore. Gona [sic] get tossed around like a lil rag doll," including but not limited to any and all communications between Eckhart and Henry prior to, or following, Eckhart's receipt of those communications, and Eckhart's communications with any other third person regarding such correspondence with Henry.

**RESPONSE TO REQUEST NO. 97:**

Plaintiff objects to this Request to the extent that it is duplicative or cumulative of other

Requests; it is overly broad, oppressive and/or unduly burdensome, and to the extent it seeks

information or documents that are protected from disclosure under the attorney-client privilege,

the work-product doctrine and/or any other applicable privilege, protection, statute, rule,

regulation or common law principle.

Without waiving any applicable objection, Plaintiff respectfully refers Defendant to her

Responses to Request Nos. 4 and 16.

**REQUEST NO. 98:**

All documents concerning the allegation in Paragraph 62 of the Complaint that "Ms. Eckhart came up with an excuse by telling Mr. Henry in a text message that she had a date and was very busy," including but not limited to all documents concerning the alleged conflicting "date" that Eckhart had and any and all communications between Eckhart and Henry prior to, or following, Eckhart's text message.

**RESPONSE TO REQUEST NO. 98:**

Plaintiff objects to this Request to the extent that it is duplicative or cumulative of other

Requests; it is overly broad, oppressive and/or unduly burdensome and to the extent it seeks

information or documents that are protected from disclosure under the attorney-client privilege,

the work-product doctrine and/or any other applicable privilege, protection, statute, rule,

regulation or common law principle.

Without waiving any applicable objection, Plaintiff respectfully refers Defendant to her

Responses to Request Nos. 4 and 16.

**REQUEST NO. 99:**

All documents concerning the allegation in Paragraph 62 of the Complaint that "Mr. Henry proceeded to accuse Ms. Eckhart, again, of playing 'Hard to get.'"

**RESPONSE TO REQUEST NO. 99:**

Plaintiff objects to this Request to the extent that it is duplicative or cumulative of other

Requests; and to the extent it seeks information or documents that are protected from disclosure

under the attorney-client privilege, the work-product doctrine and/or any other applicable

privilege, protection, statute, rule, regulation or common law principle.

 Without waiving any applicable objection, Plaintiff respectfully refers Defendant to her

Response to Request No. 4.

## REQUEST NO. 100:

All documents concerning the allegation in Paragraph 62 of the Complaint that Ms. Eckhart
"said that she always makes herself available to [Henry]," to which Henry allegedly replied,
"#obey or #discipline," including but not limited to any and all communications between Eckhart
and Henry prior to, or following, Eckhart's receipt of those communications and Eckhart's
communications with any other third person regarding such correspondence with Henry.

## RESPONSE TO REQUEST NO. 100:

 Plaintiff objects to this Request to the extent that it is duplicative or cumulative of other

Requests; it is overly broad, oppressive and/or unduly burdensome and to the extent it seeks

information or documents that are protected from disclosure under the attorney-client privilege,

the work-product doctrine and/or any other applicable privilege, protection, statute, rule,

regulation or common law principle.

 Without waiving any applicable objection, Plaintiff respectfully refers Defendant to her

Responses to Request Nos. 4 and 16.

## REQUEST NO. 101:

All documents concerning the allegation in Paragraph 63 of the Complaint that "Mr. Henry
wrote that 'the more impaired [Ms. Eckhart] was the better'" and/or that he "liked Ms. Eckhart
'owned and submissive' and asked her for '[m]ore anal' sex, including but not limited to any and
all communications between Eckhart and Henry prior to, or following, Eckhart's receipt of those
documents and Eckhart's communications with any other third person regarding such
correspondence with Henry.

## RESPONSE TO REQUEST NO. 101:

 Plaintiff objects to this Request to the extent that it is overly broad, oppressive and/or

unduly burdensome it is duplicative or cumulative of other Requests; and to the extent it seeks

information or documents that are protected from disclosure under the attorney-client privilege,

the work-product doctrine and/or any other applicable privilege, protection, statute, rule,

regulation or common law principle.

Without waiving any applicable objection, Plaintiff respectfully refers Defendant to her

Responses to Request Nos. 4 and 16.

**REQUEST NO. 102:**

All documents concerning the allegation contained at Paragraph 63 of the Complaint that "Ms. Eckhart did not at any time have anal sex with Mr. Henry," including, without limitation, any communications with Henry about anal sex.

**RESPONSE TO REQUEST NO. 102:**

Plaintiff objects to this Request to the extent that it is overly broad, oppressive and/or

unduly burdensome; it seeks the disclosure of confidential personal, medical and/or business

information or documents concerning Plaintiff, it seeks information or documents that are

protected from disclosure under the attorney-client privilege, the work-product doctrine and/or

any other applicable privilege, protection, statute, rule, regulation or common law principle; and

to the extent that it is duplicative or cumulative of other Requests.

Without waiving any applicable objection, Plaintiff respectfully refers Defendant to her

Response to Request No. 4.

**REQUEST NO. 103:**

All documents concerning the allegation in Paragraph 64 of the Complaint that "in February 2017, Mr. Henry, again, asked Ms. Eckhart to meet him; this time for a drink at Fresco by Scotto," including but not limited to any and all communications between Eckhart and Henry prior to, or following, Eckhart's receipt of that request, and Eckhart's communications with any other third person regarding such correspondence with Henry.

**RESPONSE TO REQUEST NO. 103:**

Plaintiff objects to this Request to the extent that that it is overly broad, oppressive and/or unduly burdensome; to the extent it seeks information or documents that are protected from disclosure under the attorney-client privilege, the work-product doctrine and/or any other applicable privilege, protection, statute, rule, regulation or common law principle; and to the extent it is duplicative or cumulative of other Requests.

Without waiving any applicable objection, Plaintiff respectfully refers Defendant to her Responses to Request Nos. 4 and 16.

**REQUEST NO. 104:**

All documents concerning the email referenced at footnote 1 of Paragraph 62 of the Complaint from "Bill Hemmer," including but not limited to any and all communications between Eckhart and Hemmer prior to, or following, Eckhart's receipt of the document and Eckhart's communications with any other third person regarding such correspondence with Hemmer.

**RESPONSE TO REQUEST NO. 104:**

Plaintiff objects to this Request to the extent that that it is overly broad, oppressive and/or unduly burdensome; it seeks the disclosure of confidential personal, medical and/or business information or documents concerning Plaintiff,  to the extent it seeks information or documents that are protected from disclosure under the attorney-client privilege, the work-product doctrine and/or any other applicable privilege, protection, statute, rule, regulation or common law principle; and to the extent it is duplicative or cumulative of other Requests.

Without waiving any applicable objection, Plaintiff respectfully refers Defendant to her Response to Request No. 16.

**REQUEST NO. 105:**

All documents concerning the allegation in Paragraph 65 of the Complaint that Henry "had sent her a message stating that she had better comply with his demands 'or else…'", including Eckhart's response(s) thereto.

**RESPONSE TO REQUEST NO. 105:**

Plaintiff objects to this Request to the extent that it is duplicative or cumulative of other Requests; it seeks the disclosure of confidential personal, medical and/or business information or documents concerning Plaintiff, and to the extent it seeks information or documents that are protected from disclosure under the attorney-client privilege, the work-product doctrine and/or any other applicable privilege, protection, statute, rule, regulation or common law principle.

Without waiving any applicable objection, Plaintiff respectfully refers Defendant to her Response to Request No. 4.

**REQUEST NO. 106:**

All documents concerning the allegation in Paragraph 198 of the Complaint that Ms. Eckhart "sometimes obliged" and "sent [Henry] a photograph" of herself, and/or that Eckhart "sometimes sent Mr. Henry photographs of other women that she found on the Internet…."

**RESPONSE TO REQUEST NO. 106:**

Plaintiff objects to this Request to the extent that it seeks the disclosure of confidential information that concerns individuals other than Plaintiff who are not parties to this action, the disclosure of which would violate the privacy interests of such individuals; seeks the disclosure of confidential personal, medical and/or business information or documents concerning Plaintiff, the disclosure of which would violate the privacy of Plaintiff unless an appropriate order of this Court protecting the confidentiality of such information or documents is in place; to the extent it seeks information or documents that are protected from disclosure under the attorney-client privilege, the work-product doctrine and/or any other applicable privilege, protection, statute, rule, regulation or common law principle; and to the extent that it is duplicative or cumulative of other Requests.

Without waiving any applicable objection, Plaintiff respectfully refers Defendant to her

Response to Request No. 4.

**REQUEST NO. 107:**

All documents in which Eckhart provided Henry with lewd and/or suggestive photos of herself, and/or indicated that Eckhart wanted to have sex or engage in sexual acts with Henry.

**RESPONSE TO REQUEST NO. 107:**

Plaintiff objects to this Request to the extent that it is vague, ambiguous and/or lacks

sufficient particularity so that Plaintiff cannot understand what information and/or documents

Defendant is seeking and is unable to formulate a responsive answer; to the extent that it seeks

the disclosure of confidential personal, medical and/or business information or documents

concerning Plaintiff, the disclosure of which would violate the privacy of Plaintiff unless an

appropriate order of this Court protecting the confidentiality of such information or documents is

in place; to the extent that it is duplicative or cumulative of other Requests.

Without waiving any applicable objection, Plaintiff respectfully refers Defendant to her

Response to Request No. 4.

**REQUEST NO. 108:**

All documents concerning the allegation in Paragraph 198 of the Complaint that "five of the photographs attached to Mr. Henry's widely [sic] inappropriate motion are not even of Ms. Eckhart, a fact that Mr. Henry likely knew…"

**RESPONSE TO REQUEST NO. 108:**

Plaintiff objects to this Request to the extent that it seeks information or documents that

are protected from disclosure under the attorney-client privilege, the work-product doctrine

and/or any other applicable privilege, protection, statute, rule, regulation or common law

principle; to the extent that it is vague, ambiguous and/or lacks sufficient particularity so that

Plaintiff cannot understand what information and/or documents Defendant is seeking and is

unable to formulate a responsive answer; to the extent that it seeks the disclosure of confidential

personal, medical and/or business information or documents concerning Plaintiff, the disclosure

of which would violate the privacy of Plaintiff unless an appropriate order of this Court

protecting the confidentiality of such information or documents is in place; to the extent that it is

duplicative or cumulative of other Requests.

Without waiving any applicable objection, Plaintiff will produce all responsive

documents in her possession.

**REQUEST NO. 109:**

All documents concerning the allegation in Paragraph 65 of the Complaint that "Mr. Henry
asked Ms. Eckhart over drinks if she had an agent, offered to introduce her to his agent… and
told her that he would bring Ms. Eckhart on his future 'new show' at Fox News as a frequent on-
air guest."

**RESPONSE TO REQUEST NO. 109:**

Plaintiff objects to this Request to the extent that it is duplicative or cumulative of other

Requests; and to the extent it seeks information or documents that are protected from disclosure

under the attorney-client privilege, the work-product doctrine and/or any other applicable

privilege, protection, statute, rule, regulation or common law principle.

Without waiving any applicable objection, Plaintiff respectfully refers Defendant to her

Responses to Request Nos. 4 and 16.

**REQUEST NO. 110:**

All documents concerning the allegations at Paragraphs 68 through 75 of the Complaint.

**RESPONSE TO REQUEST NO. 110:**

Plaintiff objects to this Request to the extent that it is vague, ambiguous and/or lacks

sufficient particularity so that Plaintiff cannot understand what information and/or documents

Defendant is seeking and is unable to formulate a responsive answer, it seeks information or

documents that are protected from disclosure under the attorney-client privilege, the

work-product doctrine and/or any other applicable privilege, protection, statute, rule, regulation

or common law principle; to the extent that it is overly broad, oppressive and/or unduly

burdensome and it is duplicative or cumulative of other Requests.

Without waiving any applicable objection, Plaintiff respectfully refers Defendant to her

Response to Request No. 17.

## REQUEST NO. 111:

All documents concerning the allegation at Paragraph 76 of the Complaint that "Mr. Henry
texted Ms. Eckhart an angel face emoji saying it was 'nice to meet her for a quick drink,"
including but not limited to Eckhart's alleged response "that he had physically injured her"
and/or that she had "sore wrists," "a mark on her buttocks," a "broken nail," and a "bruise on her
leg," "among other serious injuries to her body," and any and all communications between
Eckhart and Henry prior to, or following, Eckhart's receipt of those communications.

## RESPONSE TO REQUEST NO. 111:

Plaintiff objects to this Request to the extent that that it is overly broad, oppressive and/or

unduly burdensome; it seeks the disclosure of confidential personal, medical and/or business

information or documents concerning Plaintiff, to the extent it seeks information or documents

that are protected from disclosure under the attorney-client privilege, the work-product doctrine

and/or any other applicable privilege, protection, statute, rule, regulation or common law

principle; and to the extent it is duplicative or cumulative of other Requests.

Without waiving any applicable objection, Plaintiff respectfully refers Defendant to her

Response to Request No. 4.

## REQUEST NO. 112:

Copies of each and every one of the messages referred to at Paragraph 77 of the Complaint,
including but not limited to any and all communications between Eckhart and Henry prior to, or
following, Eckhart's receipt of those documents, and/or Eckhart's communications with any
other third person regarding such correspondence with Henry.

**RESPONSE TO REQUEST NO. 112:**

      Plaintiff objects to this Request to the extent that that it is overly broad, oppressive and/or

unduly burdensome; it is vague, ambiguous and/or lacks sufficient particularity so that Plaintiff

cannot understand what information and/or documents Defendant is seeking and is unable to

formulate a responsive answer, to the extent it seeks information or documents that are protected

from disclosure under the attorney-client privilege, the work-product doctrine and/or any other

applicable privilege, protection, statute, rule, regulation or common law principle; and to the

extent it is duplicative or cumulative of other Requests.

      Without waiving any applicable objection, Plaintiff respectfully refers Defendant to her

Responses to Request Nos. 4 and 16.

**REQUEST NO. 113:**

All documents concerning the allegations at Paragraph 78 of the Complaint that on Valentine's
Day 2017, Henry texted Eckhart, "again please," as well as another text in which he admitted to
leaving her "bruised and battered," including but not limited to Eckhart's text message that she
was "STILL bruised and battered," and Henry's reply that she needed to "take her
punishment[,]" including but not limited to any and all communications between Eckhart and
Henry prior to, or following, Eckhart's receipt of those communications.

**RESPONSE TO REQUEST NO. 113:**

      Plaintiff objects to this Request to the extent that it is duplicative or cumulative of other

Requests; it seeks the disclosure of confidential personal, medical and/or business information or

documents concerning Plaintiff and to the extent it seeks information or documents that are

protected from disclosure under the attorney-client privilege, the work-product doctrine and/or

any other applicable privilege, protection, statute, rule, regulation or common law principle.

      Without waiving any applicable objection, Plaintiff respectfully refers Defendant to her

Response to Request No. 4.

**REQUEST NO. 114:**

All documents concerning the allegations contained at Paragraphs 79 and 80 of the Complaint, including but not limited to any and all communications between Eckhart and Henry prior to, or following, Eckhart's receipt of those communications, and/or Eckhart's communications with any other third person regarding such communications with Henry.

**RESPONSE TO REQUEST NO. 114:**

Plaintiff objects to this Request to the extent that it is duplicative or cumulative of other Requests; it is overly broad, oppressive and/or unduly burdensome, it seeks the disclosure of confidential personal, medical and/or business information or documents concerning Plaintiff, it is vague, ambiguous and/or lacks sufficient particularity so that Plaintiff cannot understand what information and/or documents Defendant is seeking and is unable to formulate a responsive answer and to the extent it seeks information or documents that are protected from disclosure under the attorney-client privilege, the work-product doctrine and/or any other applicable privilege, protection, statute, rule, regulation or common law principle.

Without waiving any applicable objection, Plaintiff respectfully refers Defendant to her Responses to Request Nos. 4 and 16.

**REQUEST NO. 115:**

All documents concerning the allegation contained at Paragraph 81 of the Complaint that Mr. Henry "texted Ms. Eckhart informing her that he would be guest-hosting Tucker Carlson's show," including but not limited to any and all communications between Eckhart and Henry prior to, or following, Eckhart's receipt of those communications and/or Eckhart's communications with any other third person regarding such correspondence with Henry.

**RESPONSE TO REQUEST NO. 115:**

Plaintiff objects to this Request to the extent that it is duplicative or cumulative of other Requests; it seeks the disclosure of information already known or available to Defendant or documents in Defendant's possession that are more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense and to the extent it seeks information or

71

documents that are protected from disclosure under the attorney-client privilege, the work-product doctrine and/or any other applicable privilege, protection, statute, rule, regulation or common law principle.

Without waiving any applicable objection, Plaintiff respectfully refers Defendant to her Responses to Request Nos. 4 and 16.

## REQUEST NO. 116:

All documents concerning Eckhart's allegation contained at Paragraph 81 of the Complaint that she "made every possible effort to cease all communications with Mr. Henry" and/or that she "was in fear for her safety."

## RESPONSE TO REQUEST NO. 116:

Plaintiff objects to this Request to the extent that it seeks the disclosure of confidential personal, medical and/or business information or documents concerning Plaintiff, it seeks information or documents that are protected from disclosure under the attorney-client privilege, the work-product doctrine and/or any other applicable privilege, protection, statute, rule, regulation or common law principle; to the extent that it seeks the disclosure of information already known or available to Defendant or documents in Defendant's possession that are more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense; and to the extent that it is duplicative or cumulative of other Requests.

Without waiving any applicable objection, Plaintiff will produce all responsive documents in her possession.

## REQUEST NO. 117:

All documents concerning the allegation contained at Paragraph 84 of the Complaint that "because Ms. Eckhart refused to even come near Mr. Henry, he continued to harass and retaliate against her for rejecting his continued advances."

**RESPONSE TO REQUEST NO. 117:**

Plaintiff objects to this Request to the extent that it seeks information or documents that are protected from disclosure under the attorney-client privilege, the work-product doctrine and/or any other applicable privilege, protection, statute, rule, regulation or common law principle; to the extent that it seeks the disclosure of information already known or available to Defendant or documents in Defendant's possession that are more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense; to the extent that it is duplicative or cumulative of other Requests; and to the extent it seeks or requires a legal conclusion.

Without waiving any applicable objection, Plaintiff will produce all responsive documents in her possession.

**REQUEST NO. 118:**

All documents concerning the allegation contained at Paragraph 85 of the Complaint that Mr. Henry e-mailed Eckhart saying, "why'd you turn away today," including but not limited to any and all communications between Eckhart and Henry prior to, or following, Eckhart's receipt of that communication, and/or Eckhart's communications with any other third person regarding such correspondence with Henry.

**RESPONSE TO REQUEST NO. 118:**

Plaintiff objects to this Request to the extent that it is duplicative or cumulative of other Requests; it seeks the disclosure of confidential personal, medical and/or business information or documents concerning Plaintiff, and to the extent it seeks information or documents that are protected from disclosure under the attorney-client privilege, the work-product doctrine and/or any other applicable privilege, protection, statute, rule, regulation or common law principle.

Without waiving any applicable objection, Plaintiff respectfully refers Defendant to her Responses to Request Nos. 4 and 16.

**REQUEST NO. 119:**

All documents concerning the allegation contained at Paragraph 86 of the Complaint that "Mr. Henry again attempted to engage with Ms. Eckhart by sending her a Twitter DM that said, 'YO!', including but not limited to any and all communications between Eckhart and Henry prior to, or following, Eckhart's receipt of that communication, and/or Eckhart's communications with any other third person regarding such correspondence with Henry.

**RESPONSE TO REQUEST NO. 119:**

Plaintiff objects to this Request to the extent that it is duplicative or cumulative of other Requests; it is vague, ambiguous and/or lacks sufficient particularity so that Plaintiff cannot understand what information and/or documents Defendant is seeking and is unable to formulate a responsive answer, and to the extent it seeks information or documents that are protected from disclosure under the attorney-client privilege, the work-product doctrine and/or any other applicable privilege, protection, statute, rule, regulation or common law principle.

Without waiving any applicable objection, Plaintiff respectfully refers Defendant to her Responses to Request Nos. 4 and 16.

**REQUEST NO. 120:**

All documents concerning the allegation contained at Paragraph 87 of the Complaint that Mr. Henry "texted Ms. Eckhart an image of a football player doing 'the Heisman pose,'" including but not limited to any and all communications between Eckhart and Henry prior to, or following, Eckhart's receipt of that communication, and/or Eckhart's communications with any other third person regarding such correspondence with Henry.

**RESPONSE TO REQUEST NO. 120:**

Plaintiff objects to this Request to the extent that it is duplicative or cumulative of other Requests; it is vague, ambiguous and/or lacks sufficient particularity so that Plaintiff cannot understand what information and/or documents Defendant is seeking and is unable to formulate a responsive answer, and to the extent it seeks information or documents that are protected from

disclosure under the attorney-client privilege, the work-product doctrine and/or any other

applicable privilege, protection, statute, rule, regulation or common law principle.

Without waiving any applicable objection, Plaintiff respectfully refers Defendant to her

Responses to Request Nos. 4 and 16.

**REQUEST NO. 121:**

All documents concerning the allegation contained at Paragraph 88 of the Complaint that Mr.
Henry "unfollowed" Ms. Eckhart on Instagram in 2018, and/or "conspicuously removed dozens
of 'likes' he had given to photos of her."

**RESPONSE TO REQUEST NO. 121:**

Plaintiff objects to this Request to the extent that it is duplicative or cumulative of other

Requests; and to the extent it seeks information or documents that are protected from disclosure

under the attorney-client privilege, the work-product doctrine and/or any other applicable

privilege, protection, statute, rule, regulation or common law principle.

Without waiving any applicable objection, Plaintiff respectfully refers Defendant to her

Response to Request No. 4.

**REQUEST NO. 122:**

All documents provided to Ms. Eckhart by Ms. Areu.

**RESPONSE TO REQUEST NO. 122:**

Plaintiff objects to this Request on the grounds that it seeks information or documents

that are irrelevant, immaterial and/or not reasonably calculated to lead to the discovery of

admissible evidence in this action; to the extent that it is overly broad, oppressive and/or unduly

burdensome; to the extent that it is vague, ambiguous and/or lacks sufficient particularity so that

Plaintiff cannot understand what information and/or documents Defendant is seeking and is

unable to formulate a responsive answer; to the extent that it seeks information or documents that

are protected from disclosure under the attorney-client privilege, the work-product doctrine and/or any other applicable privilege, protection, statute, rule, regulation or common law principle;  to the extent that it is not reasonably limited in time or seeks information or documents outside the time period relevant to the present litigation; and to the extent that it is duplicative or cumulative of other Requests.

**REQUEST NO. 123:**

All documents concerning the allegation in Paragraph 14 of the Complaint that Ms. Eckhart has experienced "trauma… as a result of coming forward… against her abuser and former workplace."

**RESPONSE TO REQUEST NO. 123:**

Plaintiff objects to this Request to the extent that it is overly broad, oppressive and/or unduly burdensome, to the extent it seeks information or documents that are protected from disclosure under the attorney-client privilege, the work-product doctrine and/or any other applicable privilege, protection, statute, rule, regulation or common law principle; it seeks the disclosure of confidential personal, medical and/or business information or documents concerning Plaintiff, the disclosure of which would violate the privacy of Plaintiff.

Without waiving any applicable objection, Plaintiff will produce all non-privileged responsive documents in her possession.

**REQUEST NO. 124:**

All documents regarding the physical and/or emotional injuries allegedly suffered as a result of Eckhart's sexual encounter(s) with Henry at any point in time, including but not limited to alleged injuries and/or bruising to her wrists, lip, face, and/or body and/or states of "panic," "shock," and/or "post-traumatic stress" and/or feelings that her "life would never be the same from that point forward," as alleged at Paragraphs 72, 75, 122 and 190 of the Complaint.

**RESPONSE TO REQUEST NO. 124:**

Plaintiff objects to this Request to the extent that it is overly broad, oppressive and/or unduly burdensome, to the extent it seeks information or documents that are protected from disclosure under the attorney-client privilege, the work-product doctrine and/or any other applicable privilege, protection, statute, rule, regulation or common law principle; it seeks the disclosure of confidential personal, medical and/or business information or documents concerning Plaintiff, the disclosure of which would violate the privacy of Plaintiff.

Without waiving any applicable objection, Plaintiff will produce all non-privileged responsive documents in her possession. .

**REQUEST NO. 125:**

All documents concerning the allegations contained at Paragraphs 224 and 240 in the Complaint, that, "as a direct and proximate result of Fox News' and Ed Henry's unlawful conduct… Plaintiff has suffered physical injuries, severe emotional distress and anxiety, humiliation, embarrassment, post-traumatic stress disorder, economic harm, and other consequential damages."

**RESPONSE TO REQUEST NO. 125:**

Plaintiff objects to this Request to the extent that it is overly broad, oppressive and/or unduly burdensome, it seeks the disclosure of confidential personal, medical and/or business information or documents concerning Plaintiff, the disclosure of which would violate the privacy of Plaintiff, and it is duplicative or cumulative of other Requests.

Without waiving any applicable objection, Plaintiff will produce all non-privileged responsive documents in her possession.

**REQUEST NO. 126:**

All documents concerning the allegation contained at Paragraph 191 in the Complaint that "due to Fox News' retaliatory actions and complete mishandling of the situation, Ms. Eckhart has had to seek weekly therapy from a trauma specialist at a Crime Victims Treatment Center in New York City."

**RESPONSE TO REQUEST NO. 126:**

Plaintiff objects to this Request to the extent that it is overly broad, oppressive and/or unduly burdensome, it seeks the disclosure of confidential personal, medical and/or business information or documents concerning Plaintiff, the disclosure of which would violate the privacy of Plaintiff, and it is duplicative or cumulative of other Requests.

Without waiving any applicable objection, Plaintiff will produce all non-privileged responsive documents in her possession.

**REQUEST NO. 127:**

All documents concerning any medical treatment, examinations, meetings, evaluations or consultations Eckhart has received from January 2, 2013 through the present, including, but not limited to, medical records, reports, authorizations, bills, doctors' notes, psychotherapy notes, hospital charts, hospital admission papers, medical insurance forms, proof of medical insurance reimbursement, proof of purchase of prescriptions, medical supplies or equipment. Attached for Eckhart's execution and return is a HIPAA-compliant authorized release form (Exhibit A) for each such healthcare provider/facility.

**RESPONSE TO REQUEST NO. 127:**

Plaintiff objects to this Request to the extent that it , it is not reasonably limited in time or seeks information or documents outside the time period relevant to the present litigation and seeks information or documents that are irrelevant, immaterial and/or not reasonably calculated to lead to the discovery of admissible evidence in this action; to the extent it is overly broad, oppressive and/or unduly burdensome, it seeks the disclosure of confidential personal, medical and/or business information or documents concerning Plaintiff, the disclosure of which would violate the privacy of Plaintiff; to the extent it is vague, ambiguous and/or lacks sufficient particularity so that Plaintiff cannot understand what information and/or documents Defendant is seeking and is unable to formulate a responsive answer; to the extent it is not reasonably limited

in time or seeks information or documents outside the time period relevant to the present

litigation and it is duplicative or cumulative of other Requests.

**REQUEST NO. 128:**

All documents concerning any treatment, examinations, meetings, evaluations or consultations
Eckhart has received from any doctor, physician, therapist, psychologist, psychiatrist, social
worker, counselor, pharmacist, other health care practitioner whom Plaintiff visited for any
reason from January 2, 2013 to the present, including, but not limited to, medical records,
reports, authorizations, bills, doctors' notes, psychotherapy notes, hospital charts, hospital
admission papers, medical insurance forms, proof of medical insurance reimbursement, proof of
purchase of prescriptions, medical supplies or equipment. Attached for Eckhart's execution and
return is a HIPAA-compliant authorized release form (Exhibit A) for each such healthcare
provider/facility.

**RESPONSE TO REQUEST NO. 128:**

Plaintiff objects to this Request to the extent that it is not reasonably limited in time or

seeks information or documents outside the time period relevant to the present litigation and

seeks information or documents that are irrelevant, immaterial and/or not reasonably calculated

to lead to the discovery of admissible evidence in this action, it is overly broad, oppressive

and/or unduly burdensome; to the extent it seeks the disclosure of confidential personal, medical

and/or business information or documents concerning Plaintiff, the disclosure of which would

violate the privacy of Plaintiff; to the extent it is vague, ambiguous and/or lacks sufficient

particularity so that Plaintiff cannot understand what information and/or documents Defendant is

seeking and is unable to formulate a responsive answer; to the extent it is not reasonably limited

in time or seeks information or documents outside the time period relevant to the present

litigation and it is duplicative or cumulative of other Requests.

**REQUEST NO. 129:**

All documents concerning the allegations contained in the Complaint concerning Jane Does 1
through 4.

**RESPONSE TO REQUEST NO. 129:**

Plaintiff objects to this Request on the grounds that it seeks information or documents that are irrelevant, immaterial and/or not reasonably calculated to lead to the discovery of admissible evidence in this action; to the extent that it is overly broad, oppressive and/or unduly burdensome; it seeks the disclosure of confidential information that concerns individuals other than Plaintiff who are not parties to this action, the disclosure of which would violate the privacy interests of such individuals; to the extent it seeks information or documents that are protected from disclosure under the attorney-client privilege, the work-product doctrine and/or any other applicable privilege, protection, statute, rule, regulation or common law principle, and to the extent that it is duplicative or cumulative of other Requests.

Without waiving any applicable objection, Plaintiff respectfully refers Defendant to her Responses to Requests Nos. 14 and 16.

**REQUEST NO. 130:**

All documents concerning any communications between Ms. Eckhart and Jane Does 1 through 4.

**RESPONSE TO REQUEST NO. 130:**

Plaintiff objects to this Request on the grounds that it seeks information or documents that are irrelevant, immaterial and/or not reasonably calculated to lead to the discovery of admissible evidence in this action; to the extent that it is overly broad, oppressive and/or unduly burdensome; it seeks the disclosure of confidential personal, medical and/or business information or documents concerning Plaintiff; to the extent it seeks the disclosure of confidential information that concerns individuals other than Plaintiff who are not parties to this action, the disclosure of which would violate the privacy interests of such individuals; to the extent it seeks information or documents that are protected from disclosure under the attorney-client privilege,

the work-product doctrine and/or any other applicable privilege, protection, statute, rule,

regulation or common law principle; and to the extent that it is duplicative or cumulative of other

Requests.

Without waiving any applicable objection, Plaintiff respectfully refers Defendant to her

Responses to Requests Nos. 14 and 16.

## REQUEST NO. 131:

All documents concerning the allegation contained at Paragraph 102 of the Complaint that, "in a desperate attempt to try and salvage what remained of Fox News' documented history and reputation of animus toward women in the workplace, Fox News made the strategic decision to promote a female, Suzanne Scott, to be its current Chief Executive Officer, notwithstanding the fact that a litany of individuals allege that she, too, covered up claims of sexual harassment…"

## RESPONSE TO REQUEST NO. 131:

Plaintiff objects to this Request on the grounds that it seeks the disclosure of confidential

information that concerns individuals other than Plaintiff who are not parties to this action, the

disclosure of which would violate the privacy interests of such individuals; seeks information or

documents that are protected from disclosure under the attorney-client privilege, the

work-product doctrine and/or any other applicable privilege, protection, statute, rule, regulation

or common law principle; and to the extent it seeks the disclosure of information already known

or available to Defendant or documents in Defendant's possession that are more readily obtained

by Defendant without subjecting Plaintiff to unreasonable burden and expense.

Without waiving any applicable objection, Plaintiff will produce all non-privileged

responsive documents in her possession.

## REQUEST NO. 132:

All documents concerning the allegations contained at Paragraph 111 that "in mid-2016, Fox News (through the law firm Paul, Weiss, Rifkind, Wharton & Garrison LLP) conducted a series of Company-wide investigations into issues of sexual harassment" and/or that "during the

investigation, multiple women came forward to complain that Mr. Henry had engaged in sexually inappropriate conduct towards them."

**RESPONSE TO REQUEST NO. 132:**

Plaintiff objects to this Request on the grounds that it seeks the disclosure of confidential information that concerns individuals other than Plaintiff who are not parties to this action, the disclosure of which would violate the privacy interests of such individuals; seeks information or documents that are protected from disclosure under the attorney-client privilege, the work-product doctrine and/or any other applicable privilege, protection, statute, rule, regulation or common law principle; and to the extent it seeks the disclosure of information already known or available to Defendant or documents in Defendant's possession that are more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

Without waiving any applicable objection, Plaintiff will produce all non-privileged responsive documents in her possession.

**REQUEST NO. 133:**

Any and all documents concerning the allegations contained at Paragraph 111 of the Complaint concerning the Paul Weiss investigation.

**RESPONSE TO REQUEST NO. 133:**

Plaintiff objects to this Request on the grounds that it seeks information or documents that are protected from disclosure under the attorney-client privilege, the work-product doctrine and/or any other applicable privilege, protection, statute, rule, regulation or common law principle; and to the extent it seeks the disclosure of information already known or available to Defendant or documents in Defendant's possession that are more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

Without waiving any applicable objection, Plaintiff will produce all non-privileged responsive documents in her possession.

**REQUEST NO. 134:**

All documents concerning the allegation contained at Paragraph 111 that "multiple women['s]" complaints that Mr. Henry had engaged in "sexually inappropriate conduct towards them" was "known to… Kevin Lord… Jay Wallace… and Lauren Petterson."

**RESPONSE TO REQUEST NO. 134:**

Plaintiff objects to this Request on the grounds that it seeks the disclosure of confidential information that concerns individuals other than Plaintiff who are not parties to this action, the disclosure of which would violate the privacy interests of such individuals; to the extent it seeks information or documents that are protected from disclosure under the attorney-client privilege, the work-product doctrine and/or any other applicable privilege, protection, statute, rule, regulation or common law principle and it seeks the disclosure of information already known or available to Defendant or documents in Defendant's possession that are more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

Without waiving any applicable objection, Plaintiff will produce all non-privileged responsive documents in her possession.

**REQUEST NO. 135:**

All documents concerning the allegation contained at Paragraphs 111 and 121 that "these women came forward to complain before Ms. Eckhart was raped by Mr. Henry."

**RESPONSE TO REQUEST NO. 135:**

Plaintiff objects to this Request on the grounds that it seeks the disclosure of confidential information that concerns individuals other than Plaintiff who are not parties to this action, the disclosure of which would violate the privacy interests of such individuals; to the extent it seeks information or documents that are protected from disclosure under the attorney-client privilege,

the work-product doctrine and/or any other applicable privilege, protection, statute, rule, regulation or common law principle and it seeks the disclosure of information already known or available to Defendant or documents in Defendant's possession that are more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense and that it is duplicative of other requests.

Without waiving any applicable objection, Plaintiff will produce all non-privileged responsive documents in her possession.

**REQUEST NO. 136:**

All documents concerning the allegations contained at Paragraphs 113 through 116, including but not limited to any and all correspondence between Eckhart and the current and former employee(s) and/or staffer(s) of Fox News identified at these Paragraphs.

**RESPONSE TO REQUEST NO. 136:**

Plaintiff objects to this Request to the extent that it seeks information or documents that are irrelevant, immaterial and/or not reasonably calculated to lead to the discovery of admissible evidence in this action; to the extent it is overly broad, oppressive and/or unduly burdensome, it seeks the disclosure of confidential personal, medical and/or business information or documents concerning Plaintiff; to the extent it seeks the disclosure of confidential information that concerns individuals other than Plaintiff who are not parties to this action, the disclosure of which would violate the privacy interests of such individuals; to the extent it seeks information or documents that are protected from disclosure under the attorney-client privilege, the work-product doctrine and/or any other applicable privilege, protection, statute, rule, regulation or common law principle and it is duplicative or cumulative of other Requests.

Without waiving any applicable objection, Plaintiff respectfully refers Defendant to her Response to Request No. 16.

**REQUEST NO. 137:**

All documents concerning the allegation contained at Paragraph 128 that "fellow colleagues of Ms. Eckhart's at Fox News even gossiped around the entire network, stunned that the network's executives would make such a reckless decision to promote Mr. Henry, a known sexual predator, to anchor of 'American's Newsroom,'" including but not limited to copies of such communications, including but not limited to Charlie Gasparino and/or Milanee Kapadia.

**RESPONSE TO REQUEST NO. 137:**

Plaintiff objects to this Request to the extent that it seeks information or documents that are irrelevant, immaterial and/or not reasonably calculated to lead to the discovery of admissible evidence in this action, it is overly broad, oppressive and/or unduly burdensome; to the extent it seeks the disclosure of confidential personal, medical and/or business information or documents concerning Plaintiff; to the extent it seeks the disclosure of confidential information that concerns individuals other than Plaintiff who are not parties to this action, the disclosure of which would violate the privacy interests of such individuals; to the extent it seeks information or documents that are protected from disclosure under the attorney-client privilege, the work-product doctrine and/or any other applicable privilege, protection, statute, rule, regulation or common law principle; and to the extent it seeks the disclosure of information already known or available to Defendant or documents in Defendant's possession that are more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense; and to the extent that it is duplicative or cumulative of other Requests.

Without waiving any applicable objection, Plaintiff respectfully refers Defendant to her Response to Request No. 16.

**REQUEST NO. 138:**

All documents concerning the allegation contained at Paragraph 212 that "Defendant Henry enticed women, including Ms. Eckhart, to attend meetings and social gatherings with him based on the fraudulent promise that he would aid their career development."

**RESPONSE TO REQUEST NO. 138:**

Plaintiff objects to this Request to the extent that it seeks information or documents that are irrelevant, immaterial and/or not reasonably calculated to lead to the discovery of admissible evidence in this action; to the extent it is overly broad, oppressive and/or unduly burdensome; to the extent it seeks the disclosure of confidential information that concerns individuals other than Plaintiff who are not parties to this action, the disclosure of which would violate the privacy interests of such individuals; to the extent it seeks information or documents that are protected from disclosure under the attorney-client privilege, the work-product doctrine and/or any other applicable privilege, protection, statute, rule, regulation or common law principle; to the extent and it seeks the disclosure of information already known or available to Defendant or documents in Defendant's possession that are more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense; and to the extent that it is duplicative or cumulative of other Requests.

Without waiving any applicable objection, Plaintiff respectfully refers Defendant to her Response to Request No. 16.

**REQUEST NO. 139:**

All documents concerning the "Go Red" event on or about February 5, 2020, including but not limited to Eckhart's planning, preparation and attendance at the event.

**RESPONSE TO REQUEST NO. 139:**

Plaintiff objects to this Request to the extent that it seeks information or documents that are irrelevant, immaterial and/or not reasonably calculated to lead to the discovery of admissible evidence in this action; to the extent it seeks the disclosure of information already known or available to Defendant or documents in Defendant's possession that are more readily obtained by

Defendant without subjecting Plaintiff to unreasonable burden and expense; and to the extent

that it is duplicative or cumulative of other Requests.

Without waiving any applicable objection, Plaintiff will produce all non-privileged and

responsive documents in her possession.

## REQUEST NO. 140:

All documents reflecting Eckhart's participation during rehearsals at Fox Business Network on
or about September 21, 2019, including any social media posts, texts, emails, or any and all other
communication.

## RESPONSE TO REQUEST NO. 140:

Plaintiff objects to this Request to the extent that it seeks information or documents that

are irrelevant, immaterial and/or not reasonably calculated to lead to the discovery of admissible

evidence in this action; to the extent it seeks the disclosure of information already known or

available to Defendant or documents in Defendant's possession that are more readily obtained by

Defendant without subjecting Plaintiff to unreasonable burden and expense; and to the extent

that it is duplicative or cumulative of other Requests.

Without waiving any applicable objection, Plaintiff will produce all non-privileged

responsive documents in her possession, to the extent that they are not in the sole possession of

Fox.  Moreover, Plaintiff respectfully refers Defendant to her Response to Request No. 16.

## REQUEST NO. 141:

All documents reflecting Eckhart running late during a workday or calling out from work
(whether due to illness or otherwise) from January 2, 2013 to June 26, 2020.

## RESPONSE TO REQUEST NO. 141:

Plaintiff objects to this Request to the extent that it seeks the disclosure of information

already known or available to Defendant or documents in Defendant's possession that are more

readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense;

it is not reasonably limited in time or seeks information or documents outside the time period

relevant to the present litigation and it seeks information or documents that are irrelevant,

immaterial and/or not reasonably calculated to lead to the discovery of admissible evidence in

this action; and to the extent that it is duplicative or cumulative of other Requests.

Without waiving any applicable objection, Plaintiff will produce all non-privileged

responsive documents in her possession.

**REQUEST NO. 142:**

All documents reflecting Eckhart's whereabouts on a day she was late to work or she called out
from work (whether due to illness or otherwise) from January 2, 2013 to June 26, 2020.

**RESPONSE TO REQUEST NO. 142:**

Plaintiff objects to this Request to the extent that it is not reasonably limited in time or

seeks information or documents outside the time period relevant to the present litigation and it

seeks information or documents that are irrelevant, immaterial and/or not reasonably calculated

to lead to the discovery of admissible evidence in this action; and it is duplicative or cumulative

of other Requests.

**REQUEST NO. 143:**

All documents concerning any witness(es) and/or expert(s) that Eckhart intends to rely upon
and/or call as a witness and/or offer at the trial.

**RESPONSE TO REQUEST NO. 143:**

Without waiving any applicable objection, Plaintiff has not yet identified witnesses for

trial.

**REQUEST NO. 144:**

All documents that refer or relate in any manner to Eckhart's efforts to find work and/or
employment and/or self-employment since June 26, 2020, including, but not limited to, job
postings, advertisements, resumes, summaries of experience, cover letters, offer letters and/or

other communications to and/or from prospective employers, recruiters, personnel agencies, temporary agencies, and/or other professional and/or business contacts.

**RESPONSE TO REQUEST NO. 144:**

Plaintiff objects to this Request on the grounds that it seeks information or documents that are irrelevant, immaterial and/or not reasonably calculated to lead to the discovery of admissible evidence in this action; to the extent that it is overly broad, oppressive and/or unduly burdensome; and to the extent that it seeks information or documents that are protected from disclosure under the attorney-client privilege, the work-product doctrine and/or any other applicable privilege, protection, statute, rule, regulation or common law principle.

Without waiving any applicable objection, Plaintiff will produce all non-privileged responsive documents in her possession.

**REQUEST NO. 145:**

All documents concerning any efforts made by Plaintiff to mitigate damages from June 26, 2020, to the present, including, but not limited to, any application(s) for employment, resumes, cover letters, job postings, or advertisements responded to, and any offer(s) or rejection(s) of employment opportunities.

**RESPONSE TO REQUEST NO. 145:**

Plaintiff objects to this Request on the grounds that it seeks information or documents that are irrelevant, immaterial and/or not reasonably calculated to lead to the discovery of admissible evidence in this action; to the extent that it is overly broad, oppressive and/or unduly burdensome; to the extent that it seeks information or documents that are protected from disclosure under the attorney-client privilege, the work-product doctrine and/or any other applicable privilege, protection, statute, rule, regulation or common law principle; and to the extent that it is duplicative or cumulative of other Requests.

Without waiving any applicable objection, Plaintiff respectfully refers Defendant to her Response to Request No. 144.

## REQUEST NO. 146:

All documents concerning all sources of income derived by Plaintiff since June 26, 2020 to date, including, but not limited to, the following:

(a)     All documents showing receipt of monies from any employment, including by way of illustration only and not by way of limitation, Eckhart's federal and state income tax returns (including all schedules, attachments, and supporting documents that Eckhart filed, individually or jointly, with the Internal Revenue Service), any IRS Form 1099 or W-2, payroll stubs, checks or other documents evidencing payment of monies;

(b)     All documents reflecting income or economic benefit received from self-employment or other business venture not reflected on the income tax forms;

(c)     All documents explaining, showing or setting forth terms of any pension or profit sharing plan or other benefits to which Eckhart may be entitled from any employer either presently or in the future; and

(d)     All documents which provide evidence regarding any other sources of income, including unemployment compensation, workers' compensation, social security benefits, welfare benefits, disability (public or private) benefits/compensation, health insurance benefits, investment income, gifts or any other income supplement or any other governmental or insurance benefits of any type.

## RESPONSE TO REQUEST NO. 146:

Plaintiff objects to this Request on the grounds that it seeks information or documents that are irrelevant, immaterial and/or not reasonably calculated to lead to the discovery of admissible evidence in this action; to the extent that it is overly broad, oppressive and/or unduly burdensome; it seeks the disclosure of confidential personal, medical and/or business information or documents concerning Plaintiff, the disclosure of which would violate the privacy of Plaintiff, and to the extent that it seeks information or documents that are protected from disclosure under the attorney-client privilege, the work-product doctrine and/or any other applicable privilege, protection, statute, rule, regulation or common law principle.

**REQUEST NO. 147:**

All documents concerning Plaintiff's participation as a party or witness to any judicial, arbitral, administrative and/or bankruptcy proceeding.

**RESPONSE TO REQUEST NO. 147:**

Plaintiff objects to this Request on the grounds that it seeks information or documents that are irrelevant, immaterial and/or not reasonably calculated to lead to the discovery of admissible evidence in this action; to the extent that it is overly broad, oppressive and/or unduly burdensome, it seeks the disclosure of confidential personal, medical and/or business information or documents concerning Plaintiff, the disclosure of which would violate the privacy of Plaintiff, it seeks information or documents that are protected from disclosure under the attorney-client privilege, the work-product doctrine and/or any other applicable privilege, protection, statute, rule, regulation or common law principle, it is not reasonably limited in time or seeks information or documents outside the time period relevant to the present litigation and it seeks to impose obligations beyond those required by the FRCP and/or the Local Civil Rules.

**REQUEST NO. 148:**

Any Requests for the Production of Documents, Requests for Documents, Requests for Information, Interrogatories, or any and all other discovery papers served on Eckhart by Defendant Henry.

**RESPONSE TO REQUEST NO. 148:**

Plaintiff objects to this Request on the grounds that it seeks information or documents that are irrelevant, immaterial and/or not reasonably calculated to lead to the discovery of admissible evidence in this action; to the extent that it is overly broad, oppressive and/or unduly burdensome. Without waiving any applicable objection, Plaintiff will produce these documents.

**REQUEST NO. 149:**

Any Requests for the Production of Documents, Requests for Documents, Requests for Information, Interrogatories, or any and all other discovery papers served on Defendant Henry by Plaintiff.

**RESPONSE TO REQUEST NO. 149:**

Plaintiff objects to this Request on the grounds that it seeks information or documents that are irrelevant, immaterial and/or not reasonably calculated to lead to the discovery of admissible evidence in this action; to the extent that it is overly broad, oppressive and/or unduly burdensome. Without waiving any applicable objection, Plaintiff will produce these documents.

**REQUEST NO. 150:**

All documents written or prepared by, to, from, or concerning any communications with any potential witnesses in this action and/or any persons mentioned in the Complaint.

**RESPONSE TO REQUEST NO. 150:**

Plaintiff objects to this Request on the grounds that it seeks information or documents that are irrelevant, immaterial and/or not reasonably calculated to lead to the discovery of admissible evidence in this action; to the extent that it is overly broad, oppressive and/or unduly burdensome; to the extent that it seeks information or documents that are protected from disclosure under the attorney-client privilege, the work-product doctrine and/or any other applicable privilege, protection, statute, rule, regulation or common law principle; and to the extent that it is duplicative or cumulative of other Requests.

**REQUEST NO. 151:**

All written or recorded statements, opinions, and reports, the information for which has been obtained from any individual or entity contacted or interviewed in connection with this action (including drafts of such statements, opinions, and/or reports), regardless of whether Eckhart intends to use such documents as evidence in this action or to call that individual to testify at trial or otherwise to provide testimony in this action.

**RESPONSE TO REQUEST NO. 151:**

Plaintiff objects to this Request on the grounds that it seeks information or documents that are irrelevant, immaterial and/or not reasonably calculated to lead to the discovery of admissible evidence in this action; to the extent that it is overly broad, oppressive and/or unduly burdensome; to the extent that it seeks information or documents that are protected from disclosure under the attorney-client privilege, the work-product doctrine and/or any other applicable privilege, protection, statute, rule, regulation or common law principle; and to the extent that it is duplicative or cumulative of other Requests.

**REQUEST NO. 152:**

All correspondence, communications with, and documents provided to any experts with whom Eckhart or her agent(s) have consulted, contacted or retained in this action and whom Eckhart expects to testify at trial in this action or to provide testimony in connection with this action.

**RESPONSE TO REQUEST NO. 152:**

Plaintiff objects to this Request on the grounds that it seeks information or documents that are irrelevant, immaterial and/or not reasonably calculated to lead to the discovery of admissible evidence in this action; to the extent that it is overly broad, oppressive and/or unduly burdensome; to the extent that it seeks information or documents that are protected from disclosure under the attorney-client privilege, the work-product doctrine and/or any other applicable privilege, protection, statute, rule, regulation or common law principle; and to the extent that it is duplicative or cumulative of other Requests.

Without waiving any applicable objection, Plaintiff has not consulted with any experts.

**REQUEST NO. 153:**

All documents that reflect correspondence or communications between Eckhart and any current or former employee of Fox News concerning: any aspect of Eckhart's employment at Fox News, including the termination therefrom; any of the claims, defenses, or factual matters at issue in the

Complaint and/or this action; or any matter that may lead to the discovery of admissible evidence in this action.

## RESPONSE TO REQUEST NO. 153:

Plaintiff objects to this Request to the extent that it seeks information or documents that are irrelevant, immaterial and/or not reasonably calculated to lead to the discovery of admissible evidence in this action, it is overly broad, oppressive and/or unduly burdensome, it seeks the disclosure of confidential personal, medical and/or business information or documents concerning Plaintiff, the disclosure of which would violate the privacy of Plaintiff, it is not reasonably limited in time or seeks information or documents outside the time period relevant to the present litigation it is duplicative or cumulative of other Requests.

Without waiving any applicable objection, Plaintiff respectfully refers Defendant to her Response to Request No. 16.

## REQUEST NO. 154:

All documents taken, received, or otherwise obtained by Eckhart from Fox News in any manner (including, without limitation, any of Eckhart's work-related papers, records, e-mails or other electronically stored data, documents, or other information from the Fox News computers or network).

## RESPONSE TO REQUEST NO. 154:

Plaintiff objects to this Request on the grounds that it seeks information or documents that are irrelevant, immaterial and/or not reasonably calculated to lead to the discovery of admissible evidence in this action; it is not reasonably limited in time or seeks information or documents outside the time period relevant to the present litigation, to the extent that it is overly broad, oppressive and/or unduly burdensome; to the extent that it seeks information or documents that are protected from disclosure under the attorney-client privilege, the work-product doctrine and/or any other applicable privilege, protection, statute, rule, regulation or

common law principle; to the extent it seeks the disclosure of information already known or

available to Defendant or documents in Defendant's possession that are more readily obtained by

Defendant without subjecting Plaintiff to unreasonable burden and expense; it seeks to impose

obligations beyond those required by the FRCP and/or the Local Civil Rules and to the extent

that it is duplicative or cumulative of other Requests.

Without waiving any applicable objection, Plaintiff will produce any responsive

documents not in the sole possession of Fox.

**REQUEST NO. 155:**

All Fox News documents sent to a personal e-mail or physical address that belongs to Eckhart.

**RESPONSE TO REQUEST NO. 155:**

Plaintiff objects to this Request on the grounds that it seeks information or documents

that are irrelevant, immaterial and/or not reasonably calculated to lead to the discovery of

admissible evidence in this action; to the extent that it is overly broad, oppressive and/or unduly

burdensome; to the extent that it seeks information or documents that are protected from

disclosure under the attorney-client privilege, the work-product doctrine and/or any other

applicable privilege, protection, statute, rule, regulation or common law principle; to the extent it

seeks the disclosure of information already known or available to Defendant or documents in

Defendant's possession that are more readily obtained by Defendant without subjecting Plaintiff

to unreasonable burden and expense; and to the extent that it is duplicative or cumulative of other

Requests.

**REQUEST NO. 156:**

All documents concerning any of the claims and/or damages alleged in the Complaint, to the
extent not already produced in response to the foregoing requests.

**RESPONSE TO REQUEST NO. 156:**

Plaintiff objects to this Request to the extent that it is overly broad, oppressive and/or unduly burdensome and it is vague, ambiguous and/or lacks sufficient particularity so that Plaintiff cannot understand what information and/or documents Defendant is seeking and is unable to formulate a responsive answer. .

Dated: November 15, 2021
     New York, New York

**WIGDOR LLP**

By: _____

     Douglas H. Wigdor
     Michael J. Willemin
     Renan F. Varghese
     John S. Crain

85 Fifth Avenue
New York, NY 10003
Telephone: (212) 257-6800
Facsimile: (212) 257-6845
dwigdor@wigdorlaw.com
mwillemin@wigdorlaw.com
rvarghese@wigdorlaw.com
jcrain@wigdorlaw.com

*Counsel for Plaintiff*