# Exhibit B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JENNIFER ECKHART,                                  :
                                                   :    Civil Case No. 1:20-cv-05593
                        Plaintiff,                 :    (RA)(GWG)
                                                   :
            v.                                     :
                                                   :
                                                   :
FOX NEWS NETWORK, LLC and ED HENRY,                :
in his individual and professional capacities,     :
                                                   :
                        Defendants.                :
------------------------------------------------------------X

## PLAINTIFF JENNIFER ECKHART'S RESPONSES AND OBJECTIONS TO DEFENDANT FOX NEWS NETWORK, LLC'S FIRST SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure ("FRCP") and the Local Rules of the United States District Court for the Southern District of New York ("Local Civil Rules"), Plaintiff Jennifer Eckhart ("Plaintiff"), by and through her undersigned counsel, Wigdor LLP, hereby responds and objects to Defendant Fox News Network, LLC's ("Fox News," "Fox," the "Company" or "Defendant") First Set of Interrogatories ("Interrogatories") in accordance with the numbered requests, as set forth below.  These responses and objections reflect Plaintiff's current knowledge and the results of her investigation to date.  Plaintiff reserves the right to amend or supplement these responses in the future in accordance with FRCP 26(e)(1), as may be necessary or appropriate.

## OBJECTIONS TO "DEFINITIONS" AND "GENERAL INSTRUCTIONS"

Plaintiff objects to Defendant's "Definitions" and "General Instructions" to the extent that Defendant seeks to impose obligations that go beyond the provisions and requirements of the FRCP and the Local Civil Rules.

## **GENERAL OBJECTIONS**

Plaintiff objects to Defendant's Interrogatories on the following general grounds, which also are to be applied specifically to each Interrogatory:

1.  The Interrogatories seek information that is irrelevant, immaterial and/or not reasonably calculated to lead to the discovery of admissible evidence.

2.  The Interrogatories are overly broad, oppressive and/or unduly burdensome.

3.  The Interrogatories seek the disclosure of confidential personal, medical and/or business information concerning Plaintiff, the disclosure of which would violate the privacy of Plaintiff.

4.  The Interrogatories seek the disclosure of information or materials that concern individuals or corporations other than Plaintiff who are not parties to this action, disclosure of which would violate the privacy or proprietary interests of such individuals or corporations.

5.  The Interrogatories are vague, ambiguous and/or lack sufficient particularity so that Plaintiff cannot understand what information Defendant is seeking and is unable to formulate a responsive answer.

6.  The Interrogatories seek the disclosure of information that is protected from disclosure under attorney-client privilege, the work-product doctrine and/or any other applicable privilege, protection, statute, rule, regulation or common law principle.  Inadvertent identification or production of any such information shall not constitute a waiver of any privilege with respect to the subject matter therein and shall not waive Plaintiff's right to object to the use of any such information during any subsequent proceeding.

7.  The Interrogatories are not reasonably limited in time or seek the disclosure of information outside the time period relevant to the present litigation.

8. The Interrogatories exceed the permissible scope of interrogatories as set forth in the FRCP and/or Local Civil Rules.

9. The Interrogatories seek the disclosure of information already known or available to Defendant that is more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

10. The Interrogatories are duplicative and cumulative of other Interrogatories.

11. The Interrogatories require a legal conclusion, assessment or determination which will be adjudicated only by a Judge and/or Jury.

12. The Interrogatories exceed the permissible number of interrogatory requests as set forth in the FRCP and/or Local Civil Rules.

## RESPONSES AND OBJECTIONS TO SPECIFIC INTERROGATORIES

### INTERROGATORY NO. 1:

Identify all persons who have knowledge, documents, or information relevant to any of the claims, events, facts, circumstances, or damages alleged or referred to in the Complaint, regardless of whether Plaintiff intends to call them as witnesses.

### RESPONSE TO INTERROGATORY NO. 1:

Plaintiff objects to this Interrogatory on the grounds that it is overly broad, oppressive and/or unduly burdensome, it seeks the disclosure of confidential personal, medical and/or business information concerning Plaintiff, the disclosure of which would violate the privacy of Plaintiff, it seeks the disclosure of information or materials that concern individuals or corporations other than Plaintiff who are not parties to this action, the disclosure of which would violate the privacy or proprietary interests of such individuals, it seeks the disclosure of information that is protected from disclosure under attorney-client privilege, the work product doctrine and/or any other applicable privilege, protection, statute, rule, regulation or common

3

protected from disclosure under attorney-client privilege, the work-product doctrine and/or any other applicable privilege, protection, statute, rule, regulation or common law principle. Subject to and without waiving any applicable objection, Plaintiff identifies:

- Amie Karp
- Dr. Marley Oakes
- Nina Priven

**INTERROGATORY NO. 22:**

Identify any and all doctors and/or other health care professionals whom Plaintiff has consulted or from whom Plaintiff has sought diagnosis or treatment since January 1, 2013.

**RESPONSE TO INTERROGATORY NO. 22:**

Plaintiff objects to this Interrogatory on the grounds that it seeks information that is irrelevant, immaterial and/or not reasonably calculated to lead to the discovery of admissible evidence; is overly broad, oppressive and/or unduly burdensome; it seeks the disclosure of confidential personal, medical and/or business information concerning Plaintiff, the disclosure of which would violate the privacy of Plaintiff, it is not reasonably limited in time or seeks the disclosure of information outside the time period relevant to the present litigation and exceeds the permissible scope of interrogatories as set forth in the FRCP and/or Local Civil Rules.

**INTERROGATORY NO. 23:**

Identify each pharmacy in possession of Plaintiff's pharmaceutical records from January 1, 2013 to the present.

**RESPONSE TO INTERROGATORY NO. 23:**

Plaintiff objects to this Interrogatory on the grounds that it seeks information that is irrelevant, immaterial and/or not reasonably calculated to lead to the discovery of admissible evidence; is overly broad, oppressive and/or unduly burdensome; it seeks the disclosure of

21

confidential personal, medical and/or business information concerning Plaintiff, the disclosure of which would violate the privacy of Plaintiff, and exceeds the permissible scope of interrogatories as set forth in the FRCP and/or Local Civil Rules. In particular, Local Rule 33.3 limits initial Interrogatories to (in pertinent part) "the existence, custodian, location and general description of relevant documents."

**INTERROGATORY NO. 24:**

For each element of damages or relief that Plaintiff claims, provide a detailed calculation.

**RESPONSE TO INTERROGATORY NO. 24:**

   Plaintiff objects to this Interrogatory on the grounds that it is overly broad, oppressive and/or unduly burdensome; it seeks the disclosure of confidential personal, medical and/or business information concerning Plaintiff, the disclosure of which would violate the privacy of Plaintiff, it seeks the disclosure of information that is protected from disclosure under attorney-client privilege, the work-product doctrine and/or any other applicable privilege, protection, statute, rule, regulation or common law principle, it requires a legal conclusion, assessment or determination which will be adjudicated only by a Judge and/or Jury and it exceeds the permissible number of interrogatory requests as set forth in the FRCP and/or Local Civil Rules.

**INTERROGATORY NO. 25:**

Identify all documents Plaintiff consulted or relied upon and/or all persons answering or supplying information used in preparing Plaintiff's responses to Defendant's First Set of Request for Documents and/or these Interrogatories.

**RESPONSE TO INTERROGATORY NO. 25:**

   Plaintiff objects to this Interrogatory on the grounds that it seeks the disclosure of information that is protected from disclosure under attorney-client privilege, the work-product

doctrine and/or any other applicable privilege, protection, statute, rule, regulation or common law principle and it exceeds the permissible number of interrogatory requests as set forth in the FRCP and/or Local Civil Rules.

Dated: November 15, 2021
      New York, New York

**WIGDOR LLP**

By: _____
    Douglas H. Wigdor
    Michael J. Willemin
    Renan F. Varghese
    John S. Crain

85 Fifth Avenue
New York, NY 10003
Telephone: (212) 257-6800
Facsimile: (212) 257-6845
dwigdor@wigdorlaw.com
mwillemin@wigdorlaw.com
rvarghese@wigdorlaw.com
jcrain@wigdorlaw.com

*Counsel for Plaintiff*