# Exhibit C

# WIGDOR LLP
ATTORNEYS AND COUNSELORS AT LAW

85 FIFTH AVENUE
NEW YORK, NY 10003
TEL 212.257.6800
FAX 212.257.6845
WWW.WIGDORLAW.COM

**Renan F. Varghese**
rvarghese@wigdorlaw.com

March 18, 2022

**VIA EMAIL**

Kathleen M. McKenna, Esq.
Proskauer Rose LLP
Eleven Times Square
New York, NY 10036

      Re:    Eckhart v. Fox News Network, LLC, *et al.*; Case No. 20-cv-5593 (RA)(GWG)

Dear Ms. McKenna:

We represent Plaintiff Jennifer Eckhart ("Plaintiff") and write in response to Defendant Fox News Network, LLC's ("Fox News," "Fox," the "Company" or "Defendant") letters dated March 3, 2022 and March 14, 2022 regarding Plaintiff's Responses to Defendant's First Request for the Production of Documents ("Requests") and Plaintiff's Responses to Defendant's First Set of Interrogatories ("Interrogatories") (together, "Discovery Requests").

## I.    PLAINTIFF'S COMMUNICATIONS WITH DEFENDANT ED HENRY

We are not sure what Fox's objection concerning Plaintiff's communications with Henry is. As we have repeatedly made clear, we are willing to produce such communications and will do so. Our production is being produced on a rolling basis, as we review it (as it appears Fox's production is as well). As such, there is no "impasse" to speak of. We will note that the Court ordered Fox to produce complaints of discrimination made by other employees during the February 16, 2022 court conference, over a month ago, and Fox has yet to produce any such documents. Please advise whether we should take Fox's refusal to produce such documents to date as a sign that the parties are at an impasse on this issue and Plaintiff requires judicial intervention.

## II.    PLAINTIFF'S PASSWORDS FOR DEVICES

Given the fact that Plaintiff has not used the phone that she turned into Fox News in approximately two years, she cannot say with certainty what the password for that particular phone is. However, the only two possibilities that she can think of are "1959" and "3369." Of course, to the extent that Fox is able to access the information on that device, we expect that Fox will turn over any relevant and responsive documents given that the phone is unquestionably in Fox's custody and control. Please confirm.



Kathleen M. McKenna, Esq.<br>
March 18, 2022<br>
Page 2

### III.  PLAINTIFF'S RESPONSES TO SPECIFIC REQUESTS

#### A.  Request Nos. 2, 142

Fox's basis for claiming that it is entitled to every document concerning Plaintiff's activity (including her computer hard drives), even over the purportedly "narrowed" five and a half year period in your March 14, 2022, letter, is simply not supported by the law or the facts of this case. To the extent that Fox is looking for any documents, including calendar entries, reflecting any meetings and/or other interactions with Mr. Henry, Plaintiff will produce such documents, to the extent that they exist. Anything beyond that is simply harassment.

Likewise, Fox appears to misunderstand our objection to Request No. 142, which seeks documents concerning every time that she was "running late" or took a day off during her employment. As Plaintiff explained in her March 1, 2022 letter, she has no record of the days on which she was "running late" or every day off that she took during her employment with Fox. To the extent that Fox wants information about specific days and dates, please let us know and we will determine what information is available for such dates.

#### B.  Request No. 6

Again, it is unclear what Fox is objecting to in Plaintiff's response. Plaintiff has agreed to produce documents indicating when she downloaded WhatsApp to the extent that such documents exist. To the extent that there are documents indicating when she first communicated with someone on WhatsApp, Plaintiff will produce redacted versions of the same (if they involve third parties), or the full communications (if they were with Henry).

#### C.  Request Nos. 11-14, 122, 129, 130

Plaintiff does not concur with Fox's position that she must produce privileged documents with any individual, including Ms. Areu.[1] While they were both represented by our firm, their communications were for the purposes of seeking legal advice and were privileged.

Again, however, to the extent that Fox, is seeking noon-privileged communications, Plaintiff will produce those communications, including non-privileged documents sent by third parties to her attorneys.

---

[1]  PL_F000294 was inadvertently produced. Please return the document forthwith.



### D.     Request Nos. 127, 128; Interrogatory Nos. 22, 23

There is simply no support for Defendant's claim that it is entitled to all of Plaintiff's medical records over a nine-year period.  Even the cases to which Fox cites stand for the proposition that Fox is only entitled to records that bear on Ms. Eckhart's emotional distress damages.  We have no objection to providing such documents.  However, our intention is to review the records and remove anything that has no bearing on Ms. Eckhart's emotional distress during the relevant time period, consistent with the case law.  We see no reason why this should not be sufficient, nor has Fox provided one.

### E.     Request Nos. 19, 20, 23, 25, 146, 147, 150, 151, 156

We read your March 14, 2022 letter to indicate that there is currently no outstanding dispute concerning these Requests.  If this is incorrect, please let us know.

## IV.     PLAINTIFF'S RESPONSES TO SPECIFIC INTERROGATORIES

### A.     Interrogatory No. 18

Again, it appears that Fox is using discovery to conduct an improper fishing expedition into Plaintiff's personal life.  Plaintiff has already agreed to produce documents relevant to this case in response to countless document requests and interrogatories.  To be clear, Plaintiff understands that her responsibility to produce responsive documents is in place irrespective of the source of the documents, including social media sites.  Thus, Plaintiff will produce relevant and responsive documents.  Even the case to which Fox cites, McDonald v. Escape the Room Experience, LLC, No. 15 Civ. 7101 (RA)(KNF), 2016 WL 5793992 (S.D.N.Y. Sep. 21, 2016), only ordered the plaintiff to produce documents on social media sites relevant to the claims and defenses in this action.  Given that Plaintiff has agreed to do so, Fox is not entitled to any additional information on this point. However, if Fox can explain why Plaintiff's agreement to produce responsive and relevant documents is not sufficient, and what reason Fox has for asking for all of Plaintiff's e-mail addresses, handles, etc., we will obviously consider it.

### B.     Interrogatory No. 19

It appears that there is a confusion about Plaintiff's response to this Interrogatory.  The only device that currently exists on which Plaintiff communicated concerning any of the allegations in the Complaint during her employment with Fox is the iPhone that she returned to the Company.  During her employment, Plaintiff had other, personal iPhones, but, as any cell phone user does, she periodically returned those phones in exchange for an upgrade.  She has no knowledge of where those phones are now and whether they even exist.



Kathleen M. McKenna, Esq.  
March 18, 2022  
Page 4

### C.  Interrogatory No. 20

Given the limitation in your Letter, Plaintiff is not currently aware of any responsive recordings but will update her response as appropriate if that changes.

### D.  Interrogatory No. 25

Plaintiff refers Fox to the documents produced (and will be produced) in response to Fox's Requests.

Sincerely,

Renan F. Varghese

cc:   Lloyd B. Chinn, Esq. (*via* email)  
      Keisha-Ann G. Gray, Esq. (*via* email)  
      Rachel S. Fischer, Esq. (*via* email)  
      Yonatan L. Grossman-Boder, Esq. (*via* email)