Proskauer Rose LLP    Eleven Times Square    New York, NY 10036-8299

December 8, 2022

**VIA ECF**

Rachel S. Fischer
Senior Counsel
d +1.212.969.5076
f 212.969.2900
rfischer@proskauer.com
www.proskauer.com

The Honorable Gabriel W. Gorenstein
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

      Re: *Eckhart v. Fox News Network, LLC, et al.*, Case No. 1:20-cv-5593 (RA) (GWG)

Dear Judge Gorenstein:

We represent Defendant Fox News Network, LLC ("Fox News") in the above-referenced matter. We write pursuant to Rule 2(A) of the Your Honor's Individual Practices to request a conference in order to address a discovery dispute that Fox News and Plaintiff Jennifer Eckhart ("Plaintiff" or "Eckhart") have been unable to resolve.

As explained further below, Eckhart has refused to produce her medical records that relate to her alleged psychological conditions, as the Court ordered her to do on May 9, 2022. Documents produced in discovery have revealed that Plaintiff addressed her alleged mental health conditions with numerous physicians (in addition to other mental health providers). Plaintiff obtained those records from her physicians and produced them, but redacted virtually the entirety of those records, making it impossible for Defendants to understand them and their import. Accordingly, Fox News respectfully requests that the Court order Eckhart to produce unredacted versions of the medical records she produced that contain references to her mental or psychological conditions. Additionally Plaintiff should be directed to produce HIPAA authorizations for those records so that Fox News can obtain them directly from Plaintiff's providers.[1]

### I.    The Court Previously Ordered Plaintiff to Produce Medical Records Related to Her Psychological Conditions

On May 9, 2022, a telephonic court conference was held to address a dispute concerning Eckhart's medical and mental health records, including whether Plaintiff would be required to produce her

---

[1] The Parties have met and conferred regarding these issues, most recently by telephone on December 1, 2022 at 1:30 p.m. The conference was approximately forty-five minutes long, and was attended by Rachel S. Fischer, Yonatan L. Grossman-Boder, and Julia F. Hollreiser of Proskauer Rose LLP for Fox News, Renan F. Varghese and Christina Sabato of Wigdor LLP for Plaintiff, and Catherine M. Foti, Douglas Chalke and Michael Manzo of Morvillo Abramowitz Grand Iason & Anello PC for Defendant Ed Henry. When the Parties were unable to reach a resolution on the issues raised herein, Fox News notified Plaintiff that the parties were at an impasse.

**Proskauer»**

The Honorable Gabriel W. Gorenstein
December 8, 2022
Page 2

medical records to Defendants in light of her allegations of severe emotional distress.[2]  Plaintiff advised that she did not object to producing HIPAA authorizations for her "psychological therapy providers" (Tr. 6:22 – 7:13), and the Court ruled the Plaintiff would also be required to produce medical records from other medical providers if Plaintiff addressed mental health-related issues with them.[3]  Specifically, the Court ruled:

> [T]he plaintiff needs to go through [her] primary care records, and **any reference at all to any mental problem** at all, nervousness, anxiety, distress, anything like that, **the record has to be produced**. …. You or someone from your firm has to make a serious effort to go through this, and anything at all that relates to any psychological condition needs to be, those records need to be produced from the primary care physician**.**

(Tr. 16:18-17:8) (emphasis added).  The Court further explained that Plaintiff's obligation to review her medical records was not limited to reviewing her primary care records, but extended to "other provider[s]" where it "seems appropriate to look for emotional distress references in the records…." (Tr. 17:8-24.)

### II.   Eckhart Improperly Redacted Her Medical Records

Following the Court's May 9 Order, Plaintiff produced records that she obtained from several medical doctors who treated her for issues relating to her mental health.  However, Plaintiff redacted the entirety of those records except for her name, the date of the visit, information identifying the provider, and the few lines that purportedly describe Eckhart's mental health conditions or treatment as discussed during each appointment.[4]  Eckhart redacted the remainder of the information in those records; information about her medical history that might account for some of the symptoms of emotional distress for which she received treatment.[5]

Eckhart has taken the position that her redactions are appropriate because the redacted portions of do not specifically mention her mental state.  Eckhart misconstrues the Court's May 9 Order, which did not authorize Plaintiff to redact the entirety of her medical records except the few lines that

---

[2] Eckhart, who has asserted claims for sexual harassment and retaliation, alleges that she has suffered "severe mental anguish," "emotional distress", "post-traumatic stress", and that she "has had to seek weekly therapy from a trauma specialist at a Crime Victims Treatment Center in New York City." *See* Third Amended Complaint (ECF No. 113) ¶¶ 191, 235, 240, 245, 255, 260.

[3] The Court also ordered the Plaintiff to provide a list of all medical providers from February 2012 to the present. (Tr. 15:22 – 15:5.)

[4] In the interest of confidentiality, Fox News has not attached Plaintiff's medical records to this letter.  Fox News can provide those records to the Court under seal if the Court wishes to review them.

[5] Plaintiff recently produced pharmaceutical records identifying additional medical doctors prescribing medication and has indicated that she intends to obtain those physicians' records and take the same approach—i.e., by redacting the entirety of those records except if there is a mental health condition specifically mentioned.

**Proskauer»**

The Honorable Gabriel W. Gorenstein
December 8, 2022
Page 3

expressly reference the mental health issue. Instead, the Court ordered that for "any reference at all to any mental problem at all, nervousness, anxiety, distress, anything like that, **the record** has to be produced." (Tr. 16:19-21) (emphasis added). Plaintiff's redactions have deprived Fox News of any context for Plaintiff's complaints to her physicians about her mental health conditions, and it is now impossible to ascertain whether those mental health issues may be attributable to medical problems that have been withheld from disclosure by virtue of Plaintiff's extensive redactions.

The Court's direction is consistent with decisions rejecting the position that Plaintiff has taken here and which ordered the production of the full medical record when a litigant seeking emotional distress damages addresses mental health-related issues with his or her medical providers. For example, in *E.E.O.C. v. Nichols Gas & Oil, Inc.*, 256 F.R.D. 114 (W.D.N.Y. 2009), a Title VII sexual harassment case in which the EEOC sought emotional distress damages on behalf of individual claimants, the EEOC sought to shield from production medical records from the claimants' medical providers, including records reflecting instances when claimants "consulted with their primary care physicians about work related stress" and described physical manifestations of emotional distress allegedly caused by the defendant such as "anxiety attacks…" *Id.* at 121, 123. The EEOC argued that these records were protected from disclosure because of the claimants' privacy interests in their medical records. *Id.* at 122. The court rejected the EEOC's arguments and ordered it to produce "any medical record" that "reflect[ed] consultation with or treatment by a medical provider for complaints of emotional distress regardless of the cause" and "reflect[ed] medical conditions the symptoms of or treatment for which could have resulted in the same type of physical symptoms that claimants have described." *Id.* at 123. The Court explained that these records were discoverable because they might reveal symptoms, medications, and their side effects related to the alleged emotional distress damages. *Id. See also Mahil v. Option Care Enters.*, No. 20-cv-1559-BEN-MDD, 2021 WL 2550084, at *3-4 (S.D. Cal. June 21, 2021) (compelling plaintiff alleging emotional distress in a discrimination case to unredact information concerning purportedly "unrelated medical ailments and medications, routine medical tests . . . family medical history, third-party financial information, and background information about [Plaintiff's] childhood" from medical records regarding her treatment for emotional distress where plaintiff conclusorily asserted that this information was irrelevant to defendant's evaluation of her alleged emotional distress); *Hannah v. Wal-Mart Stores, Inc.*, No. No. 3:12-CV-1361 (JCH), 2014 WL 2515221, at *7 (D. Conn. June 4, 2014) (compelling plaintiffs alleging mental anguish in Title VII discrimination case to authorize the release of their medical records that reflected "complaints of mental anguish", or that reflected "medical conditions the symptoms of or treatment for which could have resulted in the same type of symptoms" described by the plaintiffs).

Fox News therefore respectfully requests that the Court order Plaintiff to produce, in unredacted form, the records she produced for her visits that referenced mental or psychological conditions, and produce HIPAA authorizations to Fox News so that Fox News may obtain those records directly from Plaintiff's providers.

**Proskauer»**

The Honorable Gabriel W. Gorenstein
December 8, 2022
Page 4

Respectfully submitted,

*/s/ Rachel S. Fischer*
Rachel S. Fischer

Cc: All counsel of record (via ECF)