**WIGDOR LLP**
ATTORNEYS AND COUNSELORS AT LAW

85 FIFTH AVENUE
NEW YORK, NY 10003
TEL 212.257.6800
FAX 212.257.6845
WWW.WIGDORLAW.COM

**Renan F. Varghese**
rvarghese@wigdorlaw.com

December 16, 2022

**VIA ECF**

The Honorable Gabriel W. Gorenstein
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    <u>Eckhart v. Fox News Network, LLC, *et al*.</u>; Case No. 1:20-cv-5593 (RA) (GWG)

Dear Judge Gorenstein:

We represent Plaintiff Jennifer Eckhart in the above-referenced matter. We write in opposition to the letter submitted by Defendant Fox News Network, LLC ("Fox" or the "Company") on December 8, 2022 (the "Letter") requesting a pre-motion conference, by falsely claiming that such a conference is necessary for Fox to obtain unredacted versions of Eckhart's medical records that reference her mental or psychological condition and HIPAA authorizations for those records. As will be shown below, Fox has misstated Plaintiff's production in this case. Accordingly, Fox's request for a pre-motion conference should be denied.

**I.**      <u>**Plaintiff Has Complied with the Court's Order**</u>

As a threshold matter, it is important to note that Fox's Letter rehashes the same arguments that it previously made, and that this Court correctly rejected. Specifically, on April 21, 2022, Fox filed a letter (the "First Fox Letter") requesting blanket access to all of Plaintiff's medical records. <u>See</u> Dkt. 202 at p. 2. In the First Fox Letter, Fox sought access to the "universe of documents [that] includes Eckhart's full medical records during the relevant time period because they may reveal medical conditions that contributed to her alleged emotional distress, and Fox News is entitled to probe these alternative causes of Eckhart's alleged emotional distress." <u>Id.</u> Fox reiterates the same argument nearly verbatim in the Letter, saying that "it is now impossible to ascertain whether those mental health issues may be attributable to medical problems that have been withheld from disclosure by virtue of Plaintiff's extensive redactions." <u>See</u> Dkt. 220 at p. 3. Similarly, the First Fox Letter also argued that "when a litigant puts her mental or physical condition at issue, she waives the right to privacy into relevant medical records," and that, therefore, "Fox News is entitled to *all* medical records that may bear on Eckhart's damages in this case." Dkt. 202 at p. 2. Similarly, in the Letter, Fox argues that the Court should order "the production of the full medical record when a litigant seeking emotional distress damages address mental health-related issues



with his or her medical providers." Dkt. 220 at p. 3. Subsequently, during the May 9, 2022 telephonic conference with the parties, the Court rejected Fox's claim of a blanket entitlement to Plaintiff's medical records, explaining "so I think you have a little bit of a tough row to hoe if you say, well, I want to pore over the medical records to see if there's something there that might have caused emotional distress because there's no – there doesn't seem to be any limitation to the principle." See Tr. 9:15-10:3.

Instead, the Court limited its holding to require Plaintiff to only produce those portions of the medical records from her non-mental health medical providers that reference her psychological condition at all. See Tr. 17:4-8 ("You or someone from your firm has to make a serious effort to go through this, and anything at all that relates to any psychological condition needs to be, those records need to be produced from the primary care physician."). In its ruling, the Court made clear: "I'm not prepared at this point to say that the defendants should be able to comb through the primary care records to see if there was something serious in her life that might have also caused emotional distress." (Tr. 16:9-13). Further, the Court acknowledged that the case law does not support that a broad swath of medical records must be turned over to defendants for their review, explaining that "I know there are some cases that have adverted to that happening, but nothing that really contains a discussion or makes clear that the plaintiff was even protesting it in some of those cases." (Tr. 16:14-17).

The Fox Letter essentially asks the Court to reconsider its May 9, 2022 order, despite the fact that the time for making a motion for reconsideration has long since passed. Fox's request for a pre-motion conference on an issue that has already been fully litigated and decided should therefore be rejected out of hand.

II.     **Plaintiff Has Complied with The Court's May 9, 2002 Order by Producing All Medical Records Related to Her Psychological Conditions and Only Redacting Irrelevant, Private and Sensitive Information**

Fox's Letter is particularly inappropriate considering that Plaintiff has produced the records related to her psychological conditions and/or to her emotional distress damages in this case, fact that she has explained to Fox during the meet and confer process. Specifically, as it relates to Plaintiff's non-mental health care providers, Plaintiff's counsel went through every record her doctors have provided and produced those portions of the records that included any reference at all, even tangentially, to her mental health. To the extent that a medical record from a non-mental health provider remotely referenced mental health, or symptoms related to mental health, such as anxiety, difficulty sleeping, etc., Plaintiff produced such information. However, Plaintiff did redact portions of Ms. Eckhart's medical records concerning, *inter alia,* routine medical tests conducted during physical examinations, changes in Plaintiff's weight, family history of medical conditions and results of blood tests, none of which relate to Plaintiff's claim for emotional distress in this case. Fox argues that because Plaintiff discussed her mental health at all with a provider during an annual exam, it follows that Fox should receive the entire record from that exam, including those


The Honorable Gabriel W. Gorenstein
December 16, 2022
Page 3

portions that relate to her non-mental health conditions. According to Fox, it requires this information to determine whether her "mental health issues may be attributable to medical problems that have been withheld from disclosure." Not only was this argument properly rejected by the Court as being overly expansive, but, if Fox wants to know what the causes of Ms. Eckhart's mental distress were, it can ask her during her deposition. Similarly, to the extent that Fox wants to know why certain medication was prescribed to Ms. Eckhart, it can depose her doctors and ask them directly why they made the treatment decisions that they did. These options are both more direct and less personally invasive than allowing Fox to root around Ms. Eckhart's entire medical history in what amounts to little more than a fishing expedition. When Plaintiff put her mental health at issue, she did not waive the doctor-patient privilege as to her entire medical history.

Nor do the cases cited by Fox change this analysis. In E.E.O.C. v. Nichols Gas & Oil, Inc., 256 F.R.D. 114 (W.D.N.Y. 2009), the court merely held that the plaintiff was required to produce documents that "(1) reflect consultation with or treatment by a medical provider for complaints of emotional distress regardless of the cause; (2) reflect medical conditions the symptoms of or treatment for which could have resulted in the same type of physical symptoms that claimants have described." Id. at 123; see also Hannah v. Wal-Mart Stores, Inc., No. 3:12 Civ. 1361 JCH, 2014 WL 2515221, at *6 (D. Conn. June 4, 2014) (same). Here, Plaintiff has already produced such records. Any documents concerning the cause of her emotional distress, or symptoms similar to those related to her emotional distress, have been produced, pursuant to the Court's May 9, 2020 Order. Finally, in Mahil v. Option Care Enterprises, Inc., No. 20 Civ. 1559 (BEN)(MDD), 2021 WL 2550084 (S.D. Cal. June 21, 2021), a non-binding, out of circuit case, the plaintiff claimed that her anxiety manifested in physical symptoms for which she received treatment, such as "abdominal pain," and that prevented her from being able to work under the FMLA. Id. at *2. The court ordered the production of the plaintiff's full medical records because she did not show how those records would be relevant, particularly given that she would have to "show that she was entitled to leave under the FMLA because of her generalized anxiety disorder." Id. at *3. In such a case, other evidence of potential physical conditions would have been relevant to the plaintiff's FMLA claim. In contrast, in the instant case, as explained at the previous conference, the only physical injuries upon which Plaintiff is relying stem from the rape committed by Henry, for which she never received medical treatment. Tr. 11:8-20.

Although Plaintiff believes she has fully complied with the Court's May 9, 2020 Order, to the extent that the Court believes it is necessary, Plaintiff is willing to submit her medical records to the Court for an *in camera* review so that Your Honor can determine if any of the redacted material should be produced, rather than giving Fox full access to her medical records for the relevant time period.



We thank Your Honor for the Court's consideration and attention to this matter.

Respectfully submitted,

Renan F. Varghese

cc: All Counsel of Record (*via* ECF)