MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

ELKAN ABRAMOWITZ
RICHARD F. ALBERT
ROBERT J. ANELLO*
KATHLEEN E. CASSIDY
BENJAMIN S. FISCHER
CATHERINE M. FOTI
CHRISTOPHER B. HARWOOD
LAWRENCE IASON
BRIAN A. JACOBS
TELEMACHUS P. KASULIS
KAREN R. KING
ROBERT M. RADICK*
JONATHAN S. SACK**
EDWARD M. SPIRO
JEREMY H. TEMKIN
RICHARD D. WEINBERG

565 FIFTH AVENUE
NEW YORK, NEW YORK 10017
(212) 856-9600
FAX: (212) 856-9494

www.maglaw.com

WRITER'S CONTACT INFORMATION

cfoti@maglaw.com
(212) 880-9500

SENIOR COUNSEL
PAUL R. GRAND

COUNSEL
JASMINE JUTEAU

ROBERT G. MORVILLO
1938-2011
MICHAEL C. SILBERBERG
1940-2002
JOHN J. TIGUE, JR.
1939-2009

*ALSO ADMITTED IN WASHINGTON, D.C.
**ALSO ADMITTED IN CONNECTICUT

August 11, 2023

**VIA ECF**

The Honorable Gabriel W. Gorenstein
Daniel Patrick Moynihan United States Courthouse
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    *Eckhart v. Fox News Network, LLC, et al.*, Case No. 1:20-CV-5593 (S.D.N.Y.)

Dear Judge Gorenstein:

This firm represents Ed Henry, one of the defendants in this matter. In accordance with Your Honor's Individual Practice 2.A., I write to request a conference with the Court concerning Mr. Henry's anticipated motion to quash Plaintiff Jennifer Eckhart's proposed subpoena to Mr. Henry's current employer, America's Real Voice LLC d/b/a Real America's Voice ("RAV").

**I.    BACKGROUND**

This dispute arises from an impasse between Plaintiff and Mr. Henry regarding the appropriateness of Plaintiff's subpoena to Mr. Henry's current employer, RAV (the "Subpoena"). On July 10, 2023, Plaintiff served a notice of the Subpoena to the parties of record by email. On July 11, 2023, Mr. Henry emailed Plaintiff stating that he objected to the Subpoena and requested a meet and confer with Plaintiff in an effort to resolve the dispute. On July 13, 2023 at 5:00 p.m., for approximately twenty minutes, my associate, Michael D. Manzo, and I held a meet and confer with Michael J. Willemin, counsel for Plaintiff, during which the parties set forth their respective positions on why the Subpoena is improper and why it is proper. Mr. Henry contended that documents concerning any complaints or investigations about Mr. Henry during his employment at RAV are irrelevant to Eckhart's claims in this action. Mr. Willemin disagreed; the parties agreed that they were at an impasse, and we informed Mr. Willemin that Mr. Henry intended to request relief from the Court. Plaintiff agreed to hold off service of the Subpoena for a few weeks pending other discussions between the parties. On August 7, 2023, Mr. Willemin informed us that Plaintiff

MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

intended to move forward with service of the Subpoena. On August 8, 2023, we informed Mr. Willemin that we intended to move to quash the Subpoena, and to let us know if Plaintiff believes a further meet and confer would be fruitful in resolving the dispute. On August 9, 2023, Mr. Willemin confirmed that a further meet and confer would not be necessary unless Mr. Henry believed that the Subpoena's scope could be narrowed. We confirmed that Mr. Henry could not agree to narrow the Subpoena and that we intended to object to the Subpoena in its entirety.

## II.   ARGUMENT

The Subpoena requests "all complaints, whether formal or informal," from RAV "employees, interns, and/or independent contractors" concerning "inappropriate comments," "inappropriate touching," and "sexual harassment" by Mr. Henry, as well as "all investigations conducted by any of the Company's employees, agents and/or management concerning Henry, including but not limited to, the use of drugs and/or alcohol, sexual harassment and/or inappropriate touching" from January 1, 2022 through the present. To the extent they even exist, any complaints or investigations about Mr. Henry at his current employer are irrelevant to Plaintiff's claims, which are wholly based on conduct that allegedly occurred when Plaintiff and Mr. Henry worked at Fox.

### A.   The Subpoena Seeks Information Irrelevant to Plaintiff's Claims

The reach of a subpoena issued pursuant to Fed. R. Civ. P. 45 is "tempered by the relevancy standard outlined [] in Rule 26(b)(1)." *Joint Stock Company "Channel One Russia Worldwide" v. Russian TV Company*, 2019 WL 13258582, at *1 (S.D.N.Y. Feb. 7, 2019) (internal citation and quotation marks omitted). Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Although relevance may be construed broadly, the Rule also is designed to "encourage judges to be more aggressive in identifying and discouraging discovery overuse." *State Farm Mut. Auto. Ins. Co. v. Fayda*, 2015 WL 7871037, at *2 (S.D.N.Y. Dec. 3, 2015) (citing Fed. R. Civ. P. 26(b)(1) Advisory Committee's Notes to 2015 Amendments).

The Subpoena must be quashed pursuant to Federal Rule of Civil Procedure 26 because it seeks information that is irrelevant to the claims before the Court.[1] *Malanga v. NYU Langone*

---

[1] As a threshold matter, Mr. Henry has standing to move to quash the Subpoena because he has a legitimate privacy interest in information regarding his current employment. *See Padilla v. Sacks and Sacks LLP*, 2021 WL 4429785, at *1 (S.D.N.Y. Sep. 27, 2021) ("District courts in this Circuit consistently hold that an individual's privacy interest in his or her own employment records creates a personal right that confers

Morvillo Abramowitz Grand Iason & Anello P.C.

*Med. Ctr.*, 2016 WL 7477561, at *2 (S.D.N.Y. Dec. 29, 2016) (quashing subpoena to defendant's current employer because the subpoena sought information that was "irrelevant to 'any party's claim or defense' in this action"). Plaintiff's claims against Mr. Henry are: (1) sex trafficking pursuant to 18 U.S.C. § 1591, *et seq.*; (2) hostile work environment, sexual harassment, and gender discrimination pursuant to the NYCHRL; (3) gendered-motivated violence pursuant to N.Y.C. Admin. Code § 8-903 (2017); (4) revenge porn pursuant to New York Civil Rights Law § 52-b; (5) assault/sexual assault; and (6) battery/sexual battery. Mr. Henry's employment at RAV started in October 2021, several years after the alleged conduct in the complaint and over a year after Plaintiff filed her initial complaint. First, there is no evidence that anyone made complaints about Mr. Henry and, in fact, Mr. Henry denied being told that there were any complaints about him. To the extent there are any complaints or investigations about Mr. Henry during his employment at RAV, about which he is not aware, those complaints have absolutely no bearing on whether Mr. Henry allegedly harassed or assaulted Plaintiff while they were both employed by Fox. *See, e.g.*, *Tucker v. Interstate Home Loan Ctrs., Inc.*, 2022 WL 4079580, at * (E.D.N.Y. Sept. 6, 2022) (granting motion to quash where employment records from plaintiff's subsequent employers were not relevant to substantive legal issues).

Based on the discussion during the meet and confer, we understand that Plaintiff will claim that the requested documents are relevant to show a pattern of inappropriate conduct by Mr. Henry. Plaintiff's Fourth Amended Complaint, however, does not allege any pattern of inappropriate conduct by Mr. Henry towards any individuals at RAV. In *Malanga*, the court rejected plaintiff's attempt to connect the allegations in that action to similar allegations by employees at a defendant's subsequent employer. 2016 WL 7477561, at *2. In quashing the subpoena, the court reasoned that "[defendant's] alleged conduct at another place of employment, no matter how similar, bears no relevance to the plaintiff's claims against [the defendant], or the defendants' defenses, in her former capacity at [her previous employer]." *Id.* The plaintiff was "not an employee at [defendant's current employer], and none of the supposed [] employees [at defendant's current employer] who have made such allegations are parties to this action." *Id.* (observing that "[t]he use or admission of any such evidence would only result in a mini-trial and deflect the fact-finder's attention from the relevant facts."). So too here.

### B. Subpoenas to Current Employers are Disfavored

Additionally, "[c]ourts within the Second Circuit have recognized that drawing a present employer into a dispute involving a [party's] prior employer can have negative effects on the [party's] employment[,]" and, therefore, courts "typically require relevant information about subsequent employment to be obtained through less intrusive means; usually, through the [party]."

---

standing to challenge a subpoena seeking such documents."); *see also Warnke v. CVS Corp.*, 265 F.R.D. 64, 66 (E.D.N.Y. 2010) (finding that the plaintiff "has a legitimate privacy interest in information regarding his subsequent employment and therefore has standing to bring the instant motion").

3

Morvillo Abramowitz Grand Iason & Anello P.C.

*Abdelsayed v. New York University*, 2019 WL 2336533, at 2 (S.D.N.Y. June 3, 2019); *Warnke v. CVS Corp.*, 265 F.R.D. 64, 69 (E.D.NY. 2010) (recognizing that courts in this Circuit have recognized that "[b]ecause of the direct negative effect that disclosures of disputes with past employers can have on present employment, subpoenas in this context, if warranted at all, should be used only as a last resort") (quoting *Conrod v. Bank of New York*, 1998 WL 430546, at *2 (S.D.N.Y. July 30, 1998)); *Morales v. Pepsi Co. Inc.*, 2018 WL 3853390, at *3 (W.D.N.Y. Aug. 14, 2018). During Mr. Henry's deposition on June 15 and 16, 2023, Plaintiff questioned Mr. Henry about any purported complaints from RAV employees about Mr. Henry concerning claims of inappropriate sexual conduct. As noted above, Mr. Henry denied knowledge of any such claims and confirmed that RAV never told him there were any such complaints. Notwithstanding such denial, during the meet and confer, Mr. Willemin insisted that he had information supporting his claim that RAV received complaints about Mr. Henry's conduct. However, Plaintiff has not set forth the basis for this alleged knowledge or the nature of any alleged complaint. Moreover, the lack of a reliable basis for Plaintiff's unsupported allegations concerning Mr. Henry became apparent during Mr. Henry's deposition when Mr. Willemin suggested that Mr. Henry was having an affair with his current co-host and that the co-host accompanied Mr. Henry to New York City. In fact, Mr. Henry's co-host was in Oklahoma visiting her boyfriend and Mr. Henry was accompanied to New York by his wife. Clearly, Plaintiff's purported good faith basis to subpoena RAV for documents relating to alleged inappropriate conduct by Mr. Henry while in its employ is based entirely on rumor and innuendo and not on any actual fact.

Moreover, Plaintiff's suspicions that RAV may have documents demonstrating some sort of complaint about Mr. Henry is an insufficient basis upon which to subpoena records from a non-party. Plaintiff must identify "some modicum of objective support" for documents that are relevant to this action. *Tottenham v. Trans World Gaming Corp.*, 2002 WL 1967023, at *2 (S.D.N.Y. June 21, 2022) (discovery may not be used as a "fishing expedition to discover additional instances of wrongdoing beyond those already alleged"). During the parties' meet and confer, Plaintiff's counsel said he had a good faith basis to believe relevant documents existed, but he did not identify any modicum of objective support for that belief. The Subpoena is plainly an improper "fishing expedition" hoping to ascertain the existence of evidence. *See id.*; *see also Kaye v. New York City Health and Hospitals Corp.*, 2020 WL 7237901, at *4 (S.D.N.Y. Dec. 9, 2020) (stating that the party seeking discovery must make a *prima facie* showing that the discovery sought is more than merely a fishing expedition"); *Evans v. Calise*, 1994 WL 185696, at *1 (S.D.N.Y. May 12, 1994) (same). At bottom, any actions taken by or against Mr. Henry during his post-Fox News employment are irrelevant to the prosecution or defense of Plaintiff's claims.

For the foregoing reasons, Mr. Henry requests that the Court schedule a conference to discuss whether the Subpoena should be quashed.

Thank you for your consideration.

MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

                                                     Respectfully submitted,

                                                     /s/ *Catherine M. Foti*
                                                     Catherine M. Foti

cc: All counsel of record (via ECF)