

**Michael J. Willemin**
mwillemin@wigdorlaw.com

August 15, 2023

**VIA ECF**

The Honorable Gabriel W. Gorenstein
United States Magistrate Judge
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Room 6B
New York, NY 10007

      Re:    <u>Eckhart v. Fox News Network, LLC, *et al.*</u>; Case No.: 1:20 Civ. 5593 (RA)(GWG)

Dear Judge Gorenstein:

We represent Plaintiff Jennifer Eckhart in the above-referenced matter. We write in response to Defendant Ed Henry's ("Henry") pre-motion conference letter pursuant to the Court's Individual Practice Rule 2(A). Plaintiff opposes Henry's attempt to quash her subpoena to America's Real Voice LLC d/b/a Real America's Voice ("RAV subpoena") for the reasons set forth below.

**I.    BACKGROUND**

As alleged in the Complaint, Ms. Eckhart asserts that over a period of four years, Henry groomed, harassed and raped her. Dkt. No. 227 ¶¶ 36-87. Plaintiff further alleges that Henry's behavior toward her was consistent with his misconduct towards multiple other women – *i.e.*, that his *modus operandi* is to groom young women and ultimately subject them to sexually harassing and inappropriate behavior. <u>Id.</u> ¶¶ 134-80. There is no question that evidence of Henry's behavior towards other women is relevant. In fact, Henry previously attempted to strike from the Complaint allegations concerning his treatment of other women. <u>See</u> Dkt. No. 124. The Honorable Ronnie Abrams denied Henry's motion to strike entirely, concluding that "***Eckhart's allegations concerning anonymous witnesses and non-Fox News employees are relevant to her claim of sexual harassment because they contribute to her argument that Henry acted pursuant to a pattern***." Dkt. No. 157 at 50-51 (emphasis added).

Consistent with the Court's opinion, in support of her own claim Ms. Eckhart seeks information that is directly pertinent to demonstrating Henry's *modus operandi* and his predilection to harass women, particularly his young female colleagues. To that end, on July 10, 2023, Plaintiff noticed the RAV subpoena. The RAV subpoena seeks information relating to complaints made by RAV's "female employees, interns and/or independent contractors" regarding "inappropriate



Hon. Gabriel W. Gorenstein<br>
August 15, 2023<br>
Page 2

comments," "inappropriate touching" and/or "sexual harassment" by Henry, including information about investigations concerning Henry related to "sexual harassment and/or inappropriate touching."[1]  The following day, Henry's counsel objected to the RAV subpoena and requested a meet and confer, which was held on July 13, 2023 from approximately 5:00 p.m. to 5:20 p.m.  At the end of the meet and confer, the parties agreed that they were at an impasse and Henry's counsel stated an intention to move to quash.

## II.     ARGUMENT

As noted above, the Court has already held that the type of information sought by the RAV subpoena is relevant to establishing that Henry acted pursuant to a pattern.  In addition, the RAV subpoena seeks information relevant to Henry's credibility given that he denied under oath that he was aware of any complaints made against him at RAV.  See Ashkenazi as Tr. of Halpert Alexander Tr. v. Lincoln Nat'l Life Ins. Co., No. 08 Civ. 3235 (ENV)(CLP), 2009 WL 10705911, at *3 (E.D.N.Y. Aug. 3, 2009) ("Courts in this circuit have found that one of the purposes of discovery is to obtain information for use on cross-examination and for the impeachment of witnesses." (quotation omitted)).  None of the cases or arguments advanced by Henry support a deviation from the Court's prior ruling or the cases that support the discoverability of impeachment evidence.

First, the decision in Tucker v. Interstate Home Loan Centers, Inc., No. 20 Civ. 01906 (JMA)(JMW), 2022 WL 4079580, at *3 (E.D.N.Y. Sept. 6, 2022), is entirely inapposite.  In Tucker the plaintiff alleged that he was not paid for all hours while employed by the defendant.  During discovery, the defendant sent subpoenas to the plaintiff's current and prior employers for records to establish how many hours the plaintiff worked while employed by those other entities.  The court correctly determined that "[i]t is far from clear how employment records from Tucker's subsequent employers would adduce evidence showing the amount of work performed Tucker performed *at Interstate*" and held that "using productivity records from other, subsequent employers to demonstrate the number of hours worked at the [d]efendant company" . . . "bears little or no relevance to the claims of underpaid overtime compensation."  Id.  In other words, the number of hours that someone works with one employer has no obvious correlation to the

---

[1]   The subpoena also seeks information concerning investigations into Henry's use of drugs and/or alcohol.  Without going into detail in this letter, based on discovery to date and our client's own experiences we believe that any investigations into sexual harassment will likely also involve the use of, at a minimum, alcohol.  See https://www.dailymail.co.uk/news/article-12312343/Leggy-blonde-caught-car-married-former-Fox-News-anchor-Ed-Henry-DUI-arrest-revealed-pageant-winning-American-Sunrise-host-Karyn-Turk-insists-theyre-not-item.html.  However, we are willing to make clear that we are seeking responsive information only insofar as it relates to any complaints or investigations into sexual harassment or sexually inappropriate conduct.  Defense counsel was unwilling to agree to *any* subpoena, regardless of whether it was narrowed, so this point never arose during the parties' meet and confer.



number of hours he or she might work for an entirely different employer.  In contrast, the relevance of Henry's behavior towards other women is intuitively relevant to his *modus operandi* and, as the Court has held, Plaintiff's argument that Henry acted pursuant to a pattern.

Second, Henry's reliance on the decision in Malanga v. NYU Langone Med. Ctr., No. 14CV9681, 2016 WL 7477561, at *2 (S.D.N.Y. Dec. 29, 2016) is misplaced.  Under the specific facts of that case the court found that the defendant's behavior at a subsequent employer was irrelevant.  However, this Court has already held that under the specific facts of this case, which involve allegations of a *modus operandi* of grooming and sexually harassing young women, that similar behavior by Henry towards other women – even those with whom he did not work with at all – is relevant.

Third, Henry cites to a line of cases standing for the proposition that courts "typically require relevant information about subsequent employment to be obtained through less intrusive means; usually, through the [party]." Abdelsayed v. New York University, 2019 WL 2336533, at 2 (S.D.N.Y. June 3, 2019); Warnke v. CVS Corp., 265 F.R.D. 64, 69 (E.D.NY. 2010).  This argument is unavailing for a number of reasons.  To begin, Plaintiff made efforts to obtain the information sought through Henry at his deposition.  Henry, however, denied the existence of RAV complaints "to [his knowledge]."  In other words, even Henry would have to concede that complaints might exist about which he has no knowledge.[2]  As such, the information being sought is apparently not available through less intrusive means.

Moreover, the reason that courts sometimes require discovery to be sought from a party prior to being sought from his employer is because of a concern that the employer's receipt of a subpoena could negatively impact the employment relationship.  This argument is disingenuous given the specific facts of this case; namely, that RAV (a media outlet) hired Henry *after* Plaintiff filed this action and dozens if not hundreds of media outlets reported Plaintiff's allegations of a violent rape and Henry's pattern and practice of sexually harassing women.  More to the point, Henry was recently arrested for driving under the influence while in a car with his co-host and was subsequently taken off the air.[3]  Just yesterday it was reported that Henry will be leaving RAV when his contract expires.[4]  In other words, RAV was not dissuaded from hiring Henry despite the allegations that he raped Plaintiff, and the relationship between RAV and Henry has

---

[2]    If complaints exist, the more likely explanation for Henry's testimony is that it was untruthful.  Answering that question is part of what discovery is for.

[3]    Diana Falzone, *Ed Henry Benched at Real America's Voice Amid Clash with Far-Right Network*, Mediaite (Aug. 10, 2023), https://www.mediaite.com/media/new-ed-henry-benched-at-real-americas-voice-amid-clash-with-far-right-network/; https://www.distractify.com/p/what-happened-to-ed-henry-and-karyn-turk.

[4]    Diana Falzone, *Newsmax Staffers Outraged Over Job Offer to Ed Henry: This Guy is a Walking Lawsuit*, Mediaite (Aug. 14, 2023), https://www.mediaite.com/tv/newsmax-job-offer-to-ed-henry-sparks-internal-outrage-this-guy-is-a-walking-lawsuit/.



apparently deteriorated to the point that there is virtually no chance that receipt of a subpoena could do any further damage.

Finally, while Henry suggests that the subpoena is a fishing expedition, he is wrong. Most important is the fact that the subpoena is extremely narrowly tailored as it seeks a very specific set of documents. It does not seek all complaints, or all employment records, or all investigations into misconduct. Rather, it is narrowly tailored to the documents that the Court has already held are of the type that are relevant. In addition, although completely unnecessary, as I have explained to Henry's counsel, I have a good faith – and very concrete – basis to believe that at least one responsive complaint exists. While I am not at liberty, nor am I obligated, to say more about that, I take my obligations as an officer of the Court seriously. The claim that I have made any assertion without a reliable basis is absolutely false.

### III.     CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Henry's motion to quash in its entirety.

We thank the Court for its time and attention to this matter.

Respectfully submitted,

Michael J. Willemin