UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
JENNIFER ECKHART,                                              :

                Plaintiff,                               :
                                                    ORDER
        -v.-                                                 :
                                                    20 Civ. 5593 (RA) (GWG)

FOX NEWS NETWORK, LLC, et al.,                                 :

                Defendants.                              :
---------------------------------------------------------------x

**GABRIEL W. GORENSTEIN, United States Magistrate Judge**

      Defendant Ed Henry seeks to quash a non-party subpoena noticed by plaintiff Jennifer Eckhart, which is proposed to be served on Henry's current employer, America's Real Voice LLC, d/b/a Real America's Voice ("RAV"). See Docket # 246 ("Henry Let."). The subpoena seeks formal and informal complaints against Henry alleging "inappropriate comments," "inappropriate touching," or "sexual harassment," along with evidence regarding any "investigations . . . concerning Henry" including those relating to "use of drugs and/or alcohol, sexual harassment[,] and/or inappropriate touching." Id. at 2. Plaintiff opposes the motion. See Docket # 247 ("Eckhart Let.").

      Normally, a party "does not have standing to object to a subpoena directed to a non-party witness." Langford v. Chrysler Motors Corp., 513 F.2d 1121, 1126 (2d Cir. 1975). However, "exceptions are made for parties who have a claim of some personal right or privilege with regard to the documents sought." Hughes v. Twenty-First Century Fox, Inc., 327 F.R.D. 55, 57 (S.D.N.Y. 2018). Henry claims a privacy interest in "information regarding his current employment," Henry Let. at 2 n.1, which plaintiff does not contest. Thus we find that Henry has standing to challenge the subpoena. See Warnke v. CVS Corp., 265 F.R.D. 64, 66 (E.D.N.Y. 2010) ("Generally, standing to quash a non-party subpoena exists where the [moving party] asserts a legitimate privacy interest in the information sought.").

      Motions to quash are "entrusted to the sound discretion of the district court." In re Fitch Inc., 330 F.3d 104, 108 (2d Cir. 2003); accord Hughes, 327 F.R.D. at 57. In assessing such a motion, we are mindful that "[a]ny subpoena that is issued to non-parties pursuant to Rule 45 is subject to Rule 26(b)(1)'s overriding relevance requirement." Hughes, 327 F.R.D. at 57 (quotation omitted). "Thus, to overcome a motion to quash a subpoena, the party issuing the subpoena must demonstrate the relevance of the documents it seeks." Padilla v. Sacks & Sacks, LLP, 2021 WL 4429785, at *1 (S.D.N.Y. Sept. 27, 2021) (citation omitted). Once relevance has been demonstrated, "the burden of persuasion in a motion to quash a subpoena issued in the course of civil litigation is borne by the movant." Concord Boat Corp. v. Brunswick Corp., 169

F.R.D. 44, 48 (S.D.N.Y. 1996); accord Securitas Elec. Sec., Inc. v. DeBon, 2021 WL 639071, at *3 (S.D.N.Y. Feb. 18, 2021).

Henry argues that the information sought by the subpoena is irrelevant because any complaints against Henry at his current place of employment "have absolutely no bearing" on the operative question in the case, which is "whether [] Henry . . . harassed or assaulted [Eckhart] while they were both employed by Fox." Henry Let. at 3. Earlier in this case, however, the court's ruling on Henry's motion to strike found that "Eckhart's allegations concerning anonymous witnesses and non-Fox News employees are relevant to her claim of sexual harassment because they contribute to her argument that Henry acted pursuant to a pattern. . . ." Docket # 157 ("Sept. 2021 Opinion"), at 50. Thus, we find the information sought here, at least insofar as it relates to sexual harassment, to be relevant. Whatever merit there may be to the position taken by the court in Malanga v. NYU Langone Med. Ctr., 2016 WL 7477561 (S.D.N.Y. Dec. 29, 2016), the situation here is different given the existing ruling on relevance, which remains the law of the case. The portion of the subpoena seeking information on Henry's use of drugs or alcohol, however, is irrelevant inasmuch as it could not provide support for Henry's alleged pattern of misconduct.

Henry also argues that any subpoena would impair his relationship with RAV and should be quashed because courts "typically require relevant information about subsequent employment to be obtained through less intrusive means; usually, through the [party]." Henry Let. at 3-4 (quoting Abdelsayed v. N.Y. Univ., 2019 WL 2336533, at *2 (S.D.N.Y. June 3, 2019)). The Court agrees that the potential for impairment of a relationship with a later employer is a significant concern in most employment cases and by itself might weigh against the issuance of a subpoena. Henry's case is highly unusual, however, because it has been the subject of significant publicity and Henry makes no suggestion that his employer is unaware of it. Thus, Henry has made no showing that the contemplated subpoena would cause any damage to Henry's relationship with RAV. The fact that Henry has been deposed on the issue and denied knowledge of any complaints against him is of no moment since a complaint might have been made that RAV did not reveal to Henry.

Accordingly, Henry's motion to quash the subpoena is denied except that the subpoena must be re-issued to omit any reference to drug or alcohol use.

SO ORDERED.

Dated: August 17, 2023
New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge