UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JENNIFER ECKHART,

                Plaintiff,

      v.

FOX NEWS NETWORK, LLC and ED HENRY,

                Defendants.

No. 20-cv-5593 (RA)

MEMORANDUM
OPINION & ORDER

---

RONNIE ABRAMS, United States District Judge:

    On September 23 and 30, 2024, Defendants Fox News Network, LLC and Ed Henry filed motions for summary judgment in this action. Doc. Nos. 367, 382. Plaintiff Jennifer Eckhart and both Defendants then filed letters requesting leave to seal or redact certain portions of Defendants' motion papers, including (1) information that named or identified third-party women who allegedly had sexual or romantic relationships with Henry, (2) a full declaration submitted by one such woman, "Jane Doe 1," (3) identifying information of third-party Fox News employees who were involved in complaints and internal investigations, (4) email addresses and phone numbers of non-parties, (5) Fox News' confidential business information, including Henry's compensation and the size of certain business expenditures, (6) sexually explicit messages between Eckhart and Henry, and (7) sexually explicit photographs sent by Eckhart to Henry. Doc. Nos. 374, 381, 393, 398, 400–01. The parties generally agreed that the first five categories of information should be sealed or redacted, but dispute whether the latter two should as well.

    For the reasons that follow, the Court grants the motions to seal or redact these materials except (2) the full declaration of Jane Doe 1 and (6) the explicit messages between Eckhart and

Henry. While the (7) explicit photographs will remain sealed, the Court will unseal the verbal descriptions of the photographs provided in Defendants' motions.

## BACKGROUND

The Court assumes the parties' familiarity with the facts and history of this case, which it summarized in its opinion partially granting Defendants' motions to dismiss. *See Eckhart v. Fox News Network, LLC*, 20-cv-5593 (RA), 2021 WL 4124616, at *2–6 (S.D.N.Y. Sept. 9, 2021). In brief, Eckhart accuses Henry of sexual harassment, sexual assault, sex trafficking, and rape. *See id.* at *1. She alleges that the two met while employed at Fox News, at which point Henry pursued her, sent her unsolicited and inappropriate text messages, and manipulated her into having a sexual and often violent relationship with him. In one central incident in February 2017, Eckhart says that Henry lured her to a hotel room under the guise of giving her career advice but proceeded to handcuff and rape her. *See id.* Eckhart also alleges that Fox News, their employer, knew of and facilitated Henry's misconduct by failing to discipline Henry after other employees submitted complaints against him and by retaliating against Eckhart when she sought to hold Henry and Fox News accountable for their conduct. Defendants contest these allegations against them.

The parties have now completed discovery and both Defendants have filed motions for summary judgment. Henry's motion principally argues that Eckhart consented to the disputed sexual activity. *See* Doc. No. 389. Fox News' motion asserts that it did not know about or condone Henry's alleged harassment and that it did not fire Eckhart for retaliatory purposes. *See* Doc. No. 375. After Henry and Fox News filed their motions, all three parties filed various sealing requests asking the Court to seal the seven categories of information referenced above.

## LEGAL STANDARD

Sealing requests are subject to the three-step test set forth in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). This test requires the Court to first determine whether the documents at issue are "judicial documents" by examining whether they are "relevant to the performance of the judicial function and useful in the judicial process." *United States v. Erie County*, 763 F.3d 235, 239 (2d Cir. 2014) (quoting *Lugosch*, 435 F.3d at 119). If the documents are judicial, then a common law presumption of public access attaches, and the Court must determine the weight of that presumption along a continuum from low to high. *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995). The weight will be strongest when the documents will "directly affect an adjudication" of the merits and weakest when they will "play only a negligible role." *Lugosch*, 435 F.3d at 121 (internal quotation marks omitted). Finally, the Court weighs the strength of the presumption of public access against any countervailing interests, such as the "privacy interests" of those involved. *Id.* at 120 (internal quotation marks omitted). The Court will grant a sealing request only if those countervailing interests outweigh the presumption of public access.

## DISCUSSION

### I. Identifying Information of Third-Party Women

The Court first grants the sealing request as to the names and identifying information of third-party women who were romantically or sexually involved with Henry. To be sure, this information is contained within judicial documents, since these materials were submitted to the Court in support of a motion for summary judgment. *See Brown v. Maxwell*, 929 F.3d 41, 47 (2d Cir. 2019). But the presumption of public access is minimal here, as the parties have proposed "narrowly tailored" redactions that conceal only the women's names and other identifying

3

information, neither of which will "directly affect [the] adjudication" of Eckhart's claims. *Lugosch*, 435 F.3d at 119–20 (internal quotation marks omitted). Moreover, there is a substantial countervailing interest in maintaining the privacy of these women, who are all "third parties" and have chosen not to make public their relationships with Henry. *See Mirlis v. Greer*, 952 F.3d 51, 61 (2d Cir. 2020) (internal quotation marks omitted); *see also In re Turquoise Hill Res. Ltd. Sec. Litig.*, No. 20-cv-8585 (LJL), 2024 WL 81438, at *2 (S.D.N.Y. Jan. 8, 2024) (granting request to redact name of third party). Accordingly, the Court finds that the presumption of access is overcome and orders that the names and other identifying information of the third-party women remain redacted.

## II. Declaration of Jane Doe 1

Less convincing is the parties' argument that the *full* declaration of one of these women—Jane Doe 1—should remain entirely sealed. In the declaration, Jane Doe 1 details the romantic and sexual relationship she had with Henry over the course of several years. *See* Doc. No. 377-44. According to the parties, Jane Doe 1 is the same "Jane Doe 1" in Eckhart's operative complaint, who allegedly had an extramarital affair with Henry when both worked at Fox News. *See* Doc. No. 227 ("Compl.") ¶¶ 149–61.

As above, this declaration is a judicial document, since Fox News submitted it in connection with its motion for summary judgment. The declaration, moreover, is entitled to a relatively strong presumption of access, since the parties rely on it in disputing whether Henry had a history of abusive behavior towards women. *See Amodeo*, 71 F.3d at 1049 (presumption strongest for materials "that directly affect an adjudication"). And unlike the names of the various women, the details of Jane Doe 1's relationship with Henry—and whether it was consensual or coerced—are therefore relevant to the merits of this action. The privacy interest in those details is

considerably weaker as well, since many of those details were already disclosed to the public in Eckhart's complaint, as well as in Fox News' Rule 56.1 statement. *See* Doc. No. 376 ¶¶ 268–75 (redacting only Jane Doe 1's name while revealing other details of her relationship with Henry).

The Court thus concludes that Jane Doe 1's declaration may not remain sealed in full. While the parties may propose redactions to conceal her name and other identifying information, *see In re Turquoise Hill*, 2024 WL 81438, at *2, the Court will unseal the remainder of her declaration.

### III. Identifying Information of Fox News Employees

The Court also grants the parties' sealing request as to the names and other identifying information of third-party Fox News employees who were involved in complaints and internal investigations against Henry. Like the identifying information of the third-party women who had relations with Henry, the identifying information of these employees has a weak presumption of access, as their specific identities are not particularly relevant to the merits of the case. *See Mirlis*, 952 F.3d at 61. The parties have also proposed narrow redactions to conceal only that identifying information. Accordingly, the privacy interests of these individuals outweigh the presumption of access, and their identifying information may remain redacted.

### IV. Contact Information of Non-Parties

Similarly, the personal email addresses and phone numbers of various non-parties are entitled to continued sealing. There is only a weak presumption of public access for irrelevant information of that sort, and courts routinely permit such redactions in order to protect the privacy of non-parties. *See Brown*, 929 F.3d at 48 n.22 (permitting "redactions to protect personally identifying information such as personal phone numbers, contact lists, birth dates, and social security numbers").

## V.     Fox News' Confidential Business Information

The Court also agrees with the parties that some of Fox News' confidential business information—specifically the amount it paid for Henry's compensation and the amount it spent on a proprietary graphics package—should remain redacted. Courts have generally permitted sealing of proprietary financial information, at least when the exact "dollar figures" have little "bearing on the merits." *See Banco Santander (Brasil), S.A. v. Am. Airlines, Inc.*, No. 20-cv-3098 (RPK), 2020 WL 4926271, at *3 (E.D.N.Y. Aug. 21, 2020); *see also, e.g.*, *Richmond v. Montefiore Med. Ctr.*, No. 21-cv-8700 (PGG), 2023 WL 6211978, at *8 (S.D.N.Y. Sept. 25, 2023) ("Disclosure of individual compensation raises unique privacy concerns." (alterations and internal quotation marks omitted)). Here, the parties propose redacting the dollar figure of Henry's compensation while still making public the percentage that his compensation was reduced, which is relevant to Eckhart's assertion that Fox News disciplined him over another sexual affair. The parties also propose redacting the dollar amount that Fox spent on the proprietary graphics package while making public the fact that Eckhart published that proprietary information on social media, which is relevant to Fox News' defense that she was not fired for retaliatory reasons. In other words, the parties propose to make public the salient information—Henry's reduction in compensation and Eckhart's unauthorized disclosure—while keeping sealed the sensitive but irrelevant dollar figures. The weak presumption of access to that information is thus outweighed by the interest in keeping confidential "business information that might harm a litigant's competitive standing." *W.J. Deutsch & Sons Ltd. v. Diego Zamora, S.A.*, No. 21-cv-11003 (LTS), 2022 WL 890184, at *2 (S.D.N.Y. Mar. 25, 2022) (internal quotation marks omitted)).

## VI.   Explicit Text Messages

Unlike the first five categories of information, the parties dispute whether the explicit messages between Eckhart and Henry should remain sealed. Defendants argue that Eckhart and Henry's messages are highly relevant to the merits, because they support Defendants' argument that Eckhart and Henry's relationship was consensual and not rape or harassment. *See* Doc. No. 400 at 1–2; Doc. No. 401 at 2. Defendants also point out that Eckhart quoted from portions of her text exchange with Henry in the operative complaint and alleged that those excerpts established that Henry had harassed her. *See* Doc. No. 400 at 1; Doc. No. 401 at 1. Eckhart, meanwhile, maintains that "none of these materials" are relevant to the merits at this stage and were filed only to "harass[]" her. Doc. No. 399 at 1.

The Court agrees with Defendants that the text messages may not remain sealed. They were submitted in support of Defendants' motions and enjoy a presumption of public access. *See Brown*, 929 F.3d at 47. That presumption is particularly strong here given that the texts are relevant to the merits of the summary judgment motions, which center on whether Eckhart and Henry's relationship was consensual. Indeed, the text messages in dispute were sent within the relevant time period and explicitly discuss events at the heart of this case, including the February 2017 incident in which Henry allegedly raped Eckhart. Even if the texts do not conclusively establish consent or coercion, they still provide context about the nature of Eckhart and Henry's relationship, which will be front and center when the Court adjudicates Defendants' motions for summary judgment. *See People v. Jovanovic*, 700 N.Y.S.2d 156, 168–69 (1st Dep't 1999) ("[E]-mail messages that the complainant had shown an interest in participating in sadomasochism with [the defendant] [are] clearly central to whether she consented to the charged kidnapping and sexual abuse."). In fact, Eckhart herself quoted extensively from Henry's messages in her complaint,

7

which confirms that the substance and tenor of their communications bear on the merits of her claims. While Eckhart surely has a privacy interest in her texts, that interest is overcome by the weighty presumption in favor of public access here.

## VII.   Explicit Photographs

Finally, the Court concludes that the presumption of public access is outweighed for the explicit photographs, which depict Eckart (and potentially others) either nude or partially nude.[1] Given the substantial privacy interests at play, courts routinely grant sealing requests for nude or sexual photographs, even of adults. *See, e.g.*, *Young v. Pena*, No. 18-cv-007 (JLR) (MLP), 2019 WL 5064769, at *2 (W.D. Wash. Oct. 9, 2019) ("[Plaintiff's] privacy interest in the photographs of her bare abdomen, chest, and underwear is a sufficiently compelling reason to seal the photographs from public view."); *Uys v. Harris*, No. 20-cv-1143 (CEM) (EJK), 2021 WL 8895159, at *1 (M.D. Fla. Oct. 20, 2021) ("Courts, in this District and others, have recognized that compromising photographs should be placed under seal to protect an individual's right to privacy."); *Rossbach v. Rundle*, 128 F. Supp. 2d 1348, 1352 (S.D. Fla. 2000) ("[I]t is appropriate to seal certain records when those particular records contain highly sensitive and potentially embarrassing personal information about individuals."). Those privacy concerns are especially high here, as the disputed photographs depict not only nudity but also overtly sexual if not pornographic content. Moreover, the sealing of the photographs will be "narrowly tailored," *Brown*, 929 F.3d at 47, as the Court will still make public the verbal descriptions of the photographs that Defendants included in their motion papers. Thus, while the photographs are certainly

---

[1] As Defendants point out, Eckhart has asserted that several of the photographs depict other women. *See* Doc. No. 400 at 2. Although Defendants contend that this *reduces* the need to seal them, the Court concludes that sealing is even more appropriate given the need to protect the interests of innocent third parties. *See Mirlis*, 952 F.3d at 61.

relevant to the merits of the instant motions, this is an unusual case where the weighty presumption of access is overcome.

## CONCLUSION

Accordingly, the Court grants the parties' sealing requests except as to the full declaration of Jane Doe 1, the explicit messages between Eckhart and Henry, and the verbal descriptions of the explicit photographs.  No later than December 9, 2024, the parties shall file revised versions of Defendants' summary judgment papers that (1) redact the Jane Doe 1 affidavit to conceal her name and other identifying information, (2) remove any redactions of the explicit messages between Eckhart and Henry, and (3) remove any redactions of the verbal descriptions of the explicit photographs.  The Clerk of Court is respectfully directed to close the motions at document numbers 374, 381, and 393.

SO ORDERED.

Dated:     December 2, 2024
           New York, New York

                                              Ronnie Abrams
                                              United States District Judge