

Proskauer Rose LLP    Eleven Times Square    New York, NY 10036-8299

January 10, 2025

Kathleen M. McKenna
Member of the Firm
d +1.212.969.3130
f 212.969.2900
kmckenna@proskauer.com
www.proskauer.com

**By ECF**

Ronnie Abrams, U.S.D.J.
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 2203
New York, New York 10007

Re: *Eckhart v. Fox News Network, LLC, et al.*, Case No. 1:20-CV-05593 (RA) (GWG)

Dear Judge Abrams:

We write pursuant to the Court's December 19, 2024 Order (Dkt. 451) and Rule 5(A)(iii) of Your Honor's Individual Practices to request redactions of certain portions of the record in connection with the papers that Plaintiff Jennifer Eckhart filed in opposition to defendant Fox News Network, LLC's ("FNN") and defendant Ed Henry's ("Henry") (collectively, "Defendants") Motions for Summary Judgment. Specifically, FNN requests permission to redact portions of the following documents:

- Plaintiff's Responses to Henry's Statement of Undisputed Material Facts Pursuant to Local Civil Rule 56.1;

- Plaintiff's Memorandum of Law in Opposition to Henry's Motion for Summary Judgment;

- Declaration of Michael J. Willemin in Opposition to Henry's Motion for Summary Judgment;

- Exhibits 1-3, 5, 9-11, 13-14, 16, 28, 35-49, 71, and 75 to the Declaration of Michael J. Willemin in Opposition to Henry's Motion for Summary Judgment;

- Plaintiff's Responses to FNN's Statement of Undisputed Material Facts Pursuant to Local Civil Rule 56.1;

- Plaintiff's Memorandum of Law in Opposition to FNN's Motion for Summary Judgment;

- Declaration of Michael J. Willemin in Opposition to FNN's Motion for Summary Judgment; and

- Exhibits 1, 3-7, 9-11, 14-15, 17-21, 24-31, 34-37, 39-53, 57-58, 60, 75-77, 80, and 82 to the Declaration of Michael J. Willemin in Opposition to FNN's Motion for Summary Judgment.

Proskauer»

Ronnie Abrams, U.S.D.J.
January 10, 2025
Page 2

On December 2, 2024, the Court granted FNN's motion to redact certain categories of information in connection with FNN's Motion for Summary Judgment, including: (1) information concerning third-party women who claim that they had sexual and/or romantic interactions with Henry; (2) the names and identifying information of third-party current and former FNN employees who were involved in complaints and internal investigations; (3) personal contact information of non-parties; and (4) FNN's confidential competitive business information. (Dkt. 431.) FNN now requests to redact this same information in Plaintiff's Opposition papers.[1] The rationale for redacting this information in Plaintiff's Opposition is the same as the rationale for redacting this information in FNN's moving papers.[2] (*See* Dkt. 374.) FNN repeats the legal bases for redacting this information, as set forth in its prior letter motions to seal.

"The Second Circuit has set forth a three-part analysis for determining whether documents relating to a lawsuit must be made available to the public." *D.J.C.V. v. United States*, No. 20-cv-5747, 2023 WL 3775283, at *1 (S.D.N.Y. June 2, 2023); *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). The Court must first determine whether the documents at issue are "judicial documents." *D.J.C.V.* at *1. A document must "be relevant to the performance of the judicial function and useful in the judicial process in order for it to be designated a judicial document." *Id.* Second, the Court must determine the "weight of the presumption of public access." *Id.* Third, the Court must balance "countervailing interests against the presumption." *Id.* In circumstances where the Court does not need to reference the redacted portions of documents, "[a]t best . . . the weight of any presumption [of public access] is limited." *In re Accent Delight Int'l Ltd.*, No. 16-mc-00125, 2018 WL 2849724, at *6 (S.D.N.Y. June 11, 2018), *aff'd*, 791 F. App'x 247 (2d Cir. 2019).

As discussed below, although the information in question is contained within "judicial documents" insofar as these materials have been submitted to the Court in opposition to Defendants' motions for summary judgment, the specific information that is the subject of this application is not, in itself, relevant to the disposition of Defendants' motions. As this Court has already determined, there is little (if any) presumption of public access to confidential information such as the names of third parties, the personal contact information of third parties, and FNN's competitive business information, and there are significant countervailing interests that outweigh any possible presumption. (*See* Dkt. 431.) FNN therefore respectfully requests that its motion to redact the papers submitted in connection with Plaintiff's Opposition be granted in order to protect the interests of nonparties and its confidential information.

---

[1] The Parties have previously conferred and agreed to redact these categories of information.

[2] FNN has also moved to redact these categories of information from its Reply papers, and its application is currently pending. (Dkt. 456.)

Proskauer》》

Ronnie Abrams, U.S.D.J.
January 10, 2025
Page 3

1. **Information Concerning Third-Party Women Who Claim That They Had Sexual and/or Romantic Activity with Henry**

FNN seeks to redact the names and identifying information concerning women who have claimed that they had sexual or romantic interactions with Henry and have not made their relations with Henry public. The Court previously ruled that this same information could be redacted in FNN's moving papers, finding the presumption of public access to be minimal in light of FNN's proposed "narrowly tailored" redactions and the "countervailing interest in maintaining the privacy of these women" to be substantial. (Dkt. 431 at 3-4.)

The Second Circuit has recognized that "the privacy interests of innocent third parties should weigh heavily in a court's balancing equation." *Mirlis v. Greer*, 952 F.3d 51, 61 (2d Cir. 2020). That interest is heightened here given the subject matter of the information that would be made public. Courts permit sealing in these circumstances. *See Doe v. N.Y. Univ.*, No. 1:20-cv-1343, 2023 WL 2609315, at *1-2 (S.D.N.Y. Mar. 22, 2023) (in a case involving sexual harassment and sexual exploitation claims, explaining that non-parties have substantial privacy interests in a case involving sensitive subject matter); *Royal Park Invs. SA/NV v. Deutsche Bank Nat'l Tr. Co*., No. 14-cv-4394, 2017 WL 1331288, at *11 (S.D.N.Y. Apr. 4, 2017) ("[T]he privacy interests of the affected non-parties are sufficient to overcome the presumption of access" and "the requested sealing and proposed redactions, which are limited in absolute scope and 'narrowly tailed to serve [such] interest[s],' are 'essential to preserve higher values.'").

For these reasons, FNN requests that the Court permit FNN to redact the names and identifying information of third-party women in Plaintiff's Opposition, consistent with the Court's prior ruling.

2. **Information Concerning Non-Party Complaints**

Plaintiff's Opposition includes identifying information concerning non-parties who were involved in internal complaints or allegations of misconduct. The Court previously ordered FNN to redact this same category of information from its moving papers in support of the Motion, finding that— similar to the third-party women who had relations with Henry—"the privacy interests of these individuals outweigh the presumption of access." (Dkt. 431 at 5.)

Redaction is necessary here because any presumption of access is outweighed by the interest in protecting the non-parties' substantial personal privacy interests, given that the documents reveal information that is not public. Courts have found that there is a significant and compelling privacy interest in information relating to non-party complaints and resulting investigations. *See Lockwood v. Dunkirk City Sch. Dist.*, No. 21-cv-941, 2024 WL 1832488 (W.D.N.Y. Apr. 26, 2024) (sealing investigative report in connection with summary judgment motion because "requiring disclosure might well—and likely would—inhibit future investigations of harassment and discrimination"); *Richmond v. Montefiore Med. Ctr.*, No. 21-cv-8700, 2023 WL 6211978 at *5 (S.D.N.Y. Sept. 25, 2023) (granting motion to seal the names of non-parties who had complained

**Proskauer** »

Ronnie Abrams, U.S.D.J.
January 10, 2025
Page 4

of gender discrimination and/or sexual harassment because those third parties "have a compelling privacy interest, and the disclosure of their names at summary judgment would add little to the public's understanding of the Court's ruling"); *Kleftogiannis v. Inline Plastics Corp.*, 411 F. Supp. 3d 216 (D. Conn. 2019) (granting motion to redact in a complaint the names of individuals who participated in an internal investigation because the employer had a "significant and weighty interest, as an employer charged with in ensuring that its employees do not fear reprisal or retaliation from current or former co-workers as a result of their participation in internal investigations, and that those employees have significant privacy interests of their own as well.").

Consistent with this precedent and the Court's prior ruling, FNN requests that the Court permit it to redact in Plaintiff's Opposition the names and identifying information of third-party FNN employees who were involved in complaints and internal investigations.

### 3. Personal Contact Information of Non-Parties

FNN requests to redact the personal contact information of non-parties, including personal email addresses and cell phone numbers, which are set forth in emails and text message transcripts. The Court previously granted FNN's request to redact this same category of information from its moving papers in support of its Motion, finding that there is "only a weak presumption of public access for irrelevant information of that sort" and that "courts routinely permit such redactions in order to protect the privacy of non-parties." (Dkt. 431 at 5.) *See, e.g.*, *Brown v. Maxwell*, 929 F.3d 41, 48 n.22 (2d Cir. 2019) (ordering summary judgment materials be unsealed except for "minimal redactions to protect personally identifying information such as personal phone numbers, contact lists, birth dates, and social security numbers"); *Fairstein v. Netflix, Inc.*, No. 20-CV-8042 (PKC), 2023 WL 6164293, at *3 (S.D.N.Y. Sept. 21, 2023) (holding "redactions shall be maintained as to email address, phone number, physical address, and similar contact information" in connection with a summary judgment motion).

In accordance with this precedent and the Court's prior ruling, FNN requests that the Court permit the redaction of non-parties' personal contact information in Plaintiff's Opposition.

### 4. FNN's Confidential Competitive Business Information

FNN requests to redact its confidential competitive business information, including dollar figures concerning Henry's compensation and portions of FNN's Talent Agreement contracts with Henry. The Court previously granted FNN's request to redact its confidential business information, including Henry's compensation information, finding that the amounts Henry was compensated "have little bearing on the merits" of this case. (Dkt. 431 at 6.) Henry's compensation details should not be made available to FNN's competitors, who might use and rely upon that information. These dollar amounts are sensitive, not a matter of public information, and not relevant to FNN's motion. What is pertinent to FNN's motion is the fact that there were changes in Henry's compensation during the period in question, and FNN does not seek to redact general references to such fluctuations. Notably, the percentage of a reduction in Henry's compensation during the

Proskauer»

Ronnie Abrams, U.S.D.J.
January 10, 2025
Page 5

relevant period has been made public in FNN's moving papers. (Dkt. 369.) Courts have permitted sealing of financial figures that may harm a litigant's competitive standing if made public. *See Richmond*, 2023 WL 6211978, at *8 ("[D]isclosure of individual . . . compensation raises . . . unique privacy concerns"); *Banco Santander (Brasil), S.A. v. Am. Airlines, Inc.*, No. 20-cv-3098, 2020 WL 4926271 (E.D.N.Y. Aug. 21, 2020) (holding sealing appropriate where the information included "dollar figures and related amounts that [Defendant] maintain[ed] would harm its competitive position if made public").

With respect to FNN's Talent Agreement contracts with Henry, Plaintiff relies on these documents in opposing FNN's motion for an extremely limited purpose: to establish the dates on which FNN and Henry entered the contracts and to demonstrate that FNN contemplated employing Henry as an "anchor/co-anchor" in 2017. FNN does not request to redact this information in the contracts. The contracts, however, also reflect other information concerning the terms of Henry's Talent Agreement with FNN, such as his compensation, benefits, negotiation rights, and other confidentially negotiated-upon terms and conditions of Henry's employment with FNN as on-air talent. Such information is irrelevant to the disposition of FNN's motion, and it should not be made publicly available to FNN's competitors, who might use and rely upon the information to better compete with and/or negotiate against FNN in the market for on-air talent. The amount that FNN compensates its on-air talent, as well as other terms and conditions of their employment, is not publicly available information and would place FNN at a competitive disadvantage if disclosed. Courts have permitted sealing of confidential, negotiated contract terms when public disclosure "could give counterparties an unfair advantage over [Defendant] in future negotiations and could allow [Defendant's] competitors to leverage this information to undercut [Defendant] in future negotiations with [Defendant's] existing and prospective counterparties." *SEC v. Ripple Labs, Inc.*, 2023 WL 3477552, at *5 (S.D.N.Y. May 16, 2023); *see also W.J. Deutsch & Sons Ltd. v. Diego Zamora, S.A.*, No. 21-cv-11003, 2022 WL 890184, at *2 (S.D.N.Y. Mar. 25, 2022) ("courts will seal business information that might harm a litigant's competitive standing in the market") (collecting cases).

As set forth above and consistent with the Court's prior ruling, FNN requests that the Court permit FNN to redact Henry's compensation amounts and the confidential, negotiated-upon terms and conditions of Henry's Talent Agreement contracts that are not being relied upon by any party in connection with the FNN's motion.

*        *        *

The Court previously ruled that each category of confidential information that is implicated in Plaintiff's Opposition, as detailed herein, may be redacted from FNN's moving papers. (*See* Dkt. 431.) FNN respectfully requests that the Court issue a ruling with respect to Plaintiff's Opposition that is consistent with that prior Order.

We thank the Court for its consideration and attention to this matter.

**Proskauer**》

Ronnie Abrams, U.S.D.J.
January 10, 2025
Page 6

Respectfully submitted,

Kathleen M. McKenna

cc: All counsel of record (by ECF)