**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------ X
JENNIFER ECKHART,                                         :
                                                         :
                              Plaintiff,                 :    Case No. 1:20-cv-05593 (RA) (GWG)
                                                         :
              v.                                         :
                                                         :
ED HENRY, in his individual and professional             :
capacities,                                              :
                                                         :
                              Defendant.                 :
------------------------------------------------------------ X


## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION *IN LIMINE*


**WIGDOR LLP**
Michael J. Willemin
Mélodie Han (pending *pro hac vice*)

85 Fifth Ave. Fl. 5
New York, NY 10003
Tel: (212) 257-6800
Fax: (212) 257-6829
mwillemin@wigdorlaw.com
mhan@wigdorlaw.com

Plaintiff Jennifer Eckhart ("Plaintiff" or "Ms. Eckhart"), by and through her undersigned counsel, hereby submits this motion *in limine* to preclude Defendant Ed Henry ("Defendant" or "Mr. Henry") from offering at trial: (1) evidence related to Plaintiff's purported performance issues that are unrelated to the relationship between the parties; (2) evidence that Ms. Eckhart did not immediately confide in her friends and family after the assaults by Defendant took place; and (3) evidence that Defendant donated part of his liver to his sister.

## PRELIMINARY STATEMENT

As the Court knows, the claims to be tried in this case are (1) sex trafficking under the Trafficking Victims Protection Act codified in 18 U.S.C. § 1591, *et seq.* ("TVPA"); (2) violations of the Gender Motivated Violence Act, N.Y.C. Admin. Code §§ 8-901, *et seq.* ("GMVA"); (3) sexual harassment under the New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-101, *et seq.* ("NYCHRL"); (4) assault; and (5) battery.  See Opinion and Order, Dkt. 472.  In his defense, Defendant will argue to the jury that the relationship between the parties was entirely consensual, and that Ms. Eckhart brought suit not for legitimate reasons but out of spite, after she was terminated from Fox News Network ("FNN"), the parties' shared employer.  Def.'s Mem. in Supp. of Mot. for Summ. J., Dkt. 389 ("Defs.' Mem.") at 1, 6-7, 12 (ECF Pagination[1]).

*First*, Defendant has identified three proposed witnesses (Brad Hirst, Liz Claman and Alicia Cascardi), as well as three exhibits (proposed Defense Exhibit Nos. 2, 2a-2f, 53 and 54), that serve a singular purpose: namely, to attempt to malign Ms. Eckhart's performance at FNN. Those documents were produced in the discovery process by dismissed party FNN (and non-party FNN employees) and have no bearing on whether Ms. Eckhart was raped and sex trafficked by Mr. Henry.  Mr. Henry's purported basis for introducing the testimony is to show

---

[1]    All page numbers refer to ECF pagination unless otherwise indicated.

that Ms. Eckhart had a motive (spite) to manufacture claims against Mr. Henry because she was terminated by FNN.  Ms. Eckhart can testify that she was terminated, although the assertion that she fabricated claims against Defendant because she was terminated by an FNN employee other than Mr. Henry is incredibly flimsy and will fall apart at trial.  However, whether Ms. Eckhart was actually a good or bad performer has no bearing whatsoever on any alleged motive or the fact that she was sexually assaulted and raped by Defendant.  Even if it did have some marginal relevance, such relevance would be far outweighed by unfair prejudice and confusion of the issues, and much of the evidence Defendant seeks to admit is inadmissible hearsay.

*Second*, Defendant has identified three witnesses – Ms. Eckhart's mother and two friends / former friends named Kaleigh and Amanda – purportedly because they will testify that Ms. Eckhart did not tell them that Mr. Henry raped her prior to her termination from FNN.  While "prompt outcry" evidence is admissible under New York law, its probative value is rebuked by modern experts and strongly outweighed by the risk of unfair prejudice.  Moreover, Defendant's choices with respect to who he intends on calling as witnesses betray the true purpose of the proposal; *i.e.*, harassment and intimidation.  This improper motive is further demonstrated by the fact that Ms. Eckhart herself testified that she did not initially tell her mother, Kaleigh or Amanda about the sexual assaults and rape, thereby rendering their testimony duplicative. Eckhart Dep. Trans. at pp 430-431.[2]

*Third*, Defendant identified his sister as a witness, asserting that she will testify that Defendant "donated a liver to her to save [her] life."  Apparently, Mr. Henry donated part of his liver to his sister in 2019, more than two years after his last unlawful sexual encounter with Ms. Eckhart.  See https://www.washingtonpost.com/health/a-strong-sibling-bond-grows-closer-with-

---

[2]    As an aside, it is Plaintiff's understanding that the three proposed witnesses, none of whom were deposed in this matter, all live outside of the range of the Court's subpoena power.

live-organ-transplant/2019/08/30/9c77c5f0-c813-11e9-be05-f76ac4ec618c_story.html. This fact

could not have any less bearing on whether Mr. Henry sexually assaulted or raped our client. It

is totally irrelevant character testimony and he seeks to introduce the testimony for the sole

purpose of garnering sympathy with the jury. As such, the testimony is barred pursuant to Fed.

R. Civ. P. 401, 403 and 404(a).

Because there is no legitimate basis for Defendant to offer evidence about any of these

subjects, Plaintiff respectfully requests that the Court preclude the aforementioned categories of

evidence.

## STANDARD OF REVIEW

"The purpose of an *in limine* motion is to aid the trial process by enabling the Court to

rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are

definitely set for trial." Hart v. RCI Hosp. Holdings, Inc., 90 F. Supp. 3d 250, 257 (S.D.N.Y.

2015) (citing Highland Capital Mgmt., L.P. v. Schneider, 551 F. Supp. 2d 173, 176–77 (S.D.N.Y.

2008)). Evidence should be excluded when it is "clearly inadmissible on all potential grounds."

Id. quoting Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. L.E. Myers Co. Grp., 937 F. Supp. 276,

287 (S.D.N.Y. 1996). Irrelevant evidence is inadmissible. Fed. R. Evid. 402. "Evidence is

relevant when 'it has any tendency to make a [material] fact more or less probable than it would

be without the evidence.'" United States v. White, 692 F.3d 235, 246 (2d Cir. 2012), as amended

(Sept. 28, 2012) (quoting Fed. R. Evid. 401). "A material fact is one that would affect the

outcome of the suit under the governing law." Arlio v. Lively, 474 F.3d 46, 52 (2d Cir. 2007)

(internal citations omitted).

Even if evidence is relevant, under Fed. R. Evid. 403, "the court may exclude relevant

evidence if its probative value is substantially outweighed by a danger of one or more of the

following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Evidence is considered prejudicial if it "involves some adverse effect . . . beyond tending to prove the fact or issue that justified its admission into evidence." Highland Capital Mgmt., L.P. v. Schneider, 551 F. Supp. 2d 173, 176-77 (S.D.N.Y. 2008) (quoting United States v. Gelzer, 50 F.3d 1133, 1139 (2d Cir. 1995)).

## ARGUMENT

I.    **Defendant Should Be Precluded from Offering at Trial Evidence of Purported Performance Issues that Are Irrelevant to Ms. Eckhart's Claims**

Defendant has identified several witnesses who he intends to call to testify that Ms. Eckhart was terminated because of her "incompetence and dishonesty," including Brad Hirst, Liz Claiman and Alicia Cascardi. See Proposed Joint Pretrial Order, ("JPTO"), Section VIII.B. Defendant also identified potential exhibits that speak to Plaintiff's supposed performance deficiencies, despite the fact that such deficiencies, even if true, would have no bearing on any of the claims remaining in this case. See id. at Ex. D. Those documents were produced by dismissed party FNN and its non-party employees in connection with Ms. Eckhart's employment claims against FNN; and, specifically, the claim that she was terminated in retaliation for engaging in protected activity. This evidence is hereinafter referred as "Performance Evidence" and should be excluded on the grounds of irrelevance, unfair prejudice and hearsay.

Courts routinely exclude evidence related to dismissed claims on a motion *in limine*. See, e.g., Morales v. New York State Dep't of Labor, 530 F. App'x 13, 15 (2d Cir. 2013) (affirming exclusion of evidence related to retaliation claim "dismissed at summary judgment"); Benzinger v. Lukoil Pan Ams., LLC, 2021 WL 431169, at *6 (S.D.N.Y. Feb.8, 2021) (excluding evidence involving plaintiff's dismissed claims of discrimination at trial, which centered on her surviving claims under labor laws). As the Court is aware, Ms. Eckhart's claim that her termination was

4

retaliatory has been dismissed.  In other words, with the exception of sexual harassment *by Defendant Henry* under the New York City Human Rights Law, which does not implicate Ms. Eckhart's performance, every one of Ms. Eckhart's employment related claims have been extinguished.  Thus, the only remaining claims are those that arise from her one-on-one relationship with Mr. Henry and <u>not</u> out of her previous employment with FNN.

Put simply, whether Ms. Eckhart was a good employee, a bad employee or a run-of-the mill employee has no bearing on whether Mr. Henry sexually assaulted, raped her or sexually harassed her.  Even if the Court were to find the Performance Evidence to be minimally relevant, admitting them at trial would be unduly prejudicial and confuse the jury.  It is clear from Defendant's proposed exhibits and statements about his witnesses that Defendant will seek to prejudice Plaintiff at trial by introducing into evidence documents and testimony purporting to depict her as a poorly performing employee.  Such evidence has no place in this case.  Moreover, a jury is likely to treat such evidence as "character evidence," which is otherwise inadmissible. <u>Redd v. New York State Div. of Parole</u>, 923 F. Supp. 2d 393, 400 (E.D.N.Y. 2013) (granting motion *in limine* to exclude "disciplinary history or alleged problems [the plaintiff] may have had with colleagues" for a similar reason).

The documentary Performance Evidence that Defendant seeks to introduce are separately inadmissible because they are comprised entirely of unsworn statements made out of court.  Fed. R. Evid. 801(c).  Moreover, given the fact that Your Honor's Individual Rule 6(A)(x) only allows the parties to identify those exhibits on which they intend to rely in their case in chief, it is indisputable that Defendants are seeking to use these exhibits for the truth of the matters asserted therein.  As such, it is black letter law that these proposed exhibits should be barred from the trial.

Defendant purports that performance-related information is relevant to show that Ms. Eckhart had a motive to fabricate claims against Defendant. This explanation is remarkably flimsy and will fall apart at trial. More to the point, while the explanation may justify the admission of the fact that Ms. Eckhart was put on a performance improvement plan and ultimately terminated – which, if one is to stretch the bounds of reason, could theoretically have triggered her to fabricate a claim against someone that was not in any way involved in the termination – Mr. Henry's motive theory does not require any litigation over whether Ms. Eckhart was in fact a poor performer. And, if Mr. Henry is permitted to introduce the testimony and materials at issue, Ms. Eckhart will have to put on a lengthy rebuttal case about her performance, none of which is even relevant to whether she was sexually assaulted and raped.

Based on the foregoing, the Court should use its broad discretion to exclude such evidence under Fed. R. Evid. 401, 403 and 404(a). See e.g. Gierlinger v. Gleason, 160 F.3d 858, 871 (2d Cir. 1998) (recognizing that "[t]he trial court has considerable discretion in determining whether to admit or exclude evidence, and to exclude even relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice or confusion").

## II.    Testimony Regarding Ms. Eckhart's Alleged Failure to Promptly Report Defendant's Sexual Assault Is Inadmissible Due to Unfair Prejudice

The Court should also preclude Mr. Henry from calling Ms. Eckhart's mother and current and former friends to testify that Ms. Eckhart did not promptly tell them about the sexual assaults and rape at issue herein (hereinafter referred as "No-Outcry Evidence"). See JPTO at Section VIII.B. As a preliminary matter, if the Court even believes that such testimony is useful (it is not) then Defendant can elicit it from Ms. Eckhart herself. Moreover, Mr. Henry does not have the right to drag Ms. Eckhart's family and friends into Court and ask them to provide testimony that is not only duplicative of Plaintiff's but also irrelevant. Fed. R. Evid. 403. As a practical

matter, Mr. Henry would not be able to successfully subpoena those individuals, who live outside of the range of this Court's subpoena power.

Even if the Court were to find such testimony minimally relevant, and not overly duplicative, the No-Outcry Evidence should be excluded on the basis of unfair prejudice. Indeed, the premise for the prompt outcry rule, that a victim of sex crimes will "naturally" report the assault, has largely been debunked by experts as a rape myth. See https://www.nycourts.gov/judges/evidence/8-HEARSAY/8-hearsay.shtml. Studies have found that the rate of formal reporting of sexual assaults could be as low as five percent. Report of Dr. Barbara Ziv at 19.[3] Further,

> When a victim does decide to make a formal report of sexual misconduct, delayed reporting is the norm, not the exception. Thus, it has no bearing on whether an allegation is credible or not. The reasons for delayed or absent reporting are numerous; victims want to avoid the stigma that is associated with being sexually assaulted, they wish to avoid retaliation, they are hesitant to cause pain to others, including the perpetrator, and/or they do not trust the systems that are designed to protect them.

Id. The societal and psychological barriers to reporting sexual assault in the workplace are even greater. Id. at 20. In recognition of these findings, many courts have not enforced the prompt outcry rule. See White v. Conway, No. 07 Civ. 1175, 2011 WL 1315592, at *18 (N.D.N.Y. Mar. 31, 2011), quoting People v. Bessette, 169 A.D.2d 876, 878, 564 N.Y.S.2d 605, 607 (1991) (affirming trial court's refusal to instruct the jury that it could consider the complainant's delay in reporting sexual abuse, noting that "the patterns of response among rape victims are not within the ordinary understanding of the lay jury"); People v. Maisonette, 192 A.D.3d 1325, 1328, 144 N.Y.S.3d 752, 757 (2021), quoting People v. Ortiz, 135 A.D.3d 649, 650, 25 N.Y.S.3d 81, 82 (2016) (finding that a significant delay in reporting does not necessarily preclude outcry

---

[3]    This is taken from Plaintiff's expert report, prepared by Dr. Barbara Ziv.

evidence).  The timing of Ms. Eckhart's formal complaints and informal disclosures to friends and family about the assaults not only has no bearing on this case, but would severely prejudice Ms. Eckhart by reinforcing already prevalent rape myths.  Accordingly, Defendants should be precluded from adducing any such evidence at trial.

**III.**    **Testimony Regarding Mr. Henry's Purported Donation of his Liver to His Sister**

In a blatant attempt to once again introduce irrelevant evidence and confuse the issues, Defendant has identified his own sister as a witness.  Defendant apparently intends to call his sister to testify that she received a liver donation from Defendant more than two years after the last time he raped Plaintiff.  See JPTO at Section VIII.B.  There is no reason to belabor the obvious point that this testimony is completely irrelevant to the claims and defenses at issue in this case and would be introduced only to garner sympathy and establish Mr. Henry as a man of good character.  By Defendant's logic, parties at trial would be entitled to introduce any and all evidence of good deeds that they have done in the past.  The contemplated testimony of Defendant's sister is entirely irrelevant and should be barred pursuant to Fed. R. Evid. 401, 403 and 404(a).

**<u>CONCLUSION</u>**

For the foregoing reasons, Plaintiff respectfully request that the Court grant this motion *in limine* and exclude the evidence described above from the trial of this matter.

Dated: May 12, 2025
      New York, New York                   Respectfully submitted,

                                       **WIGDOR LLP**

                                     By: _____
                                            Michael J. Willemin
                                            Mélodie Han (pending *pro hac vice*)

                                     85 Fifth Ave. Fl. 5
                                     New York, NY 10003
                                     Tel: (212) 257-6800
                                     Fax: (212) 257-6829
                                     mwillemin@wigdorlaw.com
                                     mhan@wigdorlaw.com