UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JENNIFER ECKHART,

                Plaintiff,

      v.

ED HENRY,

                Defendant.

No. 20-cv-5593 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

      On May 12, 2025, the parties submitted proposed jury instructions, Dkt. No. 491, which they supplemented with letters explaining their respective positions, Dkt. Nos. 499, 500. In their joint proposal, the parties appeared to agree that the same standard of consent applies to Plaintiff's claims for Gender-Motivated Violence and battery. *See* Dkt. No. 491 at 21–24. It is the Court's understanding, however, that many of Plaintiff's claims use different standards of consent. For instance, GMVA claims based on rape require incapacity or use of forcible compulsion in order to satisfy the "lack of consent" element. *See* N.Y. Penal Law § 130.35; *id.* § 134.65. Other GMVA claims based on forcible touching, meanwhile, use a lower standard for consent and require only that the victim did not "expressly or impliedly acquiesce" in the touching. *Id.* § 130.05(2)(c); *id.* § 130.52; *see also People v. Hough*, 607 N.Y.S.2d 884, 887 (Dist. Ct. 1994) (discussing how legislature supplied different definitions for "lack of consent" for different offenses). Plaintiff's claim for battery, on the other hand, requires that the touching be "without . . . consent," N.Y. Pattern Jury Instr. Civil 3:3, where "consent" means a willingness for conduct to occur. Restatement (Second) of Torts § 892 (Am. L. Inst. 1979); *see generally* Restatement (Third) of Torts § 18 (Am. L. Inst. 2021) (discussing issues of consent to sexual conduct in tort).

As for the TVPA, the Second Circuit has confirmed that consent is relevant to TVPA claims. *See United States v. Marcus*, 628 F.3d 36, 45 (2d Cir. 2010) ("The jury was properly instructed that consensual BDSM activities alone could not constitute the basis for a conviction under the sex trafficking charge."). However, it appears that the consent bears only on the last element: that the defendant acted with knowing or reckless disregard that force, fraud or coercion would be used. *See United States v. Rivera*, 799 F.3d 180, 185–86 (2d Cir. 2015) ("Appellants cannot show the relevance of questions about prior prostitution to either Appellants' knowledge of the use of force, fraud, or coercion, or the victims' consent to work in prostitution." (quoting *United States v. Valenzuela*, 495 F. App'x 817, 819–20 (9th Cir. 2012)). For instance, if at the time of the recruitment the defendant was planning to (or was aware of a chance that he might) use force, fraud or coercion to compel a commercial sex act, then this element would be met. *See Valenzuela*, 495 F. App'x at 819–20. But if the defendant fully expected the plaintiff to consent—and had no such plans or awareness that he might use force, fraud or coercion—then this element would not be met.

As discussed during today's final pretrial conference, the parties shall both submit letters no later than June 20, 2025 setting forth their positions as to what standard of consent applies to each of Ms. Eckhart's claims. To the extent the parties disagree with any of the above statements of law, they shall provide specific citations to support their positions otherwise. The Court will further discuss these issues with the parties at the charge conference, which will be scheduled at a later date.

SO ORDERED.

Dated:   June 13, 2025
         New York, New York

_____
Ronnie Abrams
United States District Judge